IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

**ORDER DENYING RUSSELL A. CLINE'S MOTION FOR
CLARIFICATION AND/OR FOR SERVICE BY FAX (AS WELL AS BY MAIL)
OF NOTICES FROM THE GARDEN CITY GROUP, INC.**

THIS CAUSE is before the Special Master pursuant to Russell A. Cline's Motion for Clarification and/or for Service by Fax (as well as by Mail) of Notices from the Garden City Group, Inc. (hereinafter Cline's Motion") **[D.E. 3102]**. In this motion, Mr. Cline seeks clarification of the Special Master's Report and Recommendation Regarding the Procedures for Disbursements from the Settlement Fund [D.E. 3087]. Specifically, Mr. Cline indicates that the Special Master did not address his request that the Award information for his clients be sent to him by both by fax and mail.

CASE NO.: 91-0986-CIV-GOLD

To the contrary, the Special Master's Report and Recommendation indicates:

> The Claims Administrator shall, within five (5) business days of the entry of Awards and Orders Denying Claims, **serve by U.S. Mail upon every person or entity having asserted an interest in the specific claim or right adjudicated, with copies to their formally designated representatives as set forth in Part 6 of the Proof of Claim Form(s)**, the Special Master, States' Counsel, and Class Counsel: (1) the Award or Order Denying Claim, (2) a Notice of Determination of Claim and Right to Appeal, (3) Payment Instructions, and (4) a certificate of service setting forth the date of mailing and a service list (the "Service List") identifying all persons upon whom the Notice of Determination of Claim was served.

*See* Report and Recommendation Regarding the Procedures for Disbursements from the Settlement Fund, p. 71 (emphasis added). Mr. Cline's status in this matter is clearly encapsulated in the section of the Report and Recommendation outlining the procedure for notice to be given to all interested parties to a determination of a claim. The Special Master does not believe further clarification is required.

In addition to requesting clarification of the Special Master's Report and Recommendation, Mr. Cline made an independent request that his clients' Award Packets be "sent to him by fax, as well as by mail." *See* Cline's Motion, p. 2. In support of this request, Mr. Cline states:

> Cline is located in Utah and CGC is located in New York. Some of Cline's clients are located on the east coast. Therefore, it is likely at some of Cline's clients will receive mailed notices from GCG before Cline. Given the nature of the notices (e.g., Orders awarding and denying claims, Notice of Determination of Claims and Right to Appeal and Payment Instructions), it is likely that some clients will call Cline regarding notices they have received in the mail before Cline has received the mailed notices. Clients will expect Cline to have the notices available to discuss when they call. That is not an unreasonable expectation.

CASE NO.: 91-0986-CIV-GOLD

*Id.* Mr. Cline also states that he needs electronic delivery of the Award packets because of the thirty (30) day appellate period to file an objection if necessary. *Id.*

After reviewing Mr. Cline's argument, the Special Master hereby rejects Mr. Cline's rationale and denies his independent request that his clients' Award Packets be sent to him electronically. The crux of Mr. Cline's argument is that because an unidentified number of his clients may receive their Award Packets a day or two before he does, special efforts should be made to give Mr. Cline some advanced delivery of the Award materials. The Special Master disagrees. The Claims Administration Process and the Settlement Fund were created for the benefit of the entire Class. As such, the limited resources of this process are for the sole benefit of the entire Class. The Special Master believes that the reality of the overall costs and drain on administrative resources associated with faxing Mr. Cline Award Packets clearly outweighs Mr. Cline's speculation that an unidentified number of his clients may seek advise regarding the information contained in their packets prior to his receipt of the Award materials. Accordingly, Mr. Cline's independent request for the Garden City Group to fax his clients' Award Packets to him is denied.

In the alternative, Mr. Cline's requests that he be added to the mailing list for transmission of Orders awarding and denying claims to the Garden City Group. In light of the recent changes to the filing rules for the United States District Court for the Southern District of Florida, the Special Master hereby denies Mr. Cline's request as moot. Under the new filing system, all documents entered by the Special Master will be filed electronically with the Court. Therefore, no mailing list exists for Mr. Cline to be added to. Mr. Cline will be able to use the PACER system to access the Court's document like any other interested party to this litigation. Accordingly, it is hereby

CASE NO.: 91-0986-CIV-GOLD

**ORDERED AND ADJUDGED** as follows:

1. Mr. Cline's Motion for Clarification is hereby **DENIED**.

2. Mr. Cline's independent request that his clients' Award Packets be sent to him by fax, as well as by mail is hereby **DENIED**.

3. Mr. Cline's requests that he be added to the mailing list for transmission of Orders awarding and denying claims to the Garden City Group is hereby **DENIED**.

**DONE AND ORDERED** at Miami, Florida this 13 day of November, 2006.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All Counsel of Record
Garden City Group