IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

---

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

CONSOLIDATED WITH
CASE NO.: 05-21338-CIV
GOLD/ SIMONTON

## ORDER SETTING EVIDENTIARY HEARING CONCERNING DISPUTES BETWEEN CLAIMANTS AND CLASS ACTION REFUND, LLC

THIS CAUSE is before the court pursuant to the District Court's Order Affirming the Omnibus Report and Recommendation Concerning Contracts Between Claimants and Third Party Service Providers ("TPSP's"). **[D.E. 3207]**. Recently, the Special Master received letters from claimants, Van Diamantaras, Demos Thanos, Joseph Bushek, Robin Milot Hicks, Aslam Kapadia, Joseph Slowiak, Nikki Logan, Homer Mowery, Donald R. Macormac, Avedia Biberian, Charles Gambino, Andrew Macek, So Uey Lee, and Frank S. Merola (collectively referred to as "CAR, LLC Claimant Letters"), each of which raised disputes with

claims assistance service, Class Action Refund, LLC, a TPSP in this matter. In response, the Special Master ordered briefing schedules concerning each claimant letter to allow all parties an opportunity to provide their positions on whether an evidentiary hearing is required to resolve the disputes and, if so, what issues are to be considered at the evidentiary hearing.[1] Having reviewed the positions of the parties and being otherwise fully advised in the premises,

It is hereby ORDERED AND ADJUDGED as follows:

1.      Pursuant to the District Court's Order Affirming the Omnibus Report and Recommendation Concerning Contracts Between Claimants and Third Party Service Providers **[D.E. 3207]**, the Special Master has jurisdiction to resolve disputes between claimants and TPSP's. Under this order, and various orders of reference contained therein, the Special Master has broad authority under Federal Rule of Civil Procedure 53 "to take all necessary and proper action as required by law" to resolve these disputes. *See id.* Given this broad grant of authority, the Special Master may exercise the powers of the District Court to compel, take, and record evidence through evidentiary hearings. *See* FED. R. CIV. P. 53(d). The Special Master's authority to preside over evidentiary hearings includes the authority to rule on the admissibility of evidence, to put witnesses under oath and examine them, and to call the parties to the action and examine them under oath. *See* FED. R. CIV. P. 53(c). Strict adherence to the Federal

---

[1] D.E. 3148 (Van Diamantaras); D.E. 3236 (Demos Thanos); D.E. 3235 (Joseph Bushek); D.E. 3245 (Robin Milot Hicks); D.E. 3244 (Aslam Kapadia); D.E. 3334 (Joseph Slowiak, Nikki Logan, Homer Mowery, Donald R. Macormac); D.E. 3371 (Avedia Biberian, Charles Gambino, Andrew Macek, So Uey Lee, and Frank S. Merola).

Rules of Civil Procedure and the Federal Rules of Evidence is not required in this matter. *United States v. Clifford Matley Family Trust*, 354 F.3d 1154, 1160 (9th Cir. 2004); James Wm. Moore et al., Moore's Federal Practice ¶ 53.32 (2005).

2. The CAR, LLC Claimant Letters raise disputes between claimants, Van Diamantaras, Demos Thanos, Joseph Bushek, Robin Milot Hicks, Aslam Kapadia, Joseph Slowiak, Nikki Logan, Homer Mowery, Donald R. Macormac, Avedia Biberian, Charles Gambino, Andrew Macek, So Uey Lee, and Frank S. Merola, and TPSP, CAR, LLC.

3. A sufficient jurisdictional basis exists to take evidence on the issue of the Special Master's jurisdiction to hear these disputes. The undersigned will reserve final ruling on the issue of jurisdiction until entry of the Special Master's report and recommendation to the District Court on this matter.

4. Based upon the claimant letters referenced above and the briefs submitted in response to various sua sponte orders regarding same, the undersigned will hold an evidentiary hearing on **February 7, 2007 at 9:00 am** at the Offices of the Special Master to consider the following issues:

   (a) whether the Special Master has jurisdiction to resolve the instant dispute and to hold an evidentiary hearing on this matter;

   (b) whether Class Action Refund, LLC fraudulently induced class members into contracts which obligated them to pay the claims service a large percentage of the award which they would otherwise receive in this claims administration process;

   (c) whether Class Action Refund, LLC's contracts with claimants to recover a portion of claimants' recoveries in this claims administration process are unconscionable;

(d) whether Class Action Refund, LLC has engaged in the unauthorized practice of law with respect to its work on behalf of claimants in this claims administration process;

(e) in the event that Special Master has jurisdiction to resolve these matters, and in the event that the Special Master finds that Class Action Refund, LLC has engaged in any of the conduct referenced in (a) through (d), above, what is the legal effect of such a finding.

5.   The following individuals shall be physically present at the hearing: (1) Richard Delgatto of Class Action Refund, LLC and any counsel acting on his behalf; (2) any other individuals who negotiated contracts with claimants on behalf of Class Action Refund, LLC, and (3) counsel for the CAR, LLC Claimants, Van Diamantaras, Demos Thanos, Joseph Bushek, Robin Milot Hicks, Aslam Kapadia, Joseph Slowiak, Nikki Logan, Homer Mowery, Donald R. Macormac, Avedia Biberian, Charles Gambino, Andrew Macek, So Uey Lee, and Frank S. Merola.[2]

6.   In light of the fact that the CAR, LLC Claimants reside at various locations around the United States, these claimants need not be physically present at the Offices of the Special Master for the hearing.  Testimony from these claimants will be taken telephonically.

---

[2] The briefing schedule deadlines have not yet run for each of the CAR, LLC Claimants. To date, however, the responses filed by claimants and CAR, LLC have been formulaic and do not differ in any significant fashion. As such, to promote a speedy resolution of these disputes, the Special Master is proceeding to set this matter down for hearing based upon the specific issues, which have been raised in the responses to date. In the event that briefings filed by the parties before the hearing reveal that an evidentiary hearing will not be necessary with respect to an individual CAR, LLC Claimant, or with respect to a particular issue, the Special Master shall enter a supplemental order dropping such parties or issues from the scheduled hearing.

7. Counsel for the CAR, LLC Claimants and CAR, LLC shall exchange witness lists, exhibit lists, and copies of all exhibits within ten (10) days of the hearing and file copies of each with the Special Master and the District Court. Counsel shall also confer regarding the most efficient order and manner in which to take testimony from all interested parties.

8. One day has been set aside for this hearing. Upon showing of good cause, supplemental Claimant testimony may be taken via telephone following the initial hearing date referenced above to ensure that all parties have an opportunity to be heard with respect to each claimant's dispute with CAR, LLC.

DONE AND ORDERED at Miami, Florida this 15th day of December, 2006.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record