IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>EXXON CORPORATION, )<br>)<br>    Defendant. )<br>_____)<br>)<br>RUSSELL A. CLINE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>THE GARDEN CITY GROUP, INC., )<br>)<br>    Defendant. )<br>_____) | <br><br><br><br><br><br><br><br><br><br>CONSOLIDATED WITH<br>CASE NO.: 05-21338-CIV<br>GOLD/ SIMONTON |

**ORDER SETTING BRIEFING SCHEDULE FOR CONSIDERATION OF
REASONABLENESS OF CONTINGENT FEE AGREEMENTS BETWEEN
<u>CLAIMANTS AND THIRD PARTY SERVICE PROVIDERS</u>**

THIS CAUSE is before the court pursuant to the District Court's Order of Reference concerning Class Counsel's Motion to Require Attorney Russell A. Cline to Seek Court Approval of Attorneys' Fees Charged to Class Members for Assistance in Claims Process. D.E. 3372 (referring D.E. 3171). Having reviewed Class counsel's Motion, Russell Cline's Response, D.E. 3253, and Class counsel's Reply, D.E. 3333, and being otherwise advised in the premises, the Special Master hereby sets Orders Russell A. Cline to file an attorneys' fee

petition with the District Court, and also Orders a briefing schedule concerning the regulation of fee agreements between claimants and third party service providers ("TPSP's"), as more fully discussed herein.

## I. INTRODUCTION

Russell A. Cline ("Mr. Cline") is a Utah attorney who has filed Proof of Claim forms in the Claims Administration Process on behalf of approximately 488 claimants. D.E. 3253 at 2. Mr. Cline has purportedly procured written contingent fee agreements with these claimants to collect between 25 to 40 percent of their award in the claims process. *Id.* at 5; D.E. 3171 at 2.[1] This contingent fee is net of Class counsel's attorneys' fee award of 33 1/3 percent which has already been deducted from each claimant's award. As such, if Mr. Cline's contingent fee agreements are enforced as written, some claimants represented by Mr. Cline may receive less than 27 percent of their award.

District Judge Alan S. Gold has raised concerns over the issue of Mr. Cline's attorney's fees. On April 27, 2006, in the midst of argument concerning three Utah claimants' objections to Class counsel's attorneys' fee petition, the following colloquy between Mr. Cline and the court ensued:

> **THE COURT:** But your fee is not going to be – or is it going to be reviewed by the Court?
>
> **MR. CLINE:** Your Honor, the – that is an issue that there's a procedure in place with the Special Master, Special Master Scott, whereby if individuals object to the payment of claims at the time that the payment is made, that they can raise that issue

---

[1] Mr. Cline recently announced his willingness to reduce his contingent fee percentage to 20 percent. D.E. 3253 at 7.

|  |  |
|---|---|
|  | with the Special Master and the Special Master will rule on it. |

\* \* \*

| | |
|---|---|
| MR. CLINE: | What I have said is that in the event during the claims administration process that individuals I represent object to my fees and raise that with the Special Master – |
| THE COURT: | Well, don't I have control over your fees? |
| MR. CLINE: | Yes, you do. Well, Your Honor, you – I believe that you do under a different standard and, that is... |
| THE COURT: | So, I should treat you differently? |
| MR. CLINE: | Well, the basis for my fee is different than the basis for Class counsel's fee. |
| THE COURT: | Why is that? |
| MR. CLINE: | Because Class counsel is receiving their fee under the standard in Camden 1. I'm receiving my fee under a written contract. |

\* \* \*

| | |
|---|---|
| MR. CLINE: | But I do recognize that to the extent that someone within the process that has been set up challenges my fees, there may be factors that would cut both ways. |
| THE COURT: | But you're not just dealing with your client, you're dealing with the Court. |
| MR. CLINE: | I understand, Your Honor. |

\* \* \*

| | |
|---|---|
| THE COURT: | Mr. Cline, I will take into account your objections but, frankly, sir, your position with respect to what you're earning here and the circumstances of your earning it give me great pause to say that I don't put much value on it or your position, and I want |

3

> you to know that at the end of the day you're going
> to have to deal with me on your fees.

Judge Gold further enunciated his concern as to Mr. Cline's attorneys' fees in the July 6, 2006 Order on Petitions for Attorneys' Fees, when he stated:

> I find of interest that Mr. Cline has entered his own fee agreements with Class members which envision contingent fees as high as 40% for simply filing a claim when Class counsel has done all the work. Although Mr. Cline claims to represent over 400 claimants in the Claims Administration Process, only three have authorized him to file objections. At the end of the day, Mr. Cline will have to appear before this Court to justify his fees.

*Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 2423784 n.8 (S.D. Fla. 2006).

Referencing the foregoing as authority, Class counsel's instant Motion requests that the Court enter an order requiring Mr. Cline to seek and obtain court approval of any attorneys' fee he may seek in connection with this action.

## II. ANALYSIS

It is well settled that courts have the power and responsibility to ensure that attorneys are paid only a reasonable fee for their efforts on behalf of claimants. *See, e.g., Camden I. Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991); *In re Carbon Dioxide Antitrust Litigation*, 1996 WL 523534, at *1 (M.D. Fla. Jul 15, 1996); *In re Agent Orange Product Liability Litigation*, 818 F.2d 226 (2d Cir. 1987), *Carnegie v. Mutual Sav. Life Ins. Co.*, 2004 WL 3715446, at *33 (N.D. Ala. Nov 23, 2004); *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation*, 56 F.3d 295, 305 (1st Cir.(1st Cir. 1995); *Kenny A. ex rel. Winn v. Perdue*, 454 F. Supp. 2d 1260, 1270 (N.D. Ga. 2006); *In re Prudential-Bache Energy Income Partnership Securities Litigation*,

1994 WL 150742, at *1 (E.D. La. April 13, 1994). Notwithstanding, at the hearing before Judge Gold, Mr. Cline asserted that his fees are governed under a different standard than those of Class counsel. According to Mr. Cline, Class counsel's fees were governed "under the standard in Camden 1," whereas Mr. Cline is purportedly "receiving [his] written fee under a written contract." Relying upon these written contracts, Mr. Cline has taken the position that his fees are not subject to a review for reasonableness by the court, and that he should not have to file a fee petition.

