IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,  )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )
                                    )
EXXON CORPORATION,                  )
                                    )
          Defendant.                )
_____    )
                                    )
RUSSELL A. CLINE,                   )
                                    )          **CONSOLIDATED WITH**
          Plaintiff,                )          **CASE NO.: 05-21338-CIV-GOLD /**
                                    )          **SIMONTON**
vs.                                 )
                                    )
THE GARDEN CITY GROUP, INC.,        )
                                    )
          Defendant.                )
_____    )

## ORDER REGARDING THE ATTORNEYS' FEES OF GERALD M. BOWEN

THIS CAUSE is before the Special Master pursuant to the Court's Order on

Petitions for an Award of Attorneys' Fees, Costs, and Reimbursable Expenses and for

Incentive Awards to Named Plaintiffs **[D.E. 2997]** (hereinafter "Order on Petitions"), the

Court's Order Granting Motion to Expedite Payment of Approved Class Member Claims

and Approving Objections to *Sua Sponte* Order Concerning the District Court's Order on

Petitions **[D.E. 3068]** (hereinafter "Order Approving Objections"), and the Law Offices of

Gerald M. Bowen and Gerald M. Bowen, Esq.'s Response to Special Master Order

Regarding the Payment of Gerald M. Bowen's Initial Attorneys' Fees (hereinafter "Bowen's

Response") **[D.E. 3330]**.

As outlined in the Special Master's November 13, 2006 Order, Mr. Gerald M. Bowen (hereinafter "Bowen") is to receive an initial payment of $5,000,000.00 in attorneys' fees for his representation of the Class.  *See also* Order on Petitions, p. 107.  However, according to the Court's Order Approving Objections:

> Each Class counsel or Class representative **shall file the following documents with** the Clerk of the United States District Court for the Southern District of Florida:
>
> d.   the Law Offices of Gerald **Bowen shall file a partial satisfaction of judgment *and* a waiver of appeal;**

*See* Order Approving Objections, p. 9-10 (emphasis added).  The Partial Satisfaction of Judgment and Wavier of Appeal that Bowen must execute before <u>any</u> payment of his attorneys' fees can be made is attached to the Order Approving Objections as Exhibit B and has been attached to this Order as Exhibit "A."  Pursuant to the Orders of the Court, an original certified copy of Bowen's Partial Satisfaction of Judgement and Waiver of Appeal shall be delivered to the Special Master, the Garden City Group, and JPMorgan Chase accompanied by an executed W-9 form.

The plain and simple direction of the District Court and the Order of the Special Master required Bowen to file his Partial Satisfaction of Judgment and Wavier of Appeal and executed W-9 with the Special Master, the Garden City Group or JPMorgan Chase. The Special Master's Order clearly and unequivocally stated:

> **Mr. Bowen shall execute and file his Partial Satisfaction of Judgement and Waiver of Appeal with the Court and deliver an original certified copy of this document to Special Master, the Garden City Group, and JPMorgan Chase accompanied by an executed W-9 form no later than Monday, November 20, 2006.**

*See* November 13, 2006 Order, p.3 (emphasis added).  To date, Bowen has failed to comply with the Orders of the Court regarding the procedures for the payment of his attorneys' fees and the timing of the submission of his necessary documents.  Bowen's initial payment of attorneys' fees cannot and will not be completed until these documents are executed and filed with the appropriate entities outlined above.

Surprisingly, Bowen stated in his Response to the Special Master's Order that:

> As to the Court's Order directing Mr. Bowen's execution of the waiver of right to appeal and satisfaction of judgment, *for Mr. Bowen to execute such a statement at this time would*, upon information and belief, *be contrary to the facts and a mis-statement of his position*.

