IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
)    CONSOLIDATED WITH
    Plaintiff, )    CASE NO.: 05-21338-CIV
)    GOLD/ SIMONTON
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

**ORDER REQUIRING SUPPLEMENTAL RESPONSES CONCERNING
PROPOSED SETTLEMENT AGREEMENTS BETWEEN CLASS AND TPSP'S**

THIS CAUSE is before the Special Master pursuant to the Order on Class Counsel and Three Third Party Service Providers, CARS, NEDG, AND CARS's Joint Motion for Expedited Approval of Settlement Agreement ("Claims Services' Settlement Order"), **[D.E. 3497]**, and the Order Canceling Evidentiary Hearing Concerning Disputes Between Claimants and Russell Cline ("Cline Settlement Order"). **[D.E. 3528]**. On January 29, 2007, the Special Master held a hearing to consider preliminary approval of the proposed settlement agreements between the Class and Class Action Recovery Services, National Equity Development

1

Group, Inc., Class Action Refund, LLC; and Russell A. Cline. At the hearing, the undersigned posed several critical issues for briefing by the parties before any of the proposed settlement agreements can be preliminarily approved. Therefore, based upon the proceedings, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  By no later than February 6, 2007, Class counsel and at least one representative for the settling Claims Services and Mr. Cline shall submit a brief addressing, at length, the following crucial issues before the proposed settlement agreements can be preliminarily approved:

    A.  Whether Federal Rule of Civil Procedure 23 must be invoked to effectuate the proposed settlement agreements (including consideration of whether separate classes must be certified, class representatives named, and separate notices concerning certification and settlement served);

    B.  If Federal Rule of Civil Procedure 23 is not to be invoked, provide a detailed explanation of how the settlement agreements will be effectuated. Consideration should be given to the manner in which notice of the proposed settlement agreements will be provided to effected class members. The parties shall also address whether Class counsel shall become the individual attorney for class members with respect to these settlement agreements.

C. Assuming, *arguendo*, that Federal Rule of Civil Procedure 23 applies to these settlements, provide a summary analysis of whether the agreements meet the "fairness" requirements for settlements under controlling law. The analysis should also contemplate whether the proposed communications to class members satisfy the mandatory notice provisions of Rule 23 and, if not, what additional matters must be included in the communication to conform to Rule 23.

D. Provide a detailed explanation of who will bear the fees and costs associated with both a Rule 23, and non-Rule 23 settlement proposal.

E. All proposed communications to the Class on these matters shall be supplied pursuant to this Order.

**DONE AND ORDERED** at Miami, Florida this 30 day of January 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

3