IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH
CASE NO.: 05-21338-CIV-GOLD / SIMONTON**

## REPORT AND RECOMMENDATION REGARDING EXXONMOBIL'S UNOPPOSED MOTION FOR REIMBURSEMENT OF LEGAL FEES INCURRED DEFENDING FUND'S QSF STATUS

THIS CAUSE is before the Special Master pursuant to ExxonMobil's Unopposed Motion for Reimbursement of Legal Fees Incurred Defending Fund's QSF Status **[D.E. 3689]** and Class Counsel's and States' Counsel's Response to ExxonMobil's Unopposed Motion for Reimbursement of Legal Fees Incurred Defending Fund's QSF Status **[D.E. 3710]**. ExxonMobil (hereinafter "Exxon") seeks reimbursement for legal fees incurred in defending the Settlement Fund's Qualified Settlement Fund (hereinafter "QSF") status against an initial adverse position from the IRS. Based on the terms of the December 19, 2005 Settlement Agreement (hereinafter "Settlement Agreement") entered into with Exxon,

CASE NO.: 91-0986-CIV-GOLD

Class counsel and States' counsel agree that Exxon should be reimbursed for legal fees incurred in defending the Settlement Fund's QSF status. Accordingly, having reviewed the positions of the parties and being otherwise fully advised in the premises, the Special Master respectfully recommends the following actions outlined below.

Based upon the terms of the Settlement Agreement, a fund was created that the parties intended to be maintained, administered and taxed as a Qualified Settlement Fund. See Settlement Agreement, ¶ 4.b. From the onset, the Settlement Fund Committee, the Special Master, and the District Court have taken all appropriate steps to ensure that the terms of the Settlement Agreement were implemented. As part of this process, the Committee sought a Letter Ruling from the IRS on a number of tax related issues. After receiving an initial adverse response from the IRS regarding the Fund's QSF status, the Committee contacted Exxon to advise it of the IRS's position. Exxon agreed to participate in the Committee's efforts to reverse this initial adverse position. In doing so, Exxon retained the firm of Miller & Chevalier. As a result, in part, of the legal services provided by Miller & Chevalier, the IRS's initial determination was reversed and the IRS has now agreed to afford QSF treatment to the Fund.

The Special Master has reviewed the invoices provided by Miller & Chevalier for their services in addressing the Fund's QSF status and agrees with Class counsel and States' counsel that the fees are reasonable. Accordingly, the Special Master recommends that:

1. The District Court should enter a Payment Order approving the reimbursement to Exxon for the reasonable legal fees of Miller & Chevalier in the amount of $71,772.57;

CASE NO.: 91-0986-CIV-GOLD

2. In that order, the District Court should instruct JPMorgan Chase to initiate a wire transfer in the amount of $71,772.57 to be drawn on the Settlement Fund's Custody Account and transferred to the Settlement Fund's Demand Deposit Account (DDA);

3. Upon confirmation that the $71,772.57 has been transferred to the Settlement Fund's DDA, the District Court should instruct JPMorgan Chase to generate an Official Bank Check payable to the ExxonMobil Corporation in the amount of $71,772.57 to be drawn on the Settlement Fund's account;

4. The District Court should also instruct the Garden City Group to present the necessary authorization letter to the appropriate JPMC branch to receive the Official Bank Check payable to ExxonMobil Corporation in the amount of $71,772.57; and

5. Finally, the District Court should instruct the Garden City Group to mail the Official Bank Check to ExxonMobil Corporation at: ExxonMobil Corporation, Attention: Robert B. Wallis, 800 Bell Street, Suite 1859N, Houston, Texas, 77002.

RESPECTFULLY SUBMITTED in Miami, Florida this 6th day of April, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records