IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )
                                   )
EXXON CORPORATION,                 )
                                   )
        Defendant.                 )
_____   )
                                   )
RUSSELL A. CLINE,                  )
                                   )          **CONSOLIDATED WITH**
        Plaintiff,                 )          **CASE NO.: 05-21338-CIV-GOLD /**
                                   )          **SIMONTON**
vs.                                )
                                   )
THE GARDEN CITY GROUP, INC.,       )
                                   )
        Defendant.                 )
_____   )

## FIRST ORDER DENYING CLAIMS

This matter is before the Special Master upon States' Counsel's First Motion for Summary Judgment Dismissing Fifty-Nine Claims **[D.E. 3302]**, Class Counsel's Response to States' Counsel's First Motion for Summary Judgment Dismissing Fifty-Nine Claims **[D.E. 3521]**, Class Counsel's Amended Response to States' Counsel's First Motion for Summary Judgment Dismissing Fifty-Nine Claims **[D.E. 3578]**, States' Counsel's Response to Class Counsel's Replies (Response and Amended Response) to States' Counsel's First Motion for Summary Judgment Dismissing Fifty-Nine Claims **[D.E. 3604]**, and the District Court's Order Regarding the Procedures for the Payment of Claims **[D.E. 3134]**.

CASE NO.: 91-0986-CIV-GOLD

## I. BACKGROUND

States' counsel has moved for summary judgment against fifty-nine (59) claims filed in the Claims Administration Process. States' counsel has requested that the Special Master enter final summary judgment dismissing each of these claims with prejudice because the claimants are not proper members of the Class. States' counsel argues that for each claim the pleadings and papers on file establish that there is no genuine issue of material fact or law with respect to: 1) each claimant is not a member of the Class; 2) each claimant was not a direct-served dealer during the Class period; and 3) there are no other material issues that would entitle each claimant to payment of their claim. *See* D.E. 3302 at 1.

During the hearing before the Special Master concerning States' Counsel's First Motion for Summary Judgment, Class counsel outlined their extensive efforts to contact each claimant included in States' counsel's motion.[1]  *See* February 14, 2007 Hearing Transcript, p. 14. Class counsel explained to claimants the nature of the relief sought by States' counsel and the arguments supporting States' counsel's motion. Class counsel offered to assist each claimant in drafting a response to States' counsel's motion. In response to Class counsel's inquiries and notifications, certain claimants withdrew their claims, other claimants did not respond to the motion, and four claimants filed substantive oppositions to States' counsel's motion.[2] Class counsel filed an Amended Response to

---

[1] Class counsel offered to assist claimants with their Responses to States' Counsel's First Motion for Summary Judgment due to the unique nature of the Claims Administration Process. However, Class counsel advised these claimants that Class counsel could not advocate on their behalf, as the claimants' interests are adverse to the direct served dealer class. *See* February 14, 2007 Hearing Transcript, p. 12.

[2] Before the hearing on States' Counsel's First Motion for Summary Judgment, claimant Billy Ray Ferguson (Claim No. 830) withdrew his claim from the Claims Administration Process. Accordingly, only three claims remain before the Court.

CASE NO.:  91-0986-CIV-GOLD

States' counsel's First Motion for Summary Judgment to advise the Special Master as to

the status of these claims in advance of the hearing on States' counsel's motion.

## II.  ANALYSIS

After evaluating the arguments presented to the Court, the Special Master has

determined that the definition of the Class is critical to any analysis regarding the validity

of claims filed in the Claims Administration Process.  In the District Court's Order of Final

Approval of Class Settlement Agreement, the Court stated:

> The Class was originally defined by prior orders of this Court
> to include more than 10,000 current and former *Exxon direct
> served dealers* in thirty-five (35) states who alleged that
> Exxon systematically and intentionally overcharged them for
> the wholesale purchase of motor fuel between *March 1, 1983
> and August 31, 1994.*[3]

A direct served dealer is a dealer who had a direct-served or retail sales agreement directly

with Exxon for the purchase of motor fuel.  Accordingly, only those direct served dealers

who purchased motor fuel directly from Exxon between March 1, 1983 and August 31,

1994 are entitled to recover damages from the Settlement Fund.[4]

---

[3] *See Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

[4] During the February 14, 2007 hearing before the Special Master, Class counsel explained that Exxon sold motor fuel in three different ways during the Class Period: 1) through its own company owned stations; 2) through direct served dealers; and 3) through distributors. *See* February 14, 2007 Hearing Transcript, p.10.  Class counsel stated that this litigation focused solely on the claims of direct served dealers and that distributor served dealers had agreements with third party distributors, not Exxon. *Id.* at 11.  Accordingly, distributor served dealers did not take part in the Discount for Cash Program, and therefore, are not entitled to damages arising from Exxon's breach of contract with respect to that program.

CASE NO.: 91-0986-CIV-GOLD

Class counsel and States' counsel advised the Special Master that the majority of the fifty-nine (59) claims outlined in States' Counsel's First Motion for Summary Judgment either withdrew their respective claims or failed to respond to States' counsel's motion despite the efforts of Class counsel outlined above. With respect to the thirty-one (31) claims who withdrew their claims from the Claims Administration Process, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal.

