IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>EXXON CORPORATION, )<br>)<br>    Defendant. )<br>_____)<br>)<br>RUSSELL A. CLINE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>THE GARDEN CITY GROUP, INC., )<br>)<br>    Defendant. )<br>_____)| **CONSOLIDATED WITH<br>CASE NO.: 05-21338-CIV-GOLD /<br>SIMONTON** |

## ORDER GRANTING EXTENSION OF TIME TO MEDIATE C2.10 DISPUTE

This matter is before the Special Master upon the Mediator's Report and Request for Extension of Time for Mediation (attached hereto as Exhibit "A"). The Mediator has advised that one of the parties to the C2.10 dispute is unavailable for mediation until June 28, 2007. The Special Master has reviewed this dispute and believes that an extension of time to conduct mediation will benefit the parties and may assist with the resolution of this conflict. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Special Master hereby grants an extension of time to mediate dispute C2.10 between Norman C. Norfolk, Jr., Claim No. 1026262 and Pan Do Kim, Claim No. 45584.

CASE NO.: 91-0986-CIV-GOLD

2. The litigants to each of these disputes shall provide the Mediator any and all documentation, contracts, receipts, agreements, or other materials related to the disputed dates of ownership no later than **5 p.m. on Friday, June 29, 2007**. Materials should be delivered to Bonnie L. Rippingille, Cole, Scott & Kissane, P.A., 1390 Brickell Ave., 3rd Floor, Miami, Florida 33131. Any materials not timely received by the Mediator shall be considered at the Mediator's discretion.

3. The mediation regarding the dispute C2.10 shall be completed by no later than **5 p.m. on Monday, July 9, 2007**.

4. If the parties are unable to resolve their disputes before the July 9, 2007 deadline, the disputes will be heard during an evidentiary hearing before the Special Master at a date and time to be determined by the Special Master.

5. If in the discretion of the Mediator, she believes a party has failed to act in good faith, either by not participating in the mediation process or failing to participate in a meaningful manner, Mediator Rippingille is authorized to refer the matter to the Special Master for all appropriate action, including dismissal of the claim or other appropriate sanctions.

**DONE AND ORDERED** this 15th day of May, 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold