IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

---

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH**
**CASE NO.: 05-21338-CIV-GOLD /**
**SIMONTON**

## SECOND ORDER DENYING CLAIMS

This matter is before the Special Master upon States' Counsel's Second Motion for Summary Judgment Dismissing Fifty-Two Claims **[D.E. 3529]**, Class Counsel's Response to States' Counsel's Second Motion for Summary Judgment Dismissing Fifty-Two Claims **[D.E. 3711]**, States' Counsel's Reply to Opposition of Koo L. Yuen to Second Motion for Summary Judgment to Dismiss Claims (Re: Claim 1829) **[D.E. 3725]**, Class Counsel's Amended Response to States' Counsel's Second Motion for Summary Judgment Dismissing Fifty-Two Claims **[D.E. 3776]**, States' Counsel's Response to Reply/Opposition Regarding Claim 1674, Station 99999 **[D.E. 3778]**, States' Counsel's Response to Reply/Opposition Regarding Claims 1695 and 1715, Station 99999 **[D.E. 3779]**, and the District Court's Order Regarding the Procedures for the Payment of Claims **[D.E. 3134]**.

CASE NO.: 91-0986-CIV-GOLD

## I. BACKGROUND

States' counsel has moved for summary judgment against fifty-one (51) claims filed in the Claims Administration Process.[1] States' counsel has requested that the Special Master enter final summary judgment dismissing each of these claims with prejudice because the claimants are not proper members of the Class. States' counsel argues that for each claim the pleadings and papers on file establish that there is no genuine issue of material fact or law with respect to: 1) each claimant is not a member of the Class; 2) each claimant was not a direct-served dealer during the Class period; and 3) there are no other material issues that would entitle each claimant to payment of their claim. See D.E. 3529 at 1.

During the hearing before the Special Master concerning States' Counsel's Second Motion for Summary Judgment, Class counsel outlined their efforts to contact each claimant included in States' counsel's motion.[2] See May 1, 2007 Hearing Transcript, p. 4. Class counsel explained to claimants the nature of the relief sought by States' counsel and the arguments supporting States' counsel's motion. Class counsel offered to assist each claimant in drafting a response to States' counsel's motion. In response to Class counsel's inquiries and notifications, certain claimants withdrew their claims, other claimants did not respond to the motion, and three claimants filed substantive oppositions to States'

---

[1] States' Counsel's Second Motion for Summary Judgment was originally against fifty-two (52) claims. However, States' Counsel withdrew their Motion for Summary Judgment against claimant Koo L. Yuen, Claim No. 1829 prior to the hearing before the Special Master. Accordingly, only fifty-one (51) claims remain before the Court for adjudication.

[2] As with States' counsel's First Motion for Summary Judgment, Class counsel offered to assist claimants with their Responses to States' Counsel's Second Motion for Summary Judgment due to the unique nature of the Claims Administration Process. However, Class counsel advised these claimants that Class counsel could not advocate on their behalf, as the claimants' interests are adverse to the direct served dealer class.

CASE NO.: 91-0986-CIV-GOLD

counsel's motion. Class counsel filed an Amended Response to States' counsel's Second Motion for Summary Judgment to advise the Special Master as to the status of these claims in advance of the hearing on States' counsel's motion.

## II. ANALYSIS

After evaluating the arguments presented to the Court, the Special Master has determined that the definition of the Class is critical to any analysis regarding the validity of claims filed in the Claims Administration Process. In the District Court's Order of Final Approval of Class Settlement Agreement, the Court stated:

> The Class was originally defined by prior orders of this Court to include more than 10,000 current and former **Exxon direct served dealers** in thirty-five (35) states who alleged that Exxon systematically and intentionally overcharged them for the wholesale purchase of motor fuel between **March 1, 1983 and August 31, 1994**.[3]

A direct served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel. Accordingly, only those direct served dealers who purchased motor fuel directly from Exxon between March 1, 1983 and August 31, 1994 are entitled to recover damages from the Settlement Fund.[4]

---

[3] See Allapattah Services, Inc. v. Exxon Corp., 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

[4] During the February 14, 2007 hearing before the Special Master on States' Counsel's First Motion for Summary Judgment, Class counsel explained that Exxon sold motor fuel in three different ways during the Class Period: 1) through its own company owned stations; 2) through direct served dealers; and 3) through distributors. See February 14, 2007 Hearing Transcript, p.10. Class counsel stated that this litigation focused solely on the claims of direct served dealers and that distributor served dealers had agreements with third party distributors, not Exxon. Id. at 11. Accordingly, distributor served dealers did not take part in the Discount for Cash Program, and therefore, are not entitled to damages arising from Exxon's breach of contract with respect to that program.

CASE NO.: 91-0986-CIV-GOLD

Class counsel and States' counsel advised the Special Master that the majority of the fifty-one (51) claims outlined in States' Counsel's Second Motion for Summary Judgment either withdrew their respective claims or failed to respond to States' counsel's motion, despite the efforts of Class counsel outlined above. With respect to the thirty-two (32) claims who withdrew their claims from the Claims Administration Process, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's order.

