IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

_____

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH**
**CASE NO.: 05-21338-CIV-GOLD /**
**SIMONTON**

## ORDER GRANTING EXTENSION OF TIME TO MEDIATE C3.1 DISPUTE

This matter is before the Special Master upon a Motion for Continuance of the June 20, 2007 hearing with respect to dispute C3.1 (attached hereto as Exhibit "A"). The Mediator and the parties have requested additional time to attempt to resolve this dispute and alleviate the need for an evidentiary hearing. The Special Master has reviewed this dispute and believes that an extension of time to conduct mediation will benefit the parties and may assist with the resolution of this conflict. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

    **ORDERED and ADJUDGED** as follows:

    1.    The Special Master hereby grants an extension of time to mediate dispute C3.1 between the Estate of Henry Brauner, Claim No. 874 and Coventry Way, Ltd., Claim No. 1596.

CASE NO.: 91-0986-CIV-GOLD

2. The litigants to each of these disputes shall provide the Mediator any additional documentation, contracts, receipts, agreements, or other materials related to the disputed dates of ownership no later than **5 p.m. on Wednesday, June 20, 2007**. Materials should be delivered to Bonnie L. Rippingille, Cole, Scott & Kissane, P.A., 1390 Brickell Ave., 3rd Floor, Miami, Florida 33131. Any materials not timely received by the Mediator shall be considered at the Mediator's discretion.

3. The mediation regarding the dispute C3.1 shall be completed by no later than **5 p.m. on Monday, June 25, 2007**.

4. If the parties are unable to resolve their disputes before the June 25, 2007 deadline, the disputes will be heard during an evidentiary hearing before the Special Master at a date and time to be determined by the Special Master.

5. If in the discretion of the Mediator, she believes a party has failed to act in good faith, either by not participating in the mediation process or failing to participate in a meaningful manner, Mediator Rippingille is authorized to refer the matter to the Special Master for all appropriate action, including dismissal of the claim or other appropriate sanctions.

**DONE AND ORDERED** this 15th day of June, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold