IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

_____

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH**
**CASE NO.: 05-21338-CIV-GOLD /**
**SIMONTON**

## SUA SPONTE ORDER SETTING HEARING ON SALIM PREMJI AND LEX RECOVERY GROUP

THIS CAUSE is before the Special Master *sua sponte*.

On Wednesday, June 20, 2007, the Special Master held a number of hearings to resolve outstanding disputes in the Claims Administration Process. Many of these hearings were intended to resolve unsettled disputes from the mediation process and to address the Mediator's Certificates of Bad Faith from the C2 and C3 disputes. Specifically, the Special Master held hearings on mediation disputes C2.6, C2.7, C2.8, C2.9, C3.8 and

C3.9.[1]

One of the parties to each of the above referenced disputes was a corporate entity owned by claimant Salim Premji (Springfield Ave. Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc.). Despite the extensive efforts to contact the claimant, Mr. Premji or a representative of each one of his corporations failed to participate in the mediation process.[2] Accordingly, the Mediator filed Certificates of Bad Faith with the Special Master for each dispute involving one of Mr. Premji's corporations pursuant to the procedures governing the mediation process.

Extensive efforts were also made to put Mr. Premji on notice of the hearings concerning his claims. On May 10, 2007 and May 14, 2007 the Special Master entered Orders regarding the upcoming hearings concerning unsettled disputes in Class counsel's C2 and C3 motions. See [D.E. 3849], [D.E. 3854]. The Special Master's Orders clearly outlined the date of the upcoming hearing. The Special Master's Orders were posted on the Special Master's website and mailed to the applicable claimants. On May 16, 2007,

---

[1] These disputes included the following claimants: **C2.6** - Helidoro Tellez, Claim Nos. 1015864A, B & C and Springfield Ave. Investments, Inc., Claim No. 6271; **C2.7** - Miguel A. Polo, Claim No. 105187 and Springfield Ave. Investments, Inc., Claim No. 6271; **C2.8** - Bridges Service Center, Inc., Claim No. 1015811 and Elizabeth Food Mart, Inc., Claim No. 6273; **C2.9** - Jamil Aburoomi, Inc., Claim No. 1015809 and Elizabeth Food Mart, Inc., Claim No. 6273; **C3.8** - Ney J. Iglesias, Claim No. 1000807 and Premji Enterprises, Inc., Claim No. 6275; and **C3.9** - Minor Adjustments, Inc., Claim No. 100228 and Premji Enterprises, Inc., Claim No. 6275.

[2] Notices of the mediations were mailed to Mr. Premji by the Office of the Special Master at multiple addresses on file with the Claims Administrator for each of his mediation disputes. In addition, Mediator Bonnie Rippingille attempted to contact Mr. Premji, via telephone, on several occasions concerning his claims in the mediation process. Finally, Class counsel has engaged in extensive efforts to contact Mr. Premji or his family since the time Class counsel began to process his claims. See June 20, 2007 Hearing Transcript, p. 34-35.

the Special Master entered his Order Regarding Mediator's Certifications of Bad Faith for C2 Disputes [D.E. 3861]. In that Order, the Special Master required that a representative of Mr. Premji's corporations be present at the June 20, 2007 hearing. A similar Order regarding the Mediator's Certifications of Bad Faith for C3 Disputes was entered by the Special Master requiring a representative of Mr. Premji's corporation to be present at the June 20, 2007 hearing. See [D.E. 3954]. These Orders were posted on the Special Master's website and mailed to the appropriate claimants, including Mr. Premji. Class counsel also provided notice to the applicable claimants of the upcoming hearings before the Special Master.

On June 20, 2007, Mr. Premji or a representative of his corporations failed to appear at the time ordered by the Special Master.[3] The Special Master took evidence from each of the parties to Mr. Premji's disputes and inquired as to Mr. Premji's status. After hearing arguments on each of the disputes, the following dialogue occurred:

> **Special Master:** Ms. Markus, Dennis, how many other claims, if any, has Mr. Premji made that are blocking lawsuits?
>
> **Ms. Markus:** We are not at this time aware of any other. We believe this is all of them. There may be some we haven't gotten to yet, but there are none that are currently in the works.
>
> **Special Master:** Do we have an address for him?
>
> **Ms. Markus:** We have the address on file with his claim, and we have done -- we have three different addresses. I have just been told, and we have done, and I have here in the file some Internet searches that we have done in efforts to contact him and his family. We have all kinds of different contact information, and we have made extensive efforts since the

---

[3] A representative of Lex Recovery Group also failed to appear at the date and time ordered by the Special Master.

> beginning of the time we started working to process these claims. His claims also –
>
> **Special Master**: You have never spoken to him? All he did is file the original claims?
>
> **Mr. Shuman**: Lex Corporation is listed as his representative on the proof of claim. . .
>
> **Special Master**: Lexington? Lex Corporation.
>
> **Ms. Markus**: One of the claims services filed this claim on behalf of Mr. Premji and his corporations, and we have been in contact with Lex Recovery Group's representative, who in turn, has spoken with Mr. Premji occasionally, but - -
>
> **Special Master**: . . . Were they [Lex Recovery Group] provided notice of today?
>
> **Ms. Markus**: They were. They were copied on all of the notices that we provided.

See June 20, 2007 Hearing Transcript, pgs. 34-36.

Despite being ordered to appear in person, Mr. Premji called the Office of the Special Master nearly an hour and a half after the start of the scheduled hearings. Mr. Premji informed the Special Master's paralegal that he was currently living in Florida, and although he had received the Special Master's Orders, requested to participate in the hearing by telephone. Mr. Premji was provided the call-in information for the hearing and verified the information to the paralegal. Mr. Premji was asked to immediately call into the hearing.

At the conclusion of the final scheduled dispute hearing, the Special Master asked Mr. Premji to present his position on the claims that he filed in the Claims Administration Process. Surprisingly, Mr. Premji was not on the line:

> **Mr. James**: Is Mr. Premji on the phone? Or a representative of any of Mr. Premji's corporations?
>
> **Special Master**: This is the Special Master speaking. Is there anybody else on the telephone who we have not spoken to? Hello?
>
> **Mr. James**: He was given the call-in information.
>
> **Ms. Markus**: Just to clarify, Mr. Premji wasn't given call-in information, at least by us - -
>
> **Mr. James**: He just was by our paralegals.
>
> **Special Master**: Put on the record what occurred, Mr. James.
>
> **Mr. James**: Roughly 20 minutes ago, Mr. Premji called the Offices of the Special Master.
>
> **Special Master**: That would be roughly what? 10:15, 10:20?
>
> **Mr. James**: 10:15, 10:20.
>
> **Special Master**: An individual identified himself as Mr. Premji?
>
> **Mr. James**: Yes, he did. And he asked for call-in information, of which one of the paralegals of the Special Master gave him the information. At 10:35 Mr. Premji is not on the line.
>
> **Special Master**: And, again, as far as you know, we provided notice to him at every level and to the service, right?
>
> **Ms. Markus**: We provided substantial notice of this hearing and of the time of the hearing at 9:00 a.m., but the notice that we provided set forth that he was required to appear in person. We did not provide him with call-in information because of Your Honor's prior orders that that's the way he needed to appear.

See June 20, 2007 Hearing Transcript, p. 85-86.

A review of Mr. Premji's claim files confirms that each one of his claims was filed with the assistance of Lex Recovery Group. Each Proof of Claim is executed by Mr. Premji but fails to assert any dates of ownership. The claim files are completely devoid of any Exxon dealer records, affidavits, Replies, or other supporting documentation to suggest that Mr. Premji was in fact an Exxon dealer and that he is entitled to recover from the Settlement Fund. To the contrary, the claim files for the other parties to Mr. Premji's disputes support the conclusion that Mr. Premji was not the Exxon dealer for these stations during the Class Period.[4]

The Office of the Special Master, Mediator, Class counsel, States' counsel, and the Claims Administrator have spent countless hours evaluating and processing Mr. Premji's claims. Every effort has been made to allow Mr. Premji his day in court. Mr. Premji's conduct has retarded the potential payment of an immeasurable number of claims, including those opposing his right to recovery in disputes C2.6, C2.7, C2.8, C2.9, C3.8 and C3.9. Similarly, Lex Recovery Group has hindered the Claims Administration Process by filing unsupported claims on behalf of Mr. Premji. Lex Recovery Group's failure to update their client's claim files for nearly three and a half years and failure to appear before the Special Master to shed light on Mr. Premji's claims are examples of such conduct. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

---

[4] Mr. Premji also failed to file any documentation to suggest that, although he was not the dealer of record during the Class Period, he has an interest in the Awards for the subject stations arising out of a sales agreement, assignment, or other contract. The Special Master declines to speculate over Mr. Premji's possible entitlement to an Award without such proof.

1. The Special Master will conduct a hearing on **Wednesday, July 25, 2007 beginning at 9:00 a.m.** at the Offices of the Special Master to determine whether a recommendation will be made to the District Court to enter Orders to Show Cause against claimants Salim Premji, Springfield Ave. Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc. and the claims service, Lex Recovery Group, as to why sanctions should not be entered against them for their conduct in the Claims Administration Process. One half hour has been set aside for this hearing and a court reporter has been requested. Claimant Salim Premji and a representative of Lex Recovery Group are hereby ordered to be present at the hearing.

**DONE AND ORDERED** at Miami, Florida this 27th day of June, 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records