IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____ )
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____ )

## ORDER ON EVIDENTIARY HEARING CONCERNING DISPUTES BETWEEN CLAIMANTS AND PEACHTREE PRE-SETTLEMENT FUNDING, LLC

THIS CAUSE is before the court upon informal motion by numerous claimants seeking to adjudicate their disputes with PEACHTREE PRE-SETTLEMENT FUNDING, LLC ("Peachtree"). Specifically, the Special Master received complaint letters from claimants Robin Milot Hicks, Joseph Slowiak, Avedia Bierian, Joseph Gibson, and Eugene D'Alessandro. The Special Master has reviewed the positions of the parties and held a hearing on the matter pursuant to the Omnibus Report and Recommendation Concerning Contracts Between Claimants and Third Party Service Providers. D.E. 3207. Based upon

the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Claimants Robin Milot Hicks, Joseph Slowiak, Avedia Biberian, and Eugene D'Alessandro each filed letters which raised disputes concerning Peachtree. Since none of these claimants appeared in support of their claims at the hearing, their claims are DENIED.[1]

(2) Claimant, Joseph Gibson did appear by telephone and present argument at the hearing regarding disputes with Peachtree. The argument and documentary evidence which Mr. Gibson presented, however, did not rise to the level of establishing fraud, unconscionability, or the unauthorized practice of law.

First, while the December 15, 2006 Order Setting Evidentiary Hearing Concerning Disputes Between Claimants and Peachtree Pre-Settlement Funding stated that argument would be conducted on the issue of "whether Peachtree fraudulently induced" Mr. Gibson to enter into a contract, no evidence or argument was presented at the hearing on the issue of fraudulent inducement. Furthermore, Mr. Gibson's brief contained no arguments or evidence to substantiate all elements of a claim of fraudulent inducement. *See Cibran Enterprises, Inc. v. BP Products North America, Inc.*, 365 F. Supp. 2d 1241 (S.D. Fla. 2005). As such, the Special Master finds that Mr. Gibson has not established that he was fraudulently induced into a contract with Peachtree.

---

[1] The Special Master also notes that, per notice from Class counsel, letters filed by claimants Gambino, Macek, and Merola, were not intended to raise disputes with Peachtree. D.E. 3519. Therefore, to the extent that these claimants raised disputes with Peachtree, those disputes have now been withdrawn or are moot.

Mr. Gibson has also failed to establish that his agreement with Peachtree was unconscionable. To succeed on a claim of unconscionability, a movant must demonstrate both procedural and substantive unconscionability. *Rivera v. AT&T Corp.*, 420 F. Supp. 2d 1312 (S.D. Fla. 2006). Based upon the arguments and evidence presented at the hearing regarding this matter, Mr. Gibson had a meaningful choice concerning whether to enter into a contract with Peachtree. As such, Mr. Gibson is unable to establish the necessary element of procedural unconscionability, and thus, Mr. Gibson's claim of contractual unconscionability must fail.

Mr. Gibson also argued that his contract with Peachtree was void on the basis that it called for Peachtree to engage in the unauthorized practice of law. Specifically, Mr. Gibson asserted that the agreement was unlawful because: (1) Peachtree is defined in the agreement as a "claims service provider"; (2) Mr. Gibson was obligated to participate in litigation and to cooperate in the prosecution of the claim; (3) Mr. Gibson was required to provide copies of litigation related papers to Peachtree; and (4) Mr. Gibson was prohibited under the agreement from executing and delivering payment without Peachtree's approval.

The briefs and argument presented regarding this matter, however, reveal that Peachtree purchased a portion of Mr. Gibson's claim prior to its disbursement from the settlement fund for the sum of $8,893.19. As such, the evidence and argument reveal that Mr. Gibson's obligations under his agreement with Peachtree merely allowed Peachtree to protect its prior investment in Mr. Gibson's claim. Peachtree did not implicitly represent that it had the technical competence to analyze Mr. Gibson's claim and act in a representative capacity to promote Mr. Gibson's best interests in the claims process. *Cf. Dauphin County Bar Assn v. Mazzacaro*, 465 Pa. 545, 551 (1976); *Childs v. Smeltzer*, 315

Pa. 9 (1934). Nor did Peachtree covenant to prepare legally binding documents on Mr. Gibson's behalf. *Cf. The Florida Bar v. Miravalle*, 761 So. 2d 1049 (Fla. 2000). As such, the Special Master finds that Peachtree did not contract with Mr. Gibson to engage in the unauthorized practice of law.

Finally, Mr. Gibson asserted a number of other legal doctrines in an attempt to void his contractual obligations with Peachtree, including usury, champerty and maintenance, and unfair and deceptive trade practices. The Special Master finds that the evidence Mr. Gibson proffered in support of these claims at the hearing on this matter was insufficient to provide him the relief he requested. Based upon the foregoing, the Special Master finds that Mr. Gibson's contract with Peachtree is valid and enforceable. To the extent that Peachtree seeks to collect a portion of Mr. Gibson's award in the claims process, it shall do so in the ordinary course by filing a Third Party Entitlement to Claim Form.

(3)   Based upon the foregoing, it is unnecessary for the Special Master to consider the force and effect of Peachtree's arbitration provision. *See* 3/5/07 Transcript of Proceedings at 19-20.

(4)   The Special Master finds no cause for further proceedings regarding these disputes, including proceedings related to costs and attorneys' fees.

(5)   Per the agreement of the parties and the instruction of the Court at the hearing on this matter, these proceedings have specifically excluded any and all allegations concerning Class Action Refund, LLC. As such, the findings in this Order shall have no force or effect with respect to any current or future disputes with that entity.[2]

---

[2] The Special Master commends both counsel for their fine presentations at the hearing on this matter.

DONE AND ORDERED at Miami, Florida this 3rd day of July, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record