IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH**
**CASE NO.: 05-21338-CIV-GOLD / SIMONTON**

## THIRD ORDER DENYING CLAIMS

This matter is before the Special Master upon District Court's Order Regarding the Procedures for the Payment of Claims **[D.E. 3134]**, States' Counsel's Second Motion for Summary Judgment Dismissing Fifty-Two Claims **[D.E. 3529]**, Class Counsel's Response to States' Counsel's Second Motion for Summary Judgment Dismissing Fifty-Two Claims **[D.E. 3711]**, Class Counsel's Amended Response to States' Counsel's Second Motion for Summary Judgment Dismissing Fifty-Two Claims **[D.E. 3776]**, States' Counsel's Response to Reply/Opposition Regarding Claim 1674, Station 99999 **[D.E. 3778]**, States' Counsel's Response to Reply/Opposition Regarding Claims 1695 and 1715, Station 99999 **[D.E. 3779]**, States' Counsel's Third Motion for Summary Judgment Dismissing One Hundred and Fifty (150) Claims **[D.E. 3692]**, Class Counsel's Response to States' Counsel's Third Motion for Summary Judgment Dismissing One Hundred and Fifty Claims **[D.E. 3859]**, States'

CASE NO.: 91-0986-CIV-GOLD

Counsel's Response to Reply/Opposition Regarding Claim 3257, Station 99999 **[D.E. 3901]**, States' Counsel's Response to Reply/Opposition Regarding Claim 2573, Station 41399 **[D.E. 3902]**, Class Counsel's Amended Response to States' Counsel's Third Motion for Summary Judgment Dismissing One Hundred and Fifty Claims **[D.E. 3905]**, and States' Counsel's Further Submission, on the Second and Third Motions for Summary Judgment to Dismiss Clams, After Hearing on June 20, 2007 **[D.E. 3971]**.

## I. BACKGROUND

States' counsel has moved for summary judgment against one hundred and fifty-three (153) claims filed in the Claims Administration Process.[1] States' counsel has requested that the Special Master enter final summary judgment dismissing each of these claims with prejudice because the claimants are not proper members of the Class. States' counsel argues that for each claim the pleadings and papers on file establish that there is no genuine issue of material fact or law that: 1) each claimant is not a member of the Class; 2) each claimant was not a direct-served dealer during the Class period; and 3) there are no other material issues that would entitle each claimant to payment of their claim. See D.E. 3529 at 1; D.E. 3692 at 1.

As with States' Counsel's prior motions for summary judgment, Class counsel offered to assist claimants with their Responses to States' Counsel's Third Motion for Summary Judgment due to the unique nature of the Claims Administration Process. Class counsel

---

[1] States' Counsel's Third Motion for Summary Judgment was filed against one hundred and fifty (150) claims. However, the Special Master had previously deferred his adjudication of three claims from States' Counsel's Second Motion for Summary Judgment. The claims from States' Counsel's Second Motion for Summary Judgment are: James M. Claybar, Claim No. 1674; Rachel Owen Bivins, Claim No. 1695; and Elizabeth Owen Mills, Claim No. 1715. Accordingly, the Special Master will address one hundred and fifty-three (153) claims currently pending before the Court for adjudication.

CASE NO.: 91-0986-CIV-GOLD

explained to claimants the nature of the relief sought by States' counsel and the arguments supporting States' counsel's motion. Class counsel offered to assist each claimant in drafting a response to States' counsel's motion. However, Class counsel advised these claimants that Class counsel could not advocate on their behalf, as the claimants' interests are adverse to the direct-served dealer Class.

In response to Class counsel's inquiries and notifications, certain claimants withdrew their claims, other claimants did not respond to the motion, and two claimants filed substantive oppositions to States' counsel's motion. Class counsel filed an Amended Response to States' counsel's Third Motion for Summary Judgment to advise the Special Master as to the status of these claims in advance of the hearing on States' counsel's motion.

## II. ANALYSIS

A.      **Standard of Proof.**

After evaluating the arguments presented to the Court, the Special Master has determined that the definition of the Class is critical to any analysis regarding the validity of claims filed in the Claims Administration Process. In the District Court's Order of Final Approval of Class Settlement Agreement, the Court stated:

> The Class was originally defined by prior orders of this Court to include more than 10,000 current and former **Exxon direct served dealers** in thirty-five (35) states who alleged that Exxon systematically and intentionally overcharged them for the wholesale purchase of motor fuel between **March 1, 1983 and August 28, 1994**.[2]

---

[2] See Allapattah Services, Inc. v. Exxon Corp., 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

CASE NO.: 91-0986-CIV-GOLD

A direct-served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel. Accordingly, only those direct-served dealers who purchased motor fuel directly from Exxon between March 1, 1983 and August 28, 1994 are entitled to recover damages from the Settlement Fund.[3]

### B.   Withdrawn Claims.

Class counsel and States' counsel advised the Special Master that the majority of the one hundred and fifty (150) claims outlined in States' Counsel's Third Motion for Summary Judgment either withdrew their respective claims or failed to respond to States' counsel's motion, despite the efforts of Class counsel outlined above. With respect to the one hundred and thirteen (113) claims who withdrew their claims from the Claims Administration Process, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

### C.   Claimants who Failed to Respond to States' Counsel's Third Motion for Summary Judgment.

For those thirty-five (35) claimants who failed to respond to States' counsel's motion, the Special Master has evaluated States' counsel's arguments and the documentation on

---

[3] During the February 14, 2007 hearing before the Special Master on States' Counsel's First Motion for Summary Judgment, Class counsel explained that Exxon sold motor fuel in three different ways during the Class Period: 1) through its own company owned stations; 2) through direct-served dealers; and 3) through distributors. *See* February 14, 2007 Hearing Transcript, p.10. Class counsel stated that this litigation focused solely on the claims of direct-served dealers and that distributor served dealers had agreements with third party distributors, not Exxon. *Id.* at 11. Accordingly, distributor served dealers did not take part in the Discount for Cash Program, and therefore, are not entitled to damages arising from Exxon's breach of contract with respect to the DFC Program.

CASE NO.: 91-0986-CIV-GOLD

file with the Claims Administrator. The Special Master has uncovered no documentation to suggest that these claimants were members of the Class entitling them to recover from the Settlement Fund. Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

D.  **Claimants Opposing States' Counsel's Motions for Summary Judgment.**

The remaining claimants filed Responses in opposition to States' Counsel's Motions for Summary Judgment. The Special Master conducted hearings on June 20, 2007 concerning these five claims. As noted above, these hearings gave claimants an opportunity to outline their respective oppositions to States' Counsel's Second Motion for Summary Judgment (James M. Claybar, Claim No. 1674; Rachel Owen Bivins, Claim No. 1695; and Elizabeth Owen Mills, Claim No. 1715) and States' Counsel's Third Motion for Summary Judgment (Clary H. Smith, Claim No. 2573 and Defazio Express, Inc., Claim No. 3257). Each claimant gave testimony under oath in support of their claims. States' counsel was permitted to cross-examine each claimant. At the conclusion of the hearings, the Special Master directed that any further submissions regarding these claims be filed with the Court by June 28, 2007.

<u>James M. Claybar, Claim No. 1674</u>

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of James M. Claybar, the Special Master finds that Mr. Claybar has failed to meet his burden of proof to support his request for payment under Claim No. 1674. Mr. Claybar was unable to provide any documentation or information to

Case 1:91-cv-00986-ASG   Document 3993   Entered on FLSD Docket 07/11/2007   Page 6 of 13

CASE NO.: 91-0986-CIV-GOLD

establish his interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Claybar during the hearing. Furthermore, Mr. Claybar testified that he purchased motor fuel from a number of distributors during a portion of the Class Period that he operated his station.[4] Without more, the Special Master is unable to substantiate Mr. Claybar's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 1674 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Claybar.

<u>Rachel Bivins and Elizabeth Mills - Claim Nos. 1695 & 1715</u>

Having considered States' counsel's motion, the Responses in opposition to States' Counsel's motion, and the testimony of Rachel Bivins and Elizabeth Mills, the Special Master finds that Ms. Bivins and Ms. Mills have failed to meet their burden of proof to support their request for payment under Claim Nos. 1695 and 1715. Ms. Bivins and Ms. Mills were unable to provide any documentation or information to establish their respective interests in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with their claims based on the information available in the claim files and the testimony given by Ms. Bivins and Ms. Mills during the hearing. Furthermore, Ms. Mills testified that motor fuel was purchased from a distributor called

---

[4] See June 20, 2007 Hearing Transcript, p. 37-52.

-6-

CASE NO.: 91-0986-CIV-GOLD

Peoples Oil Company during a portion of the time that her father operated his station.[5] Without more, the Special Master is unable to substantiate Ms. Bivins and Ms. Mills' respective interests in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim Nos. 1695 and 1715 with prejudice. The Claims Administrator shall make the appropriate notation in each claim file concerning this dismissal and shall distribute the Special Master's Order to Ms. Bivins and Ms. Mills.

Clary H. Smith - Claim No. 2573

Having considered States' counsel's motion, the Responses in opposition to States' Counsel's motion, and the testimony of Clary H. Smith, the Special Master finds that Mr. Smith has failed to meet his burden of proof to support his request for payment under Claim No. 2573. Mr. Smith was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class Period. States' counsel was able to locate a direct-served relationship between Mr. Smith and Exxon. However, the Exxon Mutual Termination and General Release Agreement, entered into between Exxon and Clary H. Smith on September 25, 1982, terminated the direct-served relationship between Exxon and Mr. Smith. *See* June 20, 2007 Hearing Transcript, States' Counsel's Exhibit A.[6] Furthermore, Mr. Smith testified that he purchased motor fuel from a number of

---

[5] *See* June 20, 2007 Hearing Transcript, p. 52-62. The distributor, Peoples Oil Company, is also discussed in the Proof of Claim form on file for Claim No. 1695 and in the materials provided in support of the Opposition to States' Counsel's Motions for Summary Judgment.

[6] The Exxon notice concerning Mr. Smith's station, effective date September 25, 1982, further corroborates the termination of the direct-served relationship, as it notes Mr. Smith's

-7-

CASE NO.: 91-0986-CIV-GOLD

distributors during a portion of the Class Period that he operated his station.[7] The record clearly reflects that Mr. Smith had terminated his direct-served relationship with Exxon prior to the beginning of the Class Period on March 1, 1983. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 2573 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Smith.

DeFazio Express, Inc. - Claim No. 3257

Having considered States' counsel's motion, the Responses in opposition to States' Counsel's motion, and the testimony of Thomas R. Melvin on behalf of DeFazio Express, Inc., the Special Master finds that DeFazio Express, Inc. has failed to meet its burden of proof to support its request for payment under Claim No. 3257. Mr. Melvin was unable to provide any documentation or information to establish his interests in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Melvin during the hearing. Furthermore, Mr. Melvin testified that DeFazio Express, Inc. was a trucking company that purchased motor fuel, in part from Exxon, to fuel its delivery trucks.[8] DeFazio Express, Inc. did not resell the motor fuel it purchased from Exxon.[9] The record clearly reflects that DeFazio Express, Inc. was not a

---

request to be transferred to distributor-served fuel purchase. See June 20, 2007 Hearing Transcript, States' Counsel's Exhibit A.

[7] See June 20, 2007 Hearing Transcript, p. 63-75.

[8] See June 20, 2007 Hearing Transcript, p. 75-84.

[9] Id.

CASE NO.: 91-0986-CIV-GOLD

direct-served dealer who purchased motor fuel directly from Exxon between March 1, 1983 and August 28, 1994. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 3257 with prejudice. The Claims Administrator shall make the appropriate notation in each claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Melvin and to the address on file for DeFazio Express, Inc.

### III. CONCLUSION

Upon consideration of States' Counsel's Third Motion for Summary Judgment, the oppositions to States' Counsel's Second and Third Motion for Summary Judgment, the record before the Court, the Responses filed by the claimants, the supplemental submissions by States' counsel, and having conducted hearings regarding these issues, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Having been advised that the following claimants have withdrawn their claims, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

   Claim No. 2249  (Stanley Smith)
   Claim No. 2280  (Barbara Midcap)
   Claim No. 2327  (Thomas H. Hinshaw)
   Claim No. 2371  (Larry Smith)
   Claim No. 2440  (Arnold and Margaret Holt)
   Claim No. 2478  (Stephen Chicosky)
   Claim No. 2554  (Joseph Koury)
   Claim No. 2750  (OK Service Sales, Inc.)
   Claim No. 2751  (OK Service Sales, Inc.)
   Claim No. 2752  (OK Service Sales, Inc.)
   Claim No. 2753  (OK Service Sales, Inc.)
   Claim No. 2754  (OK Service Sales, Inc.)
   Claim No. 2755  (OK Service Sales, Inc.)
   Claim No. 2756  (OK Service Sales, Inc.)
   Claim No. 2757  (OK Service Sales, Inc.)
   Claim No. 2758  (OK Service Sales, Inc.)
   Claim No. 2759  (OK Service Sales, Inc.)
   Claim No. 2782  (George A. Stone)

CASE NO.: 91-0986-CIV-GOLD

   Claim No. 2808 (Burke Oil Company, Inc.)
   Claim No. 2809 (Burke Oil Company, Inc.)
   Claim No. 2810 (Burke Oil Company, Inc.)
   Claim No. 2811 (Burke Oil Company, Inc.)
   Claim No. 2812 (Burke Oil Company, Inc.)
   Claim No. 2813 (Burke Oil Company, Inc.)
   Claim No. 2814 (Carr & Carr, Inc.)
   Claim No. 2815 (Carr & Carr, Inc.)
   Claim No. 2816 (Carr & Carr, Inc.)
   Claim No. 2817 (Carr & Carr, Inc.)
   Claim No. 3067 (Leslie Engle)
   Claim No. 3089 (Henry David Rabe)
   Claim No. 3090 (City Hall Service Corp.)
   Claim No. 3181 (Harely Solesbee)
   Claim No. 3182 (Helen Rossi)
   Claim No. 3221 (Lee J. Short)
   Claim No. 3232 (Gerald Homick)
   Claim No. 3236 (Elaine M. Lasch)

2. Having considered States' counsel's motion and having determined that the following claimants have not responded in any way to States' counsel's motion, despite the diligent efforts of Class counsel set forth above, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

   Claim No. 2204 (James E. Hammel)
   Claim No. 2214 (Carolyne Freidin)
   Claim No. 2221 (Maria Didato)
   Claim No. 2241 (The Pantry)
   Claim No. 2242 (The Pantry)
   Claim No. 2298 (Loren L. Renville)
   Claim No. 2300 (The Pantry)
   Claim No. 2302 (The Pantry)
   Claim No. 2304 (The Pantry)
   Claim No. 2310 (The Pantry)
   Claim No. 2311 (The Pantry)
   Claim No. 2312 (The Pantry)
   Claim No. 2319 (Ralph Spagnuolo)
   Claim No. 2325 (A & A Oil Company)
   Claim No. 2326 (Terry Whitman)
   Claim No. 2338 (The Pantry)

CASE NO.: 91-0986-CIV-GOLD

Claim No. 2339  (The Pantry)
Claim No. 2343  (The Pantry)
Claim No. 2366  (Mickey W. Moore)
Claim No. 2475  (Gordon Oelkers)
Claim No. 2481  (Joseph Granteed)
Claim No. 2482  (Joseph Granteed)
Claim No. 2539  (The Pantry)
Claim No. 2582  (Angelina Bernard)
Claim No. 2600  (The Pantry)
Claim No. 2601  (The Pantry)
Claim No. 2620  (Johnny Whitfield)
Claim No. 2769  (Harrell Oil Company of Mount Airy)
Claim No. 2854  (Gary & Terry Geick)
Claim No. 2869  (Ethio Foods)
Claim No. 2873  (Bradley Cox)
Claim No. 2881  (Geraldine Long)
Claim No. 2943  (Billy Campbell)
Claim No. 2959  (Charles Edward Lee)
Claim No. 2984  (Willie J. Perrin Sr.)
Claim No. 3009  (Larry Schlenz)
Claim No. 3016  (The Pantry)
Claim No. 3018  (The Pantry)
Claim No. 3026  (The Pantry)
Claim No. 3027  (The Pantry)
Claim No. 3028  (The Pantry)
Claim No. 3029  (The Pantry)
Claim No. 3030  (The Pantry)
Claim No. 3031  (The Pantry)
Claim No. 3032  (The Pantry)
Claim No. 3033  (The Pantry)
Claim No. 3034  (The Pantry)
Claim No. 3035  (The Pantry)
Claim No. 3036  (The Pantry)
Claim No. 3037  (The Pantry)
Claim No. 3038  (The Pantry)
Claim No. 3039  (The Pantry)
Claim No. 3040  (The Pantry)
Claim No. 3041  (The Pantry)
Claim No. 3042  (The Pantry)
Claim No. 3043  (The Pantry)
Claim No. 3044  (The Pantry)
Claim No. 3045  (The Pantry)
Claim No. 3051  (The Pantry)
Claim No. 3052  (The Pantry)
Claim No. 3066  (Thomas S. Luna)

CASE NO.: 91-0986-CIV-GOLD

Claim No. 3069 (Richard Falardeau)
Claim No. 3099 (Joseph P. Dolfi)
Claim No. 3103 (William Fike)
Claim No. 3112 (Bob's Exxon, Inc.)
Claim No. 3146 (Bruce Alexander Robertson)
Claim No. 3147 (The Pantry)
Claim No. 3148 (Bruce Alexander Robertson)
Claim No. 3149 (Bruce Alexander Robertson)
Claim No. 3150 (Bruce Alexander Robertson)
Claim No. 3151 (Bruce Alexander Robertson)
Claim No. 3152 (Bruce Alexander Robertson)
Claim No. 3153 (Bruce Alexander Robertson)
Claim No. 3158 (The Pantry)
Claim No. 3159 (The Pantry)
Claim No. 3160 (The Pantry)
Claim No. 3161 (The Pantry)
Claim No. 3162 (The Pantry)
Claim No. 3164 (The Pantry)
Claim No. 3166 (The Pantry)
Claim No. 3167 (The Pantry)
Claim No. 3169 (The Pantry)
Claim No. 3170 (Nicelys Exxon)
Claim No. 3174 (The Pantry)
Claim No. 3209 (The Pantry)
Claim No. 3230 (John A. Florida)
Claim No. 3235 (Elaine M. Lasch)
Claim No. 3242 (Xenon Corp.)
Claim No. 3248 (Ronald J. Deberg)
Claim No. 3254 (Lewis Woodel)
Claim No. 3263 (The Pantry)
Claim No. 3265 (The Pantry)
Claim No. 3274 (William R. Thompson)
Claim No. 3301 (The Pantry)
Claim No. 3302 (The Pantry)
Claim No. 3303 (The Pantry)
Claim No. 3304 (The Pantry)
Claim No. 3305 (The Pantry)
Claim No. 3306 (The Pantry)
Claim No. 3307 (The Pantry)
Claim No. 3326 (Patchs Petroleum Co. Inc.)
Claim No. 3327 (Patchs Petroleum Co. Inc.)
Claim No. 3332 (The Pantry)
Claim No. 3357 (James B. Sterling, III)
Claim No. 3358 (James B. Sterling, III)
Claim No. 3361 (Edward Negoshtan)

      Claim No. 3396 (The Pantry)
      Claim No. 3437 (The Pantry)
      Claim No. 3438 (Arvilla J. Cooper)
      Claim No. 3448 (James Ray Bishop)
      Claim No. 3449 (James Ray Bishop)
      Claim No. 3450 (The Pantry)

3. Having considered States' counsel's motion, the Responses filed by James M. Claybar, Rachel Bivins, Elizabeth Mills, Clary H. Smith, and Thomas R. Melvin on behalf of DeFazio Express, Inc., and the testimony of these claimants, the Special Master finds that these claimants have failed to meet their burden of proof to support their requests for payment from the Settlement Fund. Accordingly, judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

Claim No. 1674 (James M. Claybar)
Claim No. 1695 (Rachel Owen Bivins)
Claim No. 1715 (Elizabeth Owen Mills)
Claim No. 2573 (Clary H. Smith)
Claim No. 3257 (DeFazio Express, Inc.)

**DONE AND ORDERED** this 11th day of July, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold