IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING UNRESOLVED DISPUTES IN C2 AND C3 MOTIONS

This cause is before the Special Master pursuant to Class Counsel's Second Motion for Adjudication of Conflicting Claims (Motion C2) **[D.E. 3749]**, Class Counsel's Third Motion for Adjudication of Conflicting Claims (Motion C3) **[D.E. 3808]**, and Class Counsel's Notice of Filing Documents Relating to Conflict Motions C2 and C3 **[D.E. 3965]**.

On June 20, 2007, the Special Master conducted evidentiary hearings to resolve unsettled disputes from the mediation process contained in Class Counsel's C2 and C3 motions. Specifically, the Special Master held hearings on disputes C2.6, C2.7, C2.8, C2.9,

C3.8 and C3.9.[1]  One of the parties to each of the above referenced disputes was a corporate entity owned by claimant Salim Premji (Springfield Ave. Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc.). Despite extensive efforts to contact the claimant, Mr. Premji or a representative of each one of his corporations failed to participate in the evidentiary hearings before the Special Master. Additionally, Mr. Premji's designated agent/representative Lex Recovery Group failed to appear before the Special Master despite that fact that it had initiated Mr. Premji's claims. The remaining parties to these disputes appeared before the Special Master and gave sworn testimony.[2] Accordingly, having reviewed the Court file, conducted evidentiary hearings concerning these disputes, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. With respect to dispute C2.6, the Special Master hereby grants judgment in favor of Heliodoro S. Tellez, Claim Nos. 1015864A, B & C. The claim of Springfield Ave. Investments, Inc., Claim No. 6271, is hereby dismissed with

---

[1] These disputes included the following claimants: **C2.6** - Helidoro Tellez, Claim Nos. 1015864A, B & C and Springfield Ave. Investments, Inc., Claim No. 6271; **C2.7** - Miguel A. Polo, Claim No. 105187 and Springfield Ave. Investments, Inc., Claim No. 6271; **C2.8** - Bridges Service Center, Inc., Claim No. 1015811 and Elizabeth Food Mart, Inc., Claim No. 6273; **C2.9** - Jamil Aburoomi, Inc., Claim No. 1015809 and Elizabeth Food Mart, Inc., Claim No. 6273; **C3.8** - Ney J. Iglesias, Claim No. 1000807 and Premji Enterprises, Inc., Claim No. 6275; and **C3.9** - Minor Adjustments, Inc., Claim No. 100228 and Premji Enterprises, Inc., Claim No. 6275.

[2] A representative of claimant Jamil Aburoomi, Inc., Claim No. 1015809, did not give testimony during the hearing concerning dispute C2.9. However, Class counsel and States' counsel concurred that Jamil Aburoomi, Inc. was in fact the dealer of record for Station No. 32561 for the period asserted by the claimant. See June 20, 2007 Hearing Transcript, p. 20-24. The testimony of Leonard Bridges on behalf of Bridges Service Center, Inc., Claim No. 1015811, further corroborated this conclusion. See June 20, 2007 Hearing Transcript, p. 16-17.

prejudice as the claimant has failed to establish an interest in Station No. 32585 during the Class Period.

2. With respect to dispute C2.7, the Special Master hereby grants judgment in favor of Miguel A. Polo, Claim No. 105187. The claim of Springfield Ave. Investments, Inc., Claim No. 6271, is hereby dismissed with prejudice as the claimant has failed to establish an interest in Station No. 32585 during the Class Period.

3. With respect to dispute C2.8, the Special Master hereby grants judgment in favor of Bridges Service Center, Inc., Claim No. 1015811. The claim of Elizabeth Ave. Food Mart, Inc., Claim No. 6273, is hereby dismissed with prejudice as the claimant has failed to establish an interest in Station No. 32561 during the Class Period.

4. With respect to dispute C2.9, the Special Master hereby grants judgment in favor of Jamil Aburoomi, Inc., Claim No. 1015809. The claim of Elizabeth Ave. Food Mart, Inc., Claim No. 6273, is hereby dismissed with prejudice as the claimant has failed to establish an interest in Station No. 32561 during the Class Period.

5. With respect to dispute C3.8, the Special Master hereby grants judgment in favor of Ney J. Iglesias, Claim No. 1000807. The claim of Premji Enterprises, Inc., Claim No. 6275, is hereby dismissed with prejudice as the claimant has failed to establish an interest in Station No. 32513 during the Class Period.

6. With respect to dispute C3.9, the Special Master hereby grants judgment in favor of Minor Adjustments, Inc., Claim No. 100228. The claim of Premji

        Enterprises, Inc., Claim No. 6275, is hereby dismissed with prejudice as the claimant has failed to establish an interest in Station No. 32513 during the Class Period.

7. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: Springfield Ave. Investments, Inc., Claim No. 6271; Elizabeth Ave. Food Mart, Inc., Claim No. 6273; and Premji Enterprises, Inc., Claim No. 6275.

8. The Special Master reserves ruling on whether a recommendation will be made to the District Court to enter Orders to Show Cause against claimants Salim Premji, Springfield Ave. Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc. and the claims service, Lex Recovery Group, as to why sanctions should not be entered against them for their conduct in the Claims Administration Process. The Special Master will conduct a hearing on **Wednesday, July 25, 2007 beginning at 9:00 a.m.** at the Offices of the Special Master to determine whether such a recommendation will be made.

**DONE AND ORDERED** at Miami, Florida this ____ day of July, 2007.[3]

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

---

[3] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.