IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
)    **CONSOLIDATED WITH**
    Plaintiff, )    **CASE NO.: 05-21338-CIV-GOLD /**
)    **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

**ORDER GRANTING IN PART AND DENYING IN PART LEX GROUP, LLC'S
UNOPPOSED MOTION FOR RELIEF FROM THE SPECIAL MASTER'S
JUNE 27, 2007, SUA SPONTE ORDER AND REQUIREMENT FOR
<u>APPEARANCE AT JULY 25, 2007 HEARING</u>**

THIS CAUSE is before the Special Master pursuant to Lex Group, LLC's Unopposed Motion for Relief from the Special Master's June 27, 2007, *Sua Sponte* Order and Requirement for Appearance at July 25, 2007 Hearing **[D.E. 4018], [D.E. 4021]**.

The Special Master has reviewed Lex Group, LLC's (hereinafter "Lex") unopposed motion and declarations outlining their efforts to obtain information regarding Mr. Premji's

claims.[1] While it appears that Lex did work with Mr. Premji to obtain information to substantiate the Premji claims, nothing in the history of these claims suggests that Lex made any effort to notify the Court or the Claims Administrator of Mr. Premji's lack of responsiveness or cooperation. In their unopposed motion, Lex states, "Mr. Premji was not cooperative, with either Lex or Class Counsel, and he did not submit executed withdrawals for the claims, **despite telling Lex last year that he would do so.**" See D.E. 4018, p. 3 (emphasis added). Lex further states that Mr. Premji "repeatedly failed to provide documentation to Lex," and "when it became clear that Mr. Premji was uncooperative, and that the Premji claims appeared to be for purchases outside the class period, Lex worked with Class Counsel to try and secure withdrawals of the Premji claims." See D.E. 4018, p. 9. Clearly, Lex had knowledge of Mr. Premji's lack of cooperation prior to entering into the Settlement Agreement with Class counsel on January 31, 2007. Accordingly, Lex had an opportunity to advise the Court and the Claims Administrator of Mr. Premji's conduct prior to their termination of involvement in the claims process.

Lex further argues that they were not provided notice of the June 20, 2007 hearing before the Special Master. Lex states, "if Class Counsel thought that Lex should have attended, it likely would have provided such notice, or at least a request to Lex's counsel." See D.E. 4018, p. 8. During the June 20, 2007 hearing, the Special Master specifically inquired whether Lex was given notice of the hearing. Class counsel stated, "They were. They were copied on all of the notices that were provided." See June 20, 2007 Hearing

---

[1] Lex failed to file the Declaration of James C. Johnson in support of its unopposed motion. See D.E. 4018. However, the Special Master has considered the limited content of the Johnson Declaration referenced in the motion.

Transcript, p. 36.

It is beyond peradventure that given this troubled history of failure to cooperate by Lex's client that Lex was under an affirmative duty to advise the Court of Mr. Premji's conduct and withdraw its designated representative status for those claims. Instead, Lex did nothing, resulting in a number of unresolved and costly mediations and hearings before the Court. Notwithstanding the foregoing and in light of the unopposed nature of Lex's motion, the Special Master hereby excuses Lex from the July 25, 2007 hearing. Sanctions will not be recommended against Lex as Class counsel was aware of the factual history of the Premji claims. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Lex's request to be excused from the July 25, 2007 hearing before the Special Master is hereby GRANTED. Sanctions will not be recommended against Lex for their behavior in the Claims Administration Process.

2. Lex's request that the Special Master vacate his statement in the June 27, 2007 *sua sponte* Order about Lex's conduct in the claims process is hereby DENIED.

**DONE AND ORDERED** this 23rd day of July, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold