IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EXXON CORPORATION, )<br>)<br>Defendant. )<br>_____)<br>)<br>RUSSELL A. CLINE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GARDEN CITY GROUP, INC., )<br>)<br>Defendant. )<br>_____) | **CONSOLIDATED WITH<br>CASE NO.: 05-21338-CIV-GOLD /<br>SIMONTON** |

## ORDER REGARDING UNRESOLVED DISPUTES IN C4 MOTIONS

This cause is before the Special Master pursuant to Class Counsel's Fourth Motion for Adjudication of Conflicting Claims (Motion C4) **[D.E. 3886]**, and Class Counsel's Revised Fourth Motion for Adjudication of Conflicting Claims (Motion C4) **[D.E. 3889]**.

On July 25, 2007, the Special Master conducted an evidentiary hearing to resolve an unsettled dispute from the mediation process contained in Class Counsel's C4 Motion. Specifically, the Special Master held a hearing on dispute C4.15. The parties to this dispute were Woodrow W. Pringle III as administrator of the Estate of James E. Fallin, Claim No. 2065, and Bryan Fallin, Claim No. 3522. Mr. Pringle appeared before the Court on behalf of the Estate of James E. Fallin. However, Bryan Fallin failed to participate in the evidentiary

hearing before the Special Master regarding this dispute. In addition, Bryan Fallin's designated agent, representative, and attorney Russell A. Cline failed to appear before the Special Master despite that fact that he had initiated Mr. Fallin's claim. Accordingly, having reviewed the Court file, conducted evidentiary hearings concerning these disputes, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed the C4.15 dispute between the Estate of James E. Fallin, Claim No. 2065, and Bryan Fallin, Claim No. 3522. As between these two claimants, it does not appear that there is any dispute that James E. Fallin was the dealer of record at Station No. 55948 during the Class Period. Accordingly, the claim of Bryan Fallin, Claim No. 3522, is hereby dismissed with prejudice. With the resolution of this dispute, Class counsel is permitted to advance the claim of the Estate of James E. Fallin, Claim No. 2065, in the Claims Administration Process.

2. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: Bryan Fallin, Claim No. 3522. The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to Bryan Fallin, Claim No. 3522.

3. The Special Master reserves ruling on whether a recommendation will be made to the District Court to enter Orders to Show Cause against claimant Bryan Fallin, Claim No. 3522 and his representative Russell Cline, Esq., as to why sanctions should not be entered against them for their conduct in the

Claims Administration Process. Within ten (10) days of the date of this Order, Bryan Fallin and Russell Cline, Esq. shall submit individual position papers to the Special Master outlining why a recommendation should not be made to the District Court regarding their respective conduct.

**DONE AND ORDERED** at Miami, Florida this 30th day of July, 2007.[1]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

---

[1] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.