IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EXXON CORPORATION, )<br>)<br>Defendant. )<br>_____) | |
| RUSSELL A. CLINE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GARDEN CITY GROUP, INC., )<br>)<br>Defendant. )<br>_____) | **CONSOLIDATED WITH**<br>**CASE NO.: 05-21338-CIV-GOLD /**<br>**SIMONTON** |

### SUA SPONTE ORDER REGARDING CLAIMANT SALIM PREMJI

This cause is before the Special Master *sua sponte.*

On June 20, 2007, the Special Master conducted evidentiary hearings to resolve unsettled disputes from the mediation process contained in Class Counsel's C2 and C3 motions. Specifically, the Special Master held hearings on disputes C2.6, C2.7, C2.8, C2.9, C3.8 and C3.9. One of the parties to each of the above referenced disputes was a corporate entity owned by claimant Salim Premji ("Springfield Ave. Investments, Inc.," "Elizabeth Food Mart, Inc.," and "Premji Enterprises, Inc." collectively referred to herein as claimant Salim Premji.). Despite extensive efforts to contact the claimant, neither Mr. Premji nor a representative of each one of his corporations participated in the mediation

process.[1] Accordingly, the Mediator filed Certificates of Bad Faith with the Special Master for each dispute involving one of Mr. Premji's corporations pursuant to the procedures governing the mediation process.

Extensive efforts were also made to put Mr. Premji on notice of the hearings concerning his claims. On May 10, 2007 and May 14, 2007 the Special Master entered Orders regarding the upcoming hearings concerning unsettled disputes in Class counsel's C2 and C3 motions. See [D.E. 3849], [D.E. 3854]. The Special Master's Orders clearly outlined the date and time of the upcoming hearing. The Special Master's Orders were posted on the Special Master's website and mailed to the applicable claimants. On May 16, 2007, the Special Master entered his Order Regarding Mediator's Certifications of Bad Faith for C2 Disputes [D.E. 3861]. In that Order, the Special Master required that a representative of Mr. Premji's corporations be present at the June 20, 2007 hearing. A similar Order regarding the Mediator's Certifications of Bad Faith for C3 Disputes was entered by the Special Master requiring a representative of Mr. Premji's corporation to be present at the June 20, 2007 hearing. See [D.E. 3954]. These Orders were posted on the Special Master's website and mailed to the appropriate claimants, including Mr. Premji. Class counsel also provided notice to the applicable claimants of the upcoming hearings before the Special Master.

---

[1] Notices of the mediations were mailed to Mr. Premji by the Office of the Special Master at multiple addresses on file with the Claims Administrator for each of his mediation disputes. In addition, Mediator Bonnie Rippingille attempted to contact Mr. Premji, via telephone, on several occasions concerning his claims in the mediation process. Finally, Class counsel has engaged in extensive efforts to contact Mr. Premji or his family since the time Class counsel began to process his claims. See June 20, 2007 Hearing Transcript, p. 34-35.

On June 20, 2007, the Special Master conducted evidentiary hearings to resolve the unsettled disputes from Class Counsel's C2 and C3 motions. Despite extensive efforts to contact the claimant, Mr. Premji failed to participate in the evidentiary hearings before the Special Master. The Special Master took evidence from each of the parties to Mr. Premji's disputes and inquired as to Mr. Premji's status. After hearing arguments on each of the disputes, the following dialogue occurred:

> **Special Master:** Ms. Markus, Dennis, how many other claims, if any, has Mr. Premji made that are blocking lawsuits?
>
> **Ms. Markus**: We are not at this time aware of any other. We believe this is all of them. There may be some we haven't gotten to yet, but there are none that are currently in the works.
>
> **Special Master**: Do we have an address for him?
>
> **Ms. Markus**: We have the address on file with his claim, and we have done -- we have three different addresses. I have just been told, and we have done, and I have here in the file some Internet searches that we have done in efforts to contact him and his family. We have all kinds of different contact information, and we have made extensive efforts since the beginning of the time we started working to process these claims.

See June 20, 2007 Hearing Transcript, pgs. 34-35.

Despite being ordered to appear in person, Mr. Premji called the Office of the Special Master nearly an hour and a half after the start of the scheduled hearings. Mr. Premji informed the Special Master's paralegal that he was currently living in Florida, and although he had received the Special Master's Orders, requested to participate in the hearing by telephone. Mr. Premji was provided the call-in information for the hearing and verified the information to the paralegal. Mr. Premji was asked to immediately call into the

hearing.

At the conclusion of the final scheduled dispute hearing, the Special Master asked Mr. Premji to present his position on the claims that he filed in the Claims Administration Process. Surprisingly, Mr. Premji was not on the line:

> **Mr. James**: Is Mr. Premji on the phone? Or a representative of any of Mr. Premji's corporations?
>
> **Special Master**: This is the Special Master speaking. Is there anybody else on the telephone who we have not spoken to? Hello?
>
> **Mr. James**: He was given the call-in information.
>
> **Ms. Markus**: Just to clarify, Mr. Premji wasn't given call-in information, at least by us - -
>
> **Mr. James**: He just was by our paralegals.
>
> **Special Master**: Put on the record what occurred, Mr. James.
>
> **Mr. James**: Roughly 20 minutes ago, Mr. Premji called the Office of the Special Master.
>
> **Special Master**: That would be roughly what? 10:15, 10:20?
>
> **Mr. James**: 10:15, 10:20.
>
> **Special Master**: An individual identified himself as Mr. Premji?
>
> **Mr. James**: Yes, he did, and he asked for call-in information. One of the paralegals of the Special Master gave him the information. At 10:35 Mr. Premji is not on the line.
>
> **Special Master**: And, again, as far as you know, we provided notice to him at every level and to the service, right?
>
> **Ms. Markus**: We provided substantial notice of this hearing and of the time of the hearing at 9:00 a.m., but the notice that we provided set forth that he was required to appear in person. We did not provide him with call-in information because of

...
...

...

> Your Honor's prior orders that that's the way he needed to appear.

See June 20, 2007 Hearing Transcript, p. 85-86.

On June 27, 2007, the Special Master entered his Sua Sponte Order Setting Hearing on Salim Premji and Lex Recovery Group [D.E. 3972]. In that Order, the Special Master set a hearing for July 25, 2007 to determine whether a recommendation would be made to the District Court to enter Orders to Show Cause against claimants Salim Premji, Springfield Ave. Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc. as to why sanctions should not be entered against them for their conduct in the Claims Administration Process. The Special Master's Order was sent via certified mail to the two valid addresses Mr. Premji has on file with the Claims Administrator, and the Order was posted on the Special Master's website. Shortly thereafter, the Special Master received executed delivery certification receipts for the copies of the Special Master's Order sent to Mr. Premji's addresses.

On July 11, 2007, the Special Master entered his Order Regarding Unresolved Disputes in C2 and C3 Motions [D.E. 3994]. In that Order, the Special Master dismissed Mr. Premji's claims with prejudice for failure to establish an interest in the applicable stations during the Class Period. In that Order, the Special Master also restated that a hearing would be held on July 25, 2007 to determine whether a recommendation would be made to the District Court to enter Orders to Show Cause against claimants Salim Premji, Springfield Ave. Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc. as to why sanctions should not be entered against them for their conduct in the Claims Administration Process. Again, the Special Master's Order was sent via certified mail to

the two valid addresses Mr. Premji has on file with the claims administrator and was posted on the Special Master's website. Mr. Salim Premji appeared to personally sign for one of these deliveries.

On July 25, 2007, the Special Master conducted a hearing to determine whether a recommendation would be made to the District Court to enter an Order to Show Cause against Mr. Premji for his conduct in the Claims Administration Process. Pursuant to the Orders entered by the Special Master, Mr. Premji or a representative of his corporations was to be present at the hearing. During the hearing, the following occurred:

> **Special Master**: Have you had any notification or talked to Mr. Premji by chance?
>
> **Ms. Markus**: No, we have not heard from him. We did send copies of notices.
>
> **Special Master**: Has he been provided notices to all the known address?
>
> **Mr. James**: Our office provided that as well.
>
> **Ms. Markus**: He probably got double notice.
>
> **Special Master**: We also provided notice. I remember chatting about that.

See July 25, 2007 Hearing Transcript, p. 11-12.

After concluding hearings on other scheduled matters before the Special Master, the Special Master took a recess to allow Mr. Premji additional time to arrive at the scheduled hearing.[2] After a ten minute recess, the Special Master resumed the hearing:

---

[2] Although Mr. Premji was ordered to appear in person, the Special Master initiated the conference call line for the hearing in the event that Mr. Premji attempted to call into the hearing with the information previously provided by the Special Master's Office.

**Special Master**: We're resuming now in the matter of Mr. Premji. In a Court Order by the Special Master dated the 29th of July, 2007, we ordered a hearing to determinate whether a recommendation will be made to the District Court to enter an Order to Show cause for Salim Premji, Springfield Avenue Investments, Inc., Elizabeth Food Mart, Inc., and Premji Enterprises, Inc.

We set the matter for hearing on the 25th of July, beginning at 9:20 a.m. at the offices of the Special Master. We also ordered that Mr. Premji should be present to have this matter heard by the Special Master for the time allotted in this order.

It is now 9:26 and Mr. Premji has not appeared. We have had people search the office and the waiting room. He is not hear. Mr. Premji, even though you were ordered to be present, are you on the telephone? [silent pause]. He is not.

Ms. Markus, has your office, to the best of its ability, provided notice to Mr. Premji at all known addresses of this order and hearing?

**Ms. Markus**: Yes, Your Honor.

**Special Master**: Mr. James, as the associate assigned this case in the law offices for the Special Master, have we additionally provided notice?

**Mr. James:** Yes.[3]

**Special Master**: Okay. Mr. Premji, again, are you present? [silent pause].

Okay. The Special Master is going to make a determination that in this situation Mr. Premji has presented claims that were not substantiated.

He has also been given multiple notices of hearings in which he has failed to participate. Specifically on June 20, 2007, a major evidentiary hearing occurred in which multiple claimants

---

[3] At this point, Mr. James read into the record the numerous attempts to provide notice to Mr. Premji regarding the mediations and hearings concerning his claims. Notice was provided to all known valid addresses.

>participated by phone. The Special Master was involved in the resolution of that. The attorneys were present and things of that nature.
>
>Accordingly, I make a factual finding that his conduct in the claims process has been an abuse on the process resulting in delays, attorney's fees, costs and expenses, and it's my inclination to recommend to the United States District Judge that Mr. Premji be sanctioned for this particular conduct.

See July 25, 2007 Hearing Transcript, p. 12-15.

To date, the Special Master has received no further communication from Mr. Premji. Accordingly, having reviewed the Court file, conducted evidentiary hearings concerning Mr. Premji's disputes, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has carefully considered Mr. Premji's conduct. While Mr. Premji's overt disregard for the Claims Administrative Process and Orders of the Court is unsettling, the Special Master does not believe that further judicial resources should be expended on this claimant. The Special Master has already dismissed Mr. Premji's claims with prejudice for failure to establish an interest in the applicable stations during the Class Period. Class counsel has informed the Special Master that they are not currently aware of any other claim filed by Salim Premji or his corporate entities.[4] Accordingly, sanctions will not be recommended against Mr. Premji.

---

[4] See June 20, 2007 Hearing Transcript p. 34.

2.   However, Mr. Premji's conduct is not without reparation. Aside from the lost opportunity to substantiate his unsupported claims, the doctrines of *res judicata* and collateral estoppel bar any future activity in the claims process by Mr. Premji to validate the claims dismissed by the Special Master.

3.   Furthermore, any future professional fees, costs or expenses incurred by the Settlement Fund or Class counsel to address any claims asserted by Mr. Premji in the Claims Administration Process will be recommended for assessment against Mr. Premji.

**DONE AND ORDERED** at Miami, Florida this ___ day of August, 2007.[5]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

---

[5] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.