IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER CONCERNING RUSSELL CLINE'S
## POSITION PAPER REGARDING BRYAN FALLIN

THIS CAUSE is before the Special Master pursuant to Russell Cline's Position Paper Regarding Bryan Fallin **[D.E. 4075]**. On July 25, 2007, the Special Master conducted an evidentiary hearing to resolve an unsettled dispute from the mediation process contained in Class counsel's C4 Motion. Specifically, the Special Master held a hearing on dispute C4.15. Claimant Bryan Fallin (hereinafter "Fallin"), Claim No. 3522, failed to participate in the evidentiary hearing before the Special Master regarding this dispute. In addition, Bryan Fallin's designated agent, representative, and attorney, Russell

A. Cline, Esq. (hereinafter "Cline") failed to appear before the Special Master despite the fact that he initiated Fallin's claim. After carefully evaluating the evidence before the Court, the Special Master dismissed Fallin's claim with prejudice.

On July 30, 2007, the Special Master entered his Order Regarding Unresolved Disputes in C4 Motion [D.E. 4037]. In that Order, the Special Master reserved ruling on whether a recommendation would be made to the District Court to enter an Order to Show Cause against Fallin's representative, Russell Cline, Esq., as to why sanctions should not be entered against him for his conduct in the Claims Administration Process. The Special Master required Cline to submit a position paper outlining why a recommendation should not be made to the District Court regarding his conduct. On August 17, 2007, Cline timely filed his position paper pursuant to the Special Master's order.

The Special Master has evaluated Cline's position paper and documents submitted in support of the same. While it appears that Cline did work with Fallin to obtain information to substantiate Fallin's claim, nothing in the history of this claim suggests that Cline made any effort to notify the Court or the Claims Administrator of Fallin's lack of responsiveness or cooperation.

Cline argues that "any attempt to appear at the July 25, 2007 hearing by Cline would have been in breach of the Settlement Agreement" reached with Class counsel in January, 2007. See D.E. 4075, p. 4-5. Throughout his position paper, Cline also argues that under the terms of the Settlement Agreement he is to have no further involvement in the claims process. However, Cline states that, "Cline is unaware as to whether Fallin has returned a Claim Service Election Form electing to accept the settlement option, which would conclusively terminate any attorney client relationship between Cline and Fallin." See D.E.,

p. 5. In addition, Cline sent a correspondence to Fallin on June 28, 2007 regarding the scheduled mediation regarding Fallin's claim, requesting that Fallin contact Cline "as soon as possible to discuss this matter." See D.E. 4075, Ex. F.

Despite Cline's arguments, it is beyond peradventure that Cline was under an affirmative duty to advise the Court of Fallin's non-responsiveness. Cline could have inquired with the Claims Administrator or Class counsel as to whether Fallin had filed a Claim Service Election Form. In addition, Cline's June 28, 2007, correspondence to Fallin suggests that Cline had reservations as to whether his representation of Fallin had been terminated. Notwithstanding the foregoing, the Special Master will not recommend sanctions against Cline as it appears that Cline did attempt to contact Fallin to address and resolve dispute C4.15. Furthermore, there appears to be an overarching sense of confusion regarding the relationship between claimants and third party representatives following the settlement agreements entered into between Class counsel and these third parties. In light of this confusion, the Special Master does not believe that sanctions should be entered against Cline in this instance.[1]

Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Special Master will not recommend that sanctions be entered against Cline for his behavior in the Claims Administration Process with respect to

---

[1] The Special Master will be entering a companion order requesting the positions of Cline and other claims services regarding their respective duties under the settlement agreements reached with Class counsel.

claimant, Bryan Fallin, Claim No. 3522.

**DONE AND ORDERED** this 4th day of September, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold