IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EXXON CORPORATION, )<br>)<br>Defendant. )<br>_____) | |
| RUSSELL A. CLINE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GARDEN CITY GROUP, INC., )<br>)<br>Defendant. )<br>_____) | **CONSOLIDATED WITH**<br>**CASE NO.: 05-21338-CIV-GOLD /**<br>**SIMONTON** |

## AMENDED FOURTH ORDER DENYING CLAIMS

This matter is before the Special Master upon District Court's Order Regarding the Procedures for the Payment of Claims **[D.E. 3134]**, States' Counsel's Fourth Motion for Summary Judgment Dismissing Two Hundred and Two (202) Claims **[D.E. 3809]**, Notice of Correction to States' Counsel's Fourth Motion for Summary Judgment Dismissing Two Hundred Claims **[D.E. 3847]**, Class Counsel's Response to States' Counsel's Fourth Motion for Summary Judgment Dismissing Two Hundred Claims **[D.E. 3976]**, Class Counsel's Amended Response to States' Counsel's Fourth Motion for Summary Judgment Dismissing Two Hundred Claims **[D.E. 4026]**, and States' Counsel's Response to Reply/Opposition Regarding Claims 5689, 5690, 5691, and 5695, Station 99999 **[D.E. 4053]**.

CASE NO.: 91-0986-CIV-GOLD

## I. BACKGROUND

States' counsel has moved for summary judgment against two hundred (200) claims filed in the Claims Administration Process. States' counsel has requested that the Special Master enter final summary judgment dismissing each of these claims with prejudice because the claimants are not proper members of the Class. States' counsel argues that for each claim the pleadings and papers on file establish that there is no genuine issue of material fact or law that: 1) each claimant is not a member of the Class; 2) each claimant was not a direct-served dealer during the Class period; and 3) there are no other material issues that would entitle each claimant to payment of their claim. *See* D.E. 3809 at 1; D.E. 4053 at 1.

As with States' Counsel's prior motions for summary judgment, Class counsel offered to assist claimants with their Responses to States' Counsel's Fourth Motion for Summary Judgment due to the unique nature of the Claims Administration Process. Class counsel explained to claimants the nature of the relief sought by States' counsel and the arguments supporting States' counsel's motion. Class counsel offered to assist each claimant in drafting a response to States' counsel's motion. However, Class counsel advised these claimants that Class counsel could not advocate on their behalf, as the claimants' interests are adverse to the direct-served dealer Class.

In response to Class counsel's inquiries and notifications, certain claimants withdrew their claims, other claimants did not respond to the motion, and one claimant with four claims filed substantive oppositions to States' counsel's motion. Class counsel filed an Amended Response to States' counsel's Fourth Motion for Summary Judgment to advise the Special Master as to the status of these claims in advance of the scheduled hearing.

CASE NO.: 91-0986-CIV-GOLD

## II. ANALYSIS

**A.     Standard of Proof.**

After evaluating the arguments presented to the Court, the Special Master has determined that the definition of the Class is critical to any analysis regarding the validity of claims filed in the Claims Administration Process. In the District Court's Order of Final Approval of Class Settlement Agreement, the Court stated:

> The Class was originally defined by prior orders of this Court to include more than 10,000 current and former **Exxon direct served dealers** in thirty-five (35) states who alleged that Exxon systematically and intentionally overcharged them for the wholesale purchase of motor fuel between **March 1, 1983 and August 28, 1994**.[1]

A direct-served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel. Accordingly, only those direct-served dealers who purchased motor fuel directly from Exxon between March 1, 1983 and August 28, 1994 are entitled to recover damages from the Settlement Fund.[2]

---

[1] See *Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

[2] During the February 14, 2007 hearing before the Special Master on States' Counsel's First Motion for Summary Judgment, Class counsel explained that Exxon sold motor fuel in three different ways during the Class Period: 1) through its own company owned stations; 2) through direct-served dealers; and 3) through distributors. See February 14, 2007 Hearing Transcript, p.10. Class counsel stated that this litigation focused solely on the claims of direct-served dealers and that distributor served dealers had agreements with third party distributors, not Exxon. *Id.* at 11. Accordingly, distributor served dealers did not take part in the Discount for Cash Program, and therefore, are not entitled to damages arising from Exxon's breach of contract with respect to the DFC Program.

-3-

CASE NO.: 91-0986-CIV-GOLD

### B. Withdrawn Claims.

Class counsel and States' counsel advised the Special Master that the majority of the two hundred (200) claims outlined in States' Counsel's Fourth Motion for Summary Judgment either withdrew their respective claims or failed to respond to States' counsel's motion, despite the efforts of Class counsel outlined above. With respect to the fifty-seven (57) claims who withdrew their claims from the Claims Administration Process, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

### C. Claimants who Failed to Respond to States' Counsel's Fourth Motion for Summary Judgment.

For those one hundred and thirty-nine (139) claimants who failed to respond to States' counsel's motion, the Special Master has evaluated States' counsel's arguments and the documentation on file with the Claims Administrator. The Special Master has uncovered no documentation to suggest that these claimants were members of the Class entitling them to recover from the Settlement Fund. Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

CASE NO.: 91-0986-CIV-GOLD

### D. Claimants Opposing States' Counsel's Motions for Summary Judgment.

The remaining claimant, Sidney Smith Stanton filed Responses for each of his claims in opposition to States' Counsel's Motion for Summary Judgment. The Special Master conducted a hearing on August 22, 2007 concerning Mr. Stanton's four claims. As noted above, the hearing gave Mr. Stanton an opportunity to outline his overall opposition to States' Counsel's Fourth Motion for Summary Judgment. Mr. Stanton's four claims are: 1) Stanton Oil, Co., Inc./Pit Stop East, Claim No. 5689; 2) Stanton Oil, Co., Inc./Pit Stop North, Claim No. 5690; Stanton Oil, Co., Inc./Pit Stop South, Claim No. 5691; 4) and Stanton Oil, Co., Inc., Claim No. 5695. Mr. Stanton gave testimony under oath in support of his claims. States' counsel was permitted to cross-examine Mr. Stanton.

Having considered States' counsel's motion, the Responses in opposition to States' Counsel's motion, and the testimony of Sidney Smith Stanton, the Special Master finds that Mr. Stanton has failed to meet his burden of proof to support his request for payment under Claim Nos. 5689, 5690, 5691, and 5695. Mr. Stanton testified that he was a distributor that purchased motor fuel directly from Exxon during the Class Period.[3] While the Special Master sympathizes with Mr. Stanton position and understands the "Catch 22" faced by his unique circumstances, the Special Master is bound by the law of the case and the definition of the Class as established by the Court. The Settlement Fund was established for the sole purpose of paying damages to direct-served Exxon stations. If the Special Master was to pay awards to claimants that fall outside of the definition of the Class,

---

[3] Mr. Stanton also testified that his distributorship, Stanton Oil Company, owned and operated the four retail locations outlined above. *See* August 22, 2007 Hearing Transcript, p. 9.

CASE NO.: 91-0986-CIV-GOLD

insufficient resources would remain to pay those claimants for whom the Fund was established.

Furthermore, Mr. Stanton was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claims based on the information available in the claim file and the information contained in Mr. Stanton's Oppositions. Without more, the Special Master is unable to substantiate Mr. Stanton's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim Nos. 5689, 5690, 5691, and 5695 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning these dismissals and shall distribute the Special Master's Order to Mr. Stanton.

### III. CONCLUSION

Upon consideration of States' Counsel's Fourth Motion for Summary Judgment, the oppositions to States' Counsel's Fourth Motion for Summary Judgment, the record before the Court, the Responses filed by the claimants, and having conducted hearings regarding these issues, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Having been advised that the following claimants have withdrawn their claims, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

CASE NO.: 91-0986-CIV-GOLD

Claim No. 3451 (The Pantry, Inc.)
Claim No. 3452 (The Pantry, Inc.)
Claim No. 3453 (The Pantry, Inc.)
Claim No. 3454 (The Pantry, Inc.)
Claim No. 3456 (The Pantry, Inc.)
Claim No. 3457 (The Pantry, Inc.)
Claim No. 3459 (The Pantry, Inc.)
Claim No. 3460 (The Pantry, Inc.)
Claim No. 3461 (The Pantry, Inc.)
Claim No. 3463 (The Pantry, Inc.)
Claim No. 3464 (The Pantry, Inc.)
Claim No. 3465 (The Pantry, Inc.)
Claim No. 3466 (The Pantry, Inc.)
Claim No. 3468 (The Pantry, Inc.)
Claim No. 3548 (Michael Scott Ohlhaser)
Claim No. 3559 (Janet E. Neville)
Claim No. 3692 (Margaret Lovern)
Claim No. 3721 (Ira James Coleman, Jr.)
Claim No. 3763 (Richard L. Isle)
Claim No. 3771 (Edsel Vaughn)
Claim No. 3774 (Xenon Corp.)
Claim No. 3806 (Penrose Exxon, Inc.)
Claim No. 3912 (Tony Farlow)
Claim No. 3920 (Arlis Tester)
Claim No. 3944 (Patch's Petroleum Co., Inc.)
Claim No. 3967 (Charles Graham)
Claim No. 3968 (Charles Graham)
Claim No. 3969 (Charles Graham)
Claim No. 3971 (Charles Graham)
Claim No. 3972 (Charles Graham)
Claim No. 4026 (George Panchigar)
Claim No. 4294 (Charles F. Jarrett)
Claim No. 4312 (Hiller's Inc.)
Claim No. 4313 (Hiller's Inc.)
Claim No. 4317 (William Barry Randolph)
Claim No. 4481 (Bruce Alexander Robertson)
Claim No. 4540 (Linda Vidrine)
Claim No. 4561 (Dauphin Oil Co., Inc.)
Claim No. 4643 (James Pafford)
Claim No. 4645 (James Pafford)
Claim No. 4646 (James Pafford)
Claim No. 4647 (James Pafford)
Claim No. 4648 (James Pafford)
Claim No. 4668 (Ray L. Elgin)

CASE NO.: 91-0986-CIV-GOLD

  Claim No. 4730 (Shirley Gregory)
  Claim No. 4746 (Betty Bowling)
  Claim No. 4783 (Karolyn S. West)
  Claim No. 4869 (Mark David Delong)
  Claim No. 5615 (The Estate of Alfonso Oscar Lujan)
  Claim No. 5705 (Christine Saunders)
  Claim No. 5743 (John A, Bohajian)
  Claim No. 5776 (Francis Wayne Graves)

2. Having considered States' counsel's motion and having determined that the following claimants have not responded in any way to States' counsel's motion, despite the diligent efforts of Class counsel set forth above, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

  Claim No. 3469 (Travel Centers of America)
  Claim No. 3470 (The Pantry, Inc.)
  Claim No. 3471 (The Pantry, Inc.)
  Claim No. 3472 (The Pantry, Inc.)
  Claim No. 3473 (The Pantry, Inc.)
  Claim No. 3474 (The Pantry, Inc.)
  Claim No. 3476 (The Pantry, Inc.)
  Claim No. 3477 (The Pantry, Inc.)
  Claim No. 3479 (The Pantry, Inc.)
  Claim No. 3482 (The Pantry, Inc.)
  Claim No. 3483 (The Pantry, Inc.)
  Claim No. 3484 (The Pantry, Inc.)
  Claim No. 3485 (The Pantry, Inc.)
  Claim No. 3486 (The Pantry, Inc.)
  Claim No. 3487 (The Pantry, Inc.)
  Claim No. 3488 (The Pantry, Inc.)
  Claim No. 3489 (The Pantry, Inc.)
  Claim No. 3490 (The Pantry, Inc.)
  Claim No. 3507 (The Pantry, Inc.)
  Claim No. 3514 (The Pantry, Inc.)
  Claim No. 3516 (The Pantry, Inc.)
  Claim No. 3540 (Evelyn Kaye Burgany Weeks)
  Claim No. 3546 (Cadillac Automotive Co. of Boston)
  Claim No. 3564 (Walter Baldwin)
  Claim No. 3565 (Walter R. Baldwin)

CASE NO.: 91-0986-CIV-GOLD

Claim No. 3575 (Dauphin Oil Co., Inc.)
Claim No. 3576 (The Pantry, Inc.)
Claim No. 3577 (Dauphin Oil Co., Inc.)
Claim No. 3578 (The Pantry, Inc.)
Claim No. 3580 (Dauphin Oil Co., Inc.)
Claim No. 3583 (The Pantry, Inc.)
Claim No. 3585 (The Pantry, Inc.)
Claim No. 3587 (Larry Wayne Grimes)
Claim No. 3588 (The Pantry, Inc.)
Claim No. 3591 (The Pantry, Inc.)
Claim No. 3605 (The Pantry, Inc.)
Claim No. 3623 (The Pantry, Inc.)
Claim No. 3625 (The Pantry, Inc.)
Claim No. 3627 (The Pantry, Inc.)
Claim No. 3629 (The Pantry, Inc.)
Claim No. 3630 (The Pantry, Inc.)
Claim No. 3631 (The Pantry, Inc.)
Claim No. 3633 (The Pantry, Inc.)
Claim No. 3634 (The Pantry, Inc.)
Claim No. 3635 (The Pantry, Inc.)
Claim No. 3643 (The Pantry, Inc.)
Claim No. 3654 (The Pantry, Inc.)
Claim No. 3662 (The Pantry, Inc.)
Claim No. 3663 (The Pantry, Inc.)
Claim No. 3664 (The Pantry, Inc.)
Claim No. 3665 (The Pantry, Inc.)
Claim No. 3666 (The Pantry, Inc.)
Claim No. 3679 (The Pantry, Inc.)
Claim No. 3681 (The Pantry, Inc.)
Claim No. 3694 (Harold O'Neal & Audrey Faye Holder)
Claim No. 3708 (Mike Ross)
Claim No. 3709 (Mike Ross)
Claim No. 3714 (Stoke P. Holme, III)
Claim No. 3715 (Hose Petroleum Co., Inc.)
Claim No. 3718 (Richard M. Beck)
Claim No. 3732 (Ashirwad Corp.)
Claim No. 3738 (Richard Batsell)
Claim No. 3740 (Richard Batsell)
Claim No. 3741 (Richard Batsell)
Claim No. 3743 (Richard Batsell)
Claim No. 3744 (Richard Batsell)
Claim No. 3745 (Sally Stoner)
Claim No. 3746 (Richard Batsell)
Claim No. 3747 (Richard Batsell)

CASE NO.: 91-0986-CIV-GOLD

Claim No. 3749 (Richard Batsell)
Claim No. 3755 (Mike's Stop & Go, Inc.)
Claim No. 3762 (William J. Miller)
Claim No. 3766 (Greg Langehenning)
Claim No. 3767 (D.M. Mays)
Claim No. 3769 (Lillie McNeil)
Claim No. 3780 (The Pantry, Inc.)
Claim No. 3781 (The Pantry, Inc.)
Claim No. 3782 (The Pantry, Inc.)
Claim No. 3783 (The Pantry, Inc.)
Claim No. 3785 (Glen Wilcher)
Claim No. 3787 (Gil Faz)
Claim No. 3788 (Irma Flores de Faz)
Claim No. 3793 (Frankie Baros)
Claim No. 3805 (A-Doc Oil Company, Inc.)
Claim No. 3807 (A-Doc Oil Company, Inc.)
Claim No. 3809 (A-Doc Oil Company, Inc.)
Claim No. 3811 (A-Doc Oil Company, Inc.)
Claim No. 3812 (A-Doc Oil Company, Inc.)
Claim No. 3813 (A-Doc Oil Company, Inc.)
Claim No. 3814 (A-Doc Oil Company, Inc.)
Claim No. 3816 (A-Doc Oil Company, Inc.)
Claim No. 3819 (A-Doc Oil Company, Inc.)
Claim No. 3822 (A-Doc Oil Company, Inc.)
Claim No. 3826 (A-Doc Oil Company, Inc.)
Claim No. 3831 (Gladys Horton)
Claim No. 3952 (A-Doc Oil Company, Inc.)
Claim No. 3966 (Charles Graham)
Claim No. 3989 (Delbert R. Cranford)
Claim No. 4027 (David D. Davies)
Claim No. 4209 (Frances Del Hill Clements)
Claim No. 4213 (Raymond Franz)
Claim No. 4214 (Boyce Hart)
Claim No. 4220 (Mary Alice Kassinger)
Claim No. 4265 (Jones Exxon, Inc.)
Claim No. 4289 (Leroy Guice)
Claim No. 4292 (Harrell Oil Company of Mount Airy)
Claim No. 4299 (Blueox Corporation)
Claim No. 4300 (Blueox Corporation)
Claim No. 4301 (Blueox Corporation)
Claim No. 4302 (Blueox Corporation)
Claim No. 4303 (Blueox Corporation)
Claim No. 4304 (Blueox Corporation)
Claim No. 4305 (Blueox Corporation)

CASE NO.: 91-0986-CIV-GOLD

    Claim No. 4306 (Blueox Corporation)
    Claim No. 4307 (Blueox Corporation)
    Claim No. 4308 (Blueox Corporation)
    Claim No. 4309 (Harrell Oil Company of Mount Airy)
    Claim No. 4379 (Penick Tire & Auto Supply, Inc.)
    Claim No. 4390 (Turner Oil Company, Inc.)
    Claim No. 4391 (Crossroads Oil Co., Inc.)
    Claim No. 4419 (Barnes Exxon & Wrecker Service)
    Claim No. 4450 (Margaret A. Davidson)
    Claim No. 4455 (Little Eagle, Inc.)
    Claim No. 4485 (Joseph Piazza)
    Claim No. 4543 (Church Street Exxon, Inc.)
    Claim No. 4546 (Michael Kohut)
    Claim No. 4568 (Myron Lowry)
    Claim No. 4600 (Anna Lewis)
    Claim No. 4622 (Dee Lynn Wood)
    Claim No. 4755 (Shamil Enterprises)
    Claim No. 4872 (Genes Titusville Exxon)
    Claim No. 5598 (Clifford Atkins)
    Claim No. 5665 (Margaret Tamburrino)
    Claim No. 5685 (Willis Octave)
    Claim No. 5689 (Stanton Oil Co., Inc.)
    Claim No. 5690 (Stanton Oil Co., Inc.)
    Claim No. 5691 (Sidney Stanton)
    Claim No. 5695 (Stanton Oil Co., Inc.)
    Claim No. 5761 (Johnson & Johnson, Inc.)
    Claim No. 5762 (Johnson & Johnson, Inc.)
    Claim No. 5763 (Johnson & Johnson, Inc.)
    Claim No. 5771 (Marc Braverman)
    Claim No. 5772 (Johnson & Johnson, Inc.)
    Claim No. 5774 (Johnson & Johnson, Inc.)
    Claim No. 5777 (Johnson & Johnson, Inc.)
    Claim No. 5782 (Johnson & Johnson, Inc.)
    Claim No. 5784 (Johnson & Johnson, Inc.)
    Claim No. 5785 (Johnson & Johnson, Inc.)

3.    Having considered States' counsel's motion, the Responses filed by Sidney Smith Stanton, and the testimony of Mr. Stanton, the Special Master finds that Mr. Stanton has failed to meet his burden of proof to support his requests for payment from the Settlement Fund. Accordingly, judgment is

CASE NO.: 91-0986-CIV-GOLD

hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

Claim No. 5689 (Stanton Oil Co., Inc./Pit Stop East)
Claim No. 5690 (Stanton Oil Co., Inc./Pit Stop North)
Claim No. 5691 (Stanton Oil Co., Inc./Pit Stop South)
Claim No. 5695 (Stanton Oil Co., Inc.)

**DONE AND ORDERED** this 6 day of September, 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group