IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,   )
                                     )
       Plaintiffs,                   )
                                     )
v.                                   )
                                     )
EXXON CORPORATION,                   )
                                     )
       Defendant.                    )
_____)
                                     )
RUSSELL A. CLINE,                    )
                                     )           **CONSOLIDATED WITH**
       Plaintiff,                    )           **CASE NO.: 05-21338-CIV-GOLD /**
                                     )           **SIMONTON**
vs.                                  )
                                     )
THE GARDEN CITY GROUP, INC.,         )
                                     )
       Defendant.                    )
_____)

## ORDER REGARDING NON-RESPONSIVE CLAIMANTS INCLUDED IN NOTICE N1

This cause is before the Special Master pursuant to Class counsel's Notice of Filing List of Non-Responsive Claimants **[D.E. 4106]**, numerous Orders to Show Cause entered by the Special Master **[D.E. 4109 - 4113]**, **[D.E. 4115 - 4141]**, and Class counsel's Response to Order to Show Cause on Behalf of Certain N1 Claimants **[D.E. 4193]**.

On July 12, 2007, the Special Master issued his Sua Sponte Order on Non-Responsive Claimants [D.E. 3997]. In that Order, the Special Master required Class counsel to periodically provide the Court with a list of claimants who have been continually non-responsive to Class counsel's efforts to process their respective claims. After reviewing Class counsel's first list of non-responsive claimants (N1), the Special Master entered

thirty-one (31) Orders to Show Cause requiring these non-responsive claimants to demonstrate why their respective claims should not be dismissed with prejudice for failing to cooperate with Class counsel and failing to substantiate an interest in a direct-served Exxon station during the Class Period. Class counsel has now filed a Response on behalf of five claimants. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed the Response filed by Class counsel on behalf of five N1 claimants. Based on these claimants' renewed cooperation and participation in support of their claims, the Special Master does not believe that these claims should be dismissed at this time. Accordingly, Class counsel is permitted to advance the following claims in the claims process:

   Victor Chu, Claim No. 627
   Robert W. Driver, Claim No. 4049
   Mahmood Wadiwalla, Claim Nos. 4096 and 4097
   Khalil Aburish, Claim Nos. 4870 and 6255
   Louis G. Fanelli, Claim Nos. 104339 and 105160

2. The Special Master agrees with Class counsel's position that the claims of non-responsive, conflicting claimants should be dismissed with prejudice so as to allow the remaining claims to move forward to payment.[1] *See* D.E. 4106. Accordingly, the following claims of non-responsive, conflicting claimants are hereby dismissed with prejudice:

---

[1] The alternative would require considerable judicial and Fund resources to be spent in resolving these disputes. The principles of equity that govern this claims process simply do not dictate such a result, especially given the non-responsiveness of these claimants.

      KT Gas Station Corp., DBA KT Valero Gas, Claim No. 4728
Phillip W. Dowdy, Claim No. 3799
AAR Enterprises, Inc., Claim No. 1033216
MNSP Services, Corp., Claim No. 4500
Hana Corporation, Claim No. 1018504
Jimmy R. Brown, Claim No. 105421
Two Pillars, Inc., Claim No. 4711
Tony Casalino, Claim No. 103301
Robert Burton, Claim No. 1347
Constance Williams, Claim No. 5818
MNSP Services Corp., Claim No. 4661

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants. The Claims Administrator is directed to treat the Special Master's Order as an Order Denying Claims with respect to these claims.

3. The Special Master also agrees with Class counsel's position that the claims of non-responsive, non-conflicting claimants should be dismissed without prejudice so as to allow these claimants an opportunity to seek a recovery against their respective State government pursuant to the State's unclaimed property laws after the Court-supervised claims administrative process is completed. See D.E. 4106. Accordingly, the following claims of non-responsive, non-conflicting claimants are hereby dismissed without prejudice:

Jesse Graham / Donna Graham, Claim No. 1548
William Lucchesi, Claim No. 1002421
Ernest W. Gowin, Claim No. 3759
Rene R. Brouillard, Claim No. 4109
Frazier H. Dailey, Jr., Claim No. 101129
James Duvall, Claim No. 2550
George Sanossian, Claim No. 4433
John Tonani, Claim No. 4559

Kevin J. O'Neill, Claim No. 4741
Robert Andrew, Claim No. 4018
I - I & Sons Gas, Inc., Claim No. 6260
Diane Cambra, Claim No. 1027864

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants.

**DONE AND ORDERED** at Miami, Florida this 27 day of September, 2007.[2]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

---

[2] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.