IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH**
**CASE NO.: 05-21338-CIV-GOLD / SIMONTON**

## ORDER CONCERNING CLASS COUNSEL'S OBJECTION TO SUA SPONTE ORDER REGARDING PROCEDURES FOR THE PAYMENT OF AWARDS WHERE CLAIMANTS HAVE SELECTED OPTION THREE ON THE CLAIMS SERVICES ELECTION FORM

THIS CAUSE is before the Special Master pursuant to Class Counsel's Objection to Sua Sponte Order Regarding Procedures for the Payment of Awards where Claimants have Selected Option Three on the Claims Services Election Form [D.E. 4196]. In this objection, Class counsel has requested that the Special Master vacate his prior Order regarding claimants who elect to reject the settlements reached between Class counsel and the claims services and agree to honor the terms of their original agreements with the claims services.

The Special Master has reviewed Class counsel's position. The Special Master acknowledges that the settlements preclude the claims services from directing the payment of awards from the Settlement Fund. While the settlements may preclude the claims services from contesting the direction of payments, the determination of entitlement or direction of payments has always been and remains within the purview of the Court. In selecting Option Three on the Claims Services Election Form, claimants reject the terms of the applicable settlement and agree to honor their respective contracts with the claims service. As outlined in the settlements, Class counsel does not represent non-settling Class members with respect to any issue that would otherwise have been resolved through the settlements. According, the Special Master reviewed potential issues arising out of Option Three payments *sua sponte.*

In order to balance the equities and protect the Settlement Fund from collateral attacks, the Special Master ordered that claims services be designated as co-payees on Option Three payments to insure the proper disbursement of payments from the Settlement Fund. However, in light of the administrative issues raised by Class counsel and the *lack of opposition to Class counsel's position by the claims services*, the Special Master hereby vacates his Sua Sponte Order Regarding Procedures for the Payment of Awards where Claimants have Selected Option Three on the Claims Services Election Form [D.E. 4196]. Pursuant to the District Court's Order Confirming the Special Master's Jurisdiction to Resolve Disputes between Claimants and Third Parties [D.E. 3805], all disputes arising out of the payment of Option Three claims shall be resolved before the Special Master. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Special Master hereby vacates his Sua Sponte Order Regarding Procedures for the Payment of Awards where Claimants have Selected Option Three on the Claims Services Election Form [D.E. 4196].

2. All disputes arising out of the payment of Option Three claims shall be resolved before the Special Master.

**DONE AND ORDERED** this 2nd day of November, 2007.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold