IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
                             )
      Plaintiffs,          )
                             )
v.                             )
                             )
EXXON CORPORATION,        )
                             )
      Defendant.       )
_____)
                             )
RUSSELL A. CLINE,          )
                             )     **CONSOLIDATED WITH**
      Plaintiff,          )     **CASE NO.: 05-21338-CIV-GOLD /**
                             )     **SIMONTON**
vs.                          )
                             )
THE GARDEN CITY GROUP, INC.,  )
                             )
      Defendant.       )
_____)

**ORDER SETTING PROCEDURE FOR ADJUDICATION OF DISPUTED CLAIMS
AND BRIEFING SCHEDULE FOR D1 CLAIMS**

This matter is before the Special Master upon Class Counsel's Motion to Set Procedure and Briefing Schedule for Motion D1 **[D.E. 4143]**. In this motion, Class counsel has requested that the Special Master establish procedures for the adjudication of disputed claims in the claims process. Class counsel has also requested that the Special Master set a briefing schedule for the resolution of issues related to those claims included in Class Counsel's First Motion for Adjudication of Disputed Claims (Motion D1) [D.E. 4142].

The Special Master acknowledges that a number of claims remaining in the Claims Administration Process raise unique issues of law and/or fact that cannot be resolved uniformly or summarily. Due to the nature of the issues, the Special Master agrees that these claims require individual adjudication before the Court. Accordingly, having reviewed

CASE NO.: 91-0986-CIV-GOLD

the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

**PROCEDURES FOR THE ADJUDICATION OF DISPUTED CLAIMS**

**1.    Motions for Adjudication of Disputed Claims:**

Class counsel shall periodically file motions for adjudication of disputed claims,

wherein Class counsel shall identify claims that have unique issues of law and/or fact that

cannot be resolved before the Court on summary judgment.  To assist the Court, Class

counsel shall include a brief statement of each claim included in these motions.  Upon

review of a disputed claim motion, the Special Master will enter a scheduling order setting

a hearing date for adjudication of the disputed claims.  Each scheduling order will also

include a briefing schedule for the parties to submit memorandums in support or in

opposition to the claims at issue.

**2.    Memorandums in Support of Claimants' Entitlement to Recover:**

Upon receipt of the Special Master's scheduling order, Class counsel shall have

thirty (30) days to file a separate memorandum in support of a each claimant's entitlement

to recover from the Settlement Fund, along with any available evidentiary support such as

documentation or affidavits (collectively, the "Memorandum in Support").[1]   In these

memorandums, Class counsel shall outline all relevant factual information and legal

authority in support of the claim.  Class counsel shall consult with each claimant prior to

---

[1] All Memorandums in Support shall be limited to a maximum of ten (10) pages. Any supporting documentation submitted to the Special Master does not count toward the page limitation.

-2-

CASE NO.: 91-0986-CIV-GOLD

filing a Memorandum in Support to ensure that all relevant information and materials are before the Court.[2]

The Special Master is cognizant that in some instances, claimants may take a position that is directly or indirectly contrary to a position taken by another claimant or groups of claimants. The Special Master is also aware that some claimants may wish to advocate positions that are inconsistent with Class counsel's responsibilities under Rule 11. Under either scenario, Class counsel is unable to advocate or file Memorandums in Support on behalf of these claims. In these situations, Class counsel shall: 1) undertake to identify the claims; 2) provide a basic description to the Court of the issues raised by each claimant; 3) identify whether a conflict or Rule 11 issue precludes Class counsel from advocating on behalf of the claimant; 4) queue up the claims for presentation to the Special Master for adjudication; and 5) advise the claimant of the need to either advance the claim *pro se* or with the assistance of separate counsel. Within thirty (30) days from the entry of the Special Master's scheduling order, these claimants are permitted to file a Memorandum in Support of their claim. The Memorandum in Support can be completed independently or with the assistance of a privately retained attorney. Any claimant who waives his or her right to file a Memorandum in Support is permitted to rely on his or her verified claim, reply, and/or statement of the claim set forth by Class counsel in the motion

---

[2] At the conclusion of the thirty (30) day period, if Class counsel is unable to verify the basis of a claim or the existence of a complete record before the Court, Class counsel is permitted to advance the claim based upon the current record before the Court and the known legal authority in support of the claim. However, in these situations, Class counsel shall indicate in applicable Memorandum in Support that they have been unable to verify the record with the claimant.

CASE NO.: 91-0986-CIV-GOLD

for adjudication.

**3.    Responses in Opposition to Memorandums in Support:**

Upon the expiration of the thirty (30) day period to file Memorandums in Support, States' counsel is permitted twenty (20) days to file a separate Response in Opposition ("Opposition") to each Memorandum in Support.[3] In each Opposition, States' counsel shall outline any factual information or legal authority that they believe precludes a claimant's entitlement to recover from the Settlement Fund, along with any available evidentiary support such as documentation or affidavits.  In the event that States' counsel is opposing a Memorandum in Support filed by either a *pro se* claimant or counsel not licensed to practice in the United States District Court for the Southern District of Florida, States' counsel shall serve their Opposition via U.S. mail.

**4.    Replies to Responses in Opposition to Memorandums in Support:**

Upon the expiration of the twenty (20) day period for States' counsel to file Oppositions, Class counsel, individual claimants, or privately obtained counsel shall have twenty (20) days to file a separate Reply in support of a D1 claimant's entitlement to recover from the Fund ("Reply").[4]  Any Reply filed in response to States' counsel's Opposition should be strictly limited to the issues discussed by States' counsel.

---

[3] All Oppositions shall be limited to a maximum of ten (10) pages.  Any supporting documentation submitted to the Special Master does not count toward the page limitation.

[4] All Replies shall be limited to a maximum of five (5) pages. Any supporting documentation submitted to the Special Master does not count toward the page limitation.

CASE NO.: 91-0986-CIV-GOLD

## II.  BRIEFING AND HEARING SCHEDULE FOR CLAIMS INCLUDED IN MOTION D1

### 5.    Briefing Schedule for D1 Claim:

The Special Master has reviewed Class Counsel's First Motion for Adjudication of Disputed Claims (Motion D1) [D.E. 4142].[5] Consistent with the procedures outlined above, Memorandums in Support of D1 claims shall be filed by no later than *5:00 p.m. on Monday, December 31, 2007*. States' counsel shall file Oppositions to D1 claims by no later than *5:00 p.m. on Wednesday, January 23, 2008*.  Replies for D1 claims shall be filed by no later than *5:00 p.m. on Friday, February 15, 2008*.

### 6.    Hearings Before the Special Master to Adjudicate D1 Claims:

The Special Master will conduct a number of hearings to adjudicate claims included in Class counsel's D1 Motion.  The first hearing will be held on *Monday, February 18, 2008 beginning at 10:00 a.m.*  Two and a half hours have been set aside for this hearing and a court reporter has been requested.  Claimants and counsel are permitted to telephonically attend the hearing before the Special Master.  The following call-in information should be used:

Call-in Number: 1-866-590-1534          Participant Code: 49793427#

---

[5] To the extent that conflict or Rule 11 issues preclude Class counsel from advocating on behalf of claimants included in Class Counsel's First Motion for Adjudication of Disputed Claims (Motion D1) [D.E. 4142] or Class Counsel's Second Motion for Adjudication of Disputed Claims (Motion D2) [D.E. 4267], Class counsel shall have until *5:00 p.m. on Thursday, November 29, 2007* to file an Amended D1 and D2 Motion indicating the same. However, the thirty (30) day period for parties to file Memorandums in Support of D1 claims shall be calculated from today's date.  A scheduling order regarding D2 Motion will be entered after the November 29th deadline.

The following D1 claims will be heard on this date and in this order:

| D1.1 | Barber's Auto Service Inc. | Claim No. 100544B |
|------|---------------------------|-------------------|
| D1.2 | Michael Koshkarian | Claim No. 1021412 |
| D1.3 | Demos Thanos | Claim No. 4547 |
| D1.4 | John V. Pavlis | Claim No. 1006218 |
| D1.5 | Richard Wakile | Claim No. 1000909 |

The second hearing will be held on **Tuesday, February 19, 2008 beginning at**

**10:00 a.m.** Two and a half hours have been set aside for this hearing and a court reporter

has been requested. Claimants and counsel are permitted to telephonically attend the

hearing before the Special Master. The following call-in information should be used:

Call-in Number: 1-866-590-1534         Participant Code: 49793427#

The following D1 claims will be heard on this date and in this order:

| D1.6 | Kapadia Investments, Inc. | Claim No. 1022261 |
|------|---------------------------|-------------------|
| | Aslam I. Kapadia | Claim No. 5869A |
| | Kapadia Investments, Inc. | Claim No. 5869B |
| | Kapadia Investments, Inc. | Claim No. 6272 |
| D1.7 | William A. Mooney, Jr. | Claim No. 1949 |
| | William A. Mooney, Jr. | Claim No. 58 |
| D1.8 | Able Automotive, Inc. | Claim No. 3098 |
| D1.9 | Americus Reed | Claim No. 2062B |
| D1.10 | Estate of Brian M. Cashman | Claim No. 1018790 |

The third hearing will be held on **Wednesday, February 20, 2008 beginning at**

**10:00 a.m.** Two and a half hours have been set aside for this hearing and a court reporter

has been requested. Claimants and counsel are permitted to telephonically attend the

hearing before the Special Master. The following call-in information should be used:

Call-in Number: 1-866-590-1534         Participant Code: 49793427#

The following D1 claims will be heard on this date and in this order:

CASE NO.: 91-0986-CIV-GOLD

| | | |
|---|---|---|
| D1.11 | Williston Centre Auto Care, Inc. | Claim No. 103872 |
| D1.12 | Case Service Center Inc. | Claim No. 103730B |
| D1.13 | Palisades Park Service Station, Inc. | Claim No. 1029033 |
| D1.14 | M & W Service Center, Inc. | Claim No. 1015698 |
| D1.15 | Central Garage, Inc. | Claim No. 101863B |

**DONE AND ORDERED** this 26 day of November, 2007.[6]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold

---

[6] Any objections to orders of the Special Master shall be filed within fourteen (14) calendar days from the date of the Special Master's order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.