IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____ )
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____ )

## SUA SPONTE ORDER ENFORCING FINAL SETTLEMENT AGREEMENTS FOR CLAIMANT DISPUTES C5.9 AND C5.10

This matter is before the Special Master *sua sponte*.

On September 26, 2007, the Special Master entered an Order Regarding Disposition of Disputes C5.9 and C5.10 and Vacatur of Mediator's Certificate of Bad Faith [D.E. 4190]. In that Order, the Special Master determined that the agreement entered into between the parties to dispute C5.9 (Claimant Richard Wakile, Claim No. 100051A and Claimant Elias Abdelnour on behalf of Youssef, Inc., Claim No. 3062), and dispute C5.10 (Claimant Makele Wakile, on behalf of the Estate of Youssef Wakile, Claim No. 100051B and Claimant Elias Abdelnour on behalf of Youssef, Inc., Claim No. 3062) over the entitlement to maintain a claim for damages in the Claims Administration Process for Station No. 39785 for the period of March 31, 1994 through August 28, 1994 was valid and enforceable. The parties were order to execute and return the final Settlement Agreements to the Mediator by no later than

CASE NO.: 91-0986-CIV-GOLD

Monday, October 8, 2007. Upon the request of the Mediator, the Special Master entered an Order Granting Extension of Time to Execute Final Settlement Agreements for Disputes C5.9 and C5.10 [D.E. 4217]. The extension gave the parties until October 22, 2007 to execute and return the final Settlement Agreements to the Mediator.

To date, the Office of the Special Master has only received an executed final Settlement Agreement from Claimant Richard Wakile, Claim No. 100051A and Claimant Makele Wakile, on behalf of the Estate of Youssef Wakile, Claim No. 100051B. It is unclear why Claimant Elias Abdelnour on behalf of Youssef, Inc., Claim No. 3062, has failed to comply with the Orders of this Court by returning his executed final Settlement Agreement within the prescribed time period.[1] However, the Special Master cannot allow Mr. Abdelnour's dilatory conduct to hinder the payment of these claims, especially given the equitable principles that apply to this claims administration process. *See In Re: Cendant Corp. Prides Litig.*, 233 F.3d 188, 195 (3d Cir. 2000).

Under Florida law, jurisdiction inherently remains in the Court to make such orders as may be necessary to enforce its judgment and court-approved settlement agreements. *Buckley Towers Condominium, Inc. v. Buchwald*, 321 So.2d 628, 629 (Fla. 3d DCA 1975), *appeal dismissed*, 327 So.2d 31 (Fla.1976) ("jurisdiction inherently remains in the trial court to make such orders as may be necessary to enforce its judgment"); *Sun Microsystems of California, Inc. v. Engineering and Mfg. Systems, C.A.*, 682 So. 2d 219, (Fla. 3d DCA 1996); *State, Dep't of Health and Rehab. Servs. v. Schreiber*, 561 So. 2d 1236 (Fla. 4th DCA

---

[1] The time frame wherein Mr. Abdelnour could have appealed the Special Master's Order has long since passed and any right of appeal related to that Order is hereby deemed waived.

1990), *review denied*, 581 So.2d 1310 (Fla. 1991); *Broadband Eng'g, Inc. v. Quality RF Servs., Inc.*, 450 So.2d 600 (Fla. 4th DCA 1984). Here, the Special Master is faced with both the enforcement of the court-approved settlement and his order requiring execution and submission of the same. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Because Claimant Elias Abdelnour on behalf of Youssef, Inc., Claim No. 3062, did not file an appeal of the Special Master's Order Regarding Disposition of Disputes C5.9 and C5.10 and Vacatur of Mediator's Certificate of Bad Faith [D.E. 4190], the Special Master hereby finds that Mr. Abdelnour agrees with the Special Master's Order. Accordingly, the final Settlement Agreement shall be enforced forthwith.

2. Class counsel is hereby ordered to process Claim Nos. 3062 and 100051A & B pursuant to the terms of the Special Master's Order [D.E. 4190] and the final Settlement Agreement approved by the Court. The Garden City Group, Inc, is hereby ordered to make the appropriate notations to the respective claim files.

**DONE AND ORDERED** this 28th day of November, 2007.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold