IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,   )
                                     )
            Plaintiffs,              )
                                     )
v.                                   )
                                     )
EXXON CORPORATION,                   )
                                     )
            Defendant.               )
_____)
                                     )
RUSSELL A. CLINE,                    )
                                     )        CONSOLIDATED WITH
            Plaintiff,               )        CASE NO.: 05-21338-CIV-GOLD /
                                     )        SIMONTON
vs.                                  )
                                     )
THE GARDEN CITY GROUP, INC.,         )
                                     )
            Defendant.               )
_____)

## ORDER REGARDING NON-RESPONSIVE CLAIMANTS INCLUDED IN NOTICE N3

This cause is before the Special Master pursuant to Class counsel's Notice of Filing Third List of Non-Responsive Claimants **[D.E. 4307]**, numerous Orders to Show Cause entered by the Special Master **[D.E. 4311 - 4321]**, **[D.E. 4323 - 4326]**, and Class counsel's Response to Order to Show Cause on Behalf of Certain N3 Claimants **[D.E. 4384]**.

On July 12, 2007, the Special Master issued his Sua Sponte Order on Non-Responsive Claimants [D.E. 3997]. In that Order, the Special Master required Class counsel to periodically provide the Court with a list of claimants who have been continually non-responsive to Class counsel's efforts to process their respective claims. After reviewing Class counsel's third list of non-responsive claimants (N3), the Special Master entered fifteen

(15) Orders to Show Cause requiring these non-responsive claimants to demonstrate why their respective claims should not be dismissed with prejudice for failing to cooperate with Class counsel and failing to substantiate an interest in a direct-served Exxon station during the Class Period.  Class counsel has now filed a Response on behalf of two claimants. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    The Special Master has reviewed the Response filed by Class counsel on behalf of Claim No. 1028460.  Based on this claimant's renewed cooperation and participation in the claims process, the Special Master does not believe that this claim should be dismissed at this time.  Accordingly, Class counsel is permitted to advance the following claim in the claims process:

Estate of Irving Cohen                    Claim No. 1028460

2.    The Special Master acknowledges that claimant Bay Ridge Auto Service, Inc. has withdrawn Claim No. 1031015 from the Claims Administration Process. Accordingly, the Claims Administrator shall make the appropriate notation to this claimant's file.

3.    The Special Master agrees with Class counsel's position that the claims of non-responsive, conflicting claimants should be dismissed with prejudice so as to allow the remaining claims to move forward to payment.[1]  *See* D.E. 4106. Accordingly, the following claims of non-responsive, conflicting claimants are

---

[1] The alternative would require considerable judicial and Fund resources to be spent in resolving these disputes.  The principles of equity that govern this claims process simply do not dictate such a result, especially given the non-responsiveness of these claimants.

hereby dismissed with prejudice:

| | |
|---|---|
| Linn Myers Inc. DBA Eastex Exxon | Claim No. 1281 |
| J.V.H. Enterprises | Claim No. 5633 |
| George D. Kibukamusoke | Claim No. 5773 |
| Douglas Daymude | Claim No. 2127 |
| Himmat, Inc. | Claim No. 5623 |
| Himmat, Inc. | Claim No. 2791 |
| Robert's Exxon, Inc. | Claim No. 1024281 |

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants. The Claims Administrator is directed to treat the Special Master's Order as an Order Denying Claims with respect to these claims.

3.      The Special Master also agrees with Class counsel's position that the claims of non-responsive, non-conflicting claimants should be dismissed without prejudice so as to allow these claimants an opportunity to seek a recovery against their respective State governments pursuant to the State's unclaimed property laws after the Court-supervised claims administrative process is completed.      *See* D.E. 4106.      Accordingly, the following claims of non-responsive, non-conflicting claimants are hereby dismissed without prejudice:

| | |
|---|---|
| Earl Kitts | Claim No. 1967 |
| Lawrence Ibrom | Claim No. 2431 |
| Duane Hamblin | Claim No. 1019980 |
| William Meadows | Claim No. 3190 |
| Roland L. Cashwell | Claim No. 4146 |
| Ponderosa, Inc. | Claim No. 1010340 |

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to

the above referenced claimants.

**DONE AND ORDERED** at Miami, Florida this 27th day of December, 2007.[2]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

---

[2] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.