IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,   )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )
                                     )
EXXON CORPORATION,                   )
                                     )
          Defendant.                 )
_____)
                                     )
RUSSELL A. CLINE,                    )
                                     )
          Plaintiff,                 )          **CONSOLIDATED WITH**
                                     )          **CASE NO.: 05-21338-CIV-GOLD /**
vs.                                  )          **SIMONTON**
                                     )
THE GARDEN CITY GROUP, INC.,         )
                                     )
          Defendant.                 )
_____)

## ORDER REGARDING CLASS COUNSEL'S SEVENTH MOTION FOR ADJUDICATION OF CONFLICTING CLAIMS (MOTION C7)

This matter is before the Special Master upon Class Counsel's Seventh Motion for Adjudication of Conflicting Claims (Motion C7) **[D.E. 4270]**. Pursuant to the District Court's Order Affirming Special Master's Report and Recommendation Regarding Adjudication Procedures for Conflicting Claims in the Claims Administration Process [D.E. 4148], the following procedures and deadlines will govern the adjudication of the claimant conflicts outlined in Class counsel's C7 Motion.

Attached hereto as Exhibit "A" is a sample of the Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action. This questionnaire is designed to allow conflicting claimants an opportunity to outline their respective positions as to why they are entitled to the damage award for the station and gallons at issue.

CASE NO.: 91-0986-CIV-GOLD

Claimants will receive a blank questionnaire in a Conflicting Claim Packet from Class counsel. This questionnaire must be completed, executed, notarized, and returned to the Office of the Special Master and the Claims Administrator by each party to a C7 dispute by the pre-trial filing deadline. In addition, claimants must submit all contracts, receipts, bills, records, statements, or any other documentation necessary to substantiate his claim of ownership against the conflicting party. These documents shall be attached to the questionnaire and submitted to the Special Master and Claims Administrator. **The pre-trial filing deadline for C7 disputes is Monday, February 11, 2008 at 5:00 p.m.**[1] Any questionnaires and documents not timely received by the Office of the Special Master shall be considered at the Special Master's discretion.[2]

Once the Office of the Special Master has received completed questionnaires from both parties to a C7 dispute, the parties will be contacted to schedule a pre-trial telephonic conference with the Special Master's Clerk (hereinafter "Clerk"). All claimants to a C7 dispute must participate in a pre-trial telephonic conference with the Clerk. Where appropriate, the Clerk will speak briefly with each claimant about the relative strengths and weaknesses of his or her position and will explore whether the conflicting claimants can reach an agreement. If an agreement cannot be reached, the Clerk will provide

---

[1] If possible, claimants are encouraged to submit their completed questionnaire and supporting documentation to the Special Master before the pre-trial filing deadline. Early submissions may lead to a more prompt resolution of the dispute and the ultimate payment of an Award from the Settlement Fund.

[2] The failure of a claimant to timely submit a completed questionnaire or to participate in a pre-trial conference with the Clerk may result in the dismiss of the claimant's claim.

CASE NO.:  91-0986-CIV-GOLD

information and instructions to the claimants regarding the upcoming hearing before the Special Master.  All pre-trial telephonic conferences with the Clerk shall be completed by **6:00 p.m. on Friday, March 14, 2008**.

Those claims that are not resolved as a result of the pre-trial conferences will proceed to telephonic hearings before the Special Master.  After the pre-trial conferences have been completed, the Special Master will issue a separate order outlining the hearing dates and procedures for the unsettled disputes.  If the Special Master determines the a dispute involves matters that are sufficiently complicated, and the amount of money at issue is sufficiently high, the Special Master may order the parties to be present for a hearing before the Special Master.  Whether the hearings are conducted telephonically or in person, the Special Master will have the discretion to issue an oral ruling at the hearing or to defer ruling for a subsequent written order.

Before these hearings are conducted, States' counsel has the option of filing a position paper setting forth any information in States' counsel's possession or any objections that may be relevant to the threshold dealer/claimant identity issues presented in the C7 Motion.  States' counsel's decision to file a position paper, or to decline to file a position paper, will not waive States' counsel's right to raise any and all appropriate objections after the conflict is resolved and the remaining claim(s) are advanced on summary judgment.  States' counsel shall file any position paper regarding C7 claimant disputes by no later than **Friday, April 4, 2008 at 5:00 p.m.**

Based on the foregoing, having reviewed the Court file, and being otherwise fully advised in the premises, it is hereby

CASE NO.:  91-0986-CIV-GOLD

**ORDERED and ADJUDGED** as follows:

1.  Conflict Numbers C7.1, C7.2, C7.3, C7.4, C7.5, C7.6, C7.7, C7.8, C7.9, C7.10, C7.11, C7.12, C7.13, C7.14, C7.15, C7.16, C7.17, C7.18, C7.19, C7.20, C7.21, C7.22, C7.23, and C7.24 as outlined in Exhibit "A" to Class counsel's Motion C7 are hereby referred to the Clerk for pre-trial conferences.

2.  Upon receipt of the Special Master's Order, Class counsel will mail each affected claimant a Conflicting Claim Packet that shall include a copy of the Order, a blank questionnaire, and a complete copy of the conflicting claimant's claim file.

3.  Each party to a C7 dispute shall deliver to the Special Master and Claims Administrator the completed Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action and any supporting documentation by no later than **5:00 p.m. on Monday, February 11, 2008.**

4.  Once the Office of the Special Master has received completed questionnaires from both parties to a C7 dispute, the parties will be contacted to schedule a pre-trial telephonic conference with the Clerk.  All claimants to a C7 dispute must participate in a pre-trial telephonic conference with the Clerk.  All pre-trial telephonic conferences with the Clerk shall be completed by **6:00 p.m. on Friday, March 14, 2008**.

5.  Before the Special Master conducts hearings regarding unresolved C7 disputes, States' counsel has the option of filing a position paper setting forth

-4-

CASE NO.:  91-0986-CIV-GOLD

any information in States' counsel's possession or any objections that may

be relevant to the threshold dealer/claimant identity issues presented in the

C7 Motion.    States' counsel shall file any position paper regarding C7

claimant disputes by no later than **5:00 p.m. on Friday, April 4, 2008**.

**DONE AND ORDERED** this ___7th___ day of January, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold