IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.
_____

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.
_____

**CONSOLIDATED WITH
CASE NO.: 05-21338-CIV-GOLD / SIMONTON**

## ORDER DENYING APPEAL OF SPECIAL MASTER'S FOURTH ORDER DENYING CLAIMS, CLAIM NO. 3785

THIS CAUSE is before the Special Master pursuant to States' Counsel's Fourth Motion for Summary Judgment Dismissing Two Hundred and Two (202) Claims **[D.E. 3809]** and correspondences received from Ms. Dana Wilcher on behalf of claimant Glen Wilcher (Claim No. 3785) *See* **[D.E. 4297, Ex. A]**; **[D.E. 4614, Ex. A]**. Having reviewed Ms. Wilcher's correspondences and conducted several hearings on this matter, the Special Master does not believe that Ms. Wilcher has substantiated an interest in a direct-served dealer during the Class Period. Accordingly, for the reasons articulated below, the Special Master hereby denies Claim No. 3785.

## I. PROCEDURAL HISTORY

States' counsel filed their Fourth Motion for Summary Judgment against two hundred (200) claims on May 2, 2007 [D.E. 3809]. A corrected pleading was filed by States' counsel on May 9, 2007 [D.E. 3847]. Class counsel filed its Response to States' Counsel's Fourth Motion for Summary Judgment on July 2, 2007 [D.E. 3976]. In their Response, Class counsel identified three (3) categories of claims before the Special Master in States' counsel's Fourth Motion for Summary Judgment: 1) those who have withdrawn their claims; 2) those who oppose the dismissal of their claims; and 3) those who have not taken action pursuant to the Special Master's Order. Claim No. 3785 was one of the claimants who failed to take action to oppose States' Counsel's Fourth Motion for Summary Judgment.

After reviewing these motions, the Special Master entered an Order on July 5, 2007 regarding the status of the 200 claims, setting a briefing schedule, and setting the upcoming hearing [D.E. 3982], [D.E. 3983]. The Special Master's Order was mailed to all parties. In that Order, the Special Master acknowledged that fifty-two (52) claims had been withdrawn from the Claims Administration Process and the Special Master ordered the Claims Administrator to take the appropriate measures to record the same. At that point, there were one hundred and forty-eight (148) claims that had not formally asserted their position. According to Class counsel, while many of these claimants had indicated that they did not contest States' counsel's motion, these claimants were unwilling to return a written withdrawal.

On July 20, 2007, Class counsel filed an Amended Response to States' Counsel's Fourth Motion for Summary Judgment [D.E. 4026]. In their Amended Response, Class counsel stated that fifty-seven (57) claims have been withdrawn, one hundred and thirty-nine (139) had not provided a written response to Class counsel setting forth their position regarding States' counsel's motion, and two (2) claimants (four claims) were contesting States' counsel's motion. As of July 20, 2007, Glen Wilcher (Claim No. 3785) had not provided a written response to Class counsel setting forth his position regarding States' counsel's motion.

On August 7, 2007, States' counsel filed its Replies to Class Counsel's Response to States' Counsel's Fourth Motion for Summary Judgment [D.E. 4053]. In that motion, States' counsel requested that the Special Master enter an order dismissing with prejudice the claims of those claimants identified in the first and third categories established by Class counsel. With respect to those two claimants contesting States' counsel's Motion, States' counsel provided both a general and detailed assessment of these claims.

On August 8, 2007, the Special Master entered an Order Resetting the Hearing on States' Counsel's Fourth Motion for Summary Judgment Dismissing Two Hundred Claims [D.E. 4048]. Thereafter, on August 22, 2007, the Special Master conducted a hearing on States' Counsel's Fourth Motion for Summary Judgment. Although all two hundred (200) claimants included in States' Counsel's Fourth Motion for Summary Judgment received notice of the August 22, 2007 hearing before the Special Master, only one claimant opposed States' Counsel's Fourth Motion for Summary Judgment. After evaluating the oppositions to States' Counsel's Fourth Motion for Summary Judgment, the Special Master entered the Fourth Order Denying Claims [D.E. 4114] on September 4, 2007. The claim

of Glen Wilcher (Claim No. 3785) was dismissed for failing to substantiate an interest in an Exxon direct-served station during the Class period. This appeal followed.

Ms. Wilcher appealed the Special Master's Order pursuant to a letter received by The Garden City Group, Inc. on October 15, 2007. Ms. Wilcher's appeal stated:

> I want to file an appeal in [sic] behalf of my husband (Glen Wilcher) estate. Believe [me,] its what killed my husband, Exxon gas, diesel, oil and grease. The doctors and scientists ruled this because in his generation and the one before his [family] didn't have any cancer. This cancer was caused by Exxon products. Multiple myeloma (bone marrow) cancer. The only thing I can look back at, is he liked his work. P.S. I took care of him all by myself. Retired early and am poor as a snake!

See [D.E. 4297, Ex. A]. Upon review of Ms. Wilcher's appeal, the Special Master granted a re-hearing on this claim for January 28, 2008. A thirty-five (35) minute hearing was conducted on January 28, 2008 regarding this appeal. Class counsel and States' counsel appeared for the hearing by telephone and in person. Ms. Wilcher did not appear for the hearing in person or by telephone. Ms. Wilcher was called several times during the course of the hearing by the Office of the Special Master. She was unable to be reached.

On or about February 12, 2008, Ms. Wilcher executed another letter appealing the Special Master's Fourth Order Denying Claims. In that correspondence, Ms. Wilcher stated that she had difficulty calling into the conference call line during the prior hearing. See [D.E. 4614, Ex. A]. Accordingly, on March 5, 2008 the Special Master entered an order granting Ms. Wilcher a final telephonic hearing regarding her appeal.

On March 18, 2008, the Special Master conducted a hearing concerning Ms. Wilcher's appeal of the Special Master's Fourth Order Denying Claims. During that hearing, the Special Master took testimony from Ms. Wilcher regarding her claim.

## II. ANALYSIS

Ms. Wilcher has argued through her testimony and correspondences to the Court that her husband worked for Exxon for many years. Ms. Wilcher attributes her husband's passing to his long-term handling of and exposure to Exxon products. Accordingly, Ms. Wilcher believes that she is entitled to recover from the Fund based on Exxon's alleged involvement in her husband's illnesses.

While the Special Master sympathizes with Ms. Wilcher's current financial status and loss of her husband, the Special Master is bound by the law of the case and the definition of the Class as established by the Court. In the District Court's Order of Final Approval of Class Settlement Agreement, the Court defined the Class as:

> The Class was originally defined by prior orders of this Court to include more than 10,000 current and former **Exxon direct served dealers** in thirty-five (35) states who alleged that Exxon systematically and intentionally overcharged them for the wholesale purchase of motor fuel between **March 1, 1983 and August 28, 1994**.[1]

A direct-served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel. Accordingly, only those direct-served dealers who purchased motor fuel directly from Exxon between March 1, 1983 and August 28, 1994 are entitled to recover damages from the Settlement Fund.

Here, the only documents submitted in support of Claim No. 3785 were checks and receipts indicating that Mr. Wilcher purchased fuel from a company called "Pogue's Oil Company." It is unclear whether Pogue's Oil Company is an Exxon fuel distributor or a

---

[1] See *Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

self-sufficient bulk motor fuel supplier. However, what is clear, is that the checks and receipts submitted in support of this claim evidence a purchase and sale relationship between Mr. Wilcher and an entity other than Exxon. In addition, States' counsel and Class counsel have been unable to locate any Exxon records that would associate Mr. Wilcher with a direct-served station. Based on the foregoing, the Special Master does not believe that this claim qualifies for recovery from the Settlement Fund. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED and ADJUDGED** as follows:

1. Ms. Wilcher's appeal of the Special Master's Fourth Order Denying Claims [D.E. 4114] is hereby DENIED.

2. Claim No. 3785 is hereby dismissed with prejudice.

3. The Claims Administrator shall make the appropriate notation in the claim file for Claim No. 3785 and shall distribute the Special Master's Order to Ms. Wilcher.

**DONE AND ORDERED** this 3rd day of April, 2008.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold