IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,   )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )
                                     )
EXXON CORPORATION,                   )
                                     )
        Defendant.                   )
_____     )
                                     )
RUSSELL A. CLINE,                    )
                                     )        **CONSOLIDATED WITH**
        Plaintiff,                   )        **CASE NO.: 05-21338-CIV-GOLD /**
                                     )        **SIMONTON**
vs.                                  )
                                     )
THE GARDEN CITY GROUP, INC.,         )
                                     )
        Defendant.                   )
_____     )

## FIFTH ORDER DENYING CLAIMS

This matter is before the Special Master upon District Court's Order Regarding the Procedures for the Payment of Claims **[D.E. 3134]**, States' Counsel's Fifth Motion for Summary Judgment Dismissing One Hundred and Sixty-Nine (169) Claims **[D.E. 3934]**, the District Court's Order of Reference **[D.E. 3945]**, Class Counsel's Response to States' Counsel's Fifth Motion for Summary Judgment Dismissing One Hundred and Sixty-Nine Claims **[D.E. 4054]**, Class Counsel's Amended Response to States' Counsel's Fifth Motion for Summary Judgment Dismissing One Hundred and Sixty-Nine Claims **[D.E. 4155]**, States' Counsel's Response to Reply/Opposition Regarding Claim 5878, Station 43470 **[D.E. 4228]**, States' Counsel's Response to Reply/Opposition Regarding Claim 6549, Station 99999 **[D.E. 4230]**, States' Counsel's Response to Reply/Opposition Regarding

CASE NO.:  91-0986-CIV-GOLD

Claim 100142, Station 64167 **[D.E. 4229]**, States' Counsel's Response to Reply/Opposition Regarding Claim 100266, Station 99999 **[D.E. 4226]**, States' Counsel's Response to Reply/Opposition Regarding Claim 100508, Station 41719 **[D.E. 4227]**, States' Counsel's Response to Reply/Opposition Regarding Claim 102575, Station 99999 **[D.E. 4231]**, Class Counsel's Status Report Regarding Claimants in States' Counsel's 5th and 6th Motions for Summary Judgment **[D.E. 4348]**, and Class Counsel's Notice of Filing Additional Documentation Relating to Claim Number 100266 **[D.E. 4352]**.

## I.  BACKGROUND

States' counsel has moved for summary judgment against one hundred and sixty-nine (169) claims filed in the Claims Administration Process.  States' counsel has requested that the Special Master enter final summary judgment dismissing each of these claims with prejudice because the claimants are not proper members of the Class.  States' counsel argues that for each claim the pleadings and papers on file establish that there is no genuine issue of material fact or law that: 1) each claimant is not a member of the Class; 2) each claimant was not a direct-served dealer during the Class period; and 3) there are no other material issues that would entitle each claimant to payment of their claim.  *See* D.E. 3934 at 1-2.

As with States' Counsel's prior motions for summary judgment, Class counsel offered to assist claimants with their Responses to States' Counsel's Fifth Motion for Summary Judgment due to the unique nature of the Claims Administration Process.  Class counsel explained to claimants the nature of the relief sought by States' counsel and the arguments supporting States' counsel's motion.  Class counsel offered to assist each

CASE NO.: 91-0986-CIV-GOLD

claimant in drafting a response to States' counsel's motion.  However, Class counsel advised these claimants that Class counsel could not advocate on their behalf, as the claimants' interests are adverse to the direct-served dealer Class.

In response to Class counsel's inquiries and notifications, certain claimants withdrew their claims, other claimants did not respond to the motion, and six claimants filed substantive oppositions to States' counsel's motion.[1]  Class counsel filed an Amended Response to States' counsel's Fifth Motion for Summary Judgment to advise the Special Master as to the status of these claims in advance of the scheduled hearing.

## II. ANALYSIS

### A.    Standard of Proof.

After evaluating the arguments presented to the Court, the Special Master has determined that the definition of the Class is critical to any analysis regarding the validity of claims filed in the Claims Administration Process.  In the District Court's Order of Final Approval of Class Settlement Agreement, the Court stated:

> The Class was originally defined by prior orders of this Court to include more than 10,000 current and former **Exxon direct served dealers** in thirty-five (35) states who alleged that Exxon systematically and intentionally overcharged them for the wholesale purchase of motor fuel between **March 1, 1983 and August 28, 1994**.[2]

---

[1] At the October 23, 2007 hearing before the Special Master regarding States' counsel's Fifth Motion for Summary Judgment, Class counsel advised the Court that Robbins Oil Company had withdrawn Claim No. 5878 from the claims process.  Accordingly, the Special Master only heard arguments on the remaining five claims.

[2] See *Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

A direct-served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel. Accordingly, only those direct-served dealers who purchased motor fuel directly from Exxon between March 1, 1983 and August 28, 1994 are entitled to recover damages from the Settlement Fund.[3]

## B.    Withdrawn Claims.

Class counsel and States' counsel advised the Special Master that the majority of the one hundred and sixty-nine (169) claims outlined in States' Counsel's Fifth Motion for Summary Judgment either withdrew their respective claims or failed to respond to States' counsel's motion, despite the efforts of Class counsel outlined above. With respect to the sixty-one (61) claimants who withdrew their claims from the Claims Administration Process, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

---

[3] During the February 14, 2007 hearing before the Special Master on States' Counsel's First Motion for Summary Judgment, Class counsel explained that Exxon sold motor fuel in three different ways during the Class Period: 1) through its own company owned stations; 2) through direct-served dealers; and 3) through distributors. See February 14, 2007 Hearing Transcript, p.10. Class counsel stated that this litigation focused solely on the claims of direct-served dealers and that distributor served dealers had agreements with third party distributors, not Exxon. *Id.* at 11. Accordingly, distributor served dealers did not take part in the Discount for Cash Program, and therefore, are not entitled to damages arising from Exxon's breach of contract with respect to the DFC Program.

CASE NO.: 91-0986-CIV-GOLD

**C.    Claimants who Failed to Respond to States' Counsel's Fifth Motion for Summary Judgment.**

For those one hundred and two (102) claimants who failed to respond to States' counsel's motion, the Special Master has evaluated States' counsel's arguments and the documentation on file with the Claims Administrator.  The Special Master has uncovered no documentation to suggest that these claimants were members of the Class entitling them to recover from the Settlement Fund.  Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice. The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

**D.    Claimants Opposing States' Counsel's Motions for Summary Judgment.**

The remaining claimants filed Responses in opposition to States' Counsel's Fifth Motion for Summary Judgment.  The Special Master conducted hearings on October 23, 2007 concerning these five claims.[4]  As noted above, these hearings gave claimants an opportunity to outline their respective oppositions to States' Counsel's Fifth Motion for Summary Judgment. Each claimant gave testimony under oath in support of their claims. States' counsel was permitted to cross-examine each claimant.  At the conclusion of the hearings, the Special Master directed that any further submissions regarding these claims

---

[4] These five claims were: Holiday Market - Benny Wleczyk, Claim No. 6540; Lupe C. Gonzales, Claim No. 100142; Bryant Lewis, Claim No. 100266; Vivian D. Whitaker, Claim No. 100508; and Gene G. Leary, Claim No. 102575.

CASE NO.:  91-0986-CIV-GOLD

be filed with the Court within thirty (30) days.  The Special Master has reviewed the supplemental submissions made by these claimants.

Holiday Market - Benny Wleczyk, Claim No. 6540

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Benny Wleczyk, the Special Master finds that Mr. Wleczyk has failed to meet his burden of proof to support his request for payment under Claim No. 6540.  Mr. Wleczyk was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class Period.  States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Wleczyk during the hearing.  Furthermore, Mr. Wleczyk has acknowledged through his submissions and testimony that he purchased motor fuel from a distributor during the Class Period.[5]  Without more, the Special Master is unable to substantiate Mr. Wleczyk's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon.  Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 6540 with prejudice.  The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Wleczyk.

---

[5] *See* October 23, 2007 Hearing Transcript, p. 8-11.

CASE NO.:  91-0986-CIV-GOLD

Lupe C. Gonzales, Claim No. 100142

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Lupe C. Gonzales, the Special Master finds that Mr. Gonzales has failed to meet his burden of proof to support his request for payment under Claim No. 100142. Mr. Gonzales was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class Period. States' counsel was able to locate a direct-served station associated with Mr. Gonzales. However, Exxon's records show that Mr. Gonzales ceased to operate a direct-served dealership on or about August 31, 1980, two and a half years before the beginning of the Class Period. Without more, the Special Master is unable to substantiate Mr. Gonzales' interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 100142 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Gonzales.

Lewis, Inc. - Bryant Lewis, Claim No. 100266

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Bryant Lewis, the Special Master finds that Mr. Lewis has failed to meet his burden of proof to support his request for payment under Claim No. 100266. Mr. Lewis was unable to provide any documentation or information to

-7-

CASE NO.: 91-0986-CIV-GOLD

establish his interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Lewis during the hearing. Without more, the Special Master is unable to substantiate Mr. Lewis' interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 100266 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Lewis.

### Vivian D. Whitaker, Claim No. 100508

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Vivian D. Whitaker, the Special Master finds that Ms. Whitaker has failed to meet her burden of proof to support her request for payment under Claim No. 100508. Ms. Whitaker was unable to provide any documentation or information to establish her interest in a direct-served Exxon station during the Class Period. States' counsel was able to locate a direct-served station associated with the claimant's deceased husband, Mr. Herbert L. Whitaker. However, Exxon's records show that Mr. Whitaker ceased to operate a direct-served dealership on or about May 1, 1981, a little less than two years before the beginning of the Class Period. Without more, the Special Master is unable to substantiate Ms. Whitaker's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased

directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 100508 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Ms. Whitaker.

### Gene G. Leary, Claim No. 102575

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Gene G. Leary, the Special Master finds that Mr. Leary has failed to meet his burden of proof to support his request for payment under Claim No. 102575. Mr. Leary was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Leary during the hearing. Furthermore, Mr. Leary has acknowledged through his submissions and testimony that he purchased motor fuel from a distributor during the Class Period.[6] Without more, the Special Master is unable to substantiate Mr. Leary's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 102575 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Leary.

---

[6] See October 23, 2007 Hearing Transcript, p. 29-32.

CASE NO.: 91-0986-CIV-GOLD

### III. CONCLUSION

Upon consideration of States' Counsel's Fifth Motion for Summary Judgment, the oppositions to States' Counsel's Fifth Motion for Summary Judgment, the record before the Court, the Responses filed by the claimants, and having conducted hearings regarding these issues, it is hereby

**ORDERED and ADJUDGED** as follows:

1.  Having been advised that the following claimants have withdrawn their claims, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

| | |
|---|---|
| Robbins Oil Company, Inc. | Claim No. 5878 |
| Francis Wayne Graves | Claim No. 5801 |
| South Florida I & G, Inc. | Claim No. 5809 |
| Francis Wayne Graves | Claim No. 5856 |
| Mears Oil Co., Inc. | Claim No. 6176 |
| Peoples Oil Co., Inc. of Clarksville | Claim No. 6196 |
| Peoples Oil Co., Inc. of Clarksville | Claim No. 6199 |
| Peoples Oil Co., Inc. of Clarksville | Claim No. 6200 |
| L & H Oil, Inc. AWV Corporation | Claim No. 6231 |
| John Albert Johnston III | Claim No. 6256 |
| Mili Gates | Claim No. 6294 |
| Scott Brown, Jr. | Claim No. 6299 |
| Michael D. Hitt | Claim No. 6301 |
| Wayne Oil Co., Inc. | Claim No. 6310 |
| Wayne Oil Co., Inc. | Claim No. 6313 |
| Wayne Oil Co., Inc. | Claim No. 6314 |
| David A. Birdsell | Claim No. 6323 |
| Paul Gefreh | Claim No. 6336 |
| Thomas R. Scott | Claim No. 6341 |
| Wayne Oil Co., Inc. | Claim No. 6347 |
| Wayne Oil Co., Inc. | Claim No. 6348 |
| Wayne Oil Co., Inc. | Claim No. 6349 |
| Wayne Oil Co., Inc. | Claim No. 6350 |
| Wayne Oil Co., Inc. | Claim No. 6351 |

CASE NO.:  91-0986-CIV-GOLD

| | |
|---|---|
| Wayne Oil Co., Inc. | Claim No. 6354 |
| Shirley Gregory | Claim No. 6408 |
| Calvin Jones | Claim No. 6415 |
| Thomas R. Scott | Claim No. 6431 |
| James B. Sterling III | Claim No. 6550 |
| William D. Whitehurst | Claim No. 100126 |
| G A Enterprises, Inc. | Claim No. 100399 |
| Gary Vance Morris | Claim No. 100410 |
| Randy Shanks Exxon, Inc. | Claim No. 100469 |
| Elaine M. Gray | Claim No. 101287 |
| Shirley Milton Cable | Claim No. 101302 |
| Billy C. Lanier | Claim No. 101359 |
| Harvey H. Lawrence | Claim No. 101439 |
| Catherine L. Lyon | Claim No. 101483 |
| B.J. Cowart | Claim No. 101505 |
| Mrs. Mike Birkenfeld | Claim No. 101515 |
| Kim Ghant Player | Claim No. 101531 |
| Eugene J. Byron | Claim No. 101572 |
| Clifford R. Howard | Claim No. 101683 |
| Danny A. Collins | Claim No. 101715 |
| Tad Co., Inc. | Claim No. 101719 |
| Thomas R. Parman | Claim No. 101742 |
| Tedken Oil, Co. | Claim No. 101751 |
| Shirley Gregory | Claim No. 101858 |
| Ronald Louis Bankston, Sr. | Claim No. 101948 |
| Mary Elizabeth Wing | Claim No. 101973 |
| Bunch Oil Co., Inc. | Claim No. 101996 |
| Vance Graham | Claim No. 102185 |
| Larry Joe Fowler | Claim No. 102231 |
| Donny W. Archer | Claim No. 102253 |
| Louis A. Hackney | Claim No. 102278 |
| Roger E. Daniels | Claim No. 102323 |
| Keith Exxon - James E. Keith | Claim No. 102332 |
| Knollwood Mercantile Co., Inc. | Claim No. 102337 |
| Leonard Archie Birkeland | Claim No. 102647 |
| Steven J. & Mary Lou Bilte | Claim No. 102710 |
| William C. Cox | Claim No. 102711 |

CASE NO.: 91-0986-CIV-GOLD

2. Having considered States' counsel's motion and having determined that the following claimants have not responded in any way to States' counsel's motion, despite the diligent efforts of Class counsel set forth above, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

| | |
|---|---|
| Johnson & Johnson, Inc. | Claim No. 5786 |
| Johnson & Johnson, Inc. | Claim No. 5787 |
| Johnson & Johnson, Inc. | Claim No. 5788 |
| Papa Dantes, Inc. | Claim No. 5797 |
| Johnson & Johnson, Inc. | Claim No. 5799 |
| Johnson & Johnson, Inc. | Claim No. 5806 |
| Johnson & Johnson, Inc. | Claim No. 5810 |
| Johnson & Johnson, Inc. | Claim No. 5815 |
| Johnson & Johnson, Inc. | Claim No. 5821 |
| Johnson & Johnson, Inc. | Claim No. 5835 |
| Johnson & Johnson, Inc. | Claim No. 5846 |
| Anita Jean Montgomery | Claim No. 5853 |
| Isaac Nathaniel Johnson | Claim No. 6172 |
| Eddie C. Deskins | Claim No. 6208 |
| Jack or Debra Woolsey | Claim No. 6224 |
| Beth Thomas Poolus | Claim No. 6230 |
| Reginas Exxon | Claim No. 6244 |
| John Clark | Claim No. 6249 |
| Greg Shifflett | Claim No. 6262 |
| Santoros Exxon Service Center, Inc. | Claim No. 6265 |
| Durham Exxon Service Center, Inc. | Claim No. 6269 |
| Johnny F. Moore | Claim No. 6304 |
| Johnny F. Moore | Claim No. 6305 |
| Rick Yates | Claim No. 6309 |
| Michael D. McGranahan | Claim No. 6319 |
| Martin Thomas Schall | Claim No. 6384 |
| Gordon Ward | Claim No. 6391 |
| John Kopycinski | Claim No. 6394 |
| Kenneth F. Carpenter | Claim No. 6400 |
| Jack Padgett | Claim No. 6414 |
| Ron Cochran | Claim No. 6420 |
| Poncianco Barrientos | Claim No. 6423 |

CASE NO.: 91-0986-CIV-GOLD

| | |
|---|---|
| Mike Moss | Claim No. 6427 |
| Guljinder Singh | Claim No. 6492 |
| James B. Sterling III | Claim No. 6549 |
| Josephine Choi | Claim No. 6583 |
| William R. Hilton | Claim No. 6584 |
| Gene Autry Turner | Claim No. 6591 |
| Fuelmart Corp. | Claim No. 6596 |
| DNC Companies, LLC | Claim No. 6600 |
| Barbara Lent Coe | Claim No. 6601 |
| Bobby Lynn Hartnett | Claim No. 6608 |
| Harmon David Arrowood | Claim No. 6677 |
| Harmon David Arrowood | Claim No. 6679 |
| Willie J. Klepac | Claim No. 100353 |
| Edward A. Schrottman | Claim No. 100383 |
| Patch's Petroleum Co., Inc. | Claim No. 100528 |
| Woodrow Wilson Fleet | Claim No. 100602 |
| George Abernathy | Claim No. 100671 |
| Marble Canyon Company, Inc. | Claim No. 100734 |
| E. Marie Clark | Claim No. 100754 |
| James Stubler | Claim No. 100805 |
| Raymond Delane Pierce | Claim No. 100877 |
| Randall Verret | Claim No. 100938 |
| John Cooling | Claim No. 100955 |
| Patsy J. Lane | Claim No. 101032 |
| Richard Odie Curlee | Claim No. 101075 |
| Beacon Carter Car Service | Claim No. 101099 |
| Mary Lou Cupp | Claim No. 101114 |
| B. Caroline Cochran | Claim No. 101135 |
| Meriam A. Glaze | Claim No. 101185 |
| Joseph K. Haislipsr | Claim No. 101188 |
| Cyrus J. Pitre | Claim No. 101232 |
| Len Racine Drayton | Claim No. 101233 |
| Gary & Linda Hillman | Claim No. 101237 |
| Leon Kantrowitz | Claim No. 101288 |
| Lewis B. Walker | Claim No. 101342 |
| John F. O'Dell | Claim No. 101370 |
| Earl Gore | Claim No. 101383 |
| Clifford R. Rick | Claim No. 101412 |
| Dominic L. Bartone | Claim No. 101431 |
| Harland E. Nickerson | Claim No. 101577 |
| Warren E. Peake | Claim No. 101607 |
| Leroy & Rosemary T. Guice | Claim No. 101635 |

-13-

CASE NO.: 91-0986-CIV-GOLD

| | |
|---|---|
| Billy Quinton Newman | Claim No. 101637 |
| Jess Gene Watson | Claim No. 101749 |
| Dell B. Powell | Claim No. 101750 |
| Milton R. Bigbie | Claim No. 101770 |
| Albert Hall | Claim No. 101799 |
| Scott & Janet Robinson | Claim No. 101816 |
| Rocky Branch Grocery | Claim No. 101847 |
| Dan R. Fisk | Claim No. 101865 |
| Edith Maria Hunter | Claim No. 101894 |
| Edith Maria Hunter | Claim No. 101895 |
| Lucky's, Inc. | Claim No. 102011 |
| Ray M. & Ruth Ann Funck | Claim No. 102061 |
| Wilson Malek | Claim No. 102192 |
| Charles A. Galvin, Jr. | Claim No. 102261 |
| Tony Maestas, Jr. | Claim No. 102269 |
| Eduardo E. Ornelas | Claim No. 102272 |
| Buck Stuart | Claim No. 102374 |
| Kenneth J. Barrett | Claim No. 102404 |
| Carolyn Sutton | Claim No. 102405 |
| Robert Earl Esner | Claim No. 102446 |
| William Blair, Jr. | Claim No. 102465 |
| Independent Oil Co. | Claim No. 102513 |
| Herbert Doucet | Claim No. 102548 |
| J. B. Wilson | Claim No. 102675 |
| Eugenio Quintanilla | Claim No. 102724 |
| B & M Oil, Co. | Claim No. 102727 |
| James Henry Bohrman | Claim No. 102732 |
| Marvin Otis Wade, Sr. | Claim No. 102738 |
| Azeem Enterprises | Claim No. 6390 |

3.    Having considered States' counsel's motion, the Responses filed by Holiday

Market - Benny Wleczyk, Lupe C. Gonzales, Bryant Lewis, Vivian D. Whitaker,

and Gene G. Leary and the testimony of these claimants, the Special Master

finds that these claimants have failed to meet their burden of proof to support

their requests for payment from the Settlement Fund. Accordingly, judgment

is hereby GRANTED in favor of States' counsel dismissing each of the

-14-

CASE NO.:  91-0986-CIV-GOLD

following claims with prejudice:

| | |
|---|---|
| Holiday Market - Benny Wleczyk | Claim No. 6540 |
| Lupe C. Gonzales | Claim No. 100142 |
| Bryant Lewis | Claim No. 100266 |
| Vivian D. Whitaker | Claim No. 100508 |
| Gene G. Leary | Claim No. 102575 |

**DONE AND ORDERED** this  7th  day of April, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group

-15-