IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
      Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
      Defendant. )
_____ )
)
RUSSELL A. CLINE, )
)
      Plaintiff, )
)
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
      Defendant. )
_____ )

**CONSOLIDATED WITH
CASE NO.: 05-21338-CIV-GOLD /
SIMONTON**

## AMENDED SIXTH ORDER DENYING CLAIMS

This matter is before the Special Master upon District Court's Order Regarding the Procedures for the Payment of Claims **[D.E. 3134]**, States' Counsel's Sixth Motion for Summary Judgment Dismissing One Hundred and Sixty (160) Claims **[D.E. 3935]**, the District Court's Order of Reference **[D.E. 3945]**, Class Counsel's Response to States' Counsel's Sixth Motion for Summary Judgment Dismissing One Hundred and Sixty Claims **[D.E. 4055]**, Class Counsel's Amended Response to States' Counsel's Sixth Motion for Summary Judgment Dismissing One Hundred and Sixty Claims **[D.E. 4156]**, States' Counsel's Response to Reply/Opposition Regarding Claim 1005858, Station 64679 **[D.E. 4232]**, States' Counsel's Response to Reply/Opposition Regarding Claim 1005999, Station

CASE NO.:  91-0986-CIV-GOLD

66990 **[D.E. 4233]**, States' Counsel's Response to Reply/Opposition Regarding Claim 105453, Station 99999 **[D.E. 4234]**, States' Counsel's Response to Reply/Opposition Regarding Claim 104145, Station 99999 **[D.E. 4235]**, States' Counsel's Response to Reply/Opposition Regarding Claim 103499, Station 99999 **[D.E. 4236]**, States' Counsel's Response to Reply/Opposition Regarding Claim 103110, Station 99999 **[D.E. 4237]**, States' Counsel's Response to Reply/Opposition Regarding Claim 103972, Station 99999 **[D.E. 4238]**, States' Counsel's Response to Reply/Opposition Regarding Claim 104857, Station 99999 **[D.E. 4239]**, States' Counsel's Response to Reply/Opposition Regarding Claim 104374, Station 99999 **[D.E. 4240]**, and Class Counsel's Status Report Regarding Claimants in States' Counsel's 5th and 6th Motions for Summary Judgment **[D.E. 4348]**.

## I. BACKGROUND

States' counsel has moved for summary judgment against one hundred and sixty (160) claims filed in the Claims Administration Process. States' counsel has requested that the Special Master enter final summary judgment dismissing each of these claims with prejudice because the claimants are not proper members of the Class. States' counsel argues that for each claim the pleadings and papers on file establish that there is no genuine issue of material fact or law that: 1) each claimant is not a member of the Class; 2) each claimant was not a direct-served dealer during the Class period; and 3) there are no other material issues that would entitle each claimant to payment of their claim. *See* D.E. 3935 at 1-2.

CASE NO.:  91-0986-CIV-GOLD

As with States' Counsel's prior motions for summary judgment, Class counsel offered to assist claimants with their Responses to States' Counsel's Sixth Motion for Summary Judgment due to the unique nature of the Claims Administration Process.  Class counsel explained to claimants the nature of the relief sought by States' counsel and the arguments supporting States' counsel's motion.  Class counsel offered to assist each claimant in drafting a response to States' counsel's motion.  However, Class counsel advised these claimants that Class counsel could not advocate on their behalf, as the claimants' interests are adverse to the direct-served dealer Class.

In response to Class counsel's inquiries and notifications, certain claimants withdrew their claims, other claimants did not respond to the motion, and nine claimants filed substantive oppositions to States' counsel's motion.[1]  Class counsel filed an Amended Response to States' counsel's Sixth Motion for Summary Judgment to advise the Special Master as to the status of these claims in advance of the scheduled hearing.

## II. ANALYSIS

### A.      Standard of Proof.

After evaluating the arguments presented to the Court, the Special Master has determined that the definition of the Class is critical to any analysis regarding the validity of claims filed in the Claims Administration Process.  In the District Court's Order of Final

---

[1] After reviewing Class Counsel's Amended Response to States' counsel's Sixth Motion for Summary Judgment, States' counsel withdrew their Motions for Summary Judgment against JoAnn Garton, Claim No. 1005858 and Abelardo G. Rodriguez, Claim No. 1005999. Accordingly, the Special Master conducted hearings on only seven oppositions to States' Counsel's Sixth Motion for Summary Judgment.

CASE NO.: 91-0986-CIV-GOLD

Approval of Class Settlement Agreement, the Court stated:

> The Class was originally defined by prior orders of this Court
> to include more than 10,000 current and former *Exxon direct
> served dealers* in thirty-five (35) states who alleged that
> Exxon systematically and intentionally overcharged them for
> the wholesale purchase of motor fuel between *March 1, 1983
> and August 28, 1994*.[2]

A direct-served dealer is a dealer who had a direct-served or retail sales agreement directly

with Exxon for the purchase of motor fuel. Accordingly, only those direct-served dealers

who purchased motor fuel directly from Exxon between March 1, 1983 and August 28,

1994 are entitled to recover damages from the Settlement Fund.[3]

## B.    Withdrawn Claims.

Class counsel and States' counsel advised the Special Master that the majority of

the one hundred and sixty (160) claims outlined in States' Counsel's Sixth Motion for

Summary Judgment either withdrew their respective claims or failed to respond to States'

counsel's motion, despite the efforts of Class counsel outlined above. With respect to the

forty-six (46) claimants who withdrew their claims from the Claims Administration Process,

---

[2] *See Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *1 (S.D. Fla. 2006) (emphasis added).

[3] During the February 14, 2007 hearing before the Special Master on States' Counsel's First Motion for Summary Judgment, Class counsel explained that Exxon sold motor fuel in three different ways during the Class Period: 1) through its own company owned stations; 2) through direct-served dealers; and 3) through distributors. *See* February 14, 2007 Hearing Transcript, p.10. Class counsel stated that this litigation focused solely on the claims of direct-served dealers and that distributor served dealers had agreements with third party distributors, not Exxon. *Id.* at 11. Accordingly, distributor served dealers did not take part in the Discount for Cash Program, and therefore, are not entitled to damages arising from Exxon's breach of contract with respect to the DFC Program.

CASE NO.:  91-0986-CIV-GOLD

the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice.  The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

### C.    Claimants who Failed to Respond to States' Counsel's Sixth Motion for Summary Judgment.

For those one hundred and two (102) claimants who failed to respond to States' counsel's motion, the Special Master has evaluated States' counsel's arguments and the documentation on file with the Claims Administrator.[4]  The Special Master has uncovered no documentation to suggest that these claimants were members of the Class entitling them to recover from the Settlement Fund.  Accordingly, the Special Master hereby orders final summary judgment against these claimants dismissing their claims with prejudice.  The Claims Administrator shall make the appropriate notation in each claimant's file concerning this dismissal and shall distribute the Special Master's Order to those claimants.

### D.    Claimants Opposing States' Counsel's Motions for Summary Judgment.

The remaining claimants filed Responses in opposition to States' Counsel's Sixth Motion for Summary Judgment.  The Special Master conducted hearings on October 23,

---

[4] Imogene J. Dawson-Gilliland, Claim No. 1004692, was originally included in the list of claimants who had failed to respond to States' Counsel's Sixth Motion for Summary Judgment.  However, the Special Master has been advised by Class counsel that this claimant has provided documentation to substantiate Claim No. 1004692 and States' counsel agrees that this is a valid claim.

CASE NO.:  91-0986-CIV-GOLD

2007 concerning these seven claims.[5] As noted above, these hearings gave claimants an opportunity to outline their respective oppositions to States' Counsel's Sixth Motion for Summary Judgment.  Each claimant gave testimony under oath in support of their claims. States' counsel was permitted to cross-examine each claimant.  At the conclusion of the hearings, the Special Master directed that any further submissions regarding these claims be filed with the Court within thirty (30) days.  The Special Master has reviewed the supplemental submissions made by these claimants.

### John Weidman & Sons, Inc., Claim No. 103110

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Carol Hill, the Special Master finds that John Weidman & Sons, Inc. has failed to meet its burden of proof to support its request for payment under Claim No. 103110. John Weidman & Sons, Inc. was unable to provide any documentation or information to establish its interest in a direct-served Exxon station during the Class Period.  States' counsel was unable to locate any direct-served station associated with its claim based on the information available in the claim file and the testimony given by Ms. Hill during the hearing.  Furthermore, Ms. Hill acknowledged through her testimony that John Weidman & Sons, Inc. was a distributor of motor fuel

---

[5] These seven claims were: John Weidman & Sons, Inc., Claim No. 103110; Maxine Rosson, Claim No. 103499; Stubs Gas & Oil, Inc., Claim No. 103972; Davis Bros. Service Station, Inc., Claim No. 104145; JSM Enterprises, Inc., Claim No. 104374; Donnie Ray Robinson, Claim No. 104857; and Leandrous Mathis, Claim No. 105453.

CASE NO.:  91-0986-CIV-GOLD

during the Class Period.[6]  Without more, the Special Master is unable to substantiate John Weidman & Sons, Inc.'s interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon.  Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 103110 with prejudice.  The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to John Weidman & Sons, Inc.

### Estate of Eulis Rosson, Claim No. 103499

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Mr. Rosson (son of decedent) and Mrs. Rosson (widow of decedent), the Special Master finds that The Estate of Eulis Rosson has failed to meet its burden of proof to support its request for payment under Claim No. 103499. The Estate of Eulis Rosson was unable to provide any documentation or information to establish its interest in a direct-served Exxon station during the Class Period.  States' counsel was unable to locate any direct-served station associated with its claim based on the information available in the claim file and the testimony given by the Rossons during the hearing.  Furthermore, The Estate of Eulis Rosson has acknowledged through the submission of Mrs. Rosson and testimony of Mr. Rosson that the decedent purchased motor fuel from a distributor during the Class Period.[7]  Without more, the Special Master

---

[6] See October 23, 2007 Hearing Transcript, p. 33-39.

[7] See October 23, 2007 Hearing Transcript, p. 39-42.

CASE NO.:  91-0986-CIV-GOLD

is unable to substantiate The Estate of Eulis Rosson's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon.  Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 103499 with prejudice.  The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to The Estate of Eulis Rosson.

Stubs Gas & Oil, Inc., Claim No. 103972

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Judy Roberts, the Special Master finds that Stubs Gas & Oil, Inc. has failed to meet its burden of proof to support its request for payment under Claim No. 103972.  Stubs Gas & Oil, Inc. was unable to provide any documentation or information to establish its interest in a direct-served Exxon station during the Class Period.  States' counsel was unable to locate any direct-served station associated with its claim based on the information available in the claim file and the testimony given by Ms. Roberts during the hearing.  Furthermore, Ms. Roberts acknowledged through her testimony that Stubs Gas & Oil, Inc. purchased motor fuel from a distributor during the Class Period.[8]  Without more, the Special Master is unable to substantiate Stubs Gas & Oil, Inc.'s interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon.  Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 103972

---

[8] See October 23, 2007 Hearing Transcript, p. 42-46.

CASE NO.: 91-0986-CIV-GOLD

with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Stubs Gas & Oil, Inc.

Davis Bros. Service Station, Inc., Claim No. 104145

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Janet Starlin, the Special Master finds that Davis Bros. Service Station, Inc. has failed to meet its burden of proof to support its request for payment under Claim No. 104145. Davis Bros. Service Station, Inc. was unable to provide any documentation or information to establish its interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with its claim based on the information available in the claim file and the testimony given by Ms. Starlin during the hearing. Without more, the Special Master is unable to substantiate Davis Bros. Service Station, Inc.'s interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 104145 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Davis Bros. Service Station, Inc.

JSM Enterprises, Inc., Claim No. 104374

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the claimant's file, the Special Master finds that JSM Enterprises,

CASE NO.: 91-0986-CIV-GOLD

Inc. has failed to meet its burden of proof to support its request for payment under Claim No. 104374.[9]  JSM Enterprises, Inc. was unable to provide any documentation or information to establish its interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file.  Furthermore, JSM Enterprises, Inc. has acknowledged through its submissions that it purchased motor fuel from a distributor during the Class Period.  Without more, the Special Master is unable to substantiate JSM Enterprises, Inc.'s interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon.  Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 104374 with prejudice.  The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to JSM Enterprises, Inc.

    Donnie Ray Robinson, Claim No. 104857

    Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Donnie Ray Robinson, the Special Master finds that Mr. Robinson has failed to meet his burden of proof to support his request for payment under Claim No. 104857.  Mr. Robinson was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class

---

[9] A representative of JSM Enterprises, Inc. failed to participate in the hearing before the Special Master regarding States' Counsel's Sixth Motion for Summary Judgment.  *See* October 23, 2007 Hearing Transcript, p. 51-52.

Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Robinson during the hearing. Furthermore, Mr. Robinson has acknowledged through his submissions and testimony that he purchased motor fuel from a distributor during the Class Period.[10] Without more, the Special Master is unable to substantiate Mr. Robinson's interest in a direct-served Exxon station during the Class Period or quantify the amount of gallons of motor fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS judgment in favor of States' counsel dismissing Claim No. 104857 with prejudice. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Robinson.

<u>Leandrous Mathis, Claim No. 105453</u>

Having considered States' counsel's motion, the Response in opposition to States' Counsel's motion, and the testimony of Leandrous Mathis, the Special Master finds that Mr. Mathis has failed to meet his burden of proof to support his request for payment under Claim No. 105453. Mr. Mathis was unable to provide any documentation or information to establish his interest in a direct-served Exxon station during the Class Period. States' counsel was unable to locate any direct-served station associated with his claim based on the information available in the claim file and the testimony given by Mr. Mathis during the hearing. Furthermore, Mr. Mathis has acknowledged through his submissions and

---

[10] *See* October 23, 2007 Hearing Transcript, p. 52-55.

CASE NO.: 91-0986-CIV-GOLD

testimony that he purchased motor fuel from a distributor during the Class Period.[11]

Without more, the Special Master is unable to substantiate Mr. Mathis' interest in a direct-

served Exxon station during the Class Period or quantify the amount of gallons of motor

fuel purchased directly from Exxon. Accordingly, the Special Master hereby GRANTS

judgment in favor of States' counsel dismissing Claim No. 105453 with prejudice. The

Claims Administrator shall make the appropriate notation in the claim file concerning this

dismissal and shall distribute the Special Master's Order to Mr. Mathis.

### III.  CONCLUSION

Upon consideration of States' Counsel's Sixth Motion for Summary Judgment, the

oppositions to States' Counsel's Sixth Motion for Summary Judgment, the record before

the Court, the Responses filed by the claimants, and having conducted hearings regarding

these issues, it is hereby

**ORDERED and ADJUDGED** as follows:

1.    Having been advised that the following claimants have withdrawn their

claims, summary judgment is hereby GRANTED in favor of States' counsel

dismissing each of the following claims with prejudice:

| | |
|---|---|
| Fuel Mart Corp. | Claim No. 102946 |
| Helen D. Born | Claim No. 102950 |
| Donna C. Livingston | Claim No. 103123 |
| Donna C. Livingston | Claim No. 103124 |
| Shirley W. White | Claim No. 103713 |
| Kim H. Johnson | Claim No. 103763 |
| Betty M. Johnson | Claim No. 103764 |

---

[11] *See* October 23, 2007 Hearing Transcript, p. 55-58.

CASE NO.:  91-0986-CIV-GOLD

| | |
|---|---|
| Kenneth L. Arnold | Claim No. 104019 |
| Tommy W. Tumis | Claim No. 104107 |
| Sheppards Country Corner, Inc. | Claim No. 104177 |
| M. L. Hand Handco, Inc. | Claim No. 104250 |
| Abdulbasef Taha | Claim No. 104342 |
| James Larry Bland | Claim No. 104519 |
| Delma D. Hines | Claim No. 104673 |
| Stallings Brothers, Inc. | Claim No. 104778 |
| Ray F. Jacobs | Claim No. 104825 |
| James Abbs | Claim No. 104847 |
| Barbara E. Martin | Claim No. 104894 |
| Henry S. Cary | Claim No. 105014 |
| Thelma Alexander Phillips | Claim No. 105015 |
| Carl McGee | Claim No. 105060 |
| Henry Schumacher, Jr. | Claim No. 105065 |
| Mark A. Rosler | Claim No. 105072 |
| Haig Choolagain | Claim No. 105073 |
| Estate of Carl M. Felber | Claim No. 105126 |
| James S. Tittle | Claim No. 105327 |
| Myrtle Bryant | Claim No. 105512 |
| John Strickland, Sr. | Claim No. 105547 |
| E.A.D.F.M., Inc. | Claim No. 1000551 |
| Belford Tire Center, Inc. | Claim No. 1000765 |
| Dale W. Britton | Claim No. 1003626 |
| Charles W. Boyd | Claim No. 1003786 |
| Star Lassiter | Claim No. 1003984 |
| James W. Jacobs | Claim No. 1004188 |
| Thomas Stewart | Claim No. 1004205 |
| Richard Bros. Exxon | Claim No. 1004319 |
| Stanley Pangas | Claim No. 1005242 |
| James Begley | Claim No. 1005296 |
| Hal A. & Patsy Johnson | Claim No. 1005648 |
| John William Cooling | Claim No. 1006378 |
| Honore S. Haydel, Sr. | Claim No. 1009444 |
| Lamar Franklin Crowder | Claim No. 1011321 |
| Dennis Nicely | Claim No. 1011388 |
| Jackson Oil Company, Inc. | Claim No. 1023155 |
| Paul D. Hess, Sr. | Claim No. 1024435 |
| Lundy E. Cavender | Claim No. 1024722 |

CASE NO.: 91-0986-CIV-GOLD

2.    Having considered States' counsel's motion and having determined that the following claimants have not responded in any way to States' counsel's motion, despite the diligent efforts of Class counsel set forth above, summary judgment is hereby GRANTED in favor of States' counsel dismissing each of the following claims with prejudice:

| | |
|---|---|
| Raymond Hollas | Claim No. 102747 |
| Bettie Jean Crow | Claim No. 102790 |
| Thomas M. Meehan | Claim No. 102813 |
| Mollie A. Branch | Claim No. 102846 |
| Robert Nell Taylor | Claim No. 102906 |
| Larry W. Smith & Joe W. Thompson | Claim No. 102932 |
| Billy Jefferson Williamson, Jr. | Claim No. 102944 |
| Donald Almy Chase III | Claim No. 102990 |
| Stewart E. Carter | Claim No. 102993 |
| Ronald W. and Linda A. Scott | Claim No. 102996 |
| Juan G. Muniz | Claim No. 103056 |
| Wayne Kleppelid | Claim No. 103085 |
| Cumbee's Grocery | Claim No. 103094 |
| Michael & Debbie Abshur | Claim No. 103134 |
| Kreutzer Brothers Oil Co. | Claim No. 103165 |
| George R. & Sarah Rocks | Claim No. 103247 |
| Dorothy D. Cline | Claim No. 103329 |
| Fowler Oil Co., Inc. | Claim No. 103340 |
| Delores J. Spencer | Claim No. 103372 |
| Shirley Wilson | Claim No. 103395 |
| Lum Oil Co., Inc. | Claim No. 103424 |
| Raymond Delane Pierce | Claim No. 103492 |
| Winifred M. Page | Claim No. 103514 |
| Twin Roads Foodmart | Claim No. 103581 |
| Bill Sherek | Claim No. 103596 |
| Marie M. Marenco | Claim No. 103668 |
| Roy D. Finch | Claim No. 103994 |
| Rashpal Singh Dosanjh | Claim No. 104059 |
| Adnan H. Ignais | Claim No. 104110 |
| Joseph J. Karyok | Claim No. 104176 |
| Louise White | Claim No. 104493 |
| Dwayne Doxen | Claim No. 104503 |

CASE NO.:  91-0986-CIV-GOLD

| | |
|---|---|
| Joseph T. Merrell | Claim No. 104546 |
| Michael P. Lorenzo | Claim No. 104550 |
| Arthur G. Hill | Claim No. 104551 |
| Delores Bonnett | Claim No. 104552 |
| Sherwood Philips | Claim No. 104560 |
| J. B. McClenny | Claim No. 104570 |
| Martin Eugene Layne | Claim No. 104587 |
| Robert L. Houston | Claim No. 104610 |
| Loretta Asbury | Claim No. 104625 |
| Rick O. Loftice | Claim No. 104632 |
| Reed Nicholson | Claim No. 104663 |
| Juanita F. Riley | Claim No. 104696 |
| Billy J. Philyaw | Claim No. 104715 |
| Hartsfield Mini Mart | Claim No. 104719 |
| Lula Anderson Cooper | Claim No. 104742 |
| Jerry Irwin | Claim No. 104760 |
| Weir Fuel Company, Inc. | Claim No. 104767 |
| Eddie Allen Houston | Claim No. 104783 |
| Mr. Roys | Claim No. 104785 |
| Minnie Etheridge | Claim No. 104789 |
| Clarence Rudolph Debnam | Claim No. 104813 |
| Samuel Ray Brown | Claim No. 104913 |
| Clifford R. Howard | Claim No. 104952 |
| Bob G. Reed | Claim No. 104979 |
| Kenneth R. Collins | Claim No. 104995 |
| Dorothy M. Benson | Claim No. 105019 |
| Richard J. Sonnier | Claim No. 105023 |
| Horton Exxon Stations | Claim No. 105032 |
| Jose Cesar Maldonado | Claim No. 105035 |
| Gary & Denise Clevenger | Claim No. 105045 |
| Sybil Gatlin | Claim No. 105051 |
| Don Wilson, Inc. | Claim No. 105088 |
| Inell Dorea Etheridge | Claim No. 105114 |
| Stephens Exxon | Claim No. 105116 |
| Anita D. Bencomo | Claim No. 105132 |
| Wendell L. Woodruff | Claim No. 105168 |
| Robert Coleman | Claim No. 105220 |
| Leo Ayala | Claim No. 105245 |
| Melvin Drumheller | Claim No. 105252 |
| Phyllis Barbee Tatliff | Claim No. 105253 |
| Richard Hadzima | Claim No. 105277 |
| Otto Black | Claim No. 105345 |

-15-

CASE NO.: 91-0986-CIV-GOLD

| | |
|---|---|
| Betty Thompson | Claim No. 105454 |
| Roes Daniel Ramirez | Claim No. 105455 |
| Sophia Lee Etheridge | Claim No. 105458 |
| William R. Hilton | Claim No. 105658 |
| Talmadge Aaron Keener | Claim No. 105680 |
| Sunrise Food Mart, Inc. | Claim No. 105700 |
| James M. Gullotti | Claim No. 1000223 |
| Conrad Malenfant | Claim No. 1000536 |
| Joe Leon & Rebecca May | Claim No. 1002046 |
| Glackin's Highway Service | Claim No. 1002183 |
| Lula Margaret Yeager | Claim No. 1003731 |
| Johnson & Johnson, Inc. | Claim No. 1004367 |
| Margaret Lovern | Claim No. 1004648 |
| Robert P. Vachio | Claim No. 1005182 |
| Anthony Pizzutto | Claim No. 1005218 |
| Guy Robert Pendleton | Claim No. 1005243 |
| Steve Angelette | Claim No. 1005387 |
| Vincent P. Doucet | Claim No. 1005390 |
| Jack E. Knight | Claim No. 1005422 |
| James F. Copes | Claim No. 1005518 |
| Dewey L. Woodard | Claim No. 1005825 |
| Les W. Inman | Claim No. 1006425 |
| Thomas O. Hunsaker | Claim No. 1007785 |
| Gena Margaret Bussey | Claim No. 1011240 |
| Marvin L. Woolf | Claim No. 1011371 |
| Victor M. Hernandez | Claim No. 1011421 |
| William S. Ward | Claim No. 1018792 |
| A-Doc Oil Company, Inc. | Claim No. 1019459 |

3.    Having considered States' counsel's motion, the Responses filed by John

Weidman & Sons, Inc., Maxine Rosson, Stubs Gas & Oil, Inc., Davis Bros.

Service Station, Inc., JSM Enterprises, Inc., Donnie Ray Robinson, and

Leandrous Mathis, and the testimony of these claimants, the Special Master

finds that these claimants have failed to meet their burden of proof to support

their requests for payment from the Settlement Fund.  Accordingly, judgment

is hereby GRANTED in favor of States' counsel dismissing each of the

-16-

CASE NO.: 91-0986-CIV-GOLD

following claims with prejudice:

| | |
|---|---|
| John Weidman & Sons, Inc. | Claim No. 103110 |
| Maxine Rosson | Claim No. 103499 |
| Stubs Gas & Oil, Inc. | Claim No. 103972 |
| Davis Bros. Service Station, Inc. | Claim No. 104145 |
| JSM Enterprises, Inc. | Claim No. 104374 |
| Donnie Ray Robinson | Claim No. 104857 |
| Leandrous Mathis | Claim No. 105453 |

4.    States' Counsel's Motion for Summary Judgment against Imogene J. Dawson-Gilliland, Claim No. 1004692, is hereby DENIED.  Upon review of the record before the Court, the Special Master believes that this is a valid claim.

5.    States' Counsel's Motion for Summary Judgment against Freddy Randall Haydon, Claim No. 1005899 is hereby DENIED.  Class counsel indicated that this claimant appears to have operated Station No. 62762 sometime during the Class Period as a direct-served dealer.  Class counsel also indicated that a Reply would be filed in support on this claim. States' counsel is permitted to renew its motion for summary against this claimant upon review of the Reply and relevant documentation.

6.    States' Counsel's Motion for Summary Judgment against Calvin Guidry, Claim No. 1005397 is hereby DENIED.  Class counsel indicated that this claimant has submitted materials that may demonstrate that he operated a direct-served station sometime during the Class Period.  Class counsel also indicated that a Reply would be filed in support on this claim. States' counsel

CASE NO.:  91-0986-CIV-GOLD

is permitted to renew its motion for summary against this claimant upon

review of the Reply and relevant documentation.

**DONE AND ORDERED** this ___9th___ day of April, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group

-18-