IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING NON-RESPONSIVE CLAIMANTS INCLUDED IN NOTICE N6

This cause is before the Special Master pursuant to Class counsel's Notice of Filing Sixth List of Non-Responsive Claimants **[D.E. 4609]**, numerous Orders to Show Cause entered by the Special Master **[D.E. 4618 - 4662]**, and Class counsel's Response to Orders to Show Cause on Behalf of Certain N6 Claimants **[D.E. 4793]**.

On July 12, 2007, the Special Master issued his Sua Sponte Order on Non-Responsive Claimants [D.E. 3997]. In that Order, the Special Master required Class counsel to periodically provide the Court with a list of claimants who have been continually non-responsive to Class counsel's efforts to process their respective claims. After reviewing Class counsel's sixth list of non-responsive claimants (N6), the Special Master entered forty-three (43) Orders to Show Cause requiring these non-responsive claimants to demonstrate why their respective claims should not be dismissed with prejudice for failing to cooperate

-2-

with Class counsel and failing to substantiate an interest in a direct-served Exxon station during the Class Period. Class counsel has now filed a Response on behalf of ten claims. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed the Responses filed by Class counsel on behalf of Claim Nos. 1799, 104412, 3887, 3890, 103451, 105167, 102655, 1016536, and 1412. Based on these claimants' renewed cooperation and participation in the claims process, the Special Master does not believe that these claims should be dismissed at this time. Accordingly, Class counsel is permitted to advance the following claims in the claims process:

   | | |
   |---|---|
   | Wilma Hockaday | Claim No. 1799 |
   | D.M.B. Service Stations, Inc. | Claim No. 104412 |
   | Marianne J. Palmadesso | Claim No. 3887 |
   | Marion Palmadesso | Claim No. 3890 |
   | David Thornton Stafford | Claim No. 103451 |
   | Walid Hermiz | Claim No. 105167 |
   | Benito V. Dy | Claim No. 102655 |
   | John H. Woodfin | Claim No. 1016536 |
   | Lawrence Suldon, Jr. | Claim No. 1412 |

2. The Special Master acknowledges that the following claimant has withdrawn its claim from the Claims Administration Process:

   | | |
   |---|---|
   | Manix Enterprises Corporation | Claim No. 3871 |

   Accordingly, the Claims Administrator shall make the appropriate notation to this claimant's file.

3. The Special Master agrees with Class counsel's position that the claims of non-responsive, conflicting claimants should be dismissed with prejudice so

as to allow the remaining claims to move forward to payment.[1] See D.E. 4106. Accordingly, the following claims of non-responsive, conflicting claimants are hereby dismissed with prejudice:

| | |
|---|---|
| Ellisburg Circle Investments, Inc. | Claim No. 4624 |
| Ellisburg Circle Investments, Inc. | Claim No. 3784 |
| Dennis M. Bozard | Claim No. 103594 |
| JJ Gouge & Son Oil Co. | Claim No. 6254 |
| Grace Hazboun | Claim No. 105406 |
| Frieda Andrews | Claim No. 4526 |

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants. The Claims Administrator is directed to treat the Special Master's Order as an Order Denying Claims with respect to these claims.

4. The Special Master also agrees with Class counsel's position that the claims of non-responsive, non-conflicting claimants should be dismissed without prejudice so as to allow these claimants an opportunity to seek a recovery against their respective State governments pursuant to the State's unclaimed property laws after the Court-supervised claims administrative process is completed. See D.E. 4106. Accordingly, the following claims of non-responsive, non-conflicting claimants are hereby dismissed without prejudice:

| | |
|---|---|
| Joshua Jackson, Sr. | Claim No. 3363 |
| Arcelio A. Ramirez | Claim No. 100874 |
| Teddy Joe Doss | Claim No. 919 |
| O'Kelly Tire and Automotive, Inc. | Claim No. 4798 |
| James Morgan, Jr. | Claim No. 5881 |

---

[1] The alternative would require considerable judicial and Fund resources to be spent in resolving these disputes. The principles of equity that govern this claims process simply do not dictate such a result, especially given the non-responsiveness of these claimants.

| Claimant | Claim No. |
|---|---|
| Edwin Lee Morgan | Claim No. 5880 |
| Michil Salameh Imdanat | Claim No. 102898 |
| Vincent L. Cantley | Claim No. 4378 |
| Sung, Inc. | Claim No. 2928 |
| Frances Dell Hill Clements | Claim No. 4208 |
| Frances Dell Clements | Claim No. 1008814 |
| David Gould | Claim No. 102551 |
| Kamal F. Saleeb | Claim No. 2187 |
| Pan Do Kim | Claim No. 5747 |
| Pan Do Kim | Claim No. 5749 |
| Pan Do Kim | Claim No. 5708 |
| Pan Do Kim | Claim No. 5709 |
| Pan Do Kim | Claim No. 5723 |
| Pan Do Kim | Claim No. 5724 |
| Pan Do Kim | Claim No. 5727 |
| Pan Do Kim | Claim No. 5738 |
| Seyed Sadeghi | Claim No. 4351 |
| Seyed Sadeghi | Claim No. 3896 |
| Daryl Singleton | Claim No. 1896 |
| Jerry Wren | Claim No. 3777 |
| James P. Reeser | Claim No. 3705 |
| Jae Yoon | Claim No. 2064 |

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants.

**DONE AND ORDERED** at Miami, Florida this ___ day of April, 2008.[2]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

---

[2] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.