In The United States District Court
Southern District of Florida
NO: 91-0986-Civ-Gold/Simonton
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., : <br><br> Plaintiffs, : <br><br> v. : <br><br> EXXON CORPORATION, : <br><br> Defendant. : | |
| RUSSELL A CLINE, : <br><br> Plaintiff, : <br><br> v. : <br><br> THE GARDEN CITY GROUP, INC. : <br><br> Defendant. : | CONSOLIDATED WITH <br> Case No. 05-21338-CIV-GOLD/SIMONTON |

### ORDER GRANTING STATES' COUNSEL'S EIGHTH MOTION FOR SUMMARY JUDGMENT DISMISSING EIGHTY-TWO CLAIMS WITH PREJUDICE

This matter having come before the Court upon States' Counsel's Eighth Motion for Summary Judgment Dismissing Eighty-Two, and the Special Master having reviewed the papers filed by States' Counsel in support of its motion, Class Counsel's Amended response to States' Counsel's Eighth Motion for Summary Judgment, the claim papers filed on behalf of Hubert Knotts (Claim No. 2670), the Estate of Donnie G. Lilie (Claim No. 110257), Robbins Oil Company (Claim No. 5830), and James H. Lynn (Claim No. 100413) in opposition to States'

Counsel's motion, and States' Counsel Replies to the filed oppositions, and States' Counsel having withdrawn the claim of James H. Lynn (Claim No. 100413) from the motion, and the Special Master having provided all claimants of notice of the date of the hearing to consider States' Counsel's motion, and the Special Master having conducted a hearing on June 20, 2008, and having considered the arguments of counsel, and for other good cause show, it is hereby

ORDERED and ADJUDGED as follows:

1. Upon receipt of States' Counsel's motion for summary judgment, Class Counsel undertook extensive efforts to contact each affected claimant, including through telephone calls and letters. Class Counsel explained to each claimant the nature of the relief sought by States' Counsel and the arguments supporting States' Counsel's motion. Class Counsel offered to assist each claimant in drafting a response to States' Counsel's motion. In response to Class Counsel's inquiries, certain claimants withdrew their claims, other claimants did not respond, and four claimants filed substantive oppositions to States' Counsel's motion.

2. Having been advised that the following claimants have withdrawn their claims, summary judgment is hereby granted dismissing the following claims with prejudice:

| Claim No. | Claimant Name |
|---|---|
| 1894 | Glen Ray Spahr |
| 2036 | Joseph P. Bruno |
| 2301 | Robert Schneider |
| 2484 | Russell W. Everett |
| 2491 | Jasmine Corp. t/a Forest Hill Exxon |
| 2882 | Geraldine Long |
| 2912 | Fred Pucci |
| 2913 | Fred Pucci |
| 2914 | Fred Pucci |
| 3108 | Galon Snyder |
| 3109 | Eugene Snyder |
| 3168 | Monmouth Heights |
| 3367 | Alfina Basile |
| 3513 | Curtis Graves |
| 3756 | Russell W. Everett |

| 3792 | Xenon/Persits |
|---|---|
| 4234 | Frances Sebera |
| 4397 | Super Gasoline, Inc. |
| 4797 | Nancy Sue Elliot |
| 4868 | Julian Post |
| 5607 | Kunar & Assoc. |
| 5725 | Laurence Chantrey |
| 5854 | Roy Tan McGinty |
| 6327 | Wayne Carter Oil |
| 6416 | Calvin Curtis Jones |
| 6482 | Genie Car Wash, Inc. |
| 6678 | Harmon D. Arrowood |
| 1003731 | Lula M. Yeager |
| 1007228 | Norman Jannelle |
| 1019592 | Gull Industries |

3. Having reviewed the record and having determined that the following claimants have not responded in any way to States' Counsel's motion, despite the diligent efforts of Class Counsel set forth above in paragraph 1, summary judgment is hereby granted dismissing the following claims with prejudice:

| Claim No. | Claimant Name |
|---|---|
| 910 | Richard Powell |
| 1178 | William C. Cox |
| 1207 | Robert Lockett |
| 1884 | Earl Barefoot |
| 2125 | Larry Logan |
| 3047 | Tercel Enterprises / Leah Markowitz |
| 3216 | Alec Bobotas |
| 3356 | James Stirling III |
| 3894 | Ruth Beal |
| 3922 | Thomas Conrad |
| 3980 | Luther Masterson |
| 4070 | Fran Ventura |
| 4201 | Nadine Langer |
| 4236 | Bernard Smith |
| 4620 | Auto Tech |
| 4626 | James Ulicny |
| 4721 | James Quad |
| 4740 | Ben and Barbara Forester |
| 4763 | Warren Corne |
| 4802 | Robert Chapman |

| | |
|---|---|
| 4832 | Brice Gerik |
| 4859 | Mikel Bowers |
| 4860 | Ronald Bowers |
| 4861 | Mikel Bowers |
| 4862 | Ronald Bowers |
| 4908 | James Hughes Jenkins |
| 4940 | Davis Inc. d/b/a Rio Grande & 140 |
| 5610 | Seven Seas Marina |
| 5754 | Arnold Cantu |
| 5872 | Janet Hornbeck |
| 6204 | Lutfi Shehadeh |
| 6263 | Pari Enterprises / Shadco Enterprises |
| 6345 | John Henry Crosby |
| 6383 | Robert Chapman |
| 6398 | Wilbur Fannin |
| 101913 | Charles Boggan |
| 102532 | United El Segundo / Ron Appel |
| 104096 | Robert Sadler / Sadler Oil |
| 104181 | Gerald Kanyok |
| 104597 | Smith's Car Care |
| 104640 | Brownfiel Oil Co. Inc. |
| 104717 | Dorothy Higgins |
| 1002571 | Garland Alston |
| 1005102 | George Barger |
| 1018086 | William Chura |
| 1021420 | John Rohr |
| 1027480 | Watch Hill Boat Yard |
| 1027755 | Peter Muscarella |

4. Having reviewed the oppositions filed Hubert Knotts (Claim No. 2670) and by the Estate of Donald G. Lilie (Claim No. 100257), the Special Master finds that there are no genuine issues of material fact which preclude the entry of summary judgment dismissing these claims with prejudice. In particular, the Exxon dealers who are members of this class action, and who are entitled to recover from the limited settlement fund, are Exxon direct served dealers who purchased motor fuel from Exxon during the period March 1983 through August 1994. A direct served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel.

5. The record shows that Hubert Knotts and Donald G. Lilie did not have agreements with Exxon for the purchase of motor fuel and were, in fact, served by distributors who, in turn, purchased motor fuel from someone else. Neither distributor served dealers (such as Hubert Knotts and Donald G. Lilie), or distributors themselves, fall within the class definition of Exxon "direct served dealers" who purchased motor fuel directly from Exxon. Consequently, there are no genuine issues of material fact precluding the entry of summary judgment in favor States' Counsel dismissing Claim 2670 (Hubert Knotts), and Claim No. 100257 (Estate of Donald G. Lilie).

6. Having reviewed the oppositions filed Robbins Oil Company (Claim No. 5830), the Special Master finds that there are no genuine issues of material fact which preclude the entry of summary judgment dismissing these claims with prejudice. In particular, the Exxon dealers who are members of this class action, and who are entitled to recover from the limited settlement fund, are Exxon direct served dealers who purchased motor fuel from Exxon during the period March 1983 through August 1994. A direct served dealer is a dealer who had a direct-served or retail sales agreement directly with Exxon for the purchase of motor fuel.

7. The records shows that Robbins Oil Company does not claim to have been a direct served dealer itself. The records further shows that during the period of this claim, the dealer was Harold W. Cockrell. Although Exxon concedes that Mr. Cockrell was a direct served dealer, the record merely support the assertion that Robbins Oil Company purchased from Mr. Cockrell only the real property on which the station was locate and certain designated equipment located at the station. Consequently, there are no genuine issues of material fact precluding the entry of summary judgment in favor of States' Counsel dismissing Claim No. 5830 (Robbins Oil Company).

DONE AND ORDERED this 23 day of June, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

*order on 82 CA 6/23/08*