IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,       )
                                         )
            Plaintiffs,                  )
                                         )
v.                                       )
                                         )
EXXON CORPORATION,                       )
                                         )
            Defendant.                   )
_____)
                                         )
RUSSELL A. CLINE,                        )
                                         )          CONSOLIDATED WITH
            Plaintiff,                   )          CASE NO.: 05-21338-CIV-GOLD /
                                         )          SIMONTON
vs.                                      )
                                         )
THE GARDEN CITY GROUP, INC.,             )
                                         )
            Defendant.                   )
_____)

## AMENDED ORDER REGARDING NON-RESPONSIVE CLAIMANTS INCLUDED IN NOTICE N9

This cause is before the Special Master pursuant to Class counsel's Notice of Filing Ninth List of Non-Responsive Claimants **[D.E. 4934]**, numerous Orders to Show Cause entered by the Special Master **[D.E. 4937 - 4979, 4981]**, and Class counsel's Response to Orders to Show Cause on Behalf of Certain N9 Claimants **[D.E. 5081]**.

On July 12, 2007, the Special Master issued his Sua Sponte Order on Non-Responsive Claimants [D.E. 3997]. In that Order, the Special Master required Class counsel to periodically provide the Court with a list of claimants who have been continually non-responsive to Class counsel's efforts to process their respective claims. After reviewing

Class counsel's ninth list of non-responsive claimants (N9), the Special Master entered forty-four (44) Orders to Show Cause requiring these non-responsive claimants to demonstrate why their respective claims should not be dismissed with prejudice, or without prejudice as the case may be, for failing to cooperate with Class counsel and failing to substantiate an interest in a direct-served Exxon station during the Class Period. Class counsel has now filed a Response on behalf of eleven (11) claims, and ten (10) claimants. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1.     The Special Master has reviewed the Responses filed by Class counsel on behalf of Claim Nos. 687A, 687B, 1788, 3135B, 3865, 101036, 105410, 1021247, 1018081, and 1018282. Based on these claimants' renewed cooperation and participation in the claims process, the Special Master does not believe that these claims should be dismissed at this time. Accordingly, Class counsel is permitted to advance the following claims in the claims process:

| | |
|---|---|
| Charles Kennedy | Claim No. 687A |
| Charles Kennedy | Claim No. 687B |
| Patricia A. Bingham | Claim No. 1788 |
| EMD, Inc. | Claim No. 3135B |
| Mostafa Sarkhosh | Claim No. 3865 |
| Tidewater Enterprises, Inc. | Claim No. 101036 |
| Michael M. Michalec | Claim No. 105410 |
| Ahmad Heidary | Claim No. 1021247 |
| Marvin Glenn Duke, Sr.[1] | Claim No. 1018081 |

---

[1]This claimant's name was amended to reflect the proper spelling of the middle name "Glenn."

Marvin Jordan Duke                              Claim No. 1018282[2]

2.      The Special Master acknowledges that the following claimants have withdrawn

their claims from the Claims Administration Process:

William R. Hart                                  Claim No. 3249

Accordingly, the Claims Administrator shall make the appropriate notations to

these claimants' files.

3.      The Special Master agrees with Class counsel's position that the claims of

non-responsive, conflicting claimants should be dismissed with prejudice so

as to allow the remaining claims to move forward to payment.[3] *See* D.E. 4934.

Accordingly, the following claims of non-responsive, conflicting claimants are

hereby dismissed with prejudice:

| | |
|---|---|
| Soon K. Kim | Claim No. 5748 |
| Cecil J. Wright | Claim No. 2994 |
| Tom Terry Enterprises, Inc. | Claim No. 5852 |
| Tom Terry Enterprises, Inc. | Claim No. 5822 |

The Garden City Group, Inc. is hereby ordered to make the appropriate

updates to these claim files and shall distribute the Special Master's Order to

the above referenced claimants. The Claims Administrator is directed to treat

the Special Master's Order as an Order Denying Claims with respect to these

claims.

4.      The Special Master also agrees with Class counsel's position that the claims

---

[2]This was Amended from the original order to reflect the proper claim number
1018282, instead of 1018082.

[3] The alternative would require considerable judicial and Fund resources to be spent
in resolving these disputes. The principles of equity that govern this claims process simply
do not dictate such a result, especially given the non-responsiveness of these claimants.

of non-responsive, non-conflicting claimants should be dismissed without prejudice so as to allow these claimants an opportunity to seek a recovery against their respective State governments pursuant to the State's unclaimed property laws after the Court-supervised claims administrative process is completed.   *See* D.E. 4934.   Accordingly, the following claims of non-responsive, non-conflicting claimants are hereby dismissed without prejudice:

| | |
|---|---|
| Hubert Silva, Sr. | Claim No. 103420 |
| Sarah E. Harbold | Claim No. 3942 |
| Charles Harbold Service Center, Inc. | Claim No. 3943 |
| Betty J. Lutz | Claim No. 1017980 |
| Harry D. Lutz | Claim No. 1019152 |
| PJM Automotive Corp. | Claim No. 5594 |
| August F. DeLuca, Jr. | Claim No. 4582 |
| Frank C. DeLuca | Claim No. 4583 |
| Alma B. Pollard | Claim No. 2835 |
| Daljit S. Behl | Claim No. 4775 |
| P&L Investments, Inc. | Claim No. 3350 |
| John Torre | Claim No. 2458 |
| Adolph Gutkaiss | Claim No. 2271 |
| Steven A. Samuels | Claim No. 2676 |
| Neall Johnson | Claim No. 1786 |
| Frank Iglesias | Claim No. 4134 |
| Deeb E. Homsi Sr. /<br>    Gladys H. Homsi | Claim No. 5651 |
| Daniel J. Walsh | Claim No. 1027941 |
| Marion W. Hart | Claim No. 5726 |
| Estate of Harvey Thomas Gupton, Jr.[4] | Claim No. 1006 |
| Elaine Janet Peters | Claim No. 4275 |
| Verda A. Hattaway | Claim No. 3071 |
| Melvin L. Hill | Claim No. 3697 |
| Iva Bateman | Claim No. 102131 |
| Letha Miles | Claim No. 3917 |
| Donald Arlie Bryeans | Claim No. 105186 |
| David W. Sargent | Claim No. 4427 |
| George Rabadi | Claim No. 1020946 |

---

[4]This claimant's name was amended to include the full middle name "Thomas."

Neda Asghari Carpio[5]                    Claim No. 6621

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants.

**DONE AND ORDERED** at Miami, Florida this 31 day of June, 2008.[6]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of records

_____

[5]This claimant's name was incorrectly listed as Neda Asghari Corp. in the original Order, and is hereby amended to reflect to correct name.

[6] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order.  Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.