IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALLAPATTAH SERVICES, INC., )   CASE NO. 91-0986-CIV-GOLD/SIMONTON
)
Plaintiffs, )
) FOR CONSIDERATION BY
vs. ) SPECIAL MASTER THOMAS E. SCOTT
)
EXXON CORPORATION, )
)
Defendant. )

## ORDER GRANTING CLASS COUNSEL'S MOTION FOR ADJUDICATION OF DISPUTED CLAIMS (MOTION D1)

THIS CAUSE is before the Special Master pursuant to Class Counsel's First Motion for Adjudication of Disputed Claims **[D.E. 4142]**, Class Counsel's Amended First and Second Motion for Adjudication of Disputed Claims **[D.E. 4362]**, the District Court's Order of Reference **[D.E. 4153]**, Memorandum in Support of Claim 4547 **[D.E. 4418]**, Memorandum in Support of Claim 100544B **[D.E. 4419]**, Memorandum in Support of Claim 1000909 **[D.E. 4421]**, Memorandum in Support of Claim 1006218 **[D.E. 4422]**, Memorandum in Support of Claim 1021412 **[D.E. 4423]**, Memorandum in Support of Claim 2062B **[D.E. 4424]**, Memorandum in Support of Claim 1022261, 5869A & B and 6272 **[D.E. 4425]**, Memorandum in Support of Claim 3098 **[D.E. 4426]**, Memorandum in Support of Claim 101863B **[D.E. 4427]**, Memorandum in Support of Claim 1029033 **[D.E. 4428]**, Memorandum in Support of Claim 103730B **[D.E. 4429]**, Memorandum in Support of Claim 58 and 1949 **[D.E. 4430]**, Memorandum in Support of Claim 1015698 **[D.E. 4431]**, Amended Memorandum in Support of Claim 2062B **[D.E. 4439]**, Amended Memorandum in Support of Claim 4547 **[D.E. 4440]**, Amended Memorandum in Support

of Claim 100544B **[D.E. 4441]**, Amended Memorandum in Support of Claim 58 and 1949 **[D.E. 4442]**, Amended Memorandum in Support of Claim 1022261, 5869A&B and 6272 **[D.E. 4443]**, Amended Memorandum in Support of Claim 1021412 **[D.E. 4444]**, Amended Memorandum in Support of Claim 1006218 **[D.E. 4445]**, Amended Memorandum in Support of Claim 1000909 **[D.E. 4447]**, Memorandum in Opposition to Claim 100544B (Dispute D1.1) **[D.E. 4478]**, Memorandum in Opposition to Claims #4547 (Dispute D1.3), #1006218 (Dispute D1.4), #1000909 (Dispute D1.5), #1022261, #5869A, #5869B, #6272 (Dispute D1.6) **[D.E. 4479]**, Memorandum in Opposition to Claim #3098 (Dispute D1.8) **[D.E. 4481]**, Memorandum in Opposition to Claim #2062B (Dispute D1.9) **[D.E. 4482]**, Memorandum in Opposition to Claim 1018790 (Dispute D1.10) **[D.E. 4483]**, Memorandum in Opposition to Claim 103872 (Dispute D1.11) **[D.E. 4484]**, Memorandum in Opposition to Claim 103730B (Dispute D1.12) **[D.E. 4485]**, Memorandum in Opposition to Claim 1029033 (Dispute D1.13) **[D.E. 4486]**, Memorandum in Opposition to Claim 1015698 (Dispute D1.14) **[D.E. 4763]**, Memorandum in Opposition to Claim 101863B **[D.E. 4488]**, Corrected Memorandum in Opposition to Claim #1021412 (Dispute D1.2) **[D.E. 4489]**, Memorandum in Opposition to Claims #1949 and 58 (Dispute D1.7) **[D.E. 4490]**, Notice of Status of D1 Claims **[D.E. 4503]**, Notice of Withdrawal of Motions D1.12, D1.13, D1.14 and D1.15 **[D.E. 4504]**, Reply in Support of Claim 100544B (Dispute D1.1) **[D.E. 4505]**, Reply in Support of Claim 1021412 (Dispute D1.2) **[D.E. 4506]**, Reply in Support of Claims 58 and 1949 (Dispute D1.7) **[D.E. 4507]**, Reply in Support of Claim 3098 (Dispute D1.8) **[D.E. 4508]**, Reply in Support of Claim 2062B (Dispute D1.9) **[D.E. 4509]** and States' Counsel's Sur-reply to Class Counsel's Reply in Support of Claims 4547 (D1.3), 1006218 (D1.4), 1000909 (D1.5) and 10222261, 5869A, 5869B, 6272 (D1.6) **[D.E. 4582-1]**.

Class Counsel's First Motion for Adjudication of Disputed Claims (Motion D1) sought adjudication of 19 claims presenting one or more issues of fact or law rendering the claims unsuitable for adjudication on summary judgment. In its responses, States' Counsel stated no opposition to four of the claims subject to the claimant's corporate reinstatement. As a result, Class Counsel withdrew claims 103730B (D1.12), 1029033 (D1.13), 1015698 (D1.14) and 101863B (D1.15) from Motion D1.[1]

At the direction of the Special Master, Class Counsel notified the remaining claimants as to which would be represented by Class Counsel and which would need to proceed independently because of a legal or ethical prohibition on Class Counsel's representation. These classifications were presented to the Special Master in Class Counsel's Amended First and Second Motion for Adjudication of Disputed Claims [D.E. 4362].

Motion D1 was heard by the Special Master on February 20, 2008. All of the affected claimants were provided notice of the hearing, and all were represented by Class Counsel, appeared by telephone on their own behalf, or were represented by counsel they had privately retained.

After the hearing, the Special Master was advised that nine of the disputed claims had been resolved by agreement of the parties,[2] leaving a total of six (6) claims remaining for adjudication.

Upon consideration of the motions and memorandums filed by Class Counsel and the affected class members, the oppositions filed by States' Counsel, the record before the Court, and the testimony and argument presented at the hearing, it is hereby

---

[1] See Notice of Status of D1 Claims [D.E. 4503].
[2] The claims that were resolved are 4547 (D1.3), 1006218 (D1.4), 1000909 (D1.5), 1022261, 5869A, 5869B and 6272 (D.1.6) and 1949 and 58 (D1.7).

3

ORDERED AND ADJUDGED as follows:

1. The claim of Barber's Auto Service (D1.1), Claim No. 100544B, is ALLOWED. This claim may be advanced in the name of the corporation, Barber's Auto Service, Inc. Class Counsel is directed to include this claim in a motion for summary judgment.

2. The claim of Michael Koshkarian (D1.2), Claim No. 1021412, is ALLOWED. Based on the evidence before the Special Master, the correct social security number has been provided by the claimant. Class Counsel is directed to include this claim in a motion for summary judgment.

3. The claim of Able Automotive, Inc. (D1.8), Claim No. 3098, is ALLOWED. The corporation's post-dissolution purchases of motor fuel were made pursuant to a pre-dissolution Sales Agreement, and thus constituted permissible wind-up activities under Arizona law. Class Counsel is directed to include this claim in a motion for summary judgment.

4. The claim of Americus Reed (D1.9), Claim No. 2062B, is ALLOWED. The Special Master finds that because The Enterprises Company was not a legal entity, the contract is enforceable by Mr. Reed under Georgia law. Class Counsel is directed to include this claim in a motion for summary judgment.

5. The claim of the Estate of Brian Cashman (D1.10), Claim No. 1018790, is ALLOWED. Pursuant to Federal Rules of Civil Procedure 15 and 17, the dealer and claimant names may be amended to the correct real party in interest, as set forth on the Reply in support of this claim. Class Counsel is directed to include this claim in a motion for summary judgment.

6.   The claim of Williston Centre Auto Care, Inc. (D1.11), Claim No. 103872, is ALLOWED. The documentation establishes that Williston Centre Auto Care, Inc. is the rightful owner of this claim. Class Counsel is directed to include this claim in a motion for summary judgment.

**DONE AND ORDERED** this 14 day of July, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copied furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group