IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALLAPATTAH SERVICES, INC., )   CASE NO. 91-0986-CIV-GOLD/SIMONTON
)
Plaintiffs, )
)   **FOR CONSIDERATION BY**
vs. )   **SPECIAL MASTER THOMAS E. SCOTT**
)
EXXON CORPORATION, )
)
Defendant. )

## ORDER DENYING IN PART AND GRANTING IN PART STATES' COUNSEL'S SEVENTH MOTION FOR SUMMARY JUDGMENT DISMISSING SIX CLAIMS

THIS CAUSE is before the Special Master pursuant to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4266]**, the District Court's Order of Reference **[D.E. 4271]**, Claimant Eog Man Kang's Memorandum of Law in Opposition to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4304]**, Class Counsel's Response to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4376]**, Class Counsel's Amended Response to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4511]**, Reply of States' Counsel to Response of Eog Man Kang, Claim Number 1017844, to Seventh Motion for Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4600]**, Reply of States' Counsel to Response and Amended Response of Dimitrios Bitzios, Claim Number 103851, to Seventh Motion for Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4601]**, Reply of States' Counsel to Response and Amended Response to Lillian M. Holladay, Claim Number 6622, to Seventh Motion for Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4602]**, Claimant Eog Man

Kang's Supplemental Memorandum in Opposition to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4693]**, Reply of States' Counsel to Post-Hearing Submissions Tommy Crump, Claim Number 6623, and of Randy Seiber, Claim Number 6680, on Seventh Motion for Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4698]**, States' Counsel's Reply to Post-Hearing Submission of Eog Man Kang, Claim Number 1017844, on Seventh Motion for Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4763]** and Claimant Eog Man Kang's Surreply Memorandum in Opposition to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4778]**.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the commencement of the claims process, the District Court established August 29, 2004 as the deadline for all Proof of Claim forms to be filed with the Claims Administrator. That deadline was subsequently extended to allow all claims postmarked by December 1, 2004, at which point in excess of 10,000 claims had been filed.

Following this deadline, approximately 130 claims were received by the Claims Administrator. After extensive litigation of the timeliness of these claims, on April 27, 2005, the Special Master issued the Order on Claim Filing Deadlines [D.E. 1915]. The Special Master determined that those claims received after December 15, 2004 and before April 27, 2005 would be allowed only upon a showing of excusable neglect, and those claims filed after April 27, 2005 would not be allowed under any circumstances.

Subsequently, in the Fall of 2005, Class Counsel began negotiations with Exxon Corporation to settle the litigation, and entered into a Settlement Agreement dated December 19, 2005 which resulted in a final payout from Exxon Corporation in satisfaction of all claims. The amount paid by Exxon, $1.075 billion, was established

2

and agreed to in large part based on an estimate of the value of claims on file as of that time. As part of the settlement, Exxon agreed to extend the claims deadline to December 19, 2005 (the date of the Settlement Agreement), affording some claimants who had previously been barred the right to participate in the claims process. After briefing to the Special Master and the District Court and a number of hearings, the settlement was approved by the District Court and went into effect.

In the District Court's Order of Final Approval of Class Settlement Agreement, the Court stated:

> The claims adjudication process will go forward before the Special Master to adjudicate each Proof of Claim that was postmarked on or before December 19, 2005, including those claims that were filed after the claims filing deadline of December 1, 2004 and including those claims that were filed by members of the Class who previously opted out (if they filed claims prior to December 19, 2005).[1]

The District Court further stated:

> Any class member who did not submit a Proof of Claim on or before December 19, 2005 will be able to make a claim directly to the appropriate state government pursuant to the applicable abandoned property statute or law. *Id.* at *6.

Accordingly, the District Court made provision for those class members who did not file a timely claim, and determined that these late claimants would have a remedy against the states but not the right to participate in the Claims Administration Process.

Since the December 19, 2005 deadline, a number of class members who had not filed claims contacted Class Counsel and the Claims Administrator to ask about participating in the lawsuit, and were advised that they were barred from participation in

---

[1] See *Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *5 (S.D. Fla. 2006)

3

the Claims Administration Process but could make a claim against the states at the conclusion of the process to the extent that sufficient funds remained. Seven claimants, however, filed a Proof of Claim postmarked after the December 19, 2005 deadline.

States' Counsel has moved for summary judgment against six of these claimants on the basis that the claims were postmarked after December 19, 2005, and therefore were submitted out of time pursuant to the terms of the Court-approved settlement with Exxon Corporation.[2] Each claimant was provided with a copy of States' Counsel's motion and advised by Class Counsel of their right to file written papers in response.[3] In response to Class Counsel's inquiries and notifications, three claimants filed documentation in support of their claims.

At March 5, 2008 hearing, all six claimants appeared and opposed States' Counsel's motion.[4] Each claimant gave testimony under oath in support of their claims. States' Counsel was permitted to cross-examine each claimant. At the conclusion of the hearing, the Special Master provided additional time for the claimants to make further written submissions in support of their claims. Two of the claimants, Mr. Crump and Mr. Seiber, did so. The Special Master has reviewed these supplemental submissions.

### Lillian M. Holladay, Claim No. 6622

Lillian Holladay's Proof of Claim (which was filed by her now-deceased husband) was executed and notarized on December 14, 2005, five days in advance of the

---

[2] The seventh such claim, Claim Number 103875, was filed on February 26, 2008, after States' Counsel's motion, and thus has not yet been addressed.
[3] Because of Class Counsel's role on behalf of all claimants, and the conflict of interest between these six claimants and the other Class members, Class Counsel advised each claimant that it did not represent them and that the claimant was required to proceed independently or with the assistance of a privately-retained attorney.
[4] Since the hearing, one claimant, Kenneth J. Messer, claim number 1025285, has withdrawn his claim.

4

deadline. The form was postmarked December 20, one day after the deadline. Ms. Holladay testified that she mailed the Proof of Claim on December 19 and because it was late in the day, the clerk at the post-office postmarked the envelope December 20. Based on Ms. Holladay's testimony, and the equitable nature of the claims process, the Special Master finds that Ms. Holladay's claim was timely and hereby denies judgment in favor of States' Counsel with regard to claim number 6622. Class Counsel is permitted to advance this claim upon such time as Ms. Holladay supplies the necessary probate documents.

<u>Tommy Crump, Claim No. 6623</u>

Having considered States' Counsel's motion, the response in opposition to States' Counsel's motion, and the testimony of Tommy Crump, the Special Master finds that Mr. Crump has failed to meet his burden of proof to support his request for payment under claim number 6623. Mr. Crump filed his Proof of Claim on January 13, 2006. He was unable to provide any legal justification to excuse his failure to file his Proof of Claim prior to the December 19, 2005 claims filing deadline (which, as discussed above, was significantly extended from earlier deadlines). Furthermore, to allow this claim may prejudice other similarly-situated class members who will seek to share in the funds remaining at the end of the claims process. Accordingly, the Special Master hereby grants judgment in favor of States' Counsel. This dismissal is without prejudice to Mr. Crump's right to seek payment as appropriate pursuant to the applicable state's unclaimed property law at the conclusion of the claims process. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Crump.

Randy Seiber, Claim No. 6680

Having considered States' Counsel's motion, the response in opposition to States' Counsel's motion, and the testimony of Randy Seiber, the Special Master finds that Mr. Crump has failed to meet his burden of proof to support his request for payment under claim number 6680.  Mr. Seiber filed his Proof of Claim on April 6, 2006.  He was unable to provide any legal justification to excuse his failure to file his Proof of Claim prior to the December 19, 2005 claims filing deadline (which, as discussed above, was significantly extended from earlier deadlines).  Furthermore, to allow this claim may prejudice other similarly-situated class members who will seek to share in the funds remaining at the end of the claims process.  Accordingly, the Special Master hereby grants judgment in favor of States' Counsel.  This dismissal is without prejudice to Mr. Seiber's right to seek payment as appropriate pursuant to the applicable state's unclaimed property law at the conclusion of the claims process.  The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Seiber.

Dimitrios Bitzios, Claim No. 103851

Having considered States' Counsel's motion, the response in opposition to States' Counsel's motion, and the testimony of Dimitrios Bitzios, the Special Master finds that Mr. Bitzios has failed to meet his burden of proof to support his request for payment under claim number 103851.  Mr. Bitzios filed his Proof of Claim on May 1, 2006.  He was unable to provide any legal justification to excuse his failure to file his Proof of Claim prior to the December 19, 2005 claims filing deadline (which, as discussed above, was significantly extended from earlier deadlines).  Furthermore, to allow this claim may prejudice other similarly-situated class members who will seek to

share in the funds remaining at the end of the claims process. Accordingly, the Special Master hereby grants judgment in favor of States' Counsel. This dismissal is without prejudice to Mr. Bitzios's right to seek payment as appropriate pursuant to the applicable state's unclaimed property law at the conclusion of the claims process. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Bitzios.

<u>Eog Man Kang, Claim No. 1017844</u>

Because of the volume of material submitted with regard to Mr. Kang's claim, the Special Master reserves ruling on this claim.

<u>Kenneth J. Messer, Claim No. 1025285</u>

As previously stated, Mr. Messer withdrew this claim after the hearing on States' Counsel's Seventh Motion for Summary Judgment. Accordingly, the Special Master hereby grants judgment in favor of States' Counsel. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Messer.

## CONCLUSION

Upon consideration of States' Counsel Seventh Motion for Summary Judgment and the responses thereto, and having conducted a hearing regarding these issues, it is hereby

ORDERED AND ADJUDGED as follows:

1. Summary judgment on behalf of States' Counsel is hereby DENIED with regard to Claim No. 6623, Lillian M. Holladay. Class Counsel is directed to include Ms. Holladay's claim in a motion for summary judgment upon

such time as she provides paperwork establishing that she has complied with the appropriate state's probate law.

2. Having been advised that the following claimant has withdrawn his claim, summary judgment is hereby GRANTED in favor of States' Counsel on Claim No. 1025285, Kenneth J. Messer.

3. Having considered States' Counsel's motion, the Responses filed by Tommy Crump, Randy Seiber and Dimitrios Bitzios and the testimony of these claimants, the Special Master finds that these claims are untimely and no excusable neglect has been established. Accordingly, judgment is hereby GRANTED in favor of States' Counsel dismissing each of the following claims without prejudice to make claims against the states pursuant to applicable unclaimed property laws:

| | |
|---|---|
| Tommy Crump | Claim No. 6623 |
| Randy Seiber | Claim No. 6680 |
| Dimitrios Bitzios | Claim No. 103851 |

**DONE AND ORDERED** this 14 day of July, 2008.

SPECIAL MASTER THOMAS E. SCOTT

Copied furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group