IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
EXXON CORPORATION,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　)
_____)
　　　　　　　　　　　　　　　　　　　　)
RUSSELL A. CLINE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**CONSOLIDATED WITH**
　　　　Plaintiff,　　　　　　　　　　　)　　**CASE NO.: 05-21338-CIV-GOLD /**
　　　　　　　　　　　　　　　　　　　　)　　**SIMONTON**
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
THE GARDEN CITY GROUP, INC.,　　　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　　　)
_____)

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTES C7.14 and C7.15

This cause is before the Special Master pursuant to Class Counsel's Seventh Motion for Adjudication of Conflicting Claims (Motion C7) **[D.E. 4270]**, and the materials submitted[1] by or on behalf of claimant Estate of Frank Fanelli, Jr. c/o Kathleen Fanelli (Claim No. 1027818A), claimant F F Fanelli Towing, Inc. c/o Kathleen Fanelli (Claim No. 1027818B), claimant Louis G. Fanelli

---

[1] Such materials include the original Reply and the responses and documentation attached to the claimants' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action," as well as materials submitted prior to the scheduled hearing.

(Claim Nos. 105160 and 104339), and "claimant" Frank L. Fanelli.[2]

On June 25, 2008, the Special Master conducted an evidentiary hearing to resolve two unsettled conflicting claimant disputes contained in Class Counsel's C7 Motion. Specifically, the Special Master held a hearing on disputes C7.14 and C7.15.

Both disputes, C7.14 and C7.15, pertain to Station #37124. C7.14 pertains to a claim for the time period of March 1, 1983 to November 1, 1987, and is between The Estate of Frank Fanelli, Jr. c/o Kathleen Fanelli and Louis G. Fanelli. C7.15 pertains to the claim for the time period of November 1, 1987 to October 31, 1991 and is between F F Fanelli Towing, Inc. c/o Kathleen Fanelli and Louis G. Fanelli. With regard to both C7.14 and C7.15, for the first time, at the hearing on June 25, 2008, one Frank L. Fanelli appeared through counsel to assert a 50% interest in the subject claims. However, as noted in footnote 2, *supra*, it does not appear that Frank L. Fanelli has asserted any formal claim with respect to Station #37124, nor has he submitted any material for the Special Master to consider.

With regard to the C7.14 dispute, the Estate of Frank Fanelli, Jr. c/o Kathleen Fanelli was represented by Patricia Harold, Esq. Louis G. Fanelli appeared *pro se*. Frank L. Fanelli was represented by Robert E. Semensohn, Esq. With regard to the C7.15 dispute, F F Fanelli Towing, Inc. c/o Kathleen Fanelli was again represented by Patricia Harold, Esq. Louis G. Fanelli appeared *pro se*. Frank L. Fanelli was represented by Robert E. Semensohn, Esq.

After analyzing the materials submitted by the claimants and their counsel, and having

---

[2]There appears to be no documented claim for Frank L. Fanelli. A review of the database maintained by Garden City Group reveals that Frank L. Fanelli has not formally, or timely, asserted any claim with respect to Station #37124 (the station at issue). Accordingly, there is no claim number associated with Frank L. Fanelli. Nor has Mr. Fanelli submitted any materials (other than an affidavit), prior to or immediately following the June 25, 2008 hearing on these two conflicting claimant disputes (C7.14 and C7.15), for the Special Master to consider.

reviewed the Court file, conducted evidentiary hearings concerning these disputes, and being otherwise fully advised in the premises, the Special Master finds as follows:

With regard to both C7.14 and C7.15, Louis G. Fanelli does not have a cognizable claim. He has produced no documentation to support that he owned or was entitled to any ownership of the station for the period of time from March 1, 1983 to October 31, 1991. Mr. Louis G. Fanelli's written submissions and testimony at the June 25, 2008 hearing relate to the labor and efforts he put into helping the decedent (Frank F. Fanelli) run the station. Mr. Louis G. Fanelli claims that the decent promised him the station. However, there is no documentation to corroborate this assertion. Rather, the Last Will and Testament of the decedent wholly conflicts with the claim by Mr. Louis G. Fanelli, in that the Will states that Kathleen Fanelli is to receive 100% of the decedent's residuary estate. Accordingly, Mr. Louis G. Fanelli's claims (both in C7.14 and C7.15) must fail.

The evidence submitted to the Special Master indicates that the subject service station was corporately owned since 1967, and that for the period of time from March 1, 1983 to November 1, 1987 (C7.14), the decedent owned 100% of the shares in the corporation, and as such the Estate of Frank Fanelli, Jr. is the proper claimant for C7.14. However, with regard to C7.15, for the time period from November 1, 1987 to October 31, 1991, the subject station was owned by F F Fanelli Towing, Inc. *See, Affidavit of Frank Fanelli*, date May 7, 2007. Though no documentary evidence (such as stock certificates, stockholder's agreements, or stock purchase agreements) was submitted by either Kathleen Fanelli or Frank L. Fanelli with regard to the true ownership of F F Fanelli Towing, Inc., the arguments made on behalf of counsel for Kathleen Fanelli and Frank L. Fanelli were that Frank Fanelli, Jr. (the decedent) and Frank L. Fanelli were each 50% shareholders (again relating to the C7.15 claim). As such, Kathleen Fanelli would be a proper 50% claimant, as a result

of her being the 100% residuary beneficiary of Frank F. Fanelli, Jr.'s Will. While it would appear that Frank L. Fanelli would be the other proper 50% claimant, Mr. Fanelli has failed to timely file a formal claim in this Claims Administration Process.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. With regard to C7.14, the Estate of Frank Fanelli, Jr., Claim No. 1027818A, is the rightful claimant, as between the three disputing claimants.

2. With regard to C7.14, the claim of Louis G. Fanelli, Claim No. 105160, is hereby dismissed with prejudice. No proper and timely individual claim has been asserted by Frank L. Fanelli, and Mr. Frank L. Fanelli's "claim" is unable to be dismissed or resolved. With the resolution of this dispute, Class counsel is permitted to advance the claim of Estate of Frank Fanelli, Jr., Claim No. 1027818A, in the Claims Administration Process.

3. With regard to C7.15, F F Fanelli Towing, Inc. Claim No. 1027818B, is the rightful claimant, as between the three disputing claimants.

4. With regard to C7.15, the claim of Louis G. Fanelli, Claim No. 104339, is hereby dismissed with prejudice. No proper and timely individual claim has been asserted by Frank L. Fanelli, and as such, Mr. Frank L. Fanelli's "claim" is unable to be dismissed or resolved. With the resolution of this dispute, Class counsel is permitted to advance the claim of F F Fanelli Towing, Inc. Claim No. 1027818B, in the Claims Administration Process.

3. The Garden City Group is hereby ordered to make the appropriate updates to

the claim files and shall distribute the Special Master's Order to: Louis G. Fanelli, Claim Nos. 105160 and 104339. The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to Louis G. Fanelli, Claim Nos. 105160 and 104339.

**DONE AND ORDERED** in Miami, Florida this 14 day of July, 2008.[3]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[3] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.