IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C7.17

This cause is before the Special Master pursuant to Class Counsel's Seventh Motion for Adjudication of Conflicting Claims (Motion C7) **[D.E. 4270]**, and the materials submitted[1] by or on behalf of claimant Neena H.K. Sandhu (Claim No. 2007), and claimant Pritam Brar (Claim No. 1789).

On June 25, 2008, the Special Master conducted an evidentiary hearing to resolve an unsettled conflicting claimant dispute contained in Class Counsel's C7 Motion. Specifically, the Special Master held a hearing on dispute C7.17. The parties to this dispute were Neena H.K. Sandhu

---

[1] Such materials include the original Reply and the responses and documentation attached to the claimants'' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action."

(Claim No. 2007) and Pritam Brar (Claim No. 1789). Neena H.K. Sandhu was present for the hearing, and her husband, Shavinder Sandhu spoke on her behalf. Neither Pritam Brar, nor anyone on her behalf, appeared for the hearing, despite the Order of the Special Master setting the hearing (*See*, D.E. 4811 and D.E. 4913). Nor has the Special Master received any communication from Ms. Brar to advise that she was unable to attend the hearing for some acceptable reason. Accordingly, the Special Master proceeded with the hearing, and now issues this ruling having received no communication from Ms. Brar explaining her failure to attend the June 25, 2008 hearing.

After analyzing the materials submitted by the claimants, and having reviewed the Court file, conducted evidentiary hearings concerning these disputes, and being otherwise fully advised in the premises, the Special Master finds as follows:

The dealer of record for the time period at issue in these conflicting claims (October 31, 1988 to September 15, 1999) was Bhag Brar. Mr. Brar is now deceased, having passed away on March 12, 1996. Ms. Sandhu asserts that she is the "sole heir" of the Estate of Bhag Brar, and as such is the party entitled to the subject claim. In support, Ms. Sandhu relies upon the "Judgment of Final Distribution on Waiver of Accounting" issued on January 27, 1997 by Judge Barry Parker of the Superior Court of California, Sutter County. Pursuant to this Judgment of Final Distribution, it was found, in pertinent part, as follows:

> The estate consists entirely of the separate property of the decedent
> * * *
> Any other property of the estate not now known or discovered that
> may belong to the estate or in which the decedent or the estate may
> have any interest shall be distributed to NEENA H.K. SANDHU.

Opposing claimant, Pritam Brar, the ex-wife of the decedent Bhag Brar (the couple was divorced in 1994/1995), did not appear for the June 25, 2008 hearing to argue her position. In her

Reply, she admits that she has no proof to substantiate her position. Ms. Brar states, in her Reply, that at the time she and Bhag Brar were running the subject service station, they were married, and as such she is entitled to the claim. The couple was divorced, as reflected by the "Findings and Judgment Pursuant to Stipulation" executed by a Judge of the Superior Court of California on March 7, 1995. The divorce occurred after Bhag Brar and Pritam Brar sold the subject service station. As such the "Findings and Judgment Pursuant to Stipulation" in which the marital assets were divided, did not directly address the subject *Allapattah* claim. However, in the provision entitled "Disposition of After-Acquired Assets," on page 6 of the Findings and Judgment Pursuant to Stipulation, it was stated as follows:

> All assets acquired by either party after the date of separation of the parties will be the separate property of the party acquiring them, and each party disclaims and waives any and all rights and interest in each asset acquired by the other after that date.

Based upon the fact that Bhag Brar was the dealer of record with Exxon for the time period of these claims, in conjunction with above-cited provision resulting from Bhag Brar's and Pritam Brar's divorce, and the Judgment of Final Distribution relating to Bhag Brar's Estate,[2] it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Neena H.K. Sandhu, Claim No. 2007, is the rightful claimant as between these two disputing claimants.

2. The claim of Pritam Brar, Claim No. 1789, is hereby dismissed with prejudice. With the resolution of this dispute, Class counsel is permitted to advance the claim of Neena H.K. Sandhu, Claim No. 2007, in the Claims

---

[2] Notably, Pritam Brar has not asserted, nor produced any documentation to show, that she challenged the findings in the Estate of Bhag Brar and the Judgment which essentially awarded everything to Neena H.K. Sandhu.

Administration Process.

3. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: Pritam Brar, Claim No. 1789. The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to Pritam Brar, Claim No. 1789.

**DONE AND ORDERED** in Miami, Florida this 14 day of July, 2008.[3]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[3] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.