IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C6.19

This cause is before the Special Master pursuant to Class Counsel's Sixth Motion for Adjudication of Conflicting Claims (Motion C6) **[D.E. 4128]**, and the materials submitted[1] by or on behalf of claimant B&M Auto Care, Inc. c/o Mohammed Ibrahim (Claim No. 1014182), and claimant Faris Enterprise, Inc. c/o Joe Faris (Claim No. 3102B).

On June 25, 2008, the Special Master conducted an evidentiary hearing to resolve an unsettled conflicting claimant dispute contained in Class Counsel's C6 Motion. Specifically, the Special Master held a hearing on dispute C6.19. The parties to this dispute were B&M Auto Care,

---

[1] Such materials include the original Reply and the responses and documentation attached to the claimants" respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action."

Inc., c/o Mohammed Ibrahim (Claim No. 1014182), and Faris Enterprise, Inc. c/o Joe Faris (Claim No. 3102B). William Michaelson, Esq., appeared on behalf of Mr. Ibrahim and B&M Auto Care, Inc. Alan Ackerman, Esq. appeared on behalf of Faris Enterprise, Inc. and Mr. Faris.

After analyzing the materials submitted by the claimants and their counsel, and having reviewed the Court file, conducted evidentiary hearings concerning these disputes, and being otherwise fully advised in the premises, the Special Master finds as follows:

B&M Auto Care, Inc., Claim No. 1014182 is the rightful claimant as between these two disputing claimants. The Business Purchase Agreement, dated February 13, 1997, (hereinafter, the "Agreement") controls the ownership of this claim. The Agreement was signed by Mohammed Ibrahim on behalf of B&M Auto Care and by Joseph and Willy Faris. Nowhere within the Agreement do the claimants address the *Allapattah* claim.

The Agreement states, in pertinent part, that the following was transferred from B&M Auto Care to Faris Enterprises:

> Included in the sale will be the Seller's fixtures, equipment, goodwill, trade name, licenses, telephone numbers, lease and all rights under any contracts for vending machines, public telephones or any other rental or use of equipment at the said premises...

*See Agreement, Section 2, pg. 3.*

Claimant Faris Enterprises, Inc. argues that this provision included B&M Auto Care, Inc's licenses with Exxon, and said license carried with it the right to the *Allapattah* claim.

The Special Master disagrees with this argument, and instead agrees with the argument advanced by B&M Auto Care, Inc. which is that subject claim is a refund that was owed to B&M Auto Care, Inc. by Exxon pursuant to Exxon's Discount for Cash Program, which monies was never

refunded by Exxon. Importantly, in that regard, the Agreement provided for B&M Auto Care, Inc. to retain its accounts receivable. Specifically, the Agreement states as follows:

> Not included in the purchase price provided in paragraph 6 hereof, are all Seller's accounts receivable. Seller shall collect these accounts receivable itself, and the dollar value of these accounts receivable shall be the sole property of the Seller.

*See Agreement, Section 3, pg. 3.*

The Special Master finds that the award in this matter would amount to a refund to the direct-served Exxon dealer for motor fuel sold to customers of the station, as part of the Exxon Discount for Cash Program–funds which were expected to be paid and were receivable by the direct-served dealer. Accordingly, the direct-served dealer, here B&M Auto Care, Inc., could and did properly classify the expected Exxon refunds as accounts receivable. Based upon the foregoing, the Special Master finds that the accounts receivable were specifically reserved to B&M Auto Care, Inc. as part of the Agreement, and the Agreement contains no reference to the *Allapattah* claim.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. B&M Auto Care, Inc., Claim No. 1014182 is the rightful claimant as between these two disputing claimants.

2. The claim of Faris Enterprises, Inc., Claim No. 3102B, is hereby dismissed with prejudice. With the resolution of this dispute, Class counsel is permitted to advance the claim of B&M Auto Care, Inc., Claim No. 1014182, in the Claims Administration Process.

3. The Garden City Group is hereby ordered to make the appropriate updates to

the claim files and shall distribute the Special Master's Order to: Faris Enterprises, Inc., Claim No. 3102B. The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to Faris Enterprises, Inc., Claim No. 3102B.

**DONE AND ORDERED** in Miami, Florida this 14 day of July, 2008.[2]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[2] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.