**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ALLAPATTAH SERVICES, INC., Plaintiffs,

vs.

EXXON CORPORATION, Defendant.

**CASE NO. 91-0986-CIV-GOLD/SIMONTON**

**FOR CONSIDERATION BY SPECIAL MASTER THOMAS E. SCOTT**

**ORDER GRANTING IN PART AND DENYING IN PART CLASS COUNSEL'S THIRD MOTION FOR ADJUDICATION OF DISPUTED CLAIMS (MOTION D3)**

THIS CAUSE is before the Special Master pursuant to Class Counsel's Third Motion for Adjudication of Disputed Claims (Motion D3) **[D.E. 4477]**, the District Court's Order of Reference **[D.E. 4493]**, Class Counsel's Notice of Filing in Support of D3.7 (Claim No. 1005) **[D.E. 4757]**, Memorandum in Support of Claim 6479A (Dispute D3.1) **[D.E. 4780]**, Memorandum in Support of Claim 4055 (Dispute D3.2) **[D.E. 4783]**, Memorandum in Support of Claim 102537B (Dispute D3.3) **[D.E. 4784]**, Memorandum in Support of Claim 1021742C (Dispute D3.4) **[D.E. 4785]**, Memorandum in Support of Claims 1064B&C (Dispute D3.5) **[D.E. 4786]**, Memorandum in Support of Claims 2314A (Dispute D3.6) **[D.E. 4787]**, Memorandum in Opposition to Claim 6479A (Dispute D3.1) **[D.E. 4877]**, Memorandum in Opposition to Claim 4055 (Dispute D3.2) **[D.E. 4878]**, Notice of Non-Opposition of Claim 1021742C (Dispute D3.4) **[D.E. 4879]**, Memorandum in Opposition to Claim 1064B (Dispute D3.5) **[D.E. 4881]**, Memorandum in Opposition to Claim 1064C (Dispute D3.5) **[D.E. 4882]**, Memorandum in Opposition to Claim 2314A (Dispute D3.6) **[D.E. 4883]**, Memorandum in Opposition to Claim 1005 (Dispute D3.7)

**[D.E. 4884]**, Memorandum in Opposition to Claim 104762A&C (Dispute D3.8) **[D.E. 4886]**, Memorandum in Opposition to Claim 103502 (Dispute D3.9) **[D.E. 4887]**, Memorandum in Opposition to Claims 3186A and 3186B (Dispute D3.10) **[D.E. 4888]**, Memorandum in Opposition to Claim 1000773C (Dispute D3.11) **[D.E. 4889]**, Memorandum in Opposition to Claim 2505A (Dispute D3.12) **[D.E. 4890]**, Memorandum in Opposition to Claim 6103 (Dispute D3.13) **[D.E. 4891]**, Memorandum in Opposition to Claim 1959 (Dispute D3.14) **[D.E. 4892]**, Memorandum in Opposition to Claim 6353 (Dispute D3.15) **[D.E. 4893]**, Memorandum in Opposition to Claim 104595 (Dispute D3.16) **[D.E. 4894]**, Memorandum in Opposition to Claim 103969A (Dispute D3.17) **[D.E. 4895]**, Memorandum in Opposition to Claim 1013645 (Dispute D3.18) **[D.E. 4896]**, Memorandum in Opposition to Claim 104099B (Dispute D3.19) **[D.E. 4897]**, Memorandum in Opposition to Claim 653A (Dispute D3.20) **[D.E. 4898]**, Notice of Filing Settlement Agreement Regarding Claim Number 102537B (Dispute D3.3) **[D.E. 4908]**, Order Granting Extension of Time for D3.19 **[D.E. 4924]**, Supplemental Memorandum in Opposition to Claim 653A (Dispute D3.20) **[D.E. 4926]**, Reply in Support of Claim 6479A (Dispute D3.1) **[D.E. 4927]**, Reply in Support of Claim 4055 (Dispute D3.2) **[D.E. 4928]**, Reply in Support of Claim 2314A (Dispute D3.6) **[D.E. 4932]**, Motion for Extension of Time to File Reply in Support of Claims 1064B&C (Dispute D3.5) **[D.E. 4935]**, Notice of Filing Settlement Agreement Regarding Claim Numbers 1064B&C (Dispute D3.5) **[D.E. 5011]**, Notice of Filing Regarding D3.19 **[D.E. 5025]**, Sur-Reply Memorandum in Opposition to Claim 104099B (Dispute D3.19) **[D.E. 5028]**, and Notice of Filing Regarding D3.13 **[D.E. 5076]**.

Class Counsel's Third Motion for Adjudication of Disputed Claims (Motion D3) sought adjudication of 23 claims presenting one or more issues of fact or law rendering the claims unsuitable for adjudication on summary judgment. At the direction of the Special Master, Class Counsel separately identified those claimants who were represented by Class Counsel (Category A claimants) and those who needed to proceed independently because of a legal or ethical prohibition on Class Counsel's representation (Category B claimants). Class Counsel provided copies of Motion D3 to the claimants and advised each claimant as to whether he or she needed to proceed independently. Class Counsel then filed memoranda in support of those claims designated in Category A. Three of the claimants (D3.7, Claim No. 1005, Eduardo Valcarce; D3.13, Claim No. 6103, Robbins Oil; and D3.19, Claim No. 104099B, Estate of Kevin Carse) submitted correspondence to the Special Master regarding their claims.

In its responses, States' Counsel withdrew its opposition to one claim (D3.4, Claim No. 1021742C), and this claim was withdrawn from Motion D3 and included in Summary Judgment Motion 118. In addition, three claims were settled by agreement of the parties (D3.3, Claim No. 102537B; D3.5, Claim Nos. 1064 B&C), leaving a total of 19 claims remaining for adjudication.

Motion D3 was heard by the Special Master on June 23 and 25, 2008. All of the affected claimants were provided notice of the hearing. Most of the claimants were represented by Class Counsel, appeared by telephone on their own behalf, or were represented by privately retained counsel. Three of the claimants, (D3.14, Claim 1959, Wesco, Inc.; D3.15, Claim No. 6353, Thomas J. Terry, Jr.; and D3.16, Claim No. 104595, Estate of Charles Richard Brown), did not appear.

Upon consideration of the motions and memoranda filed by Class Counsel and the affected class members, the oppositions filed by States' Counsel, the record before the Court, and the testimony and argument presented at the hearing, it is hereby

ORDERED AND ADJUDGED as follows:

1. The claim of Robert T. Ford (D3.1), Claim No. 6479A, is ALLOWED. Class Counsel already has been directed to include this claim in a motion for summary judgment.

2. The claim of Gladys Lawrence (D3.2), Claim No. 4055, is ALLOWED. Class Counsel already has been directed to include this claim in a motion for summary judgment.

3. The claim of The Pantry, Inc. (D3.6), Claim No. 2314A, is ALLOWED. Class Counsel already has been directed to include this claim in a motion for summary judgment.

4. The claim of Eduardo Valcarce (D3.7), Claim No. 1005, will be addressed in a separate order. At the hearing on June 23, 2008, Mr. Valcarce was provided with an extension of time until July 11, 2008 to provide additional documentation and/or a memorandum to address the areas of concern highlighted by States' Counsel at the hearing. *See* D.E. 5083. Additionally, should Mr. Valcarce provide an additional submission, States' Counsel is provided with the opportunity to file a reply in opposition on or before July 18, 2008, and if a request is made, on or before July 21, 2008, for further hearings on this matter, it will be given. *See* D.E. 5083. Otherwise, the Special Master will issue his ruling.

5. The claims of Tony King's, Inc. (D3.8), Claim Nos. 104762A&C, are ALLOWED. Class Counsel already has been directed to include these claims in a motion for summary judgment.

6. The claim of Verc Enterprises, Inc. (D3.9), Claim No. 103502, is DISALLOWED. The Special Master finds that Verc Enterprises, Inc. has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Verc Enterprises, Inc.

7. The claims of Ayman Moawad (D3.10), Claim Nos. 3186A&B, are DISALLOWED. The Special Master finds that Ayman Moawad has not established his ownership of these claims. The Claims Administrator shall make the appropriate notation in the claim files concerning these dismissals and shall distribute the Special Master's Order to Ayman Moawad.

8. The claim of Stephen R. Visich (D3.11), Claim No. 1000773C, will be addressed in a separate order. At the hearing on June 23, 2008, Mr. Visich was provided with an extension of time until July 14, 2008 to provide additional documentation to support his claim, and to carry his burden of proving his claim. *See* D.E. 5082. Additionally, should Mr. Visich provide an additional submission, States' Counsel is allowed to file a reply in opposition on or before July 21, 2008. If nothing is received from Mr. Visich by July 14, 2008, the Special Master will issue his ruling based upon the record established thus far. *See* D.E. 5082.

9. The claim of Danby's Service Stations Inc. (D3.12), Claim No. 2505A is ALLOWED in part and DISALLOWED in part. The claimant is hereby entitled to a recovery in the total net amount of $2,500. Class Counsel is directed to include Danby's Service Stations Inc. in an upcoming motion for summary judgment with an allowed net amount of $2,500 (i.e., after all necessary reductions, the claimant is to receive $2,500).

10. The claim of Robbins Oil Company (D3.13), Claim No. 6103, is DISALLOWED. The Special Master finds that Robbins Oil Company has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Robbins Oil Company.

11. The claim of Wesco, Inc. (D3.14), Claim No. 1959, is DISALLOWED. The Special Master finds that Wesco, Inc. has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Wesco, Inc.

12. The claim of Thomas J. Terry, Jr. (D3.15), Claim No. 6353, is DISALLOWED. The Special Master finds that Thomas J. Terry, Jr. has not established his ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Thomas J. Terry, Jr.

13. The claim of the Estate of Charles Richard Brown (D3.16), Claim No. 104595, is DISALLOWED. The Special Master finds that the Estate of Charles Richard Brown has not established that this station was operated as a direct-served station during the time period at issue. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to the Estate of Charles Richard Brown.

14. The claim of Jack's Friendly Service Inc. (D3.17), Claim No. 103969A, is DISALLOWED. The Special Master finds that Jack's Friendly Service Inc. has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Jack's Friendly Service Inc.

15. The claim of Anthony Boccella (D3.18), Claim No. 1013645, is DISALLOWED. The Special Master finds that Anthony Boccella has not established his ownership of this claim or proper standing to assert the claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Anthony Boccella.

16. The claim of the Estate of Kevin J. Carse (D3.19), Claim No. 104099B, is ALLOWED. Class Counsel is directed to include this claim in a future motion for summary judgment.

17. The claim of H.I.S. Exxon Inc. (D3.20), Claim No. 653A, is ALLOWED. Class Counsel already has been directed to include this claim in a motion for summary judgment.

**DONE AND ORDERED** this 15 day of July, 2008.

SPECIAL MASTER THOMAS E. SCOTT

Copied furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group