IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH
CASE NO.: 05-21338-CIV-GOLD /
SIMONTON**

## ORDER REGARDING NON-RESPONSIVE CLAIMANTS INCLUDED IN NOTICE N12

This cause is before the Special Master pursuant to Class counsel's Notice of Filing Twelfth List of Non-Responsive Claimants **[D.E. 5199]**, numerous Orders to Show Cause entered by the Special Master **[D.E. 5201 – 5207 and 5209 - 5210]**, and Class counsel's Response to Orders to Show Cause on Behalf of Certain N12 Claimants **[D.E. 5259]**.

On June 25, 2008, the Special Master issued his Amended Sua Sponte Order on Non-Responsive Claimants [D.E. 5086]. Pursuant to that Order and the prior Order [D.E. 3997], the Special Master required Class counsel to periodically provide the Court with a list of claimants who have been continually non-responsive to Class counsel's efforts to

process their respective claims. After reviewing Class counsel's twelfth list of non-responsive claimants (N12), the Special Master entered nine (9) Orders to Show Cause requiring these non-responsive claimants to demonstrate why their respective claims should not be dismissed without prejudice for failing to cooperate with Class counsel and failing to substantiate an interest in a direct-served Exxon station during the Class Period. Class counsel has now filed a Response on behalf of nine (9) claimants and ten (10) claims. Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed the Response filed by Class counsel advising that none of the claimants identified in the Notice of Filing Twelfth List of Non-Responsive Claimants [D.E. 5199] have responded to the various Orders to Show Caused entered on August 5, 2008.

2. Accordingly, the Special Master agrees with Class counsel's position that the claims of non-responsive, non-conflicting claimants should be dismissed without prejudice so as to allow these claimants an opportunity to seek a recovery against their respective State governments pursuant to the particular State's unclaimed property laws after the Court-supervised claims administrative process is completed. *See* D.E. 5102. Accordingly, the following claims of non-responsive, non-conflicting claimants are hereby dismissed without prejudice:

| | |
|---|---|
| Twenty-Six Hundred, Inc./ Khalil Aburish | Claim No. 4870B |
| Maurice R. Morgan | Claim No. 5779 A&B |

| | |
|---|---|
| Robert L. Blackhurst, Jr. | Claim No. 2947 |
| Joseph K. Flory | Claim No. 2805 |
| Brad A. Rucic | Claim No. 2368 |
| Chehade M. Boulos | Claim No. 4623 |
| Alvaro Puerto | Claim No. 4671 |
| Mohammed Salari[1] | Claim No. 104416[2] |
| Jose Pavon | Claim No. 3068 |

The Garden City Group, Inc. is hereby ordered to make the appropriate updates to these claim files and shall distribute the Special Master's Order to the above referenced claimants.

**DONE AND ORDERED** at Miami, Florida this ___9___ day of September, 2008.[3]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record
Garden City Group

---

[1] The Special Master notes that N12 spells the claimant's name as "Mohammed"; however, the Proof of Claim filed by the claimant, and other documentation within the Claims Administrator's database, spells his name as "Mohammad".

[2] With regard to Claim No. 104416, Class counsel notes in N12 that this claim was withdrawn by the claimant, Mohammad Salari. However, because the request was not notarized, the withdrawal has not been processed by the Claims Administrator. Class counsel states that the claimant has not provided a notarized withdrawal form or otherwise sought to pursue the claim.

[3] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.