IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EXXON CORPORATION, )<br>)<br>Defendant. )<br>_____) | |
| RUSSELL A. CLINE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GARDEN CITY GROUP, INC., )<br>)<br>Defendant. )<br>_____) | **CONSOLIDATED WITH**<br>**CASE NO.: 05-21338-CIV-GOLD**<br>**/SIMONTON** |

## ORDER GRANTING STATES' COUNSEL'S SEVENTH MOTION FOR SUMMARY JUDGMENT AS TO CLAIMANT EOG MAN KANG, CLAIM NO. 1017844

THIS CAUSE is before the Special Master pursuant to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4266]**, the District Court's Order of Reference **[D.E. 4271]**, Claimant Eog Man Kang's Memorandum of Law in Opposition to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4304]**, Reply of States' Counsel to Response of Eog Man Kang, Claim Number 1017844, to Seventh Motion for Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4600]**, Claimant Eog Man Kang's Supplemental Memorandum in Opposition to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4693]**, States' Counsel's Reply to Post-Hearing Submission of Eog Man Kang, Claim Number 1017844, on Seventh Motion for

Summary Judgment to Dismiss Late-Filed Claims **[D.E. 4763]**, Claimant Eog Man Kang's Surreply Memorandum in Opposition to States' Counsel's Seventh Motion for Summary Judgment Dismissing Six Claims **[D.E. 4778]**, and the hearing on this matter which took place on March 5, 2008.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the commencement of the claims process, the District Court established August 29, 2004 as the deadline for all Proof of Claim forms to be filed with the Claims Administrator. That deadline was subsequently extended to allow all claims postmarked by December 1, 2004, at which point in excess of 10,000 claims had been filed.

Following this deadline, approximately 130 claims were received by the Claims Administrator. After extensive litigation of the timeliness of these claims, on April 27, 2005, the Special Master issued the Order on Claim Filing Deadlines [D.E. 1915]. The Special Master determined that those claims received after December 15, 2004 and before April 27, 2005 would be allowed only upon a showing of excusable neglect, and those claims filed after April 27, 2005 would not be allowed under any circumstances.

Subsequently, in the Fall of 2005, Class Counsel began negotiations with Exxon Corporation to settle the litigation, and entered into a Settlement Agreement dated December 19, 2005 which resulted in a final payout from Exxon Corporation in satisfaction of all claims. The amount paid by Exxon, $1.075 billion, was established and agreed to in large part based on an estimate of the value of claims on file as of that time. As part of the settlement, Exxon agreed to extend the claims deadline to December 19, 2005 (the date of the Settlement Agreement), affording some claimants who had previously been barred the right to participate in the claims

process. After briefing to the Special Master and the District Court and a number of hearings, the settlement was approved by the District Court and went into effect.

In the District Court's Order of Final Approval of Class Settlement Agreement, the Court stated:

> The claims adjudication process will go forward before the Special Master to adjudicate each Proof of Claim that was postmarked on or before December 19, 2005, including those claims that were filed after the claims filing deadline of December 1, 2004 and including those claims that were filed by members of the Class who previously opted out (if they filed claims prior to December 19, 2005).[1]

The District Court further stated:

> Any class member who did not submit a Proof of Claim on or before December 19, 2005 will be able to make a claim directly to the appropriate state government pursuant to the applicable abandoned property statute or law. *Id.* at *6.

Accordingly, the District Court made provision for those class members who did not file a timely claim, and determined that these late claimants would have a remedy against the states but not the right to participate in the Claims Administration Process.

Since the December 19, 2005 deadline, a number of class members who had not filed claims contacted Class Counsel and the Claims Administrator to ask about participating in the lawsuit, and were advised that they were barred from participation in the Claims Administration Process but could make a claim against the states at the conclusion of the process to the extent that sufficient funds remained. Seven claimants (including Mr. Kang), however, filed a Proof of Claim postmarked after the December 19, 2005 deadline.

States' Counsel has moved for summary judgment against six of these claimants (including Mr. Kang) on the basis that the claims were postmarked after December 19, 2005, and

---

[1] *See Allapattah Services, Inc. v. Exxon Corp.*, 2006 WL 1132371 *5 (S.D. Fla. 2006)

therefore were submitted out of time pursuant to the terms of the Court-approved settlement with Exxon Corporation.[2] Each claimant was provided with a copy of States' Counsel's motion and advised by Class Counsel of their right to file written papers in response.[3] In response to Class Counsel's inquiries and notifications, three claimants filed documentation in support of their claims.

At a March 5, 2008 hearing, Mr. Kang, his counsel, States' Counsel and Class Counsel all appeared to argue their respective positions with regard to States' Counsel's Seventh Motion for Summary Judgment. Mr. Kang gave testimony under oath in support of his claim. States' Counsel was permitted to cross-examine Mr. Kang. At the conclusion of the hearing, the Special Master specifically requested that Mr. Kang and States' Counsel provide additional written submissions in light of the evidence and testimony taken at the March 5, 2008 hearing. Mr. Kang submitted a supplemental memorandum, to which States' Counsel filed a reply, and Mr. Kang filed a sur-reply. The Special Master has extensively reviewed these supplemental submissions.

Having considered States' Counsel's Motion for Summary Judgment [D.E. 4266], Eog Man Kang's Memorandum of Law in Opposition [D.E. 4304], the Affidavit of Eog Man Kang [D.E. 4304-2], States' Counsel's Reply to Eog Man Kang's Response [D.E. 4600], , the testimony and evidence taken at the hearing held on March 5, 2008 [D.E. 4693-2], Mr. Kang's Supplemental Memorandum in Opposition [D.E. 4693], State's Counsel's Reply to Post-Hearing Submission of Eog Man Kang [D.E. 4763], and Eog Man Kang's Surreply Memorandum in Opposition [D.E. 4778], the Special Master finds that Mr. Kang has failed to meet his burden of

---

[2] The seventh such claim, Claim Number 103875, was filed on February 26, 2008, after States' Counsel's motion, and thus has not yet been addressed.

[3] Because of Class Counsel's role on behalf of all claimants and the conflict of interest between these six claimants and the other Class members, Class Counsel advised each claimant that it did not represent them and that the claimant was required to proceed independently or with the assistance of a privately-retained attorney.

proof to support his request for payment under claim number 1017844, in that he has failed to establish *excusable neglect* for his failure to timely file his claim.

There was no dispute that Mr. Kang was untimely in filing his claim. The dispute was whether the failure to timely file was a result of *excusable neglect*. Mr. Kang filed his claim on or about October 16, 2006, as revealed by the Proof of Claim on file with the Garden City Group, Inc. (the claims administrator). The extended deadline for filing claims in this Claims Administration Process was December 19, 2005 as noted above. Mr. Kang did not file his claim until ten (10) months after the extended filing deadline.

Mr. Kang has testified that he, in fact, received two separate notices of the settlement, and the need to file a Proof of Claim. On both occasions, Mr. Kang testified that he simply threw them away, classifying them as "junk mail."[4] Mr. Kang has also testified that he has very little understanding of the English language and that he relied upon others (employees, friends and/or relatives) when he did not understand documents presented to him (whether those documents were leases, letters, contracts, or otherwise), to explain what those documents both said and meant. Mr. Kang further testified that since he had no dealings with Exxon after he sold the station in 1995, he believed the notices were unimportant "junk mail" without asking for, or receiving, any clarification from those whom he previously relied upon to help him understand English-based documents. While it is regrettable and unfortunate that Mr. Kang threw these notices away, without any attempt to understand them—whether on his own, through the assistance of his friends and family (those whom, as he testified, he relied upon to assist with

---

[4] Mr. Kang testified that he first "learned" that he had a potential claim against Exxon in 2006. However, this was after Mr. Kang threw away two separate notices received in "2004 or 2005." This first set of "papers" that he received were thrown away. "A few months later" Mr. Kang received more "papers" in the mail and threw them away as well. *See, Affidavit of Eog Man Kang* [D.E. 4304-2]. These "papers" were the notice to the Class of the settlement with Exxon.

5

his understanding of documents written in English), or through counsel—these actions are not a sufficient reason for failing to timely file a claim in this process.

Clearly, there was neglect. However, based upon the materials submitted and the testimony and evidence received, it was not *excusable neglect*. Accordingly, Mr. Kang was unable to provide any legal justification to excuse his failure to file his Proof of Claim prior to the December 19, 2005 claims filing deadline (which, as discussed above, was significantly extended from earlier deadlines). Furthermore, to allow this claim may prejudice other similarly-situated class members who will seek to share in the funds remaining at the end of the claims process.

Accordingly, the Special Master hereby grants judgment in favor of States' Counsel. This dismissal is without prejudice to Mr. Kang's right and ability to seek payment as appropriate pursuant to the appropriate unclaimed property law of the Commonwealth of Virginia at the conclusion of the claims process. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Mr. Kang.

## **CONCLUSION**

Upon consideration of States' Counsel Seventh Motion for Summary Judgment and the responses thereto, and having conducted a hearing regarding these issues, it is hereby,

ORDERED AND ADJUDGED as follows:

1. The Special Master finds that the claim of Eog Man Kang, Claim No. 1017844 is untimely and no excusable neglect has been established. Accordingly, judgment is hereby GRANTED in favor of States' Counsel dismissing Claim No. 1017844, without prejudice for Mr. Kang to make a claim against the Commonwealth of Virginia's unclaimed property law.

**DONE AND ORDERED** this 10 day of July, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copied furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group