IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>EXXON CORPORATION, )<br>)<br>Defendant. )<br>) | CASE NO. 91-0986-CIV-GOLD/SIMONTON<br><br>FOR CONSIDERATION BY<br>SPECIAL MASTER THOMAS E. SCOTT |

### ORDER GRANTING IN PART AND DENYING IN PART CLASS COUNSEL'S SECOND MOTION FOR ADJUDICATION OF DISPUTED CLAIMS (MOTION D2)

THIS CAUSE is before the Special Master pursuant to Class Counsel's Second Motion for Adjudication of Disputed Claims (Motion D2) **[D.E. 4267]**, the District Court's Order of Reference **[D.E. 4272]**, Class Counsel's Amended First and Second Motion for Adjudication of Disputed Claims **[D.E. 4362]**, Memorandum in Support of Claims 1000516A&B **[D.E. 4516]**, Memorandum in Support of Claims 1007072B **[D.E. 4517]**, Memorandum in Support of Claims 1012755A **[D.E. 4518]**, Memorandum in Support of Claims 1004052 **[D.E. 4519]**, Memorandum in Support of Claims 4713 **[D.E. 4520]**, Motion for Adjudication of Disputed Claim D2.5 station 25352, claim 100096A by Estate of Jonathan C. Dean **[D.E. 4522]**, Memorandum in Opposition to Claim 101403A (Dispute D2.1) **[D.E. 4590]**, Memorandum in Opposition to Claim 4415 (Dispute D2.3) **[D.E. 4591]**, Memorandum in Opposition to Claim 1002370A (Dispute D2.4) **[D.E. 4592]**, Memorandum in Opposition to Claim 100096A (Dispute D2.5) **[D.E. 4593]**, Memorandum in Opposition to Claim 5679B (Dispute D2.6) **[D.E. 4594]**, Memorandum in Opposition to Claim 1002696A (Dispute D2.7) **[D.E. 4595]**, Memorandum in

Opposition to Claim 1002610A (Dispute D2.8) **[D.E. 4596]**, Memorandum in Opposition to Claim 2794A & B (Dispute D2.9) **[D.E. 4597]**, Memorandum in Opposition to Claims 1930 (Dispute D2.10) and 1935 (Dispute D2.11) **[D.E. 4598]**, Memorandum in Opposition to Claim 4713 (Dispute D2.14) **[D.E. 4599]**, Memorandum in Opposition to Claim 1004052 (Dispute D2.12) **[D.E. 4606]**, Memorandum in Opposition to Claim 1012755A (Dispute D2.15) **[D.E. 4607]**, Reply Memorandum of the Estate of Jonathan Dean in Regard to Claim 100096A (Claim D2.5) **[D.E. 4678]**, Reply in Support of Claim 1004052 (Dispute D2.12) **[D.E. 4680]**, and Reply in Support of Claim 1012755A (Dispute D2.15) **[D.E. 4681]**.

Class Counsel's Second Motion for Adjudication of Disputed Claims (Motion D2) sought adjudication of seventeen (17) claims presenting one or more issues of fact or law rendering the claims unsuitable for adjudication on summary judgment. In its responses, States' Counsel withdrew its opposition to four claims. As a result, Class Counsel withdrew claims 1000561A and 1000561B (D2.2), 1007072B (D2.13), and 4713 (D2.14) from Motion D2.[1]

At the direction of the Special Master, Class Counsel notified the remaining claimants as to whom would be represented by Class Counsel and whom would need to proceed independently due to a legal or ethical prohibition on Class Counsel's representation. These classifications were presented to the Special Master in Class Counsel's Amended First and Second Motion for Adjudication of Disputed Claims [D.E. 4362].

Motion D2 was heard by the Special Master on March 20, 2008. All of the affected claimants were provided notice of the hearing. Most of the claimants were

---

[1] *See* Notice of Withdrawal of Motions D2.2, D2.13 and D2.14 [D.E. 4616].

represented by Class Counsel, appeared by telephone on their own behalf, or were represented by privately retained counsel. Three of the claimants, KTM Ent., Inc. (D2.4, Claim No. 1002370A), Horton Investments, Inc. (D2.7, Claim No. 1002696A), and IMS Enterprise, Inc. (D2.9, Claim Nos. 2794 A&B), did not appear for the hearing.

After the hearing, the Special Master was advised that one of the disputed claims had been resolved by agreement of the parties,[2] leaving a total of 12 claims remaining for adjudication.

Upon consideration of the motions and memoranda filed by Class Counsel and the affected class members, the oppositions filed by States' Counsel, the record before the Court, and the testimony and argument presented at the hearing, it is hereby

ORDERED AND ADJUDGED as follows:

1. The claim of Ann Vic, Inc. (D2.1), Claim No. 101403A, is DISALLOWED. The Special Master finds that Ann Vic, Inc. has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Ann Vic, Inc.

2. The claim of Tariq Sultan (D2.3), Claim No. 4415, is DISALLOWED. The Special Master finds that Tariq Sultan has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Tariq Sultan.

---

[2] The claim that was resolved is 1012755 (D2.15). This claim is pending in a motion for summary judgment.

3

3. The claim of KMT Ent., Inc. (D2.4), Claim No. 1002370A, is DISALLOWED. The Special Master finds that KMT Ent., Inc. has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to KMT Ent., Inc.

4. The claim of the Estate of Jonathan C. Dean (D2.5), Claim No. 100096A, is ALLOWED. The Special Master finds that the Estate of Jonathan C. Dean is the rightful owner of this claim. Class Counsel is directed to include this claim in a motion for summary judgment.

5. The claim of A.N. Associates, LLC (D2.6), Claim No. 5679B, is DISALLOWED. The Special Master finds that A.N. Associates, LLC has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to A.N. Associates, LLC.

6. The claim of Horton Investments, Inc. (D2.7), Claim No. 1002696A, is DISALLOWED. The Special Master finds that Horton Investments, Inc. has not established its ownership of this claim. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Horton Investments, Inc.

7. The claim of Foster's Enterprises, Inc. (D2.8), Claim No. 1002610A, is ALLOWED. The Special Master finds that Foster's Enterprises, Inc. is the rightful owner of this claim. Class Counsel is directed to include this claim in a motion for summary judgment.

8. The claims of IMS Enterprise, Inc. (D2.9), Claim Nos. 2794A&B, are DISALLOWED. The Special Master finds that IMS Enterprise, Inc. has not established its ownership of these claims. The Claims Administrator shall make the appropriate notation in the claim files concerning this dismissal and shall distribute the Special Master's Order to IMS Enterprise, Inc.

9. The claims of Rolando Castro (D2.10 and D2.11), Claim Nos. 1930 and 1935, are ALLOWED. The Special Master finds that Mr. and Mrs. Castro are each entitled to claim based on their percentage ownership of Tallman Repair Shop, Inc. during the period from March 1, 1983 to January 1, 1989. Class Counsel is directed to assist Mr. and Mrs. Castro in preparing the necessary paperwork and to include the claims in a motion for summary judgment when the correct documentation has been supplied.

10. The claim of Rodger D. Galloway (D2.12), Claim No. 1004052, is ALLOWED. The Special Master finds that Mr. Galloway is the rightful owner of this claim. Class Counsel is directed to include this claim in a motion for summary judgment.

**DONE AND ORDERED** this 10 day of August, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copied furnished to:
All counsel of record
U.S. District Judge Alan S. Gold
The Garden City Group

5