IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

_____

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH
CASE NO.: 05-21338-CIV-GOLD / SIMONTON**

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C6.1

This cause is before the Special Master pursuant to Class Counsel's Sixth Motion for Adjudication of Conflicting Claims (Motion C6) **[D.E. 4128]**, and the materials submitted[1] by or on behalf of claimant Richard L. Stone (Claim No. 100724), and claimant A.N. Associates, LLC c/o Ramesh Natchiappan (Claim No. 5679A).

On April 9, 2008, the Special Master conducted an evidentiary hearing to resolve various

---

[1] Such materials include the original Reply and the responses and documentation attached to the claimants' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action," as well as all other materials in the claims file in the database maintained by the Claims Administrator (the Garden City Group, Inc.).

*Order Regarding Conflicting Claimant Dispute C6.1*
*Page 2 of 4*

unsettled conflicting claimant disputes contained in Class Counsel's C6 Motion, specifically including the C6.1 dispute. The parties to this dispute are Richard L. Stone (Claim No. 100724), and claimant A.N. Associates, LLC c/o Ramesh Natchiappan (Claim No. 5679A). Both Mr. Stone and Mr. Natchiappan appeared at the April 9, 2008 hearing *pro se*.

After analyzing the materials submitted by the claimants, and having reviewed the Court file and materials maintained by the Claims Administrator, having conducted an evidentiary hearing concerning this dispute, and being otherwise fully advised in the premises, the Special Master finds as follows:

Richard L. Stone (Claim No. 100724) is the rightful claimant and owner of the claim for Station #35879, for the period of March 1, 1983 through June 29, 1994. The competing claimant, A.N. Associates, LLC c/o Ramesh Natchiappan (Claim No. 5679A) has solely provided, as the intended proof of its superior claim, a "Bill of Sale" dated November 18, 2003. This Bill of Sale is between a seller, Javaid Waheed Sheikh, and buyers, Ramesh Natchiappan and Ashok Kumar; it has nothing to do with Richard L. Stone.

Richard L. Stone was the dealer of record for the subject period of this claim,[2] and there is no evidence in the record showing that Mr. Stone ever transferred, conveyed or assigned his rights and interest in the subject claim to any other party, including A.N. Associates, LLC and/or Ramesh Natchiappan. Nor is there any evidence that Javaid Waheed Sheikh, from whom Mr. Natchiappan purchased the subject station, ever received any right, title or interest in Mr. Stone's claim, such that

---

[2] Indeed, Mr. Stone was the sole owner and sole dealer of station # 35879 from 1978 through 1973.

-2-

*Order Regarding Conflicting Claimant Dispute C6.1*
*Page 3 of 4*

Mr. Sheikh could have transferred the claim to Mr. Natchiappan.[3] The Special Master notes that there are no other claimants for station #35879 during the subject time period (March 1, 1983 through June 29, 1994).

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Richard L. Stone, Claim No. 100724 is the rightful claimant as between these two disputing claimants.

2. The claim of A.N. Associates, LLC c/o Ramesh Natchiappan, Claim No. 5679A, is hereby dismissed with prejudice. With the resolution of this dispute, Class counsel is permitted to advance the claim of Richard L. Stone, Claim No. 100724, in the Claims Administration Process.

3. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: A.N. Associates, LLC c/o Ramesh Natchiappan, Claim No. 5679A. The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to A.N. Associates, LLC c/o Ramesh

---

[3] Per Mr. Stone's testimony there were "two or three different dealers" of the station in between the time that he owned it, and the time that Mr. Natchiappan owned it, one of whom apparently includes Mr. Sheikh. Additionally, Mr. Stone testified that he never sold the subject station; rather, he simply "walked away from it."

*Order Regarding Conflicting Claimant Dispute C6.1*
*Page 4 of 4*

Natchiappan, Claim No. 5679A.

**DONE AND ORDERED** in Miami, Florida this \_\_10\_\_ day of August, 2008.[4]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[4] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.