IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C10.5

THIS CAUSE is before the Special Master pursuant Class Counsel's Tenth Motion for Adjudication of Conflicting Claims (Motion C10) **[D.E. 4909]**, and the materials submitted[1] by or on behalf of claimant Ronald J. Norris, Claim No. 946, and claimant Leonard Smith Daniel, Claim No. 977.

On October 8, 2008, the Special Master conducted an evidentiary hearing to resolve various unsettled conflicting claimant disputes contained in Class Counsel's C10 Motion, specifically

---

[1] Such materials include the original Replies and the responses and documentation attached to the claimants' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action," as well as the additional supplements provided by the claimants, and the materials contained within the database maintained by the Claims Administrator.

including dispute C10.5.

Having analyzed the materials submitted by the claimants and/or their counsel, and having reviewed the Court file and the file maintained by the Claims Administrator, and having conducted an evidentiary hearing concerning this dispute, and being otherwise fully advised in the premises, the Special Master finds as follows:

## FINDINGS AND CONCLUSIONS

1. Both claimants concur that an entity called "Southeast Petroleum Incorporated" (a presently dissolved corporation) was the dealer record for the time period at issue—i.e., April 19, 1983 through March 1, 1991.

2. Both claimants are asserting standing to assert the claim on behalf of the dissolved corporation.

3. Both claimants equally concur that they were each 50% shareholders of the dissolved corporation, and that Ronald Norris was President and Leonard Daniel was Vice-President of said corporation.

4. Both claimants also signed the February 11, 1991 Mutual Termination and General Release Agreement with Exxon.

5. There does not appear to be any actual dispute between these two claimants, as both acknowledge that each of them were equal 50% shareholders.

6. The problem appears to be that, pursuant to each claimant's separate proof of claim form, each asserted 100% ownership of the claim.

7. This was a simple mistake. Based upon the documents in the claims file and/or as submitted by the claimants, it appears that a notarized document was previously submitted to the Claims Administrator (on or about March 18, 2008) for the purpose of allowing checks to be issued to each claimant.

8. Based upon the record before me, as well as the documents in the claims file, I find that each claimant is entitled to 50% of the subject award.

9. Additionally, the undersigned directs Class Counsel to put these claims in a motion for summary judgment as soon as possible, so that these two claims may proceed through the remainder of the Claims Administration Process expeditiously.[2]

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Both claimants are each entitled to 50% of the total claim, sharing equally in the total future award.

2. Ronald J. Norris, Claim No. 946, is entitled to 50% of the original claim he submitted, necessitating the dismissal of the remaining 50% of his original claim.

3. Leonard Smith Daniel, Claim No. 977, is entitled to 50% of the original claim he submitted, necessitating the dismissal of the remaining 50% of his original claim.

---

[2] The undersigned is not aware of any objection that the States' Counsel might have to allowing these claims to be processed without undue delay, as no objections were asserted in States' Counsel's Position Paper regarding Class

*Order Regarding C10.5*
*Page 4 of 4*

2. With the resolution of this dispute, Class counsel is directed to advance the claims of Ronald J. Norris, Claim No. 946, and Leonard Smith Daniel, Claim No. 977, in the manner outlined above.

3. The Garden City Group, Inc. is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: Ronald J. Norris, Claim No. 946 and Leonard Smith Daniel, Claim No. 977. The Garden City Group, Inc. is directed to treat the Special Master's Order as granting 50% of each claimant's originally submitted proof of claim, and as a denial of the remaining 50% of each claimant's proof of claim.

**DONE AND ORDERED** in Miami, Florida this 8th day of October, 2008.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

Counsel's C10 motion (D.E. 5242), nor were any objections set forth at the hearing on October 8, 2008.