IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C10.7

THIS CAUSE is before the Special Master pursuant Class Counsel's Tenth Motion for Adjudication of Conflicting Claims (Motion C10) **[D.E. 4909]**, and the materials submitted[1] by or on behalf of claimant Robert L. Johns, Trustee (hereinafter, "Johns"), Claim No. 6337, and claimant David R. Rexroad, Esq. (hereinafter, "Rexroad"), Claim No. 483.

On October 8, 2008, the Special Master intended to conduct an evidentiary hearing to resolve the unsettled conflicting claimant disputes contained in Class Counsel's C10 Motion, specifically

---

[1] Such materials include the original Replies and the responses and documentation attached to the claimants' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action," as well as the additional supplements provided by the claimants, and the materials contained within the database maintained by the Claims Administrator.

*Order Regarding C10.7*
*Page 2 of 3*

including dispute C10.7. However, at the beginning of the hearing, the parties announced on the record that they have reached a stipulated settlement of the dispute, one which must be approved by the Bankruptcy Court in West Virginia, before the settlement can be finalized. The parties to this dispute are Robert L. Johns, Trustee, Claim No. 6337, and claimant David R. Rexroad, Esq., Claim No. 483. Jones, an attorney himself, appeared *pro se* at the October 8, 2008 hearing. Rexroad was represented at the hearing by his attorney David A. Hoyer, Esq.

Based upon the representations of Johns and Mr. Hoyer, on behalf of Rexroad, and the recited stipulation for settlement of C10.7 and the ultimate award on the claims, the settlement reached between the parties is as follows:

1. Rexroad is to receive a flat payment, of $6,000; and,

2. Johns, as Trustee of the subject bankruptcy estate, is to receive the entire remainder of the award.[2]

The parties must first obtain the Bankruptcy Court's approval of the stipulated settlement. The parties are ordered to advise the undersigned when the settlement is approved so that an appropriate, additional final order may be entered in this matter resolving conflict C10.7. If the Bankruptcy Court does not approve the settlement, the parties are ordered to immediately inform the undersigned and Class counsel, in writing, after which the undersigned will order memoranda to be

---

[2] The ultimate award has a gross value of $84,968.92 and a net value of $51,210.92, after all required reductions, including a 5% reserve reduction which may be paid back with additional interest, at, or near, the end of the Claims Administration Process. Accordingly, with this settlement, any such further and additional payments will be made to Johns.

filed and an additional hearing to take place.

**DONE AND ORDERED** in Miami, Florida this \_\_\_\_ day of October, 2008.[3]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

Robert L. Johns, Esq.
Alan A. Hoyer, Esq.

---

[3] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.