IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EXXON CORPORATION, ) <br> ) <br> Defendant. ) <br> _____ ) <br> ) <br> RUSSELL A. CLINE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE GARDEN CITY GROUP, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **CONSOLIDATED WITH** <br> **CASE NO.: 05-21338-CIV-GOLD /SIMONTON** |

<u>*SUA SPONTE* ORDER FOLLOWING OCTOBER 17, 2008 HEARING,
ON ALL PENDING MOTIONS FILED BY GERALD M. BOWEN AND/OR LAW
OFFICE OF GERALD M. BOWEN, REQUESTING ALL INTERESTED PARTIES TO
PROVIDE MEMORANDA OF LAW AND POSITION PAPERS</u>

This matter is before the Special Master *sua sponte*, following the October 17, 2008 hearing upon multiple pending motions and requests, as filed by GERALD M. BOWEN and/or LAW OFFICE OF GERALD M. BOWEN (hereinafter, collectively, "Bowen"), more specifically set forth as follows:

**A. Gerald Bowen's Request for Cost Reimbursement, consisting of:**

    i.    Gerald M. Bowen's and/or the Law Office of Gerald M. Bowen's (hereinafter, collectively referred to as "Bowen") three part Interim Cost Request, termed a *Verified Filing of Receipts* **[D.E. 4792]**;

    ii.    Bowen's *Request for Expedited Processing by Special Master of Reimbursement Request* **[D.E. 5023]**;

    iii.   Judge Gold's *Order of Reference* regarding D.E. 5023 **[D.E. 5027]**;

    iv.   Bowen's *Motion for Appropriate Relief* **[D.E. 5215]**;

    v.    *Notice of Filing of Gerald M. Bowen's and the Law Offices of Gerald M. Bowen's Combined: 1. Verified Statement that he is Foreclosed by Ethical Duties from Receiving, Accepting or Otherwise Participating in the Proceeds of the Court's July 6, 2006 Fee Award Because of his Personal Knowledge that the Same was Obtained by Fraud and is Mistakenly Premised on False Assumptions Which Were Deliberately Invited by Parties to the Fee Proceedings and Which Remain Extant Due to the Fraud Elicited Corruption of the Judicial Process Which Has Compromised the Court's Integrity. 2. Motion for Appropriate Relief* **[D.E. 5229]**;

    vi.   Judge Gold's *Order of Reference* regarding Bowen's Motion for Appropriate Relief (D.E. 5215) **[D.E. 5230]**;

    vii.   Bowen's *Motion for Emergency Telephone Hearing Before Special Master Thomas Scott on Motion of Gerald Bowen for Appropriate Relief (Regarding Cost Reimbursement)* **[D.E. 5289]**;

    viii.  Judge Gold's *Order Denying Motion to Vacate Order of Reference And For Emergency Hearing [D.E. 5291]; Requesting Special Master to Expedite Report and Recommendation on Motion for Cost Reimbursement and Related Motion [DE 5203 and DE 5215]* **[D.E. 5299]**;

B. **Gerald Bowen's Combined Rule 60 and Other Motions, consisting of:**

    i.    Bowen's *Notice of Combined RULE 60 and Other Motions* **[D.E. 3988]**;

    ii.   *Stearns Weaver's Opposition to Bowen's Rule 60(b) Motion to Set Aside July 6, 2006 Order Awarding and Allocating Attorney's Fees Among Class Counsel and Related Motions* **[D.E. 4023]**;

    iii.  The District Court's July 6, 2006 *Order on Petitions for an Award of Attorney's Fees, Costs, and Reimbursable Expenses and for Incentive Awards to Named Plaintiffs* **[D.E. 2997]**.

At the conclusion of the hearing on October 17, 2008, the undersigned advised all who were present that the undersigned was considering a recommendation for filing a potential interpleader action in a court of competent jurisdiction in the Commonwealth of Virginia, for the purpose of dealing with the apparent existence of multiple claims asserted by various parties against the funds owed to Mr. Bowen (as a result of the July 6, 2006 Fee Award) and/or to which

he might still be entitled (as a result of his cost reimbursement request). As many third parties attended the hearing, subsequent to their filing various notices of appearance yesterday afternoon, and, in one case, a motion to intervene, on behalf of third party creditors of Bowen, the undersigned stated that he would like any interested party (not exclusive to those who were present at the hearing) to provide the undersigned with its respective position, and memorandum of law in support thereof, relating to the potential interpleader action mentioned by the undersigned.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Any third party, whether or not they have filed a notice of appearance in this matter or attended the October 17, 2008 hearing, who have an interest (claim, lien, assignment, etc.) in the July 6, 2006 Fee Award to Bowen, and/or in any eventual award for reimbursement of the costs requested by Bowen, may file a position paper (to include any objections), and memorandum of law in support thereof, as to the interpleader being considered by the undersigned;

2. Bowen, Class Counsel and States' Counsel are likewise invited to file their own position paper, and memorandum of law in support thereof, should they elect to do so.

3. All position papers and memoranda of law in support must be filed with the Office of the Special Master by no later than **October 30, 2008**, which

is ten (10) days from Monday, October 20, 2008.

DONE and ORDERED, in Miami, Florida this 17th day of October, 2008.

_____
THOMAS E. SCOTT, SPECIAL MASTER

Copies furnished to:
United States District Judge Gold
All counsel of record
Garden City Group