IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| EXXON CORPORATION, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |
| ) | |
| RUSSELL A. CLINE, ) | **CONSOLIDATED WITH** |
| ) | **CASE NO.: 05-21338-CIV-GOLD /** |
|     Plaintiff, ) | **SIMONTON** |
| ) | |
| vs. ) | |
| ) | |
| THE GARDEN CITY GROUP, INC., ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

## AMENDED ORDER REGARDING CLASS COUNSEL'S SECOND AMENDED FOURTH MOTION FOR ADJUDICATION OF DISPUTED CLAIMS (MOTION D4)

This cause is before the Special Master upon Class Counsel's *Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* **[D.E. 5237]**; the Special Master's *Amended Order Setting Hearings for D4 Claims* **[D.E. 5249]**; *Memorandum in Opposition to Claim 4257 (Dispute D4.1)* **[D.E. 5376]**;[1] *Memorandum in Opposition to Claim #104886 (Dispute D4.2)* **[D.E. 5377]**; *Memorandum in Opposition to Claim #2522A (Dispute D4.3)* **[D.E. 5378]**; *Memorandum in Opposition to Claim 1007670*

---

[1] Dispute 4.1 was previously withdrawn.  *See, Second Notice of Withdrawal of Claims from Class Counsel's Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* **[D.E. 5394]**. Additionally, the claims in D4.6 and D4.14 were also withdrawn prior to the November 19, 2008 hearing on the Motion D4 before the Special Master.

*(Dispute D4.4)* **[D.E. 5380]**; *Memorandum in Opposition to Claim 1016536C (Dispute D4.5)* **[D.E. 5381]**; *Reply to the Memorandum in Opposition to Claim 1016536C (Dispute D4.5)*; *Memorandum in Opposition to Claim # 102055 (Dispute D4.7)* **[D.E. 5379]**; *Memorandum in Opposition to Claim 102402 (Dispute D4.8)* **[D.E. 5382]**; *Memorandum in Opposition to Claim 2555 (Dispute D4.9)* **[D.E. 5383]**; *Memorandum in Support of Claim of Betty Murphy Claim #2555 Station #55550*; *Reply to Memorandum in Opposition of Claim of Betty Murphy Claim #2555 Station #55550* **[D.E. 5451]**; *Memorandum in Opposition to Claim #6422 (Dispute D4.10)* **[D.E. 5384]**; *Memorandum in Opposition to Claim #1007111B (Dispute D4.11)* **[D.E. 5385]**; *Memorandum in Opposition to Claim #1019738B (Dispute D4.12)* **[D.E. 5386]**; *Memorandum in Opposition to Claim 1005397 (Dispute D4.13)* **[D.E. 5390]**; *Memorandum in Opposition to Claim 2486A (Dispute D4.15)* **[D.E. 5387]**; and, any and all additional materials submitted[2] by, or on behalf of, the various claimants.

Class Counsel's *Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* sought adjudication of 15 claims presenting one or more issues of fact or law rendering the claims unsuitable for adjudication on summary judgment. At the direction of the Special Master, Class Counsel separately identified those claimants who were represented by Class Counsel (Category A claimants) and those who needed to proceed independently because of a legal or ethical prohibition on Class Counsel's representation (Category B claimants). Class Counsel provided copies of Motion D4 to the claimants and advised each claimant as to whether he or she needed to proceed

---

[2] Such materials include the original Replies and other documentation contained within the database maintained by the Claims Administrator, as well as the additional supplements provided by the claimants.

independently. Class Counsel then filed a memorandum in support of the one claim designated in Category A (D4.1).

In its responses, States' Counsel withdrew its opposition to one claim (D4.1), and this claim was withdrawn from Motion D4 and will be included in a future Summary Judgment Motion. In addition, two other claims were withdrawn (D4.6 – Claim 60049 and D4.14 – Claim 63741) prior to the hearing set for the Motion D4. *See*, fn. 2, *supra*.

Motion D4 was heard by the undersigned on November 19, 2008. All of the affected claimants were provided notice of the hearing. Most of the claimants appeared by telephone on their own behalf, or were represented by privately retained counsel. Two of the claimants (Thomas J. Terry, Jr. – Claim 1007111B and Tom Terry Enterprises, Inc. – Claim 1019738B, D4.11 and D4.12, respectively) did not appear, and a separate Order to Show Cause was issued on November 19, 2008 to these two claimants **[D.E. 5456]**. Three other claimants (S.V. Gasmart, Inc. – Claim 102055, D4.7, Valley Fair Automotive, Inc. – Claim 6442, D4.10, and Calvin Guidry – Claim 1005397, D4.13) also did not appear, but a ruling was established based upon the clear record before the undersigned.

Upon consideration of the motion filed by Class Counsel, the memorandum filed by States' Counsel and the various claimants, the record before the Court, and the testimony and argument presented at the November 19, 2008 hearing, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1.     The claim of Mitri Alberto Ghareeb, Claim 104886, (D4.2) is ALLOWED. It appears from Exxon's own records, specifically a letter dated December 10, 1997,

that the claimant was considered the beneficiary of the Estate of Vicky Ghareeb (Vicky Ghareeb was the undisputed dealer of record for the time period of this claim). Indeed, Exxon previously used this status of the claimant, as beneficiary of the Estate of Vicky Ghareeb, to demand that the claimant pay debts, of Vicky Ghareeb, which were owed to Exxon. Accordingly, whatever the claimant did not fully receive by virtue of an April 1, 1995 Agreement with Vicky Ghareeb, he obtained as the legal beneficiary of the Estate of Vicky Ghareeb. Irrespective of the legal beneficiary issue, it does not appear that Vicky Ghareeb retained anything, other than solely cash and accounts receivable, as part of the April 1, 1995 Agreement with the claimant. Paragraph 4 of the agreement evidences an intent to assign any and all contract rights (of Vicky Ghareeb) which were assignable. Based upon the testimony provided, and the record before the undersigned, the claimant is the proper owner of this award either through the April 1, 1995 Agreement and/or as a result of his status as beneficiary of the Estate of Vicky Ghareeb. Class Counsel has already been directed to include this claim in a motion for summary judgment.

2.      With regard to dispute D4.3, Claim 2522A, additional time was requested by Class Counsel and the claimant to provide documentation in support of the claimant's position. The request was granted (as announced on the record). Accordingly, the claimant has until **Tuesday, December 2, 2008** to supplement the record with evidence in support of the claimant's position that claimant paid for the subject Exxon motor fuel, as a direct-served dealer. Claimant, with the assistance of Class Counsel, is to provide a written submission, along with the supporting evidence,

to establish the claimant's position. States' Counsel will be allowed until **Tuesday, December 9, 2008** to file a response to the claimant's submission. Thereafter, the undersigned will issue a ruling based upon the various submissions, the record, and the hearing testimony, without the need for further hearing.

     3.    The claim of David R. Rexroad, Claim 1007670, (D4.4) is DENIED. The ruling is in favor of the States. At the conclusion of the hearing, counsel for the claimant agreed with the position of States' Counsel, based upon the record and documentation which exists in this matter, thereby removing any further opposition. Irrespective of this concession, the undersigned finds that Mr. Rexroad has not established his ownership of this claim, or proper standing to assert it. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to David R. Rexroad.

     4.    With regard to the disputed claim in D4.5, Claim 1016536C, the undersigned is taking the matter under advisement to further review the submissions of the parties, the arguments made at the November 19, 2008, and to further review and analyze the case law cited in support of, and in opposition to, this claim. This claim will be addressed in a separate order at a future date, without the need for further hearing.

     5.    The claim of S.V. Gasmart, Inc., Claim 102055, (D4.7) is DENIED. The ruling is in favor of the States. Despite the claimant's failure to appear for the hearing, after being properly noticed, the undersigned heard argument from States' Counsel and reviewed the evidence in the record. Based upon the clear and undisputed evidence, the undersigned finds that the claimant failed to establish its proper ownership of this

claim. The claimant was the owner of the subject station when it was a Chevron station, and thereafter sold it to Hari Raj Singh of H&M Holding, Inc. just before June 30, 1993 when the subject station became an Exxon station. Based upon the records available, the claimant sold the station to H&M Holding, and H&M Holding was the entity which owned and operated the subject station during the entirety of the time period relevant to this claim. Exxon's records do not indicate that anyone other than H&M Holding ever operated the station and purchased fuel as a direct-served Exxon dealer during the subject time period. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to S.V. Gasmart, Inc.

6. With regard to the disputed claim in D4.8, Claim 104202, an extension of time was requested and granted (as announced on the record), after lengthy argument was heard at the November 19, 2008 hearing. The claimant, or his counsel (Martin Covitz), will submit to the undersigned and States' Counsel a copy of the June 6, 1994 letter (first revealed at the hearing on November 19, 2008), along with an additional memorandum in support, by **Friday, November 21, 2008**. States' Counsel will then have until **Monday, December 1, 2008** to file a response. Thereafter, the undersigned will issue a ruling, without further hearing.

7. With regard to the disputed claim in D4.9, Claim 2555, an extension of time was requested and granted (as announced on the record), after lengthy argument was heard at the November 19, 2008 hearing. The claimant, or her counsel (Sara Shepherd), has until **Monday, December 1, 2008** to submit, to the undersigned and

States' Counsel, documents which evidence that G&B, Inc. paid for the subject Exxon motor fuel as a direct-served dealer.   The claimant may submit an additional memorandum along with the documentary evidence, should she wish to do so.  States' Counsel will then have until **Monday, December 8, 2008** to submit a response. Thereafter, the undersigned will issue a ruling without further hearing.

8.     The claim of Valley Fair Automotive, Inc., Claim 6442, (D4.10) is DENIED. The ruling is in favor of the States.  Despite the claimant's failure to appear for the hearing, after being properly noticed, the undersigned heard argument from States' Counsel and reviewed the evidence in the record.   Based upon the clear and undisputed evidence in the record, the claimant has failed to provide evidence establishing its ownership of the claim.   There is no evidence of any transfer or assignment to the claimant of the *Allapattah* claim.   The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Valley Fair Automotive, Inc.

9.     The claim of Calvin Guidry, Claim 1005397, (D4.13) is DENIED.   The ruling is in favor of the States.  Despite the claimant's failure to appear for the hearing, after being properly noticed, the undersigned heard argument from States' Counsel and reviewed the evidence in the record.  Based upon the clear and undisputed evidence in the record, the claimant has failed to provide evidence establishing its ownership of the claim.   There is no amount, or gallonage, of motor fuel reported in the gallonage database for this station or claimant.   The claimant has failed to provide any documentation to show that he was a direct-served Exxon dealer who purchased motor

fuel.    The claimant likewise failed to produce any Exxon Motor Fuel Sales Agreement(s), nor could any be found by Class Counsel or States' Counsel despite diligent efforts to locate them.

10.    With regard to the disputed claim in D4.15, Claim 2486A, an extension of time was requested and granted (as announced on the record), after lengthy argument was heard at the November 19, 2008 hearing.   The claimant, appearing *pro se*, has until **Friday, November 21, 2008** to submit, by fax to the undersigned and States' Counsel, any additional documentation and/or argument he wants to advance.   States' Counsel will then have until **Tuesday, November 25, 2008** to submit its response to the undersigned and the claimant.   Thereafter, the undersigned will issue a ruling without further hearing.

**DONE AND ORDERED** at Miami, Florida this ___ day of November, 2008.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record