IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
**Special Master Thomas E. Scott**

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

### ORDER REGARDING DISPUTED CLAIM D4.5

    This cause is before the Special Master upon Class Counsel's *Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* **[D.E. 5237]**; the Special Master's *Amended Order Setting Hearings for D4 Claims* **[D.E. 5249]**; *Memorandum in Opposition to Claim 1016536C (Dispute D4.5)* **[D.E. 5381]**; and, *Reply to the Memorandum in Opposition to Claim 1016536C (Dispute D4.5)*.

    As announced at the hearing on November 19, 2008, the undersigned was taking this matter under advisement so that there could be further review and consideration of the materials filed and the arguments set forth at the hearing, specifically including the case law discussed. Having begun this review, the

undersigned is concerned that no specific Exxon Sales Agreements, or assignments of the same, have been produced. Such assignments, whether specifically or by operation of law, have been referred to; however, no physical documentation in this regard was provided. Documentation was provided to show a sale and/or transfer of the real property upon which the station exists, as purchased through the referenced bankruptcy proceeding. It remains unclear whether the relevant Exxon motor fuel sales agreement(s) was part of the purchase from the bankruptcy proceeding.

In the interest of fundamental fairness, the undersigned is providing the claimant with an additional opportunity to provide the following:

    a.    any Exxon sales agreement(s) in effect for the period of time for this claim, and any documents which support the conclusion that the claimant received an assignment of those agreements through the purchase of the real property in the bankruptcy matter (and/or agreements between the original buyer in the bankruptcy matter and the claimant);

    b.    the actual agreements between the original buyer in the bankruptcy matter and subsequent purchasers, including the claimant. For example, the April 1992 bankruptcy *Order Authorizing Sale to Carlos Leffler, Inc. Free and Clear of Liens and Encumbrances* mentions that the winning bid of Leffler (which the order was approving) was "reduced to an executed agreement of purchase." To the undersigned's knowledge this original agreement (which presumably would set forth what exactly was sold and approved by the bankruptcy court) has not been produced.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The claimant, Woodfin Heating, Inc. (Claim 1016536C), is allowed until **Tuesday, December 2, 2008** to submit to the undersigned and States' Counsel the documentation described above, or any other documentation which the claimant believes may be helpful to show: (a) that an assignment of the relevant Exxon sales

agreement(s) occurred as part of the original sale in the bankruptcy matter; and/or (b) what else, if anything, other than the real property was part of the approved sale in the bankruptcy matter. The claimant is also allowed to submit a brief memorandum in support (no more than five pages in length).

2. States' Counsel shall have until **Tuesday, December 9, 2008** to submit a memorandum in response to any documentation or memorandum submitted by the claimant.

3. Thereafter, the undersigned will issue a ruling without further hearing.

**DONE AND ORDERED** at Miami, Florida this 25 day of November, 2008.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

Charles E. Ayers, Jr., Esq. (counsel for Woodfin Heating, Inc.)
Ayers & Stolte, P.C.
710 N. Hamilton Street
Richmond, VA 23221
Tel.: (804) 358-4731
Fax: (804) 864-0895
Email: ericap@ayerslaw.com