IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,  )
)
Plaintiffs,  )
)
v.  )
)
EXXON CORPORATION,  )
)
Defendant.  )
_____)
)
RUSSELL A. CLINE,  )
)         CONSOLIDATED WITH
Plaintiff,  )         CASE NO.: 05-21338-CIV-GOLD
)         /SIMONTON
vs.  )
)
THE GARDEN CITY GROUP, INC.,  )
)
Defendant.  )
_____)

### REPORT AND RECOMMENDATION ON STEARNS WEAVER'S PETITION FOR DISTRIBUTION OF ATTORNEYS' FEES PREVIOUSLY AWARDED

THIS CAUSE is before the Special Master pursuant to *Stearns Weaver's Petition for Distribution of Attorneys' Fees Previously Awarded* **[D.E. 5342]**, the District Court's *Order of Reference to Special Master* **[D.E. 5347]**, Gerald M. Bowen's *Objection to Stearns Weaver Motion for Distribution of Unpaid Attorneys' Fees Previously Awarded Because Award Was Obtained by Fraud and Motion for Forfeiture to Sanction Stearns Weaver Fraud* **[D.E. 5391-5392]**, and the District Court's *Order of Referral* **[D.E. 5420]**. Having reviewed the record, the foregoing petition by Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("Stearns Weaver"), the present status, and expected future end of, the Claims Administration Process, the

Case 1:91-cv-00986-ASG   Document 5466   Entered on FLSD Docket 11/26/2008   Page 2 of 6

*Report and Recommendation on Stearns Weaver's Petition*
*for Distribution of Attorney's Fees Previously Awarded*
*Page 2 of 6*

objections and filings of Mr. Bowen, and being otherwise fully advised in the premises, the Special Master recommends that the *Petition* be granted, and that Mr. Bowen's Objection and Motion be overruled and denied, respectively. Specifically, Stearns Weaver seeks distribution of the remaining $30,911,194.50[1] in attorney's fees it was awarded pursuant to Judge Gold's July 6, 2006 Order. The undersigned recommends that full amount be paid at this time. The reasoning for these recommendations follows.

☐   Since the time that Stearns Weaver entered into this case as Class Counsel, and most certainly since the December 2005 settlement with Exxon and through this mammoth Claims Administration Process, Stearns Weaver has undertaken a Herculean effort with impressive skill, efficiency and professionalism. Indeed, Stearns Weaver has more than earned the right to the attorney's fees awarded to them by Judge Gold in July 6, 2006. Payment of the remaining fees at this time will not jeopardize the Fund's reserves to pay the remaining anticipated administrative costs of the Fund.

As referenced in Class Counsel's recently filed November 2008 Status Report **[D.E. 5457]**, only seventy-two (72) claims remain to be adjudicated, which is about 0.5% of the total claims in this entire Claims Administration Process. Of these, twenty-two (22) are uncontested. The remaining fifty (50) claims are to be adjudicated by the undersigned, are fully briefed, and will soon be heard and/or adjudicated. The dollar value of the remaining claims is $6.3 million, which is approximately 0.5% of $1.102 billion value of the Settlement Fund. There are also still some appeals that are pending, and appeals that might occur as a result of upcoming rulings on pending claims.

---

[1] Stearns Weaver's Petition sought $30,911,195.00. This figure was incorrect by a mere $.50. The correct amount remaining is $30,911,194.50.

Case 1:91-cv-00986-ASG   Document 5466   Entered on FLSD Docket 11/26/2008   Page 3 of 6

*Report and Recommendation on Stearns Weaver's Petition
for Distribution of Attorney's Fees Previously Awarded*
Page 3 of 6

Stearns Weaver argues that "[t]here is no longer any reason to hold these fees, which were earned in full long ago."[2] D.E. 5342, at pg. 2. Stearns Weaver also makes the assertion that this money should be in their hands now, due to the markets being so "uncertain," inferring one to believe that the assets of the Settlement Fund are invested in risky investments. To these contentions, the undersigned does take exception. First, while the fees may have been "earned" long ago, determination of when those fees are to be paid is a decision left **solely** to the Court. Only upon the Court's approval, and as the Court deems proper, in accordance with the previous determinations made in the July 6, 2006 Order, is Stearns Weaver allowed the payment of their remaining fees. Second, the argument that the markets are "uncertain" as a basis to pay Stearns Weaver's fees now, is not persuasive to the undersigned. The assets of the Settlement Fund are in the safest possible investment vehicle available. Stearns Weaver is aware of this, as they had direct, significant, and substantial input and influence upon where and how the assets of the Settlement Fund were, and are, invested. Accordingly, the complaint that the fees should be paid now because of the uncertainty in the market falls flat.

That notwithstanding, Class Counsel has advanced 100% of the claims into some form of motion for adjudication to reach a conclusion, and only seventy-two (72) claims (less than 0.5% of the total claims) remain pending for adjudication by the undersigned. To get to this point, Stearns Weaver has undertaken an unprecedented effort, while achieving impressive results with the highest skill and professionalism. As a result of the present status of the Claims Administration Process, in conjunction with Stearns Weaver's admirable, skillful, efficient, and devoted operation throughout the Claims Administration Process up to the present point, it is

---

[2] Stearns Weaver additionally argues that the remaining interest on the fees, to be determined and awarded provide sufficient incentive (and they state the incentive is unnecessary) for the remainder of the process. The undersigned needs not address this issue as it will be dealt with at a subsequent time.

Case 1:91-cv-00986-ASG   Document 5466   Entered on FLSD Docket 11/26/2008   Page 4 of 6

*Report and Recommendation on Stearns Weaver's Petition*
*for Distribution of Attorney's Fees Previously Awarded*
*Page 4 of 6*

entirely equitable to award Stearns Weaver their remaining fees, at this time. Of course, this recommendation is made with the expectation and requirement that Stearns Weaver unhesitatingly continue their past stellar level of effort, to be directed toward the implementation and completion of the forthcoming 5% Reserve Procedures and eventual 5% Reserve payments to the Class Members.

Lastly, with regard to the "objection" and "motion for forfeiture"[3] filed by Gerald Bowen **[D.E. 5391 - 5392]**,[4] he fails to set forth a cogent objection and reasoning in support of the same, or a basis for forfeiture. Mr. Bowen attacks Eugene Stearns, personally, as well as the undersigned; however, Mr. Bowen provides nothing of substance or assistance regarding the Stearns Weaver's Petition. Mr. Bowen's motion references a "$7,000 receipt backed reimbursement request," but he does not indicate specifically what he is referring to. Oddly, Mr. Bowen complains that the undersigned has not ruled upon his cost reimbursement request, yet, following the October 17, 2008 hearing, Mr. Bowen filed a multitude of motions, including one seeking to prevent the undersigned from ruling upon anything relating to Mr. Bowen (which would include the cost reimbursement request) **[D.E. 5410]**.[5]

Mr. Bowen's objection and motion for forfeiture continue his past course of filing of salacious motions, which are devoid of any coherent argument, and **factual** support for his allegations of fraud, or other depraved conduct. These are very serious allegations which Mr. Bowen has made, continues to make, and likely will continue to make. To date, however, he has failed to provide even a scintilla of evidence to support his allegations that Stearns Weaver

---

[3] Note that this "motion for forfeiture" is in the title of the pleading only. There is no actual discussion about the basis for forfeiture, the legal authority for the same, or the precise relief sought.
[4] Note that D.E. 5391 and 5392 are the **exact same document**.
[5] More recently, Judge Gold denied the motion of Mr. Bowen **[D.E. 5421]**, and now the matter of Mr. Bowen's request for cost reimbursement is back before the undersigned for report and recommendation.

Case 1:91-cv-00986-ASG   Document 5466   Entered on FLSD Docket 11/26/2008   Page 5 of 6

*Report and Recommendation on Stearns Weaver's Petition*
*for Distribution of Attorney's Fees Previously Awarded*
*Page 5 of 6*

and/or Eugene Stearns, individually, engaged in any manner of fraud or other reprehensible conduct. The undersigned takes these allegations very seriously and does not condone the cavalier manner in which Mr. Bowen casts them about, without support. Mr. Bowen has had **years** to advance and marshal the supposed evidence in support of his allegation, but he has yet to set forth any such evidence. Instead, Mr. Bowen repeats the same arguments and excuses (such as needing additional time, or witnesses are unable or unwilling to appear in support of his allegations, including one "key witness" who is allegedly being held against her will, being sexually tortured and/or exploited).

As Mr. Bowen's "objection" and "motion for forfeiture" are devoid of any cogent argument and evidentiary support, the undersigned recommends that the objection be overruled and Mr. Bowen's "motion for forfeiture" be denied.

In accordance with the foregoing Report and Recommendation, it is respectfully recommended that:

1. This Court adopt this Report and Recommendation;

2. Stearns Weaver be paid the remainder of their withheld attorney's fees, in the amount of $30,911,194.50.

3. Mr. Bowen's Objections [D.E. 5391 - 5392] be overruled; and,

4. Mr. Bowen's "Motion for Forfeiture [D.E. 5392] be denied.

RESPECTFULLY SUBMITTED this 26 day of November, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Case 1:91-cv-00986-ASG   Document 5466   Entered on FLSD Docket 11/26/2008   Page 6 of 6

*Report and Recommendation on Stearns Weaver's Petition*
*for Distribution of Attorney's Fees Previously Awarded*
*Page 6 of 6*

☐ Copies furnished to:
☐ All counsel of record
☐ Garden City Group
☐ U.S. District Judge Alan S. Gold