IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER RESETTING HEARING FOR DISPUTED CLAIMS D4.11 and D4.12

This cause is before the Special Master upon Class Counsel's *Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* **[D.E. 5237]**; the Special Master's *Amended Order Setting Hearings for D4 Claims* **[D.E. 5249]**; *Memorandum in Opposition to Claim #1007111B (Dispute D4.11)* **[D.E. 5385]**; *Memorandum in Opposition to Claim #1019738B (Dispute D4.12)* **[D.E. 5386]**; the Special Master's *Order to Show Cause Against Claimant Thomas J. Terry, Jr., Claim Number 100711B, and Claimant Tom Terry Enterprises, Inc., Claim Number 1019738B* **[D.E. 5456]**; and the November 26, 2008 letter from counsel for claimants Thomas J. Terry, Jr. and Tom

Terry Enterprises, Inc. in response to D.E. 5456.[1]

On November 19, 2008, the undersigned held a hearing on all outstanding matters in *Motion D4*, including the matters in D4.11 and D4.12, which concerned the claimants Tom Terry, Jr. (D4.11) and Tom Terry Enterprises, Inc. (D4.12), pursuant to the undersigned's *Amended Order Setting Hearings for D4 Claims* **[D.E. 5249]**. However, neither claimant appeared for the November 19, 2008 hearing, and an *Order to Show Cause* was issued.

The *Order to Show Cause* required that the claimants, Tom Terry, Jr. and Tom Terry Enterprises, Inc., show good cause, by no later than 5:00 p.m. on December 1, 2008, explaining their failure to appear for the November 19, 2008 hearing. In response, on November 26, 2006, the undersigned's office received a telephone call from Richard D. Givens, Esq., counsel for the claimants. A letter dated November 26, 2008 followed the telephone call reiterating that Tom Terry, Jr. is quite elderly and currently in a rest home unable to speak or care for himself. Attached hereto as *Exhibit A* is a copy of the November 26, 2008 letter received from counsel for the claimants.

In consideration of counsel's explanation, the undersigned finds that good cause has been shown for the claimants' failure to appear for the hearing. As such, the undersigned is resetting the D4.11 and D4.12 matters for hearing.

---

[1] For the benefit of the claimants' counsel, should he like to obtain a copy of the pleadings and filings referenced above, they can be obtained for free at the following website: http://cert.gardencitygroup.com/docketview/fs/docket

*Order Resetting Hearing on Disputed Claims D4.11 and D4.12*
*Page 3 of 4*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The disputed claims in matters D4.11 and D4.12 are reset for hearing on **January 20, 2008** beginning at **11:20 a.m. (D4.11) and 11:40 a.m. (D4.12) Eastern Standard Time**. A court reporter has been requested. Claimants or representatives of claimants are permitted to telephonically participate in the hearings.

    The following call-in information should be used:

    Telephone Number: 1-866-590-1534

    Participant Code: 24576991#

2. Claimants, Tom Terry, Jr. and Tom Terry Enterprises, Inc., shall have up to and including **January 2, 2009** to file (with the Office of the Special Master) a memorandum in support of their respective claims, and in opposition States' Counsel's *Memorandum in Opposition to Claim #1007111B (Dispute D4.11)* **[D.E. 5385]**, and States' Counsel's *Memorandum in Opposition to Claim #1019738B (Dispute D4.12)* **[D.E. 5386]**, should they wish to submit any additional argument or documentation.

3. States' Counsel shall then have up to and including **January 9, 2009** to file (with the Office of the Special Master) a response in opposition to any memorandum that the claimants may file or submit. A copy of said response should be served upon claimants' counsel, Richard D. Givens,

Esq.

4. Should the claimants determine that they do not want to submit any further memorandum or documentation and/or do not want to have a hearing on the dispute, the claimants' counsel should notify the undersigned as soon as possible. In such event, the undersigned will simply rule upon the merits of the dispute based upon the record before him.

**DONE AND ORDERED** at Miami, Florida this 2nd day of December, 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

Richard D. Givens, Esq. (fax – 650-351-1723)