IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

Plaintiffs,

v.

EXXON CORPORATION,

Defendant.

RUSSELL A. CLINE,

Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

Defendant.

**CONSOLIDATED WITH
CASE NO.: 05-21338-CIV-GOLD
/SIMONTON**

### REPORT AND RECOMMENDATION REGARDING GERALD M. BOWEN'S REQUEST FOR COST REIMBURSEMENT

This matter is before the Special Master upon Gerald M. Bowen's and/or the Law Office of Gerald M. Bowen's (hereinafter, collectively referred to as "Bowen") three part Interim Cost Request, termed a *Verified Filing of Receipts* **[D.E. 4792]**; Bowen's *Request for Expedited Processing by Special Master of Reimbursement Request* **[D.E. 5023]**; Judge Gold's *Order of Reference* regarding D.E. 5023 **[D.E. 5027]**; Bowen's *Motion for Appropriate Relief* **[D.E. 5215]**; *Notice of Filing of Gerald M. Bowen's and the Law Offices of Gerald M. Bowen's Combined: 1. Verified Statement that he is Foreclosed by Ethical Duties from Receiving, Accepting or Otherwise Participating in the Proceeds of the Court's July 6, 2006 Fee Award*

*Because of his Personal Knowledge that the Same was Obtained by Fraud and is Mistakenly Premised on False Assumptions Which Were Deliberately Invited by Parties to the Fee Proceedings and Which Remain Extant Due to the Fraud Elicited Corruption of the Judicial Process Which Has Compromised the Court's Integrity.* 2. *Motion for Appropriate Relief* **[D.E. 5229]**; Judge Gold's *Order of Reference* regarding Bowen's Motion for Appropriate Relief (D.E. 5215) **[D.E. 5230]**; Bowen's *Motion for Emergency Telephone Hearing Before Special Master Thomas Scott on Motion of Gerald Bowen for Appropriate Relief (Regarding Cost Reimbursement)* **[D.E. 5289]**; Judge Gold's *Order Denying Motion to Vacate Order of Reference And For Emergency Hearing [D.E. 5291]; Requesting Special Master to Expedite Report and Recommendation on Motion for Cost Reimbursement and Related Motion [DE 5203 and DE 5215]* **[D.E. 5299]**; *Motion for Immediate Disbursement for Costs to Trust Account of T.J. McKenna for First Lien Holder Allied Esquire Capital* **[D.E. 5415]**; Bowen's *Supplement to Motion of Gerald Bowen for Appropriate Relief (Regarding Cost Reimbursement) (DE 5215)* **[D.E. 5334]**; District Court's *Order of Reference to Special Master* **[D.E. 5422]**; and, *Notice of Filing by Gerald Bowen of Assignment of $25,000 of Proceeds of Pending Request for Reimbursement of Recoverable Costs (filed April 8, 2008) and Disbursement Directive.*

Following an evidentiary hearing held on October 17, 2008 relating to Bowen's Request for Cost Reimbursement, as well as other matters such as his Rule 60 motion, and after an exhaustive review of the arguments and voluminous documentation submitted by Bowen, and otherwise being fully advised in the premises, this matter is ripe for review and adjudication. The undersigned finds and recommends as follows:

## I. FINDINGS AND RECOMMENDATIONS

Bowen seeks reimbursement of his costs in the amount of $106,715.62.[1] After the undersigned's many attempts to request supporting documentation from Bowen to show that his costs are properly reimbursable, Bowen finally produced a multitude of documents.[2] Yet, when the documentation was finally submitted it was haphazardly "organized" requiring considerable amounts of time and effort by the undersigned's office and the Settlement Fund's Financial Advisor to properly reconcile the cost reimbursements requested in accordance with the documents (or lack thereof) submitted for each item. Of the $106,715.62 requested by Bowen, only $74,547.52 is properly reimbursable. This $74,547.52 consists of $36,697.52 which is reimbursable as *true costs*, plus another $37,850.00 relating to contributions made to the Engels, Pertnoy Trust Account.[3] In addition, there is another $51,625.00 in contributions to the Engels, Pertnoy Trust Account which was not included in Bowen's submission, but which has been properly verified through Engels, Pertnoy's accounting for the Trust Account. As such, all totaled, Bowen's reimbursable costs are **$126,172.52**.

The remaining items sought by Bowen are disallowed, and are discussed below by using the reference numbers set forth by Bowen in his original cost reimbursement request and documentation submitted in support of the same [D.E. 4792]. The following items were disallowed or reduced from the total amount sought:

---

[1] Though Bowen's Notice of Filing Verified Receipts [D.E. 4792] reflects a request of $106,251.31.
[2] The undersigned went to considerable effort to give Bowen **every opportunity** to submit the necessary documentation. Time, and again, the undersigned ordered, requested, and repeatedly told, Bowen to submit the documentation in support of his cost reimbursement request. The undersigned made every attempt, and beyond, to make Bowen and his then-attorney, Mr. McKenna, aware that sufficient documentation was needed to support his request for cost reimbursements.
[3] Specifically, this $37,850.00 relates to reference item number 79 (numbers assigned by Bowen in his submissions for cost reimbursement [D.E. 4792]). Two amounts, $12,500.00 and $12,850.00, respectively, were to eventually be reimbursed by the Settlement Fund. These monies were set aside in the original order (part of a much larger $89,475.00). A third amount, $12,500.00, was advanced by R. William McGillicuddy along with several other amounts not included in Bowen's cost reimbursement request.

| Reference # | Comment |
|---|---|
| 1 | The invoice presented was for one-half of the amount shown on Bowen's schedule. There was a hand-written reference to "x2". It could not be determined who the other ticket was for, or if Bowen had purchased two tickets for separate trips. However, the contemporaneous records showed the amount to be total, so the original amount was accepted. |
| 3 | Bowen submitted summary pages for his telephone bills from April – August 1994. It could not be determined if any of the balances included carryover amounts from prior months. They were also included in total without breaking out long-distance from local services. Finally, none of the amounts were originally included in the contemporaneous records previously submitted. Consequently, no amounts were included for these costs. |
| 9a | No support provided, and thus disallowed in total. |
| 10 | The total bill was submitted without regard to any other possible clients. Not supported by contemporaneous billing and thus disallowed. |
| 15 | Same as 10, but $222.00 was supported by contemporaneous billing, which is the amount allowed. |
| 26 | Documentation provided was not an invoice, but a rate check-in sheet, and, thus, was disallowed. |
| 27 | Bill was for Robin Bowen and the signed credit card receipt was by her. There was no related air travel and it was not supported by contemporaneous billing. Disallowed. |
| 28 | Bill was for Laura Bowen, and thus was disallowed. |
| 31 | Cannot see the invoice, since it was covered by another. Therefore, the cost was disallowed. |
| 38b | Blank receipt. Disallowed. |
| 39 | Robe hooks. Disallowed. |
| 41 – 42c | Duplicate entries and/or partial credit later given. |
| 51 | Laser Jet toner. Not supported by contemporaneous billing, and, thus, disallowed. |
| 79 | Engels, Pertnoy Trust ($25,000). This amount was paid by and reimbursed to Grutman from PSA Trust Account, which was reimbursed through the Settlement Fund. Thus, this amount was disallowed. Other amounts (totaling $37,850.00) in reference item 79 were allowed for the reasons set forth above. |
| 96 | The total bill was submitted without regard to any other possible clients. Not supported by the contemporaneous billing and, thus, disallowed. |
| 99 | The total bill was submitted without regard to any other possible clients. Not supported by the contemporaneous billing and, thus, disallowed. |
| 102 | No invoice. Disallowed. |
| 107 | Duplicate charge. Disallowed. |
| 110 | Duplicate charge. Disallowed. |
| 119 | Included in hotel bill reference item number 2 (see Bowen filings). Disallowed. |
| 137 | Handwritten notes. Incomplete support. Disallowed. |

Case 1:91-cv-00986-ASG   Document 5478   Entered on FLSD Docket 12/03/2008   Page 5 of 6
*Report and Recommendation Regarding Bowen's Cost Reimbursement*
Page 5 of 6

## II. CONCLUSION

In accordance with the foregoing Report and Recommendation, it is respectfully recommended that Gerald Bowen's Cost Reimbursement Request be granted in part, and denied in part, in accordance with the recommendations above. An order should be entered whereby Bowen is adjudicated to be entitled to $126,172.52 as supported reimbursable costs and expenses. Further, though there may be competing claims to any such reimbursement and/or Bowen has requested (or directed) the Court to pay certain other parties, no such accommodation should be made; rather, the order awarding the reimbursement of the $126,172.52 should be paid directly to Bowen.

In that regard, Bowen's *Motion for Immediate Disbursement of Reimbursement of Costs to Trust Account of T.J. McKenna for First Lien Holder Allied Esquire Capital* **[D.E. 5415]** should be DENIED.[4] Additionally, Bowen's *Notice of Filing by Gerald Bowen of Assignment of $25,000 of Proceeds of Pending Request for Reimbursement of Recoverable Costs (filed April 8, 2008) and Disbursement Directive*[5] should be give no effect. It is merely a notice that Bowen made an assignment of his right to receive a portion of the cost reimbursement to another third-party, and Bowen's "directive" to this Court to make said payment. The Settlement Fund is not Bowen's bank account or bill-pay service. Since this is merely an assignment by Bowen, he can

---

[4] Moreover, this "Motion for Immediate Disbursement" is not a proper motion. Rather, it merely states that Bowen moves "...for the above caption [sic] relief on the grounds of and for the reasons stated in his Combined Declaration and Memorandum in Support of October 22, 2008 Motions." Yet, no such Combined Declaration and Memorandum in Support of October 22, 2008 Motions was ever filed with the District Court or served upon the undersigned. Accordingly, the "Motion for Immediate Disbursement" does state any grounds for relief, or any actual statements of specific relief sought.

[5] It appears that this "Notice of Filing" was not filed with the District Court; rather, it seems that it was merely served by Bowen on October 30, 2008, which is why the undersigned does not have a docket entry number.


pay this third party a portion of his cost reimbursement, on his own.

RESPECTFULLY SUBMITTED, in Miami, Florida this 3 day of ~~November~~ December, 2008.[6]

_____
THOMAS E. SCOTT, SPECIAL MASTER

Copies furnished to:
United States District Judge Gold
All counsel of record
The Garden City Group, Inc.

---

[6] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.