IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al.,  )
                                     )
    Plaintiffs,                      )
                                     )
v.                                   )
                                     )
EXXON CORPORATION,                   )
                                     )
    Defendant.                       )
_____)
                                     )
RUSSELL A. CLINE,                    )
                                     )      **CONSOLIDATED WITH**
    Plaintiff,                       )      **CASE NO.: 05-21338-CIV-GOLD /**
                                     )      **SIMONTON**
vs.                                  )
                                     )
THE GARDEN CITY GROUP, INC.,         )
                                     )
    Defendant.                       )
_____)

### ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C9.3

THIS CAUSE is before the Special Master pursuant to Class Counsel's Ninth Motion for Adjudication of Conflicting Claims (Motion C9) **[D.E. 4611]**, and the materials submitted[1] by or on behalf of claimant Ray J. Zeringue (hereinafter, "Zeringue"), Claim No. 2818, and claimant June Z. Rodrigue (hereinafter, "Rodrigue"), Claim No. 104542.

On July 2, 2008, the Special Master conducted an evidentiary hearing to resolve various unsettled conflicting claimant disputes contained in Class Counsel's C9 Motion, specifically

---

[1] Such materials include the original Replies and the responses and documentation attached to the claimants' respective answers to the "Claimants' Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action," as well as the additional supplements provided by the claimants, and the materials contained within the database maintained by the Claims Administrator.

*Order Regarding C9.3*
*Page 2 of 5*

including dispute C9.3. The parties to this dispute are Ray J. Zeringue (Claim No. 2818) and June Z. Rodrigue (Claim No. 104542). Zeringue was represented at the hearing by his attorney, C.J. Cheramie, Esq. Rodrigue appeared at the hearing *pro se*.

Having reviewed and analyzed all the materials submitted by the claimants and/or their counsel, the Court file and the file maintained by the Claims Administrator, and having conducted an evidentiary hearing concerning this dispute, and being otherwise fully advised in the premises, the Special Master finds as follows:

## **FINDINGS AND CONCLUSIONS**

1. Both claimants concur that Zeringue was the "dealer of record" for the time period of the subject claims—i.e., from March 1, 1983 to October 31, 1987.[2]

2. Zenrigue asserts 100% ownership over the claim, and Rodrigue assets 50% ownership of the subject claim.

3. Zenrigue and Rodrigue were married, and residing in the State of Louisiana, throughout the time period of the subject claim. However, they divorced one another in 1994, as reflected by a Judgment of Divorce dated February 22, 1994.

4. Accordingly, Rodrigue is asserting her 50% ownership of the subject claim in accordance with the community property laws of the State of Louisiana.

5. However, Rodrigue has also produced a copy of the "Settlement of Community" agreement dated April 7, 1994 (hereinafter "Settlement Agreement"). Neither party disputed the

---

[2] Rodrigue has highlighted that she and her former husband have together operated the subject station since 1966, up until the time of their divorce in or about 1994, yet she remained part owner of the station up to January, 1999.

validity of the Settlement Agreement, nor has either contested any of the terms stated therein.

6. The Settlement Agreement divides certain parcels of real estate and acknowledges that 100 shares of stock (100% of the existing stock) in the Raceland Exxon Service Center, Inc. (which is the station at issue here) exist *as community property*, to be assigned as 50 shares to Rodrigue and 50 shares to Zenrigue. *See, Settlement Agreement*. Thus, Rodrigue became 50% owner of the station along with Zenrigue as 50% owner.

7. Then, by virtue of a "Stock Transfer" agreement dated January 12, 1999 (hereinafter, "Stock Transfer Agreement"), Rodrigue (though her name was still June Zeringue at the time), transferred, assigned, conveyed, abandoned, and delivered her fifty (50) shares of stock in the subject station to Zenrigue and Raceland Exxon Service Center, Inc. In exchange, Rodrigue received $150,000 for her fifty (50) shares of stock.[3]

8. As part of the Stock Transfer Agreement, Zenrigue agreed to indemnify and hold harmless Rodrigue for any actions or debts of the subject Exxon station from the date of the Stock Transfer Agreement, and thereafter.

9. Based upon the foregoing, the materials submitted by the claimants, and the testimony received at the hearing on July 2, 2008, the undersigned finds that Zenrigue is the 100% owner of the subject claim.

10. While the station was community property as a result of the marriage between

---

[3] The $150,000 price consisted of the following: (1) $30,000 cash upfront; (2) $120,000 promissory note payable in twelve (12) monthly installments of $2,103.99 per month starting January 1, 1999, and then a $20,000 payment on January 1, 2000, followed by sixty (60) monthly installments of $1,698.47 beginning January 1, 2000; and (3) as a security interest, Rodrigue held a mortgage on the property upon which the station was located and upon other

Zenrigue and Rodrigue, the shares of stock in the subject station were equally split in accordance within the Settlement Agreement dated April 7, 1994, which followed the Judgment of Divorce dated February 22, 1994. As such, the 50/50 community property ownership of the station was recognized and accordingly split, and Rodrigue received her 50% ownership of the gas station's stock shares.

11. On January 12, 1999, Rodrigue decided to sell her 50 shares stock back to Zenrigue and Raceland Exxon Station in exchange for $150,000. This $150,000 was paid over the course of a number of years, as referenced in footnote 3 above. However, in exchange, Rodrigue received a secured interest in the real property upon which the station was located, as well as other real property. Furthermore, Zenrigue agreed to indemnify and hold Rodrigue harmless from any and all actions or debts relating to the subject station from the date of the Stock Purchase Agreement forward.

12. As such, it is clear that Rodrigue already received her 50% share of the community property interest in the subject station in 1994, but later on January 12, 1999, she decided to sell back that interest for a significant amount of money, the payment of which was secured by various real property, including the property upon which the station was located, and further, Rodrigue was relieved from any potential for liability or debts of the station. When she sold her entire interest—her shares of stock—in the station, she likewise sold and transferred any rights to the subject claim.

13. As a matter of law and equity, 100% of the subject claim must go to Zenrigue.

---

enumerated properties.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Ray J. Zeringue (Claim No. 2818) is the rightful claimant as between these two disputing claimants.

2. The claim of June Z. Rodrigue (Claim No. 104542) is hereby dismissed with prejudice. With the resolution of this dispute, Class counsel is permitted to advance the claim of Ray J. Zeringue (Claim No. 2818), in the Claims Administration Process.

3. The Garden City Group, Inc. is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: June Z. Rodrigue (Claim No. 104542). The Garden City Group, Inc. is directed to treat the Special Master's Order as denying June Z. Rodrigue's Claim No. 104542.

**DONE AND ORDERED** in Miami, Florida this 9th day of December 2008.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record