UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 91-0986-CIV-GOLD/SIMONTON

ALLAPATTAH SERVICES, INC.,
et al.,

      Plaintiffs,

vs.

EXXON CORPORATION,

      Defendant.
_____/

## OMNIBUS ORDER REGARDING STEARNS WEAVER'S PETITION FOR DISTRIBUTION OF ATTORNEYS' FEES PREVIOUSLY AWARDED [DE 5342] AND RELATED REPORT AND RECOMMENDATION, OBJECTIONS, AND MOTIONS

THIS CAUSE is before the Court on Stearns Weaver's Petition for Distribution of Attorneys' Fees Previously Awarded [DE 5342] ("Petition"), filed October 14, 2008. Gerald M. Bowen filed an objection to the Petition [DE 5391 and 5392] on October 28, 2008. The Special Master entered a Report and Recommendation on Stearns Weaver's Petition for Distribution of Attorneys' Fees Previously Awarded [DE 5466] ("Report and Recommendation") on November 26, 2008, and Gerald M. Bowen filed a timely objection to the Report and Recommendation [DE 5483] on December 8, 2008. No responses were filed to Mr. Bowen's objection to the Report and Recommendation.

By my Order on Petitions for an Award of Attorneys' Fees, Costs, and reimbursable Expenses and for Incentive Awards to Named Plaintiffs, dated July 6, 2007 [DE 2997], 454 F.Supp.2d 1185, upon consideration of the petitions presented and arguments made by the five firms seeking an award of attorneys' fees for the work performed in this case, I awarded 31 1/3% of the common fund created by the Settlement in this case to Class Counsel collectively, for a total attorneys' fee of $325,380,997. Of this amount, I awarded Stearns Weaver a fee of $247,289,557 and ordered that Stearns Weaver remain as sole

1

Class Counsel to continue the Claims Administration Process.

In order to provide an incentive to Stearns Weaver to expeditiously proceed with the Claims Administration Process, and to ensure that a sufficient reserve would remain to pay the anticipated cost of the Claims Administration Process, I ordered that one-half of Stearns Weaver's fee, or $123,644,779, was to be paid then, as well as all of the fees due to the other firms who had provided services to the Class. I also ordered that Stearns Weaver would be permitted to file for intermediate additional distributions of attorneys' fee conditioned upon progress in the claims process and the availability of sufficient interest funds to pay the remaining costs of the Claims Administration Process.

On July 26, 2006, Stearns Weaver sought an intermediate distribution of attorneys' fees [DE 4035], and I granted the petition [DE 4084], authorizing payment of $61,822,389, one-half of the then remaining unpaid fees. On February 26, 2008, Stearns Weaver sought a second intermediate distribution of attorneys' fees [DE 4589], and I granted the petition [DE 4696], authorizing payment of $30,911,195, one-half of the then remaining unpaid fees.

The current Stearns Weaver Petition seeks payment of $30,911,194.50, which represents 25% of the withheld fees (12.5% of the total fee award).[1] After payment of this amount, Stearns Weaver will have received 100% of the fees which I withheld pending progress in administering dealer claims. In comparison, as of October 2008, Stearns Weaver had designated 100% of the approximately 12,129 claims, totaling approximately $1,102,500,000, for adjudication.[2] Awards had been issued on 98.5% of the claims (both

---

[1] As noted in the Report and Recommendation, the correct amount of attorneys' fees remaining for distribution is $30,911,194.50, not the $30,911,195 sought in the Petition.

[2] Claims designation is the portion of the Claims Administration Process for which Stearns Weaver has the most substantial responsibility.

in terms of number of claims and dollars), leaving only 1.5% of the claims remaining to be adjudicated. Thus Stearns Weaver's request is consistent with my desire to ensure that the payment of Class Counsel's fees proceeds at a pace similar to the payment of claims. Moreover, as of October 2008, 94% of the total claims had been resolved (either through payment from the Allapattah Settlement Fund, dismissal, or withdrawal), representing 94.8% of the total dollar value of all claims. Demonstrating continued progress and diligence on the part of Stearns Weaver and other participants in the Claims Administration Process, as of December 2008, 97.8% of the total claims had been resolved (either through payment, dismissal, or withdrawal) (1.7% had been approved and are awaiting payment, .4% are pending in Conflict or Dispute Motions, and .2% are pending in a motion for summary judgment).[3]

I also conclude that distribution of the fees requested by Stearns Weaver can be effectuated without jeopardizing the ability of the Settlement Fund to satisfy its obligations. At the time of initial funding, the Settlement Fund was well invested in a favorable interest rate environment, and interest on the settlement fund has added more than enough money to sustain the claims process and to ensure that the 5% reserve held back from each claim can be paid in full at the end of the process. The Settlement Fund's financial advisors report that after payment of the distribution requested by Stearns Weaver and accounting for payment of all of the Fund's fixed and contingent obligations, current projections reflect that interest earned on the Settlement Fund will leave, at a minimum, a surplus of $8.5 million to $15.6 million (depending on the allocation of forfeitures).

Because this surplus will be generated even if the Fund's contingent obligations of approximately $77 million are paid, there exists a substantial cushion ensuring sufficient funds will be available for the payment of the remaining claims. Moreover, this analysis

---

[3]Class counsel filed a December 2008 Status Report [DE 5508] on December 10, 2008.

3

assumes that all remaining claims will be allowed at 100% (i.e. it assumes there will be no further abandonments, disallowments, or discounts on the pending claims).

I also note the Special Master's conclusions in the Report and Recommendations that it is equitable to award Stearns Weaver their remaining fees at this time, and that the requested distribution will not jeopardize the Settlement Fund's reserves to pay the remaining and anticipated administrative costs of the Settlement Fund. I echo the Special Master's statement that Stearns Weaver has undertaken a Herculean effort with impressive skill, efficiency and professionalism. I commend Stearns Weaver for its admirable operation throughout the Claims Administration Process, and I trust that Stearns Weaver will continue to provide such extraordinary level of attention and effort to the remaining work of the Claims Administration Process, including the implementation and completion of the forthcoming 5% Reserve Procedures and the eventual payment of the 5% Reserve to class members.

Regarding Mr. Gerald M. Bowen's Objection to Stearns Weaver Motion for Distribution of Unpaid Attorneys' Fees Previously Awarded Because Award Was Obtained by Fraud and Motion for Forfeiture to Sanction Stearns Weaver Fraud [DE 5391 and 5392], filed on October 28, 2008, as Special Master Scott states, Mr Bowen "fails to set forth a cogent objection and reasoning" for his objections, and "provides nothing of substance or assistance regarding Stearns Weaver's Petition. . . .Mr. Bowen's objection and motion for forfeiture . . . are devoid of any coherent argument, and factual support for his allegations of fraud, or other depraved conduct." I therefore concur with the Special Master's recommendation that Mr. Bowen's objection and motion for forfeiture be overruled.

Similarly, Mr. Bowen's Combined Fourth Motion for Recusal of Special Master and Preliminary Objection of Bowen to Report and Recommendation on Stearns Motion to Continue Looting Common Fund (Self Styles: Motion for Unpaid Attorneys Fees) [DE 5483], filed December 8, 2008, provide absolutely no factual support for his allegations of

4

fraud or otherwise reprehensible conduct by either Stearns Weaver or Special Master Scott. As a result, I deny Mr. Bowen's Motion and Objection, and conclude that Stearns Weaver is entitled to distribution of the remaining unpaid attorneys' fees of $30,911,194.50, which provides Stearns Weaver with compensation for work already performed. This is a final order on the issue of distribution of attorneys' fees to Stearns Weaver, and I therefore certify this order as final and immediately appealable. No objections or motions relating to this order shall be filed with this court. It is hereby

ORDERED AND ADJUDGED that:

1. The Special Master's Report and Recommendation [DE 5466] is ADOPTED.
2. Stearns Weaver's Petition [DE 5342] is GRANTED.
3. Gerald M. Bowen's Objection and Motion [DE 5391 and 5392] are DENIED.
4. Gerald M. Bowen's Fourth Motion for Recusal and Objection to Report and Recommendation [DE 5483] is DENIED.
5. The Court hereby approves a distribution of attorneys' fees to Stearns Weaver in the amount of $30,911,194.50. The Court reserves determination of interest on these fees until a later time.
6. The Court hereby instructs JP Morgan Chase to initiate on December 22, 2008 a wire transfer in the amount of $30,911,194.50, to be drawn on the Settlement Fund's Custody Account and transferred to the Settlement Fund's Demand Deposit Account (DDA).
7. Upon confirmation that the $30,911,194.50 has been transferred to the Settlement Fund's DDA, JPMorgan Chase is instructed to initiate a wire transfer to Stearns Weaver pursuant to the wire instructions provided by the firm.

DONE AND ORDERED in Chambers at Miami, Florida this 17 day of December, 2008.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Andrea Simonton
Special Master Thomas E. Scott
Counsel of Record