IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING PREVIOUSLY DISMISSED CLAIM NO. 4470

This cause is before the Special Master pursuant to the letter request served upon the undersigned by, or on behalf of, Claimant Daniel Lewis Hendon (Claim No. 4470) seeking reversal of the dismissal of Claim No. 4470.

On November 5, 2008, the undersigned issued the *Sua Sponte Order on Claimants Who Have Failed to Seek Payment* **[D.E. 5427]**. Pursuant to that Order, Class Counsel was required to periodically identify claimants who, over two or more payment cycles, failed to submit valid Payment Instructions, tax documentation and/or a TPSP election form. Class Counsel was directed to provide each such claimant with written notice of a final thirty (30) day deadline by which the claimants must submit the required paperwork.

On or about January 9, 2009, Class Counsel filed their *Second Notice Pursuant to Sua Sponte Order on Claimants Who Have Failed to Seek Payment* **[D.E. 5546]** (the "Second Notice"). The Second Notice identified Claim No. 4470 as one where the claimant failed to return the necessary paperwork within the time allowed following claimant's receipt of the written notice. Class Counsel advised that the deadline provided in the notice was January 2, 2009.

Thereafter, on January 12, 2009, pursuant to the *Order Regarding Claimants Who Have Failed To Seek Payment as Identified in Class Counsel's Second Notice* **[D.E. 5547]**, the undersigned dismissed Claim No. 4470 without prejudice based upon the claimant's failure to seek payment of his award.

Following the dismissal, by letter dated January 20, 2009, Mr. Michael R. Sneberger, as a representative of the claimant, Daniel Lewis Hendon, requested that the undersigned reinstate Mr. Hendon's claim. Attached hereto as **Exhibit A** is a true and correct copy of the January 20, 2009 letter. Having reviewed the letter and the claims file, the undersigned is inclined to grant the relief sought, despite various inaccuracies set forth in the January 20, 2009 letter.[1] Enclosed with the January 20, 2009 letter, Mr. Sneberger finally supplied the Payment Instructions for Mr. Hendon's Claim No. 4470, which appear to be proper.

Additionally, while Mr. Sneberger is not listed in the Claims Administrator's database as the official representative or Mr. Hendon, Mr. Sneberger does allege that he was working directly with Class Counsel on this claim and various other claims of Mr. Hendon in this process. Thus, it appears that Mr. Hendon's representative may have been confused

---

[1] For example, the letter states that the claimant submitted Payment Instructions for another claim (#4503) in December of 2008. The file reveals that those Payment Instructions were actually submitted in December **2007**. Similarly, the letter states that Mr. Hendon provided Replies to Claim Nos. 4503 A & B and 4470 in April 2008. The Replies for Claim Nos. 4503 A & B were submitted in April **2007**, though the Reply for Claim No.

in his communications with Class Counsel, and/or it appears there may be excusable neglect by Mr. Hendon, leading to Mr. Hendon's failure to timely return the Payment Instructions for Claim No. 4470. Accordingly, consistent with the prior application of equitable principles, the undersigned is considering reinstatement of the claim.

However, before any order is entered to reinstate the claim, the undersigned wants to receive and consider any objections to the potential reinstatement. Accordingly, Class Counsel and States' Counsel are allowed until February 10, 2009 to serve the undersigned with any response or objection they might have to the requested reinstatement of Mr. Hendon's claim. Otherwise, if no objections are received, the undersigned will issue a separate order reinstating the claim.

It is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Class Counsel and States' Counsel shall have until the end of business on Tuesday, February 10, 2009 to serve the undersigned with any response or objection they wish to assert relating to Mr. Hendon's request for reinstatement of Claim No. 4470; and,

2. Following the receipt of any such responses or objections, or if none are filed within the time allowed, the undersigned will proceed to issue an order

---

4470 was submitted in April 2008.

relating to Claim No. 4470.

**DONE AND ORDERED** at Miami, Florida this 4th day of February 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record
Garden City Group, Inc.