IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,   )
)
    Plaintiffs,   )
)
v.   )
)
EXXON CORPORATION,   )
)
    Defendant.   )
_____)
)
RUSSELL A. CLINE,   )
)    **CONSOLIDATED WITH**
    Plaintiff,   )    **CASE NO.: 05-21338-CIV-GOLD /**
)    **SIMONTON**
vs.   )
)
THE GARDEN CITY GROUP, INC.,   )
)
    Defendant.   )
_____)

### SUA SPONTE REPORT AND RECOMMENDATION FOR ENTRY OF ORDER FOR DISBURSEMENT OF FUNDS FOR PAYMENT OF UNITED STATES BACKUP WITHHOLDING FROM AWARDS CONTAINED IN THE TWELFTH WAVE OF PAYMENTS FROM THE SETTLEMENT FUND

THIS CAUSE is before the Special Master *sua sponte*.

On February 12, 2008, the District Court entered Payment Orders 105 and 106 [DE 4542, 4543] as part of the Twelfth Wave of Payments from the Settlement Fund. In Payment Orders 105 and 106 the Court approved payment of Award Nos. 6249 and 6400 to two foreign claimants in the Claims Administration Process. Award Nos. 6249 and 6400 were paid by checks dated February 15, 2008.

On January 28, 2009, the undersigned's office was informed that the backup withholding payments for the two Awards have not been remitted to the Internal Revenue Service ("IRS"). Originally, the withholding amounts for these two Awards were properly accounted for by the Garden City Group, Inc. but the withholdings remain unpaid.[1] A separate order from the Court is needed to cause the transfer of monies in the Settlement Fund's Accounts to allow for an electronic payment to the IRS.

Based upon the amounts at issue, it is possible that the Fund will face potential penalties and interest (albeit minimal), as assessed by the IRS. It is estimated that the penalties could equal approximately $910.00 and the interest would amount to approximately $550.00. While the penalties may be avoided if certain requirements are met, interest will be assessed as it cannot be abated. No penalties or interest have been assessed at this time; however, it is recommended to pay an additional $550.00 in tandem with the withholding payments since that amount, when assessed, cannot be abated. Should the IRS later assess (and not agree to abate) penalties, the issue of a penalty payment can be revisited at that time.

The Special Master has consulted with the Settlement Fund's tax advisors and has determined that federal backup withholding must be paid to the IRS for each of these Awards. The Special Master believes that it is critical for the Settlement Fund to comply with federal tax reporting and payment requirements. Accordingly, the Special Master recommends that:

---

[1] For Claim No. 1029436, in Award 6249, the "Total Net Award" (after reductions for 5% Reserve, attorney's fees, etc.) was $6,067.95. However, Payment Order 105 authorizing payment for this award ordered only $5,390.77 to be paid to the claimant, and a check was issued for that amount on February 15, 2008. The difference between the "Total Net Award" set forth in Award 6249 and the amount set forth in Payment Order 105 is $677.18, which represents the proper amount to be withheld and later remitted to the IRS. Likewise, for Claim No. 1029, in Award 6400, the "Total Net Award" was $61,662.05, and Payment Order 106 authorized payment of $53,245.18. The difference of $8,416.87 represents the proper amount to be withheld and later remitted to the IRS. Thus, the withholding amounts were properly accounted for; however, those amounts remain in the Settlement Fund's account and remain unpaid to the IRS.

1. The District Court should enter an order approving the payment of federal backup withholding to be made to the IRS relating to Awards 6249 and 6400;

2. The District Court should authorize The Garden City Group, Inc. to pay the federal backup withholding, plus estimated interest, in a single payment to the IRS in the amount of $9,644.05;[2]

3. In the order, the District Court should instruct JPMorgan Chase to initiate, on Tuesday, February 10, 2009, a wire transfer in the amount of $9,644.05 to be drawn on the Settlement Fund's Custody Account and transferred to the Settlement Fund's Demand Deposit Account (DDA);

4. Upon confirmation that the $9,644.05 has been transferred to the Settlement Fund's DDA, The Garden City Group, Inc. should be instructed to complete the federal withholding payment through the Electronic Federal Tax Payment System (EFTPS);

5. The Garden City Group, Inc. should indicate on the payment instructions that EFTPS is to debit the Settlement Fund's DDA in the amount of $9,644.05 on Friday, February 13, 2009, or as soon as possible thereafter; and,

6. For all future payments to any foreign payees, as part of this Claims Administration Process, The Garden City Group, Inc. is hereby authorized and directed to make the necessary withholdings from the Awards,[3] and corresponding payments to the IRS

---

[2] This total is the sum of $8,416.87 (from Award 6400) and $677.18 (from Award 6249), plus $550.00 in estimated interest.
[3] This authorization and direction also pertains to the forthcoming distributions of the 5% Reserve amounts.

without the need of any further order from this Court.

**RESPECTFULLY SUBMITTED** in Miami, Florida this ____ day of February, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record