IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,       )
                                          )
      Plaintiffs,                          )
                                          )
v.                                        )
                                          )
EXXON CORPORATION,                        )
                                          )
      Defendant.                           )
_____)
                                          )
RUSSELL A. CLINE,                         )
                                          )       **CONSOLIDATED WITH**
      Plaintiff,                           )       **CASE NO.: 05-21338-CIV-GOLD /**
                                          )       **SIMONTON**
vs.                                       )
                                          )
THE GARDEN CITY GROUP, INC.,              )
                                          )
      Defendant.                           )
_____)

## ORDER REGARDING DISPUTED CLAIM D4.15 (CLAIM # 2486A)

This cause is before the Special Master upon Class Counsel's *Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* **[D.E. 5237]**; the Special Master's *Amended Order Setting Hearings for D4 Claims* **[D.E. 5249]**; *Memorandum in Opposition to Claim 2486A (Dispute D4.15)* **[D.E. 5387]**; and, any and all additional materials submitted[1] by, or on behalf of, the various claimants.

On November 19, 2008, the undersigned conducted an evidentiary hearing regarding dispute D4.15. The claimant in this dispute is G.A.G., Inc. (Claim No. 2486A). The States

---

[1] Such materials include the original Replies and other documentation contained within the database maintained by the Claims Administrator, as well as the additional supplements provided by the claimants.

oppose the claim. The claimant was represented at the hearing by its President, Christopher Gordon. The States were represented by Kenneth Winters, Esq.

At the conclusion of the hearing, the claimant was allowed until November 21, 2008 (two days following the hearing) to submit additional documentation to be considered, in light of testimony received at the hearing. However, the claimant submitted nothing further to the undersigned by November 21, 2008 (or any other time thereafter). Thus, the undersigned assumes that nothing additional exists for the claimant to provide. Accordingly, the ruling is based upon the record before the undersigned as of the November 19, 2008 hearing.

Prior to the hearing, the claimant supplied an affidavit from its President, Christopher Gordon, stating that the claimant operated the subject station from January 16, 1984 to January 15, 1985, pursuant to a Sales Agreement (Trial Franchise), and its records relating to the same are no longer available.

Class Counsel advised that it could not locate any record of such a document for the time period from January 16, 1984 to January 15, 1985. However, Class Counsel did locate a Sales Agreement (Trial Franchise) for the claimant from January 16, 1985 to January 15, 1986 (a year later than the claimed time period).

Exxon's records show that the dealer of record at the subject station up to and ending January 15, 1985 was actually Margaret S. Norris. Ms. Norris was the dealer of record since the beginning of the *Allapattah* Class period (and prior thereto). She has not filed a claim as part of this process.

Irrespective of the claimant's affidavit (stating that it started operating the subject station on January 16, 1984 pursuant to a trial Sales Agreement), the claimant was simply not even incorporated or created until approximately December 27, 1984. Thus, it is impossible for the

claimant to be the proper claimant for the majority of the January 16, 1984 to January 15, 1985 time period. It appears that the claimant is merely the proper claimant for another time period (January 16, 1985 through January 15, 1986) not at issue here.

Exxon's records show that as of March 1, 1983, Ms. Norris was the dealer of record, and as of January 1984 she was still the dealer of record (as indicated by various invoices). Ms. Norris continued to purchase motor fuel from Exxon after January 16, 1984. Exxon's accounting records, as of January 31, 1984, show that Ms. Norris was the active account with Exxon. Ms. Norris continued to be the dealer at the subject station in February 1984, as reflected by various invoices and Exxon's accounting records.

Exxon's accounting records and invoices show that in January 1985 the operation of the station did change, which is in line with the Sales Agreement (for January 1985 to January 1986) that Class Counsel was able to locate relating to the claimant. The accounting records and invoices for February 1985 confirm that the station ownership change occurred in January 1985.

The claimant simply appears to be in error as to when it actually began operating the subject station, and has no documentation to prove otherwise. Indeed, the documentation which exists shows and confirms that another dealer operated the subject station during the period claimed and that the claimant did not exist as an entity until December 1984 and did not begin operating the station until January 1985.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

The claim of G.A.G., Inc. (Claim No. 2486A) is DISALLOWED. The claimant was unable to prove his ownership of the subject claim for the period of time sought. The Claims Administrator shall make the appropriate notation in the claim file concerning this

dismissal and shall distribute the Special Master's Order to G.A.G., Inc. (Claim No. 2486A).

**DONE AND ORDERED** in Miami, Florida this  05  day of February 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record