UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 91-0986-CIV-GOLD/SIMONTON

ALLAPATTAH SERVICES, INC.,
et al.,

    Plaintiffs,

vs.

EXXON CORPORATION,

    Defendant.
_____/

## OMNIBUS ORDER REGARDING SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING GERALD M. BOWEN'S REQUEST FOR COST REIMBURSEMENT [DE 5478]

THIS CAUSE is before the Court on the Special Master's Report and Recommendation Regarding Gerald M. Bowen's Request for Cost Reimbursement ("Report") [DE 5478]. Gerald Bowen filed a Response to the Report [DE 5545], stating that he waived objections to the specific items of disallowance in the Report. Jewel Grutman filed Objections to the Report [DE 5515][1] ("Grutman's Objections"), asserting a security interest in Mr. Bowen's fees, and thereafter filed a Motion to Enforce Security Interest in Gerald Bowen's Award of Fees and Costs ("Grutman's Motion") [DE 5527]. The Special Master filed a Response to Jewel Grutman's Objections [DE 5525], as did Mr. Bowen [DE 5544] ("Combined Objections").[2] Allied Esquire Group filed a Response to Grutman's Motion [DE 5549]. Finally, Stearns Weaver filed a Response to Mr. Bowen's Combined Objections [DE 5526] ("Stearns Weaver's Response"), and Allied Esquire Group and

---

[1] Ms. Grutman did not file these Objections with the Clerk of the Court. I am therefore under no obligation to consider them. I nevertheless address them below.

[2] Mr. Bowen did not file these Objections with the Clerk of the Court. I am therefore under no obligation to consider them. I nevertheless address them below.

1

Stearns Weaver filed a host of pleadings relating to Stearns Weaver's Response [DE 5533, 5543, 5575, and 5588]. Having reviewed the Report and Grutman's Motion, I affirm and adopt the Report and deny Grutman's Motion.

In the Report, Special Master Scott recommends reimbursing Mr. Bowen $126,172.52, including $36,697.52 reimbursable as true costs and $89,475.00 in contributions to the Engels, Pertnoy Trust Account. The Special Master recommends that specific items from Mr. Bowen's request for cost reimbursement be disallowed (see DE 5478, p. 4), and as stated above, in his response to the Report, Mr. Bowen waived objection to these disallowances.[3] Finally, the Special Master recommends that Mr. Bowen's "directive" for the Court to make payments to certain parties, as requested in Gerald M. Bowen's Motion for Immediate Disbursement of Reimbursement for Costs to Trust Account of T.J. McKenna for First Lien Holder Allied Esquire Capital [DE 5415], be denied, as the Court is not Mr. Bowen's personal bill-pay service.[4]

In Grutman's Objections[5], Grutman asserts a security interest in Mr. Bowen's fees, stating that she would follow up with a motion for enforcement of her security interests, which motion was filed on December 22, 2008. Grutman alleges that she is an assignee in the Court's award of fees and costs awarded to Mr. Bowen, that Mr. Bowen's obligation toward her is $300,000.00, and that the Court should order such amount paid from the

---

[3] No objections have been filed to the cost reimbursement amount recommended by the Special Master.

[4] Moreover, as noted by the Special Master, Mr. Bowen's Motion for Immediate Disbursement of Reimbursement for Costs to Trust Account of T.J. McKenna for First Lien Holder Allied Esquire Capital [DE 5415] provides no reasoning or justification for the relief sought.

[5] In Mr. Bowen Combined Objections, he states summarily that he seeks an order "overruling the objections of Jewel Grutman to the Report and Recommendations on Bowen's Request for Reimbursement." [DE 5544].

award to Mr. Bowen. In support of her Motion, Grutman filed a declaration and exhibits, including a secured promissory note [DE 5527-2]. Having reviewed Grutman's Objections and Motion, the related pleadings and relevant case law, I deny Grutman's Motion as untimely.

As stated by the Special Master in his response to Grutman's Objections [DE 5525], Grutman has had ample opportunity to state an interest in Bowen's cost reimbursement, yet has failed to do so in a timely manner. On October 17, 2008, the Special Master held an evidentiary hearing relating to Bowen's request for cost reimbursement [see DE 5324], at which Grutman's attorney, T.S.L. Perlman, appeared [October 17, 2008 Tr., p. 2, 6:24-7:1]. At this hearing, the Special Master gave all interested parties ample opportunity to argue or object to Mr. Bowen's request for cost reimbursement, and several parties took advantage of such opportunity.[6] Mr. John Romano, representing Allied Esquire Group, requested 24 to 48 hours to review the record and "enter a formal objection" to Mr. Bowen's request [Id., 70:24-71:7; 71:15-17]; and the Special Master granted such request [Id., 70:8]. Thereafter, Allied Esquire Group filed a Notice of No Objection to Disbursement of Certain Costs [DE 5365] on October 20, 2008.

Also at the October 17, 2008 hearing, in response to the Special Master's request for concerns about the cost reimbursement requested by Mr. Bowen, Mr. Kevin Jacobs, representing Bill McGillicuddy, stated that he had no comment [Id., 72:7-8], and Mr. T.J. McKenna, representing Gainey & McKenna and himself, stated that he had no objection to the Special Master awarding the cost reimbursement expenses to Mr. Bowen if they were deemed proper by the Special Master [Id., 72:10-14]. Grutman did not raise any

---

[6] Specifically, Special Master Scott stated, "I'd like to hear from anybody else directed solely to the two issues that are before me today, which is Rule 60 or the request for costs, and then I'll hear a reply from Mr. Bowen." [Id., 70:17-21]; "Anybody else on the phone? Mr. McGillicuddy, anybody, about the two issues that are before me?" [Id., 72:4-6]; "Anyone else?" [Id., 72:9]; "Thank you, counsel. Anyone else? All right. Mr. Bowen?" [Id., 72:15-16].

3

objections at the hearing, nor did she file an objection or response to Mr. Bowen's request any time before the Special Master's Report. The first time Grutman raised any concern about the payment was after the Response was entered, and specifically on the last day of the objections period. I therefore conclude that Grutman's Motion is untimely.[7]

Finally, I have reviewed the lengthy interchange between Allied Esquire Group and Stearns Weaver [DE 5533, 5543, 5575, and 5588], which address Allied's purported interest in Bowen's fees and the allegedly "criminally usurious rate of interest" at which monies were borrowed. Because this interchange addresses fees (not costs), I do not address the arguments at this time.

For the reasons stated above, I affirm and adopt the Special Master's Report and Recommendations, and I deny Jewel Grutman's Motion. Accordingly, it is hereby

ORDERED AND ADJUDGED:

1. The Special Master's Report and Recommendations [DE 5478] is AFFIRMED AND ADOPTED.

2. Mr. Gerald M. Bowen is entitled to $126,172.52 as supported reimbursable costs and expenses. This $126,172.52 shall be paid directly to Mr. Gerald M. Bowen, and the Special Master is authorized to take the necessary action to effectuate the payment of $126,172.52 to Mr. Gerald M. Bowen.

3. Gerald M. Bowen's Motion for Immediate Disbursement of Reimbursement

---

[7] I note too that Grutman's Motion appears to use "fees" and "costs" interchangeably. The present Report addresses costs only; pending before the Court and the Special Master is the issue of intervention in Bowen's fee award [see, e.g., DE 5363, 5353]. Moreover, while Grutman, in the body of her Motion references an interest in Bowen's cost award, the Secured Promissory Note attached as an exhibit to Grutman's declaration references Bowen's fee award, not his cost award: "This note and the obligations hereunder are secure by a collateral assignment of the undersigned's interest in an award of **legal fees** for services rendered as is finally determined by the court in proceedings in *Allapattah v. Exxon*." [DE 5527-2, p. 8, ¶ 2, emphasis added].

for Costs to Trust Account of T.J. McKenna for First Lien Holder Allied Esquire Capital [DE 5415] is DENIED.

4. Jewel Grutman's Motion to Enforce Security Interest in Gerald Bowen's Award of Fees and Costs [DE 5527] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this __11__ day of March, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
U.S. Magistrate Judge Andrea Simonton
Special Master Thomas E. Scott
Counsel of Record