IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
Defendant. )
_____ )
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD**
) **/SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
Defendant. )
_____ )

## *SUA SPONTE* ORDER REGARDING NEEDED DOCUMENTATION RELATING TO MATTERS ASSOCIATED WITH OUTSTANDING MOTIONS AND REQUESTS SURROUNDING THE JULY 6, 2006 FEE AWARD TO GERALD M. BOWEN

This matter is before the Special Master *sua sponte*, and upon the following multiple pending motions and requests, more specifically set forth as follows:

**A. States' Counsel's Motion For Distribution of Gerald Bowen's Fee Award, and related matters, consisting of:**

    i.   *States' Counsel's Motion for Distribution of Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5290]**;

    ii.  *William McGillicuddy's Limited Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5359]**;

    iii. *Casey O'Keefe's Memorandum in Opposition to the States' Motion for Disposition of Gerald M. Bowen's July 6, 2006 Fee Award* **[D.E. 5371]**;

iii. *Boyd Thatcher's Memorandum in Opposition to the States' Motion for Disposition of Gerald M. Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5370]**;

iv. *Allied Esquire Group, Inc.'s Response in Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5372]**;

v. *Non-Party Rocco DeLeonardis's Memorandum in Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5374]**;

vi. *Jewel Grutman's Response in Opposition to States' Counsel's Motion to Forfeit Gerald Bowen's Fee* **[D.E. 5375]**;

vii. *Opposition of Gainey & McKenna to States' Counsel's Motion for Disposition for Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5389]**;

viii. States' Counsel's *Reply to Allied Esquire Group, Inc.'s Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5442]**;

ix. States' Counsel's *Reply to Boyd Thatcher's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5443]**;

x. States' Counsel's *Reply to Casey O'Keefe's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5444]**;

xi. States' Counsel's *Reply to Gainey & McKenna's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5445]**;

xii. States' Counsel's *Reply to Jewel Grutman's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5447]**;

xiii. States' Counsel's *Reply to Douglas Campbell's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5449]**;

xiv. States' Counsel's *Reply to Rocco DeLeonardis's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5448]**;

xv. States' Counsel's *Reply to Gerald Bowen's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5446]**;

xvi. States' Counsel's *Reply to Todd Thatcher's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* **[D.E. 5450]**;

B. **Position Papers in Support or Opposition to Suggestion of Interpleader for Gerald Bowen's July 6, 2006 Fee Award, consisting of:**

   i. *Position Paper of Gainey & McKenna in Opposition to Suggestion of Interpleading in a Virginia Court Any Claims By Bowen Creditors Against Fee and Expense Award Made to Bowen* **[D.E. 5439]**;

   ii. *Allied Esquire Group, Inc.'s Memorandum of Law in Response to the October 17, 2008 Order Directing Position Papers* **[D.E. 5403]**;

   iii. *Plaintiffs' Position Paper Regarding Interpleader of Disputes Over Attorneys' Fees Owed to Gerald M. Bowen* **[D.E. 5400]**;

   iv. *Jewel Grutman's Response to Sua Sponte Order on Gerald Bowen Motions* **[D.E. 5402]**;

   v. *States' Counsel's Response to Special Master's Sua Sponte Order Following October 17, 2008 Hearing* **[D.E. 5401]**;

   vi. *Non-Party Rocco DeLeonardis's Memorandum of Law in Opposition to the Filing of an Interpleader Action* **[D.E. 5404]**;

C. **Separate Motions Filed by Creditors of Gerald Bowen, and Court Orders Relating to same, consisting of:**

   i. Allied Esquire Group's *Motion to Intervene* **[D.E. 5353]**;

   ii. District Court's *Order of Reference* dated October 20, 2008 **[D.E. 5363]**;

   iii. *Allied Esquire's Motion for Payment to Allied Esquire Group, Inc. and Incorporated Memorandum of Law, filed on November 13, 2008* **[D.E. 5441]**;

   iv. District Court's *Order of Reference* dated November 17, 2008 **[D.E. 5455]**;

   v. Allied Esquire Group's *Reply to Stearns Weavers Response to Bowen's December 18, 2008 Combined Motions [DE 5526]* **[D.E. 5533]**;

   vi. *Stearns Weaver's Sur-Reply to Allied Esquire Group, Inc.'s Reply and Incorporated Memorandum of Law* **[D.E. 5543]**;

   vii. *Allied Esquire's Motion to Strike Stearns Weaver's Sur-Reply and Incorporated Memorandum of Law* **[D.E. 5575]**;

   viii. *Stearns Weaver's Response to Allied Esquire Group's Motion to Strike Stearns Weaver's Sur-Reply* **[D.E. 5588]**;

   ix. *Non-Party Todd Thatcher's Motion for Entry of an Order Affirming Assignment of Attorneys' Fees from Gerald M. Bowen and Seeking Disbursement from the Claims Administrator and Depository Institution, Opposing the States' Motion for Forfeiture (D.E. 5290), Requesting to Participate in the October 17, 2008 Hearing (D.E. 5324), and Supporting Memorandum of Law* **[D.E. 5341]**;

   x. District Court's *Order of Reference* **[D.E. 5348]**;

   xi. *Non-Party Douglas Campbell's Motion for Entry of an Order Affirming Assignment of Attorneys' Fees from Gerald M. Bowen and Seeking Disbursement from the Claims Administrator and Depository Institution,*

                *Opposing the States' Motion for Forfeiture (D.E. 5290), Requesting to Participate in the October 17, 2008 Hearing (D.E. 5324), and Supporting Memorandum of Law* **[D.E. 5341]**;

xii. District Court's *Order of Reference* **[D.E. 5440]**;

xiii. *Jewel Grutman's Motion to Enforce Security Interest in Gerald Bowen's Award of Fees and Costs* **[D.E. 5527]**;

xiv. *Non-Party Rocco DeLeonardis' Motion for Entry of an Order Affirming Assignment of Attorneys' Fees From Gerald M. Bowen and Seeking Disbursement From the Claims Administration and Depository Institution and Supporting Memorandum of Law* **[D.E. 4146]**;

xv. *Rocco DeLeonardis's Request For Hearing On Motion re: (DE 4146)* **[D.E. 4161]**;

xvi. *Order Setting Hearing on Non-Party Rocco DeLeonardis' Motion For Entry Of An Order Affirming Assignment Of Attorneys' Fees From Gerald M. Bowen* **[D.E. 4248]**;

xvii. *Non-Party Rocco DeLeonardis's Notice of Non-Opposition* **[D.E. 4301]**;

xviii. *Jewel Grutman's Response to Rocco DeLeonardis's Notice of Non-Opposition* **[D.E. 4309]**;

xix. *Special Master's Order on Non-Party Rocco DeLeonardis' Motion for Entry of an Order Affirming Assignment of Attorneys' Fees from Gerald M. Bowen and Requiring Gerald M. Bowen & Requiring Gerald M. Bowen to File List of Creditors with Interest in his Attorneys' Fees* **[D.E. 4357]** and,

xx. *Applicant-Intervenors Rocco DeLeonardis' and Alisa Lachow-Thurston's Motion to Intervene and Notice of Filing Assignments* **[D.E. 5626]**;

xxi. District Court's *Order of Reference to the Special Master* **[D.E. 5630]**.

As part of the undersigned's ongoing detailed review and analysis of the myriad motions, requests and matters before him, as referenced above, the undersigned believes that at this stage there appears to be sufficient documentation and briefing to move forward with a hearing, subject to one exception. The lone exception relates to the claim of Allied Esquire and its loan and security agreement with Mr. Bowen.

Allied Esquire claims that it has a security interest in a large portion of Mr. Bowen's July 6, 2006 Fee Award. As support, Allied has provided a copy of the *Loan and Security Agreement* between Allied and Mr. Bowen, attached to the *Affidavit of Harvey R. Hirschfeld* (Vice Chairman and member of the Board of Directors of Allied Esquire Group, Inc.). *See, D.E. 5353-*

2. The copy of the Loan and Security Agreement, as provided by Allied, is missing Schedules 1 through 4, and Exhibit(s), which are referenced within the agreement. Certain of these schedules purport to list various known creditors of Mr. Bowen. Schedule 1 purports to set forth a list of liens against Mr. Bowen in the aggregate. Schedule 2 purports to identify those Liens (from Schedule 1) which were to be paid off by Allied at the closing on the loan agreement between Allied and Mr. Bowen. Schedule 3 purports to list those Liens which would remain after paying those on Schedule 2, and which would be subordinated to Allied's security interest. Schedule 4 purports to set forth how the $3,500,000 in loan principal would be distributed at the closing between Allied and Bowen.

It appears that the Schedules to the Allied Loan and Security Agreement[1] would be highly germane to many of the issues before the undersigned, and not just those solely related to Allied's motions.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Any interested party, specifically including Allied Esquire Group,[2] may file, within ten (10) days of this Order, the missing Schedules 1 through 4 and Exhibit(s) to the December 13, 2006 Allied-Bowen Loan and Security Agreement, as well as any and all additional contemporaneous letters,

---

[1] As well as any other contemporaneous letters, agreements or other documents between Allied and Mr. Bowen which may relate to the July 6, 2006 Bowen Fee Award.
[2] Gerald Bowen has already filed some of these materials, *in camera* with the undersigned, by Notice of Filing dated February 5, 2007 **[D.E. 3584]**, and were discussed with Mr. Bowen and his attorney at an *in camera* hearing on March 20, 2007. Accordingly, Mr. Bowen is not required to file these again. However, if Allied is relying upon the December 13, 2006 Loan and Security Agreement to support its claim, Allied will need to include complete documentation as part of the record.

agreements or other documents between Allied and Bowen, as may relate to the July 6, 2006 Bowen Fee Award.

2. If the interested party deems it necessary, that party may file the documents with the undersigned for an initial *in camera* review. However, if any party intends to rely upon the December 13, 2006 Loan and Security Agreement, the full and complete documentation relating to the same will need to be made a part of the record.

3. After the undersigned receives and analyzes the additional documentation, a hearing will be set by separate order. While the hearing will necessarily address the multitude of motions and requests set forth above, the hearing will solely focus on the following issues:

   a. the July 6, 2006 Bowen Fee Award and whether Mr. Bowen has forfeited the award, and whether the award should be distributed to the States; or,

   b. if not forfeited:

      i. whether the Fee Award can and should be paid directly to Mr. Bowen, leaving his creditors to enforce their purported interests against Mr. Bowen directly;

      ii. whether the Fee Award can, or should, be interpleaded to another Court, such as a Court in the Commonwealth of Virginia; or,

      ii. if none of the above, and this Court is to handle the competing interests to Mr. Bowen's Fee Award, whether and to what extent the costs associated with the same should be offset by the remaining Bowen Fee Award, as opposed to being borne by the Settlement Fund, and, further, whether such an offset should be applied retroactively to ensnare all costs thus far paid by the Settlement Fund for having to deal with the competing creditor issues associated with Mr. Bowen's Fee Award. Once this

issue is addressed, the validity and priority of the various creditor interests will be heard and/or a separate hearing may be set.

DONE and ORDERED, in Miami, Florida this 25 day of March 2009.

_____
THOMAS E. SCOTT, SPECIAL MASTER

Copies furnished to:
United States District Judge Gold
All counsel of record