IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

### ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C10.1

This cause is before the Special Master pursuant to Class Counsel's Tenth Motion for Adjudication of Conflicting Claims (Motion C10) **[D.E. 4909]**, and the materials submitted[1] by or on behalf of claimant Sicora Motors, Inc., c/o Thomas E. Sicora (Claim No. 1955) ("Thomas Sicora"), and claimant Charles Sicora (Claim No. 4416).

On January 20, 2009, the Special Master conducted an evidentiary hearing to resolve the conflicting claimant dispute contained in Class Counsel's C10 Motion – specifically, dispute C10.1 The parties to this dispute were Sicora Motors, Inc. c/o Thomas E. Sicora (Claim No. 1955) and

---

[1] Such materials include the original Reply and the responses and documentation attached to the claimants'' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action."

Charles R. Sicora (Claim No. 4416). Both Thomas Sicora and Charles Sicora appeared *pro se*. Both sought adjudication of the right to assert a claim on behalf of Sicora Motors, Inc.

After analyzing the materials submitted by the claimants, and having reviewed the Court file, conducted an evidentiary hearing concerning this dispute, and being otherwise fully advised in the premises, the Special Master finds as follows:

Sicora Motors, Inc. is the rightful claimant, and neither Thomas E. Sicora nor Charles R. Sicora are proper claimants in their individual capacities. Moreover, Thomas E. Sicora in his capacity as President of Sicora Motors, Inc., as of the date of that corporation's dissolution, who has the right to assert the claim on behalf of the corporation. Accordingly, claimant Sicora Motors, Inc. c/o Thomas E. Sicora (Claim No. 1955) is the rightful claimant as between the two disputing claimants.

As revealed at the hearing, there was no dispute that the corporation is the actual owner of the *Allapattah* claim. Rather, the dispute concerned: (a) who had the right to assert the claim on behalf of Sicora Motors, Inc. in this process; (b) who had the right to distribute the eventual award to the stockholders of Sicora Motors, Inc.; and (c) the determination of the stockholders who would receive an eventual distribution of the award once paid to Sicora Motors, Inc.

Charles Sicora argued that the proper stockholders – and thus, who should receive distributions of the *Allapattah* award – should be determined as of the date that the contract between Exxon and Sicora Motors, Inc. was "broken." Thus, Charles Sicora argued that the stockholder ownership of Sicora Motors, Inc. should be determined as of late 1986 to early 1987 when Exxon "breached" its contract with Sicora Motors, Inc. Thomas Sicora, on the other hand, argued that the proper determination of stock ownership must be made as of the date of the corporation's dissolution

on or about December 30, 2005.

Corporate ownership is determined by stock share ownership. The *Allapattah* claim, or the right to assert it and collect the damages, necessarily follows the sale or transfer of stock shares in the corporation. Charles Sicora has provided no evidence that any sale, transfer or assignment of shares of stock in Sicora Motors between 1986 and December 2005 involved the specific reservation of a right to retain or assert the *Allapattah* claim. Therefore, the stockholders of Sicora Motors as of the date of corporate dissolution (December 30, 2005) are the proper stockholders to eventually receive a distribution of the *Allapattah* award, after the award is first paid to Sicora Motors, Inc.

Furthermore, since the evidence is not disputed that Thomas E. Sicora was the President of Sicora Motors, Inc. as of December 30, 2005 (and indeed was the one who handled the dissolution at that time), then Thomas E. Sicora is the proper individual and officer of the corporation to handle the eventual distribution to the shareholders, after payment of any tax obligations or other debts of Sicora Motors, Inc.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Sicora Motors, Inc. c/o Thomas E. Sicora (Claim No. 1955) is the rightful claimant as between these two disputing claimants. Only Thomas E. Sicora has the authorization to submit Payment Instructions on behalf of Sicora Motors, Inc. (when necessary as part of the remaining process relating to the claim). Said Payment Instructions should be in accordance with the stockholder ownership of Sicora Motors, Inc. as of the date of dissolution of Sicora Motors, Inc. – *i.e.*, December 30, 2005.

2. The claim of Charles R. Sicora (Claim No. 4416) is hereby dismissed with prejudice. With the resolution of this dispute, Class Counsel is permitted to advance the claim of Sicora Motors, Inc. c/o Thomas E. Sicora (Claim No.1955) in the Claims Administration Process.

3. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: Charles R. Sicora (Claim No. 4416). The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to Charles R. Sicora (Claim No. 4416).

**DONE AND ORDERED** in Miami, Florida this ___ day of March, 2009.[2]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[2] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.