IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
Defendant. )
_____)
)
RUSSELL A. CLINE, )
)          **CONSOLIDATED WITH**
Plaintiff, )          **CASE NO.: 05-21338-CIV-GOLD**
)          **/SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
Defendant. )
_____)

## ORDER SETTING HEARING ON PENDING MOTIONS AND ISSUES CONCERNING GERALD M. BOWEN'S FEE AWARD AND RELATED MATTERS

This matter is before the Special Master upon the following multiple pending motions and requests, more specifically set forth as follows:

**A. States' Counsel's Motion For Distribution of Gerald Bowen's Fee Award, and related matters, consisting of:**

    i.    *States' Counsel's Motion for Distribution of Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5290]**;

    ii.   *William McGillicuddy's Limited Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2006 Fee Award to the States* **[D.E. 5359]**;

    iii.  *Casey O'Keefe's Memorandum in Opposition to the States' Motion for Disposition of Gerald M. Bowen's July 6, 2006 Fee Award* **[D.E. 5371]**;

Case 1:91-cv-00986-ASG   Document 5671   Entered on FLSD Docket 04/08/2009   Page 2 of 6

*Order Setting Hearing on Pending Motions and Issues*
*Concerning Gerald M. Bowen's Fee Award and Related Matters*
*Page 2 of 6*

iii. *Boyd Thatcher's Memorandum in Opposition to the States' Motion for Disposition of Gerald M. Bowen's July 6, 2006 Fee Award to the States* [D.E. 5370];

iv. *Allied Esquire Group, Inc.'s Response in Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2006 Fee Award to the States* [D.E. 5372];

v. *Non-Party Rocco DeLeonardis's Memorandum in Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2006 Fee Award to the States* [D.E. 5374];

vi. *Jewel Grutman's Response in Opposition to States' Counsel's Motion to Forfeit Gerald Bowen's Fee* [D.E. 5375];

vii. *Opposition of Gainey & McKenna to States' Counsel's Motion for Disposition for Gerald Bowen's July 6, 2006 Fee Award to the States* [D.E. 5389];

viii. States' Counsel's *Reply to Allied Esquire Group, Inc.'s Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5442];

ix. States' Counsel's *Reply to Boyd Thatcher's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5443];

x. States' Counsel's *Reply to Casey O'Keefe's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5444];

xi. States' Counsel's *Reply to Gainey & McKenna's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5445];

xii. States' Counsel's *Reply to Jewel Grutman's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5447];

xiii. States' Counsel's *Reply to Douglas Campbell's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5449];

xiv. States' Counsel's *Reply to Rocco DeLeonardis's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5448];

xv. States' Counsel's *Reply to Gerald Bowen's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5446];

xvi. States' Counsel's *Reply to Todd Thatcher's Opposition to States' Counsel's Motion for Disposition of Gerald Bowen's July 6, 2008 Fee Award to the States* [D.E. 5450];

Case 1:91-cv-00986-ASG   Document 5671   Entered on FLSD Docket 04/08/2009   Page 3 of 6

*Order Setting Hearing on Pending Motions and Issues*
*Concerning Gerald M. Bowen's Fee Award and Related Matters*
Page 3 of 6

B. **Position Papers in Support or Opposition to Suggestion of Interpleader for Gerald Bowen's July 6, 2006 Fee Award, consisting of:**

   i. *Position Paper of Gainey & McKenna in Opposition to Suggestion of Interpleading in a Virginia Court Any Claims By Bowen Creditors Against Fee and Expense Award Made to Bowen* **[D.E. 5439]**;

   ii. *Allied Esquire Group, Inc.'s Memorandum of Law in Response to the October 17, 2008 Order Directing Position Papers* **[D.E. 5403]**;

   iii. *Plaintiffs' Position Paper Regarding Interpleader of Disputes Over Attorneys' Fees Owed to Gerald M. Bowen* **[D.E. 5400]**;

   iv. *Jewel Grutman's Response to Sua Sponte Order on Gerald Bowen Motions* **[D.E. 5402]**;

   v. *States' Counsel's Response to Special Master's Sua Sponte Order Following October 17, 2008 Hearing* **[D.E. 5401]**;

   vi. *Non-Party Rocco DeLeonardis's Memorandum of Law in Opposition to the Filing of an Interpleader Action* **[D.E. 5404]**;

C. **Separate Motions Filed by Creditors of Gerald Bowen, and Court Orders Relating to same, consisting of:**

   i. Allied Esquire Group's *Motion to Intervene* **[D.E. 5353]**;

   ii. District Court's *Order of Reference* dated October 20, 2008 **[D.E. 5363]**;

   iii. *Allied Esquire's Motion for Payment to Allied Esquire Group, Inc. and Incorporated Memorandum of Law, filed on November 13, 2008* **[D.E. 5441]**;

   iv. District Court's *Order of Reference* dated November 17, 2008 **[D.E. 5455]**;

   v. Allied Esquire Group's *Reply to Stearns Weavers Response to Bowen's December 18, 2008 Combined Motions [DE 5526]* **[D.E. 5533]**;

   vi. *Stearns Weaver's Sur-Reply to Allied Esquire Group, Inc.'s Reply and Incorporated Memorandum of Law* **[D.E. 5543]**;

   vii. *Allied Esquire's Motion to Strike Stearns Weaver's Sur-Reply and Incorporated Memorandum of Law* **[D.E. 5575]**;

   viii. *Stearns Weaver's Response to Allied Esquire Group's Motion to Strike Stearns Weaver's Sur-Reply* **[D.E. 5588]**;

   ix. *Non-Party Todd Thatcher's Motion for Entry of an Order Affirming Assignment of Attorneys' Fees from Gerald M. Bowen and Seeking Disbursement from the Claims Administrator and Depository Institution, Opposing the States' Motion for Forfeiture (D.E. 5290), Requesting to Participate in the October 17, 2008 Hearing (D.E. 5324), and Supporting Memorandum of Law* **[D.E. 5341]**;

   x. District Court's *Order of Reference* **[D.E. 5348]**;

   xi. *Non-Party Douglas Campbell's Motion for Entry of an Order Affirming Assignment of Attorneys' Fees from Gerald M. Bowen and Seeking*

Case 1:91-cv-00986-ASG   Document 5671   Entered on FLSD Docket 04/08/2009   Page 4 of 6

*Order Setting Hearing on Pending Motions and Issues*
*Concerning Gerald M. Bowen's Fee Award and Related Matters*
*Page 4 of 6*

|       | |
|-------|---|
|       | *Disbursement from the Claims Administrator and Depository Institution, Opposing the States' Motion for Forfeiture (D.E. 5290), Requesting to Participate in the October 17, 2008 Hearing (D.E. 5324), and Supporting Memorandum of Law* **[D.E. 5341]**; |
| xii.  | District Court's *Order of Reference* **[D.E. 5440]**; |
| xiii. | *Jewel Grutman's Motion to Enforce Security Interest in Gerald Bowen's Award of Fees and Costs* **[D.E. 5527]**; |
| xiv.  | *Jewel Grutman's Renewed Motion to Enforce Security Interest in Gerald Bowen's Award of Fees* **[D.E. 5668]** |
| xv.   | *Non-Party Rocco DeLeonardis' Motion for Entry of an Order Affirming Assignment of Attorneys' Fees From Gerald M. Bowen and Seeking Disbursement From the Claims Administration and Depository Institution and Supporting Memorandum of Law* **[D.E. 4146]**; |
| xvi.  | *Rocco DeLeonardis's Request For Hearing On Motion re: (DE 4146)* **[D.E. 4161]**; |
| xvii. | *Order Setting Hearing on Non-Party Rocco DeLeonardis' Motion For Entry Of An Order Affirming Assignment Of Attorneys' Fees From Gerald M. Bowen* **[D.E. 4248]**; |
| xviii.| *Non-Party Rocco DeLeonardis's Notice of Non-Opposition* **[D.E. 4301]**; |
| xix.  | *Jewel Grutman's Response to Rocco DeLeonardis's Notice of Non-Opposition* **[D.E. 4309]**; |
| xx.   | *Special Master's Order on Non-Party Rocco DeLeonardis' Motion for Entry of an Order Affirming Assignment of Attorneys' Fees from Gerald M. Bowen and Requiring Gerald M. Bowen & Requiring Gerald M. Bowen to File List of Creditors with Interest in his Attorneys' Fees* **[D.E. 4357]** and, |
| xxi.  | *Applicant-Intervenors Rocco DeLeonardis' and Alisa Lachow-Thurston's Motion to Intervene and Notice of Filing Assignments* **[D.E. 5626]**; |
| xxii. | District Court's *Order of Reference to the Special Master* **[D.E. 5630]**; |
| xxiii.| *Allied Esquire Group, Inc.'s Memorandum Regarding Disposition of Partially Forfeited Fee Award of Bowen and Forfeited Incentive Award of William McGillicuddy* **[D.E. 5639]**;[1] |
| xxiv. | *States' Counsel's Response to Allied Esquire Group's Memorandum Regarding Disposition of Partially Forfeited Fee Award of Bowen and Forfeited Incentive Award of William McGillicuddy* **[D.E. 5655]**;[2] |
| xxv.  | *Reply of Allied Esquire Group to State's Counsel's Response Regarding Disposition of Partially Forfeited Fee Award of Bowen and Forfeited Incentive Award of William McGillicuddy* **[D.E. 5665]**;[3] |

---

[1] Despite the title used by Allied Esquire, the memorandum asserts no claim or argument regarding the partially forfeited fee and award issue; rather, it pertains to Allied's assertion of ownership by assignment to a significant portion of Gerald Bowen's remaining fee award.

[2] This response does not pertain to the forfeited fee and award issue. Instead it addresses an argument set forth in Allied Esquire's earlier memorandum [D.E. 5639], relating to Allied's Motion for Payment [D.E. 5441] (and other related matters), whether any opposition was asserted to Allied's Motion for Payment.

Case 1:91-cv-00986-ASG   Document 5671   Entered on FLSD Docket 04/08/2009   Page 5 of 6

*Order Setting Hearing on Pending Motions and Issues*
*Concerning Gerald M. Bowen's Fee Award and Related Matters*
Page 5 of 6

  xxvi. *Sua Sponte Order Regarding Needed Documentation Relating to Matters Associated with Outstanding Motions and Requests Surrounding the July 6, 2006 Fee Award to Gerald M. Bowen* **[D.E. 5657]**; and,

  xxvii. Allied Esquire's *Notice of Filing Affidavit of Harvey R. Hirschfeld in Response to Special Master Thomas E. Scott's Sua Sponte Order* **[D.E. 5669]**

The undersigned will conduct a hearing on the above pending matters on May 28, 2009 at the offices of the undersigned; however, the hearings will be tailored to the following issues:

 a. the July 6, 2006 Bowen Fee Award and whether Mr. Bowen has forfeited the award, and whether the award should be distributed to the States; or,

 b. if the Fee Award is not, or should not be, forfeited:

  (i.) whether the Fee Award can and should be paid directly to Mr. Bowen, leaving his creditors to enforce their purported interests against Mr. Bowen directly;

  (ii.) whether the Fee Award can, or should, be interpleaded to another Court, such as a Court in the Commonwealth of Virginia; or,

 c. if neither b.(i.) nor b.(ii.)., and thus if this Court is to handle the competing interests to Mr. Bowen's Fee Award, the issues to be heard are:

  (i.) whether and to what extent the costs associated with the undersigned's undertaking should be offset by (i.e., paid from) the remaining Bowen Fee Award, as opposed to being borne by the Settlement Fund; and,

  (ii.) whether such an offset should be applied **retroactively** to ensnare all costs thus far paid by the Settlement Fund for having to deal with the competing creditor issues associated with Mr. Bowen's Fee Award.[4] Once this issue

---

[3] See fn. 1 and 2, *supra*.

[4] This particular issue is of great concern to the undersigned because, thus far, the costs and expenses associated with these "Bowen creditor issues" have been quite high, and will only continue to deplete the Fund. Without evidence to the contrary, which any party may explain or show at the hearing, having the Fund bear the cost does not seem fair to the Class Members. These "Bowen creditor issues" are largely a personal matter to, and created by, Mr. Bowen (for which there is, and has been, no benefit to the Class Members or the Fund). The possible exceptions to this point may be those creditors who actually worked on this matter with Mr. Bowen at a time when Mr. Bowen was still acting as counsel for the Class, and further to the extent that such creditors have not already been paid or who have not subordinated their rights to those of Allied Esquire (*See, e.g.*, D.E. 5669).

Case 1:91-cv-00986-ASG   Document 5671   Entered on FLSD Docket 04/08/2009   Page 6 of 6

*Order Setting Hearing on Pending Motions and Issues*
*Concerning Gerald M. Bowen's Fee Award and Related Matters*
*Page 6 of 6*

is addressed, then – and only then – the validity and priority of the various creditor interests will be heard and/or a separate hearing may be set to accommodate the same.

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. The undersigned will hold a hearing on the above-described pending motions and specified issues, at the offices of the undersigned, on **May 28, 2009**, beginning at **9:30 a.m. (EDT)** and will continue until **4:00 p.m. (EDT)**, if necessary. A court reporter has been requested. All parties, and/or their representatives, who have an interest in these matters are permitted to telephonically participate in the hearing. The following call-in information should be used if participating by telephone:

   Telephone Number: 1-866-590-1534
   Participant Code: 24576991#

2. Should any interested party wish to submit additional briefing or documentation on the above-specified hearing issues, they may submit their briefings to the undersigned on or before **April 24, 2009**. However, no responses or replies to the same will be allowed (or considered), unless permission is first sought from, and granted by, the undersigned.

DONE and ORDERED, in Miami, Florida this 8th day of April 2009.

THOMAS E. SCOTT, SPECIAL MASTER

Copies furnished to:
United States District Judge Gold
All counsel of record