IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | |
|---|---|
| ALLAPATTAH SERVICES, INC., et al., )<br><br>     Plaintiffs, )<br><br>v. )<br><br>EXXON CORPORATION, )<br><br>     Defendant. )<br>_____)<br><br>RUSSELL A. CLINE, )<br><br>     Plaintiff, )<br><br>vs. )<br><br>THE GARDEN CITY GROUP, INC., )<br><br>     Defendant. )<br>_____) | **CONSOLIDATED WITH**<br>**CASE NO.: 05-21338-CIV-GOLD /**<br>**SIMONTON** |

## ORDER REGARDING PLAINTIFFS' MOTION
## FOR AUTHORIZATION TO DISTRIBUTE 5 PERCENT
## RESERVE AND INTEREST AND REGARDING THE ISSUE
## OF THE PROPER DISPOSITION OF THE PARTIALLY FORFEITED
## ATTORNEYS' FEES AND FORFEITED INCENTIVE AWARD

THIS CAUSE is before the Special Master upon the Plaintiffs' *Motion for Authorization to Distribute 5 Percent Reserve and Interest* [**D.E. 5613**]; the District Court's *Order of Reference to the Special Master* [**D.E. 5622**]; States' Counsel's *Motion Relating to Special Master's Report and Recommendation for the Court to Issue a Clarification of the Disposition of Forfeited Funds, and Agreed Request to Set a Briefing Schedule* [**D.E. 5507**]; States' Counsel's *Position Paper Regarding the Distribution of the Forfeited Funds* [**D.E. 5532**]; *Omnibus Order Regarding Distribution of the 5*

*Percent Reserve and Interest* [**D.E. 5541**]; Class Counsel's *Position Paper Regarding the Disposition of Forfeited Fees and Award* on March 12, 2009 [**D.E. 5634**]; *States' Counsel's Supplemental Position Paper Regarding the Distribution of the Forfeited Funds* [**D.E. 5641**]; *Allied Esquire Group, Inc.'s Memorandum Regarding Disposition of Partially Forfeited Fees Award of Bowen and Forfeited Incentive Award of William McGillicuddy* [**D.E. 5639**]; and, *States' Counsel's Response to Allied Esquire Group's Memorandum Regarding Disposition of Partially Forfeited Fee Award of Bowen and Forfeited Incentive Award of William McGillicuddy* [**D.E. 5655**].

On April 14, 2009, the undersigned conducted an extensive hearing relating to the above-referenced matters. States' Counsel, Class Counsel attended the hearing and presented their positions on the followings issues: (1) whether payment of the 5% Reserve, and interest, should begin; and (2) whether the partially forfeited fee award of Gerald Bowen and forfeited incentive award of William McGillicuddy should become part of the Fund's Remaining Balance to be distributed to the States at the conclusion of the Claims Administration Process.[1]

In their position statements filed with the Court, both States' Counsel and Class Counsel agreed that before any payment of the 5% Reserve and/or interest on the same, it must first be decided whether the forfeited fee award and incentive award are to be distributed to the participating dealers (i.e., those who participated in this Claims Administration Process), or to the States for the benefit of the non-participating dealers (i.e., those who were not part of the Claims Administration

Process) . The undersigned agrees and thus defers ruling on Plaintiffs' *Motion for Authorization to Distribute 5 Percent Reserve and Interest* until a ruling can be made on the forfeited fees and award issue.   Once this issue is resolved, the undersigned will immediately enter a Report and Recommendation for the authorization to pay the 5% Reserve, plus interest in the amount of $1,137,000.00.[2]

At the April 14, 2009 hearing, States' Counsel advised there is, or might be, a relatively accurate way to identify the universe of potential non-participating dealers who could possibly make a claim against the various States' unclaimed property funds, once the Remaining Balance is distributed at the conclusion of the Claims Administration Process.  However, specific information was unavailable at the hearing and the undersigned stated that States' Counsel could have additional time to prepare this detailed information for the undersigned's consideration.

In addition to the above information, and before considering the issuance of a Report and Recommendation to the District Court for modification or clarification of the Court's July 6, 2006 Order in light of the arguments made by both States' Counsel and Class Counsel, the undersigned would also like to receive sufficient assurance that the forfeited fees and award will actually be

_____

[1] Counsel for Allied Esquire also attended, however, counsel did not present any argument or position on the identified issues set for hearing on April 14, 2009 before the undersigned.

[2] Prior to the April 14, 2009 hearing, States' Counsel specifically opposed the payment of interest on the 5% Reserve. However, at the hearing, States' Counsel withdrew its objection to payment of the interest in the amount of $1,137,000.00.  Accordingly, other than the decision about the disposition of the forfeited fees and award, there is no further obstacle to payment of the 5% Reserve and the interest.  Based upon Class Counsel's arguments at the hearing and in their filings, including the presentation of the estimated remaining obligations of the Fund, it appears that sufficient

distributed to the non-participating dealers,[3] as opposed to potentially being held in perpetuity by the various States.

In this regard, the States should provide the undersigned with a set of suggested procedures designed to adequately ensure that these non-participating dealers will receive the forfeited fees and award, if allowed to become part of the Remaining Balance of the Fund. The undersigned recognizes that there are a multitude of different States involved, and likely differing unclaimed property statutes among them, which may require multiple sets of procedures to accommodate any special requirements of any given State.[4] The States have indicated that the identity and number of non-participating dealers can be identified at this stage. As such, it would seem that these non-participating dealers could receive sufficient, specific notice their potential claim. With such notice given, it would further seem to create the best possible chance for the non-participating dealers to assert and recover their claim.

Accordingly, it is hereby,

**ORDERED and ADJUDGED** as follows:

1.      Recommendation and ruling on Plaintiffs' *Motion for Authorization to Distribute 5 Percent Reserve and Interest* **[D.E. 5613]** is deferred until a ruling can be made on

---

funds are available to allow the payment of the 5% Reserve and interest (a Second and Third Priority Obligation under the Settlement Agreement) without jeopardizing the remaining First Priority Obligations of the Fund.
[3] Or, at least, the best possible opportunity will be provided for such non-participating dealers to receive the funds.
[4] It is parenthetically noted that the States likely would need to figure out some workable procedure regardless of whether they receive the forfeited fees and award, as some procedure will be necessary for distribution of each States' portion of

the partially forfeited Gerald Bowen fee award and forfeited William McGillicuddy incentive award;

2.    Upon the undersigned's resolution of the forfeited fee and award issue, a Report and Recommendation will immediately be entered whereupon it will be recommended that Plaintiffs' motion (D.E. 5613) be granted, including the authorization for payment of the 5% Reserve, plus interest in the amount of $1,137,000.00 to be distributed *pro rata* to each claimant, with said payments to begin on a date certain;

3.    The States have twenty (20) days from the date of this Order to provide the undersigned with the following:

  a.    A best estimate of the universe of potential non-participating dealers who could possibly make a claim against the various States' unclaimed property funds, once the Remaining Balance is distributed at the conclusion of the Claims Administration Process, in accordance with the discussion held during the April 14, 2009 hearing; and,

  b.    Preliminary thoughts of procedures (as required depending upon the variance of the different States' statutes and requirements) which would adequately assure that the non-participating dealers would receive the forfeited fees and award if the funds were to be included in the Remaining Balance of the Fund.

---

the Remaining Balance of the Fund, since the intent is to make sure that these non-participating dealers recover some

*Order Regarding Authorization to Distribute 5 Percent Reserve*
*and Interest, and Regarding Proper Disposition of Partially*
*Forfeited Attorneys' Fees and Forfeited Incentive Award*
*Page 6 of 6*

4.      If the States need additional time to provide the above information, they shall inform

the undersigned's office within five (5) days of the date of this Order, along with

their specific request for additional time.

**DONE AND ORDERED** in Miami, Florida this _22nd_ day of April 2009.[5]

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

portion of their claim.
[5] Any objections to the Order of the Special Master shall be filed with the District Court within fourteen (14) calendar days from the date of the Special Master's Order. Any responses to objections shall be filed within five (5) business days of the date the objection is filed with the court. The objector shall have three (3) business days to file a reply from the date the response is filed.

-6-