IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,   )
                                      )
         Plaintiffs,                  )
                                      )
v.                                    )
                                      )
EXXON CORPORATION,                    )
                                      )
         Defendant.                   )
_____)
                                      )
RUSSELL A. CLINE,                     )
                                      )        **CONSOLIDATED WITH**
         Plaintiff,                   )        **CASE NO.: 05-21338-CIV**
                                      )        **GOLD/ SIMONTON**
vs.                                   )
                                      )
THE GARDEN CITY GROUP, INC.,          )
                                      )
         Defendant.                   )
_____)

## ORDER GRANTING REQUEST OF W. DOUGLAS CAMPBELL

**THIS CAUSE** is before the Special Master upon a request received from W. Douglas Campbell seeking an opportunity to file response to certain matters. *See*, **D.E. 5687.** In accordance with the Special Master's *Order Setting Hearing on Pending Motions and Issues Concerning Gerald M. Bowen's Fee Award and Related Matters* **[D.E. 5671]**, any interested party had until April 24, 2009 to submit additional briefing or documentation.

On April 24, 2009, Mr. W. Douglas Campbell sent the Special Master an email advising that Mr. Campbell had not intended to file anything. *See*, **D.E. 5687.** However,

it appears that based upon "recent" filings or submissions – specifically, the States' motion for sanctions against Mr. Bowen (D.E. 5681), various of Mr. Bowen's own motions (none of which are presently filed by Mr. Bowen) – Mr. Campbell now would like to submit a response. In addition, Mr. Campbell would also like the opportunity to submit a response to "...the remarkable documentary filing of Allied Esquire earlier in the month."[1]

As part of his request, Mr. Campbell states that it is not his intent to rehash points made by other parties, and that his response will contribute meaningfully to the resolution of the various matters relating to Mr. Bowen's July 6, 2006 fee award. Mr. Campbell suggests a May 5, 2009 deadline for his response.

Having reviewed the request and relevant parts of the record, and being otherwise fully advised, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. Mr. Campbell shall have up to and including **May 5, 2009**, as requested, to serve the response as he has described.

2. Mr. Campbell's response shall not exceed fifteen (15) pages in length.

3. Mr. Campbell may serve his response by email, as he has requested.

4. No replies are permitted unless leave is sought from, and granted by, the Special Master. Any request for leave to file a reply to Mr. Campbell's response must contain a detailed reason(s) why a reply is necessary.

---

[1] The Special Master presumes that Mr. Campbell is referring to the Affidavit and documentation filed by Allied Esquire Group, Inc. on or about April 6, 2009 **[D.E. 5669]**, which materials were submitted by Allied Esquire Group, Inc. in response to the Special Master's earlier order dated March 25, 2009. *See,* **D.E. 5657.**

Otherwise, all arguments will be addressed at the hearing scheduled pursuant to the Special Master's April 8, 2009 Order [D.E. 5671].

**DONE AND ORDERED** at Miami, Florida this ___ day of April 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:

All counsel of record
Garden City Group
U.S. District Judge Alan S. Gold