IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSEL A. CLINE, )
) CONSOLIDATED WITH
    Plaintiff, ) CASE NO.: 05-21338-CIV-GOLD/
) SIMONTON
v. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

### ORDER REGARDING NON-RESPONSIVE CLAIMANTS INCLUDED IN NOTICE NR1 (FIVE PERCENT RESERVE)

THIS CAUSE is before the Special Master pursuant to Class Counsel's *Notice of Filing First List of Non-Responsive Reserve Claimants* [**D.E. 5684**] ("NR1"). On November 26, 2008, the Special Master issued the *Report and Recommendation on Procedure for Distribution of the 5% (Percent) Reserve and Interest* [**D.E. 5467**] and the District Court adopted the same on January 7, 2009 pursuant to the Court's *Omnibus Order Regarding the Distribution of the 5 Percent Reserve and Interest* [**D.E. 5541**] (collectively, the "Approved Procedures").

Pursuant to the Approved Procedures, Class Counsel was ordered to identify all non-responsive claimants (those who either have failed to return Payment Instructions or have failed to cure deficiencies in their submitted Payment Instructions prior to the expiration of the 60-day deadline) as part of the 5% Reserve procedural process.

On April 23, 2009, Class Counsel filed NR1 identifying four non-responsive claimants who failed to submit any payment instructions on or before March 31, 2009 (the 60-day deadline applicable to this set of claimants).

As set forth in the Approved Procedures, the non-responsive claimants will be dismissed *without prejudice* and those claimants will not be allowed to participate in the 5% Reserve payment as part of this Claims Administration Process. Rather, these non-responsive claimants will need to seek payment from their respective, applicable States once the funds are passed to the States at the end of this Claims Administration Process. The 5% Reserve (and interest) funds for these non-responsive claimants will be specifically earmarked in their individual names.

Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed Class Counsel's NR1 and the Approved Procedures. Based upon the same, the following 5% Reserve claims are hereby dismissed without prejudice:

    a. Claim No. 55657    -   Porter Station, Inc. (claimant)
    b. Claim No. 1011163  -   GSM Corporation (claimant)
    c. Claim No. 1025130  -   John F. Green (claimant)
    d. Claim No. 1657     -   John Hyver (claimant)

2. The above-identified claimants are foreclosed from receiving their 5% Reserve (and interest) payments as part of this Claims Administration Process. However, these claimants are entitled to seek payment from their respective, applicable States at the end of this Claims Administration Process once the funds are transmitted to the States.

3. The Garden City Group, Inc. is hereby ordered to make the appropriate updates to the above-identified claim files and shall distribute the Special Master's Order to the affected claimants.

4. Pursuant to the Approved Procedures, The Garden City Group, Inc. and States' Counsel are ordered to take all necessary actions required to ensure that the 5% Reserve and interest payments for the above-identified claimants are specifically earmarked for those claimants, in preparation for the transfer of these funds to the various, applicable States at the end of the Claims Administration Process.

**DONE AND ORDERED** at Miami, Florida this ___ day of April, 2009

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record
The Garden City Group, Inc.