IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
    Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## FINAL ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C10.7

THIS CAUSE is before the Special Master pursuant to Class Counsel's Tenth Motion for Adjudication of Conflicting Claims (C10 Motion) **[D.E. 4909]**, the undersigned's *Order Regarding Conflicting Claimant Dispute C10.7* entered on October 9, 2008 **[D.E. 5331]**, the materials submitted by or on behalf of claimant Robert L. Johns, Trustee (hereinafter, "Johns"), Claim No. 6337, and claimant David R. Rexroad, Esq. (hereinafter, "Rexroad"), Claim No. 483, and the *Order Granting Motion to Compromise Adversary Proceeding* as entered on February 23, 2009 in the matter styled as *In Re: James N. Jones and Nancy L. Jones, Debtors, Robert L. Johns, Trustee, Plaintiff v. David R. Rexroad, Defendant,* Bankruptcy Case No. 98-23000 in the United States

*Final Order Regarding C10.7*
*Page 2 of 4*

Bankruptcy Court for the Northern District of West Virginia (hereinafter, the "Bankruptcy Order").

On October 8, 2008, the Special Master intended to conduct an evidentiary hearing to resolve the unsettled conflicting claimant disputes contained in Class Counsel's C10 Motion, specifically including dispute C10.7. However, at the beginning of the hearing, the parties announced on the record that they reached a stipulated settlement of the dispute, one needed to be approved by the Bankruptcy Court in West Virginia, before the settlement could be finalized. The parties to this dispute are Robert L. Johns, Trustee, Claim No. 6337, and claimant David R. Rexroad, Esq., Claim No. 483. Johns, an attorney himself, appeared *pro se* at the October 8, 2008 hearing. Rexroad was represented at the hearing by his attorney David A. Hoyer, Esq.

Based upon the representations of Johns and Mr. Hoyer, on behalf of Rexroad, and the recited stipulation for settlement of C10.7 and the ultimate award on the claims, the settlement reached between the parties was as follows:

1. Rexroad is to receive a flat payment, of $6,000; and,
2. Johns, as Trustee of the subject bankruptcy estate, is to receive the entire remainder of the award.[1]

The parties advised that they must first obtain the Bankruptcy Court's approval of the stipulated settlement. Accordingly, the parties were ordered to advise the undersigned when the settlement was approved by the Bankruptcy Court so that an appropriate, additional final order may

---

[1] The ultimate award has a gross value of $84,968.92 and a net value of $51,210.92, after all required reductions, including a 5% reserve reduction which may be paid back with additional interest, at, or near, the end of the Claims Administration Process. Accordingly, with this settlement, any such further and additional payments will be made to Johns.

*Final Order Regarding C10.7*<br>*Page 3 of 4*

be entered in this matter resolving conflict C10.7.

On April 2, 2009, the undersigned was provided by Class Counsel with a copy of the Bankruptcy Order, which states, in pertinent part, as follows:

> ORDERED that the Motion is hereby granted and approved... The Trustee has agreed to allow Rexroad to receive a distribution of $6,000.00 from the claim of the bankruptcy estate in the [Exxon Class Action] ...
>
> ORDERED that upon receipt of the settlement funds from the Exxon Class Action, the Trustee shall distribute to Rexroad the sum of $6,000.00 in full settlement of his claim against such funds.

Accordingly, based upon the approval of the settlement by the Bankruptcy Order, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. Robert L. Johns, Trustee (Claim No. 6337) is the proper claimant as between these two disputing claimants.

2. However, Robert L. Johns, Trustee is instructed to comply with the Bankruptcy Order and to pay claimant Rexroad a flat payment of $6,000.00 from the proceeds of the *Allapattah* award payment once made to Johns. Additionally, all claims to the 5% Reserve payment, and interest if available, belong solely to Robert L. Johns, Trustee (Claim No. 6337).

3. The claim of David R. Rexroad, Esq. (Claim No. 483) is hereby dismissed with prejudice. With the resolution of this dispute, Class Counsel is permitted to advance the claim of Robert L. Johns, Trustee (Claim No. 6337)

in the Claims Administration Process.

4. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: David R. Rexroad, Esq. (Claim No. 483). The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to David R. Rexroad, Esq. (Claim No. 483).

**DONE AND ORDERED** in Miami, Florida this 26 day of May, 2009.

SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

Robert L. Johns, Esq.
Alan A. Hoyer, Esq.