IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,  )
)
    Plaintiffs,  )
)
v.  )
)
EXXON CORPORATION,  )
)
    Defendant.  )
_____)
)
RUSSELL A. CLINE,  )
)  **CONSOLIDATED WITH**
    Plaintiff,  )  **CASE NO.: 05-21338-CIV-GOLD /**
)  **SIMONTON**
vs.  )
)
THE GARDEN CITY GROUP, INC.,  )
)
    Defendant.  )
_____)

### REPORT AND RECOMMENDATION FOR ENTRY OF AN ADMINISTRATIVE PAYMENT ORDER TO PAY THE ADMINISTRATIVE EXPENSES OF THE SETTLEMENT FUND

THIS CAUSE is before the Special Master pursuant to the District Court's Order Affirming the Special Master's Unopposed Report and Recommendation for the Entry of an Order Ratifying the Procedures for the Payment of Administrative Expenses from the Settlement Fund **[D.E. 3175]**. The Special Master has conducted an exhaustive review of the fees, costs, and expenses (hereinafter "administrative expenses") of those individuals and entities involved in the administration of the Settlement Fund for the period of March 1, 2009 through April 30, 2009

1

(hereinafter "payment period"). The Special Master has determined that the amounts delineated below are a fair and reasonable compensation for their respective services to the Fund. Accordingly, the Special Master recommends that the District Court enter an Administrative Payment Order approving the payment of the Settlement Fund's administrative expenses as follows:

1. The Special Master has reviewed the requested administrative expenses of States' counsel and has determined that a fair and reasonable compensation for their services during the payment period is $189,674.98. Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, P.C. should be paid in the amount of $101,816.04. The check should be made payable to Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, P.C. and sent to the address on file with the Claims Administrator. Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A. should be paid in the amount of $87,858.94. The check should be made payable to Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A. and sent to the address on file with the Claims Administrator.

2. The Special Master has reviewed the requested administrative expenses of The Garden City Group, Inc. as Claims Administrator and has determined that a fair and reasonable compensation for its normal, ongoing services during the payment period is $60,490.80. The check should be made payable to The Garden City Group, Inc. and sent to the Claims Administrator.

3. The Special Master has reviewed the separately requested administrative expenses

       of The Garden City Group, Inc. relating to its administration of the 5% Reserve procedures and implementation of the same.[1] The Special Master has determined that a fair and reasonable compensation for such services during the payment period is $61,103.20. The check should be made payable to The Garden City Group, Inc. and sent to the Claims Administrator.

4. The Special Master has reviewed the requested administrative expenses of Morrison, Brown, Argiz & Farra, LLP and has determined that a fair and reasonable compensation for their services during the payment period is $6,974.52. The check should be made payable to Morrison, Brown, Argiz & Farra, LLP and sent to the address on file with the Claims Administrator.

5. The Special Master has reviewed the requested administrative expenses of VersaVest, Inc. and has determined that a fair and reasonable compensation for its services during the payment period is $56,875.00. The check should be made payable to VersaVest, Inc. and sent to the address on file with the Claims Administrator.

---

[1] The Garden City Group, Inc. is required to separately track and submit its expenses relating to the 5% Reserve procedures and implementation. *See*, D.E. 5467 and 5541.

6. The Special Master has reviewed the requested administrative expenses of JPMorgan Chase and has determined that based on the terms of the Master Agreement with the Depository Institution the compensation for their services during the payment period is $1,500.00.[2] JPMorgan Chase should be authorized to electronically debit the Settlement Fund's account in the amount of $1,500.00.

7. The Special Master respectfully requests payment of administrative expenses in the amount of $193,507.01. The check should be made payable to: Cole, Scott & Kissane, P.A. and sent to the address on file with the Claims Administrator.

RESPECTFULLY SUBMITTED in Miami, Florida this 11th day of June, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

---

[2] The payment period for JPMorgan Chase is from January 1, 2009 to March 31, 2009.