IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

| | | |
|---|---|---|
| ALLAPATTAH SERVICES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXXON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| RUSSELL A. CLINE, | ) | |
| | ) | **CONSOLIDATED WITH** |
| Plaintiff, | ) | **CASE NO.: 05-21338-CIV-GOLD /** |
| | ) | **SIMONTON** |
| vs. | ) | |
| | ) | |
| THE GARDEN CITY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C11.8

This cause is before the Special Master pursuant to Class Counsel's Eleventh Motion for Adjudication of Conflicting Claims (Motion C11) **[D.E. 5216]**, and the materials submitted[1] by or on behalf of claimant Ahmad Heidary (Claim No. 1021247) (hereinafter, "Heidary") and claimant Zahra Zarkesh (Claim No. 1006766) (hereinafter, "Zarkesh").

### I.    Background

On January 20, 2009, the Special Master conducted an evidentiary hearing to resolve the conflicting claimant dispute contained in dispute C11.8. The parties are Heidary and Zarkesh.

---

[1]Such materials include the original Reply and the responses and documentation attached to the claimants'' respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action."

Zarkesh is represented by her son, Payam Heidary (who is also the son of claimant Heidary). Heidary did not appear for the hearing, despite being duly noticed. Heidary also failed to respond to the Claimant Questionnaire as ordered by the undersigned. Additionally, the undersigned's office attempted to contact Heidary by telephone regarding the January 20, 2009 hearing, on multiple occasions, but was unable to reach him. At the hearing on January 20, 2009, which was scheduled for 11:00 a.m. E.S.T., the undersigned waited until just after 11:00 a.m. before proceeding without Heidary.

## II.    Findings

Following an evidentiary hearing, the Special Master finds as follows:

1.      The parties concur that the dealer of record is Heidary. Zarkesh and Heidary are presently ex-spouses, but were married to each other from June 20, 1969 until approximately September, 2008 when a default was entered in divorce proceedings brought by Zarkesh in California. Accordingly, Zarkesh is asserting a claim for 50% of the award on the basis of California's community property law. The two claimants were married in Tehran, Iran, but eventually lived in and operated the subject station in California.

2.      Zarkesh, through her son as her representative, asserts that the Exxon station was a community property asset and was owned and operated during the course of the marriage to Heidary. Zarkesh has produced a copy of a "Clerk's Default" which was entered on September 22, 2008 in the divorce proceedings against Heidary. The *Allapattah* claim, identified by both Zarkesh's and Heidary's separate claim numbers, was listed by Zarkesh in the divorce petition, wherein she specifically asserts ownership of 50% of the total award.

3.      Payam Heidary provided testimonial evidence that Zarkesh and Heidary were married

-2-

during the time of ownership of the subject station. Further, Payam Heidary attested that Zarkesh assisted Heidary in the operation of the business in various ways "such as cooking business meals for [Claimant Heidary] and employees, washing and repairing business uniforms and clothing, purchasing business products, providing transportation, etc." Notably, Zarkesh has also provided a June 17, 2005 signed statement from Heidary requesting the Claims Administrator to make the award check payable to "Zahra Zarkesh and Ahmad Heidary." Although this request was written three years before the divorce, it does lend credence to the position that even Heidary acknowledged the joint ownership of the *Allapattah* claim since he requested a joint payment of the award.

4.      Based upon the foregoing findings, the subject *Allapattah* award is community property as between Zarkesh and Heidary. Therefore, Zarkesh is entitled to 50% of the award and Heidary is entitled only to the remaining 50%.

### III.    Conclusion

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1.      Ahmad Heidary (Claim No. 1021247) is entitled to 50% of the total award; and Zahra Zarkesh (Claim No. 1006766) is entitled to 50% of the total award.

2.      Accordingly, the claim of Ahmad Heidary (Claim No. 1021247) is granted in part. Ahmad Heidary sought 100% of the award, but he is only allowed 50%. Class Counsel is permitted to advance the claim of Ahmad Heidary (Claim No. 1021247), as thus modified, in the Claims Administration Process.

3.      The claim of Zahra Zarkesh (Claim No. 1006766) is granted. Class Counsel is permitted to advance the claim of Zahra Zarkesh (Claim No. 1006766) in

the Claims Administration Process.

4.      The Garden City Group is hereby ordered to make the appropriate updates to

the claim files and shall distribute the Special Master's Order to:  Ahmad

Heidary (Claim No. 1021247).  The Garden City Group is directed to treat the

Special Master's Order as an Order Granting Claim in Part and Denying

Claim with Prejudice in Part with respect to Ahmad Heidary (Claim No.

1021247).  The claim of Ahmad Heidary (Claim No. 1021247) is to be

reduced by 50%.

**DONE AND ORDERED** in Miami, Florida this ___ day of June, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record