IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____)
)
RUSSELL A. CLINE, )
)    **CONSOLIDATED WITH**
    Plaintiff, )    **CASE NO.: 05-21338-CIV-GOLD /**
)    **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____)

## ORDER REGARDING DISPUTED CLAIM D4.3 (CLAIM # 2522A)

This cause is before the Special Master upon Class Counsel's *Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4)* **[D.E. 5237]**; the Special Master's *Amended Order Setting Hearings for D4 Claims* **[D.E. 5249]**; *Memorandum in Opposition to Claim #2522A (Dispute D4.3)* **[D.E. 5378]**; *Notice of Supplemental Documentation and Amended Reply in Support of D4.3 (Claim Number 2522A)* **[D.E. 5472]**; *States' Counsel's Sur-Reply to Claim #2522A (Dispute D4.3)* **[D.E. 5523]**; and, any and all additional materials submitted[1] by, or on behalf of, the various claimants.

---

[1] Such materials include the original Replies and other documentation contained within the database maintained by the Claims Administrator, as well as the additional supplements provided by the claimants.

### I.  Background and Arguments of Claimant and States' Counsel

On November 19, 2008, the Special Master conducted an evidentiary hearing to resolve the disputed claim in D4.3. The claimant, the Estate of Richard P. Hansen (Claim No. 2522A), claims entitlement to the award based upon Richard Hansen's acquisition of the Exxon station from a prior dealer (Joseph B. Watson), pursuant to a July 22, 1983 Bill of Sale. The dealer of record for the subject time period was Joseph B. Watson. The States oppose the Estate of Richard Hansen's claim. The claimant (Estate of Richard P. Hansen) was represented at the hearing by Colleen Comer-Hansen, the executrix of the Estate of Richard P. Hansen (and widow of Mr. Hansen). The States were represented by Jordan Cohen, Esq.

As set forth in the *Amended Order Regarding Class Counsel's Second Amended Fourth Motion for Adjudication of Disputed Claims* [D.E. 5460], at the hearing, additional time was requested by Class Counsel and the claimant to provide documentation in support of the claimant's position. The request was granted.

Thereafter, on December 1, 2008, Class Counsel filed the *Notice of Supplemental Documentation and Amended Reply in Support of D4.3 (Claim Number 2522A)* [D.E. 5472]. The claimant amended its reply to modify the claim period to July 22, 1983 through June 1, 1986 from the original March 1, 1983 through June 1, 1986 timeframe. The accompanying memorandum asserted that the claimant was still unable to locate contemporaneous documentation establishing Mr. Hansen's purchase of and payment for Exxon motor fuel. However, Mrs. Hansen supplied an affidavit attesting that Mr. Hansen was the direct-served dealer and that he paid for all of the motor fuel. This affidavit basically reiterates her prior testimony during the November 19, 2008 hearing. The claimant asserts that the July 22, 1983

Bill of Sale "establishes" the transaction between Mr. Hansen and the former dealer as of July 22, 1983. The supplemental memorandum filed by Class Counsel states that "it appears clear that Mr. Hansen was the direct-served dealer who operated the station after [July 22, 1983]." Class Counsel further asserts that it is appropriate for the claimant to recover on the claim, as amended.[2]

In response to the claimant's supplemental submissions, States' Counsel filed *States' Counsel's Sur-Reply to Claim #2522A (Dispute D4.3)* [D.E. 5523], wherein it is acknowledged that the claimant has now withdrawn a portion of the claim for the time period preceding July 22, 1983. However, States' Counsel highlights that the claimant still has not provided documentation to support the contention that Mr. Hansen, individually, operated the subject station during the amended time period. Moreover, Exxon's records indicate that Joseph B. Watson was the dealer of record during the amended time period. Nor are there any records linking Mr. Hansen to the operation of the station or the purchase of motor fuel during the amended time period.

Irrespective of Mrs. Hansen's affidavit attesting that Mr. Hansen was the direct-served dealer and the one who purchased and paid for the motor fuel, States' Counsel advises that Exxon has no records to corroborate the statements in the affidavit (nor does Mrs. Hansen) relative to the July 22, 1983 to June 1, 1986 time period.

## II. Findings

As set forth above, the dealer of record for the amended time period (July 22, 1983

---

[2] It is noted that Class Counsel is not advocating any position on behalf of the claimant, as this is a Category B claim. *See, D.E. 5327*. Rather, Class Counsel is simply providing its assistance to the claimant as requested, and discussed at the November 19, 2008 hearing.

through June 1, 1986) was Joseph Watson. Mr. Watson has not filed a claim.

The July 22, 1983 Bill of Sale between Richard Hansen and Joseph Watson, relied upon by the claimant, is a very specific document and list specific assets which were sold. There is no mention in the Bill of Sale of a transfer or sale of the prior dealer's rights under the applicable Exxon Sales Agreement. Nonetheless, Mrs. Hansen testified that after July 22, 1983, the Hansens were the ones who actually operated the subject station and who paid for the Exxon motor fuel. Mrs. Hansen testified that there were cancelled checks to prove that she and Mr. Hansen paid for the motor fuel, though the documentation would need to be located. Accordingly, the undersigned allowed Mrs. Hansen an additional ten (10) days to locate these cancelled checks and/or any other supporting documentation, and to file them with the undersigned. Unfortunately, when Mrs. Hansen provided her supplemental submission there were no cancelled checks (or any other documentation) reflecting the Hansens' purchase of and payment for the Exxon motor fuel during the amended claim period. As such, the claimant is unable to establish its claim to the *Allapattah* damages at issue.

Accordingly, it is hereby, **ORDERED AND ADJUDGED** as follows:

> The claim of the Estate of Richard P. Hansen (Claim No. 2522A) is DISALLOWED. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's

Order to the Estate of Richard P. Hansen (Claim No. 2522A).

**DONE AND ORDERED** in Miami, Florida this ___ day of June, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record