In light of Judge Gold's pronouncements and the authorities referenced above, the undersigned has serious reservations as to Mr. Cline's fees, and believes that such fees are subject to review by this Court, notwithstanding Mr. Cline's written fee agreements. In *In re Agent Orange Product Liability Litigation*, 818 F.2d 226, 240 (2d Cir. 1987), the court stated:

> It is well established that a district court, pursuant to its rulemaking authority or on an *ad hoc* basis, may review a contingency fee agreement. *Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890, 896 (1st Cir.1985); *Dunn v. H.K. Porter Co.*, 602 F.2d 1105, 1108 (3d Cir.1979). When dealing with an equitable fund action, "the court has an even greater necessity to review the fee agreement for [Fed.R.Civ.P. 23(e)] imposes upon it a responsibility to protect the interests of the class members from abuse." *Dunn*, 602 F.2d at 1109.

Voluminous other authorities confirm the District Court's authority to review contingency fee contracts for reasonableness. *See, e.g, Green v. Nevers*, 111 F.3d 1295 (6th Cir. 1997) (holding that the court must determine fair and reasonable compensation to an attorney regardless of an agreement specifying the amount or nature of the fee); *Dean v. Holiday Inns, Inc.*, 860 F.2d 670 (6th

5

Cir. 1988) (fee award should not be made based solely upon the contingency agreement); *Hoffert v. General Motors Corp.*, 656 F.2d 161 (5th Cir. 1981); *Int'l Travel Arrangers, Inc. v. Western Airlines, Inc.*, 623 F.2d 1255 (8th Cir. 1980) (court has the power and responsibility to monitor contingency fee agreements for reasonableness); *Hamner v. Rios*, 769 F.2d 1404 (9th Cir. 1985); *In re Doyle*, 144 Ill. 2d 451 (1991); *Wunschel Law Firm, P.C. v. Clabaugh*, 291 N.W.2d 331 (Iowa 1980); *Matter of Harris*, 261 Kan. 1063 (1997); *O'Rourke v. Cairns*, 683 So. 2d 697 (La. 1996); *Snow v. Mikenas*, 373 Mass. 809 (1977) (holding that court is authorized to raise question of reasonableness of contingent fee arrangement on its own motion where attorney intends to collect fee from funds to be distributed through him by court order, and that judicial inquiry is not foreclosed by the existence of fee agreements that appear to have been prima facie valid and binding when made); *State ex rel. FirsTier Bank, N.A. v. Mullen*, 248 Neb. 384 (1995); *Gair v. Peck*, 160 N.E.2d 43 (NY 1959); *Randolph v. Schuyler*, 284 N.C. 496 (1974); *Alexander v. Inman*, 974 S.W. 2d 689 (Tenn. 1998). As such, to protect the class from abuse, the District Court has authority to ensure the reasonableness of all fee agreements which purport to give any third party service provider a right to collect a percentage of a claimant's award.

### III. <u>CONCLUSION</u>

Based upon the foregoing, the Special Master has authority to consider the reasonableness of fee agreements between claimants and TPSP's. Russell Cline shall be required to demonstrate whether the contingency fee agreement is

(a) supportable in light of controlling law; and (b) whether the proposed fee percentage is reasonable.

This order, however, has implications for *all* third party service providers who intend to collect a percentage of a claimant's award pursuant to a written fee agreement. For example, there may be other attorneys who have yet to formally appear before this court who, nevertheless, intend to collect a percentage of a claimant's award. Furthermore, there are numerous Claims Assistance Services, including, but not limited to Class Action Recovery Services, Class Action Recovery, LLC, Class Action Recovery Group, National Equity Development Group, which also have executed contingent fee agreements with claimants.

Since none of these attorneys or Claims Assistance Services have had an opportunity to file briefs regarding this court's authority to review their fee agreements for reasonableness, the Special Master will permit a briefing schedule on the issue. After the briefing deadline has run, the Special Master will enter an order concerning whether this court has authority to review all fee agreements for reasonableness, and if so, the manner in which this reasonableness review will be conducted. Therefore,

It is hereby **ORDERED AND ADJUDGED** as follows:

1. Within sixty (60) days of the date of this order, Russell A. Cline shall file an attorneys' fee petition with the court. The Special Master will set such additional hearings as are required to take evidence regarding the reasonableness of Mr. Cline's fees, and will enter a Report and Recommendation on the fee petition. No

attorneys' fees will be paid to Mr. Cline until the undersigned has ruled upon the fee petition.

2. Any and all attorneys, claims assistance services, or other third parties who wish to be heard on the issues discussed in this Order shall file a brief with the District Court within twenty (20) days of the date of this order.

3. Objections to this Order shall be considered on an expedited basis pursuant to the District Court's August 17, 2006 Order.  *See* D.E. 3068.[1]

**DONE AND ORDERED** at Miami, Florida this ____ day of January, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[1] Any objections to orders of the Special Master shall be filed within fourteen (14) calendar days from the date of the Special Master's order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.