*See* Bowen's Response, p. 1 (emphasis added).  Bowen's response is unacceptable. First, the execution of the Partial Satisfaction of Judgment and Wavier of Appeal and appropriate W-9 is not contrary to the facts.  The District Court's Order Approving Objections and the Special Master's Order could not have been more clear.[1]  Second, the time to object to the procedures carefully outlined in the Court's Order Approving Objections for the payment of Awards to Class counsel and the Class Representatives has long since passed. Bowen failed to make any timely objection, and therefore any objection is deemed waived.  Accordingly, the Special Master rejects Bowen's conclusions and hereby again orders Bowen to comply with the procedures outlined by the Court.

Moreover, other issues have raised concerns with respect to the initial payment of Bowen's attorneys' fees.  As outlined in the Special Master's November 13, 2006 Order,

---

[1] In fact, all other firms of Class counsel and all of the Class representatives clearly understood the Court's instructions, filed the appropriate paperwork, and have received their respective payments.

both the Special Master and the Garden City Group received a purported Irrevocable Letter of Direction directing that Bowen's initial payment of attorneys' fees be made to his attorney Thomas J. McKenna. *See* Exhibit "B". This request is not unusual. However, while the letter is dated July 10, 2006, the envelope indicates that the letter was not mailed until nearly two and a half months later on September 26, 2006. In addition, the envelope suggests that the letter was not sent by either Mr. Bowen or Mr. McKenna. Rather, the purported Irrevocable Letter of Direction was sent to the Special Master and the Garden City Group by a company called Case Funding LLC. The Irrevocable Letter of Direction does not explain Case Funding's relationship to Mr. Bowen or why the letter was sent by them. Finally, the purported Irrevocable Letter of Direction contains an electronic signature of Mr. Bowen. This is particularly troubling as the letter was not sent by either Mr. Bowen or Mr. McKenna.

In response to the Special Master's inquiries regarding this Irrevocable Letter of Direction, Bowen stated:

> Case Funding LLC is a lender who has advanced monies for the benefit of Gerald M. Bowen and the claims asserted thereby is [sic] bona fide and genuine. However, at present it appears that other arrangements which have been contemplated will supercede and render moot the letter of direction by satisfying the repayment obligation from another source, in which circumstances the letter of direction from Case Funding LLC to Garden City Group will be redundant. Confirmation of the foregoing from Case Funding LLC is being requested and will be provided forthwith.

*See* Bowen's Response, p. 1. Bowen's Response fails to identify who should receive his initial Award of attorneys' fees or when such information would be provided to the Court. In addition, Bowen fails to explain the discrepancies in the dates or other issues raised by

the Special Master regarding the Letter of Direction. Finally, and most importantly, Bowen failed to address how the Special Master would pay any of Bowen's creditors without an original certified copy of Bowen's Partial Satisfaction of Judgement and Waiver of Appeal and executed W-9 form.

At the beginning of January, 2007, the Special Master received a correspondence from Jeffrey L. Friesen, counsel for Allied Esquire Group, Inc. concerning an Irrevocable Letter of Direction with respect to the initial payment of Bowen's attorneys' fees. *See* Exhibit "C." The letter states that the July 10, 2006 correspondence previously received by the Special Master is cancelled, superceded, and substituted by the new Letter of Direction. It appears that Bowen, Bowen's counsel, Thomas J. McKenna, and representatives of both Esquire Capital Corporation and Case Funding LLC executed the Letter of Direction. Despite the instructions contained in the Letter of Direction, neither the Special Master, the Garden City Group, nor the Depository Institution have received the original certified copy of Bowen's Partial Satisfaction of Judgement and Waiver of Appeal and executed W-9 form necessary to make any payments from the Settlement Fund.[2] Furthermore, the Special Master has concerns regarding the real party in interest to Bowen's initial Award of attorneys' fees.

The Special Master has been, and continues to be, prepared to authorize the initial payment of Mr. Bowen's attorneys' fees for his services to the Class. However, it appears from Bowen's Response to the Special Master's November 13, 2006 Order that Bowen is

---

[2] If the Settlement Fund is to pay Bowen's initial Award of attorneys' fees directly to one of Bowen's creditors, that creditor will need to provide a W-9 to the Claims Administrator and Special Master before payment will be made.

unwilling to comply with the procedures of the Court for the payment of his initial Award of attorneys' fees. The Special Master can only speculate as to the reasons behind Bowen's actions. However, it remains that Bowen is in violation of the Orders of the Court. Accordingly, Bowen is hereby ordered to execute and deliver an original certified copy of his Partial Satisfaction of Judgement and Waiver of Appeal and executed W-9 form to the Special Master, the Garden City Group, and JPMorgan Chase no later than Wednesday, January 31, 2007.

Bowen's continued failure to comply with the Court's orders will result in a fine of $1,000.00 per day, starting on Thursday, February 1, 2007, until the requisite documents are received by the Special Master. The accumulation of these fines will be deducted from Bowen's initial payment of attorney's fees before the Award is paid to any individual or entity. Finally, if the Special Master has not received the requisite documents from Bowen by Wednesday, January 31, 2007, the Special Master will conduct a hearing on Wednesday, February 7, 2007 beginning at 9 a.m. regarding the payment of Bowen's initial Award of attorneys' fees. Bowen is hereby ordered to be present at this hearing.

The Special Master has also determined that Bowen was in constructive receipt of his initial payment of attorneys' fees in 2006 pursuant to the District Court's Order on Petitions. As such, Bowen will be receiving a 1099 form from the Claims Administrator for tax reporting purposes. Because Bowen has continually failed to provide the Court with his tax payer information via a W-9 form, a federal withholding of $1,400,000.00 is now due to the IRS from Bowen's initial Award of attorneys' fees. The Special Master will forthwith surrender the $1,400,000.00 to the IRS pursuant to the federal withholding laws. In addition, any penalties and interest associated with the withholding due to the IRS will be

-6-

deducted from Bowen's initial Award of attorneys' fees before the Award is paid to any individual or entity.   The Settlement Fund will not bear the burden of Bowen's actions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Any issues raised in Bowen's Response to the Special Master's November 16, 2006 Order are hereby REJECTED.

2.  Bowen is hereby ordered to produce to the Special Master any and all contracts, agreements, and documentation related to any interest, assignment, purchase or otherwise by any third party to any Award received or to be received by Bowen as a result of his services to the Class.  Bowen shall produce all such documentation to the Special Master by 12 p.m. on Monday, February 5, 2007.

3.  Bowen is hereby ordered to execute and deliver an original certified copy of his Partial Satisfaction of Judgement and Waiver of Appeal and executed W-9 form to the Special Master, the Garden City Group, and JPMorgan Chase no later than **Wednesday, January 31, 2007.**

4.  Bowen will be charged a fine of $1,000.00 per day, starting on **Thursday, February 1, 2007**, until the Special Master has received Bowen's original certified copy of his Partial Satisfaction of Judgement and Waiver of Appeal and executed W-9 form.

5.  The accumulation of fines will be deducted from Bowen's initial payment of attorney's fees before the Award is paid to any individual or entity.

6.  If the Special Master has not received requisite documents from Bowen by

-7-

Wednesday, January 31, 2007, the Special Master will conduct a hearing on

**Wednesday, February 7, 2007 beginning at 9 a.m.** regarding the payment

of Bowen's initial Award of attorneys' fees.

7.     A federal withholding of $1,400,000.00 from Bowen's initial Award of

attorneys' fees will forthwith surrendered to the IRS pursuant to federal law.

8.     Any penalties and interest associated with the withholding due to the IRS will

be deducted from Bowen's initial Award of attorneys' fees before the Award

is paid to any individual or entity.

**DONE AND ORDERED** at Miami, Florida this 24th day of January, 2007.[3]

_____

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All Counsel of Record

---

[3] Any objections to orders of the Special Master shall be filed within fourteen (14) calendar days from the date of the Special Master's order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.