For those twenty-five (25) claimants who failed to respond to States' counsel's motion, the Special Master has evaluated States' counsel's arguments and the documentation on file with the Claims Administrator. The Special Master has uncovered no documentation to suggest that these claimants were members of the Class entitling them to recover from the Settlement Fund. Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal.

The remaining three claimants (William R Spence, Claim No. 352; David Wyland, Claim No. 525; and John Z. Beiler, Claim No. 814) filed Responses in opposition to States' Counsel's First Motion for Summary Judgment. Having reviewed their respective positions and documentation on file with the Claims Administrator, the Special Master finds no genuine issue of material fact exists to preclude the entry of summary judgment against these claimants. As outlined above, the Exxon dealers who are members of the Class and who are entitled to recover from the limited Settlement Fund are only Exxon direct served

CASE NO.: 91-0986-CIV-GOLD

dealers who purchased motor fuel from Exxon between March 1, 1983 and August 31, 1994. The record shows that Spence, Wyland, and Beiler did not have agreements with Exxon for the purchase of motor fuel and were, in fact, served by distributors.[5] Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal.

### III. CONCLUSION

Upon consideration of States' Counsel's First Motion for Summary Judgment, the record before the Court, the Responses filed by a limited number of claimants, and having conducted a hearing regarding these issues, it is hereby

**ORDERED and ADJUDGED** as follows:

1.  Having been advised that the following claimants have withdrawn their claims, summary judgment is hereby granted in favor of States' counsel dismissing each of the following claims with prejudice:

    Claim No.  443 (Gerald Ortiz, Jr.)
    Claim No.  445 (Pepper Oil Co., Inc.)
    Claim No.  450 (Arnold W. Aubol)
    Claim No.  451 (Allan Wayne Shannon)
    Claim No.  458 (Richard L. Goodrich)
    Claim No.  479 (Stanton L. Virts, Sr.)
    Claim No.  509 (Ellen Parks McGhee)
    Claim No.  530 (John R. Metz)
    Claim No.  616 (Muzikar's Service, Inc.)
    Claim Nos. 640, 641, 642, 643 (Inter-City Petroleum Marketers, Inc.)
    Claim No.  661 (Donna Livingston)
    Claim Nos. 689, 690, 691, 692, 693, 694, 695, 696, 697, 698, 699 (Premium Gas Service, Inc.)
    Claim No.  830 (Billy Ray Ferguson)

---

[5] The Responses filed by Spence, Wyland, and Beiler acknowledge that each claimant was a distributor served dealer and not a direct served dealer.

CASE NO.:  91-0986-CIV-GOLD

Claim No.  836 (James N. Rogers)
Claim No.  876 (Karl Rosch Lehnhoff)
Claim No.  909 (Carol Faye Castleberry)
Claim No.  927 (Diana Lynn Riggs)
Claim No.  986 (Corinne Collins Bourg)

2.     Having considered States' counsel's motion and having determined that the

following claimants have not responded in any way to States' counsel's

motion, despite the diligent efforts of Class counsel set forth above,

summary judgment is hereby granted in favor of States' counsel dismissing

each of the following claims with prejudice:

Claim No.  275 (David Suggs)
Claim No.  356 (KNH, Inc.)
Claim No.  393 (Harry's Brake and Alignment Service)
Claim No.  410 (Loycie J. Abshire)
Claim No.  462 (Maria R. Donaldson)
Claim No.  475 (Shillito Oil, Inc.)
Claim No.  486 (Bill R. Gillete)
Claim No.  505 (Bernard R. Rife)
Claim No.  562 (Joseph E. Bednarczyk)
Claim Nos. 630, 631, 632, 633, 634, 635, 636, 638 (Trustee for Budget Tire
& Supply Co.)
Claim No.  639 (Inter-City Petroleum Marketers, Inc.)
Claim No.  655 (Otto Black)
Claim No.  706 (David Earl Moore)
Claim No.  752 (Hyram F. Wilson)
Claim No.  756 (Trustee for Budget Tire & Supply Co.)
Claim No.  867 (Curlie D. Deramus)
Claim No.  889 (Larry Maddox)
Claim No.  917 (Wayne A. Kleppelid)

3.     Having considered States' counsel's motion and the Responses filed by

William R Spence, David Wyland, and John Z. Beiler the Special Master

finds no genuine issue of material fact exists to preclude the entry of

summary judgment against these claimants.   Accordingly, summary

judgment is hereby granted in favor of States' counsel dismissing each of the

CASE NO.:  91-0986-CIV-GOLD

following claims with prejudice:

Claim No.  352 (William R Spence)
Claim No.  525 (David Wyland)
Claim No.  814 (John Z. Beiler)

**DONE AND ORDERED** this _10_ day of May, 2007.

SPECIAL   MASTER   THOMAS   E.   SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold

-7-