For those sixteen (16) claimants who failed to respond to States' counsel's motion, the Special Master has evaluated States' counsel's arguments and the documentation on file with the Claims Administrator. The Special Master has uncovered no documentation to suggest that these claimants were members of the Class entitling them to recover from the Settlement Fund. Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's order.

The remaining three claimants (James M. Claybar, Claim No. 1674; Rachel Owen Bivins, Claim No. 1695; and Elizabeth Owen Mills, Claim No. 1715) filed Responses in opposition to States' Counsel's Second Motion for Summary Judgment. Although these claimants failed to appear for the hearing before the Special Master on States' counsel's Second Motion for Summary Judgment, the Special Master has been advised that the representatives of these claims have requested that the Special Master allow the them an

CASE NO.: 91-0986-CIV-GOLD

additional opportunity to oppose States' Counsel's Second Motion for Summary Judgment. *See* attached correspondence from Class counsel, attached hereto as Exhibit "A." Accordingly, the Special Master hereby grants James M. Claybar, Claim No. 1674; Rachel Owen Bivins, Claim No. 1695; and Elizabeth Owen Mills, Claim No. 1715 an additional opportunity to oppose States' Counsel's Second Motion for Summary Judgment during the upcoming hearing on States' Counsel's Third Motion for Summary Judgment to take place on Wednesday, June 20, 2007 beginning at 9 a.m. at the Office of the Special Master. The representatives of these claims are permitted to participate by telephone and should contact Class counsel for the appropriate call-in information.

### III. CONCLUSION

Upon consideration of States' Counsel's Second Motion for Summary Judgment, the record before the Court, the Responses filed by a limited number of claimants, and having conducted a hearing regarding these issues, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Having been advised that the following claimants have withdrawn their claims, summary judgment is hereby granted in favor of States' counsel dismissing each of the following claims with prejudice:

   Claim No. 1034  (Fort Hill Servicenter)
   Claim Nos. 1040, 1041, 1042  (Ebensburg Oil & Gas)
   Claim No. 1232  (Leo Williams)
   Claim No. 1239  (T&R Enterprises, Inc)
   Claim No. 1292  (Bill Owen)
   Claim No. 1295  (Medlin's Service Center)
   Claim No. 1331  (Timothy Hornbacher)
   Claim No. 1538  (Sheila Ghant Kiser)
   Claim No. 1640  (Felix S. Pallanes)
   Claim No. 1675  (L&W Service Station, Inc)
   Claim Nos. 1716, 1717, 1718, 1720, 1721, 1722, 1723, 1724, 1725, 1726 (Wesco, Inc.)

CASE NO.: 91-0986-CIV-GOLD

        Claim No. 1815 (Juan D. Bermea)
        Claim No. 1817 (Daniel J. Lehoski)
        Claim No. 1872 (Douglas A. Taillac)
        Claim No. 1976 (Edward Grabeel)
        Claim No. 1977 (Glenn Fallows)
        Claim No. 1980 (James Davis)
        Claim No. 1991 (Delroy Brown)
        Claim No. 1995 (Charles Buchanan)
        Claim No. 2008 (Jack L. Hannah)
        Claim No. 2047 (Herbert H. Hoff)

2. Having considered States' counsel's motion and having determined that the following claimants have not responded in any way to States' counsel's motion, despite the diligent efforts of Class counsel set forth above, summary judgment is hereby granted in favor of States' counsel dismissing each of the following claims with prejudice:

        Claim No. 1046 (Lester Earl Cantley)
        Claim No. 1296 (Adrian Durham)
        Claim No. 1436 (Giovanni Ciallella)
        Claim No. 1439 (David Neal Todd)
        Claim No. 1489 (Jeffery C. Irwin)
        Claim No. 1556 (Edward Vesely)
        Claim No. 1621 (Charles Brown)
        Claim No. 1641 (Larry G. Wilkinson)
        Claim No. 1644 (Joe Verastiqui)
        Claim No. 1662 (Joseph Neal Morris)
        Claim No. 1728 (Roger L. Senior)
        Claim No. 1734 (Ines S. Pallanes)
        Claim No. 1745 (Ritz Food Mart No. 3, Inc.)
        Claim No. 1747 (Herbert Hoover Raughton)
        Claim No. 2014 (William I. Gentles)
        Claim No. 2114 (Ronald Moore)

3. Having considered the requests of claimants James M. Claybar, Claim No. 1674; Rachel Owen Bivins, Claim No. 1695; and Elizabeth Owen Mills, Claim No. 1715 for an additional opportunity to oppose States' Counsel's Second Motion for Summary Judgment, the Special Master will permit the

representatives of these claims to present their arguments before the Special Master during the upcoming hearing on States' Counsel's Third Motion for Summary Judgment to take place on Wednesday, June 20, 2007 beginning at 9 a.m. at the Office of the Special Master. The representatives of these claims are permitted to participate by telephone and should contact Class counsel for the appropriate call-in information.

**DONE AND ORDERED** this 22nd day of May, 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold