IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALLAPATTAH SERVICES, INC.,
et al.,

       Plaintiffs,

vs.

EXXON CORPORATION,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NO. 91-0986-CIV-GOLD/SIMONTON**

FOR CONSIDERATION BY
DISTRICT JUDGE ALAN S. GOLD

## CLASS COUNSEL'S RESPONSE TO THE ORDER
## SETTING BRIEFING SCHEDULE REGARDING APPEAL A3.1

      As requested by the Court in the Order Setting Briefing Schedule [D.E. 5805], Class Counsel submits this response to the Appeal of Claimant Nikiforos Nick Spiropoulous (Claim 1008053).

      Because of Class Counsel's role on behalf of all claimants, Class Counsel takes no position on the merit of Mr. Spiropoulous' appeal. The following information, which is similar to what was set forth in Class Counsel's Notice of Pending Appeal, is provided to assist the Court in its consideration of the appeal. In addition, for the Court's convenience we have attached relevant documentation.

**Appeal A3.1**
**Claim 1008053 - Station 60550**
**Claimant: Nikiforos Nick Spiropoulos**
**Appellant: Nikiforos Nick Spiropoulos**
**Date of Service of Notice: May 11, 2009**
**Date of Appeal: June 1, 2009**
**Current Status: Claim Dismissed, Conflicting Claim Pending**

The Appellant, Nikiforos Nick Spiropoulos, operated this station during the period from August 11, 1986 to August 28, 1994, and was party to one or more Sales Agreements in his individual capacity. Mr. Spiropoulos' Reply is attached hereto as Exhibit A.

In March 1995 (after the end of the claims period), Mr. Spiropoulos sold the business of Exxon by the Galleria (which was operated by Mr. Spiropoulos at this station location) to Stylianos Bouboudakis. Claim 1023302, filed by Stylianos Bouboudakis, seeks to recover for the time period that the station was operated by Mr. Spiropoulos, on the basis that Mr. Bouboudakis had acquired the right to the claim. Mr. Bouboudakis' Reply is attached hereto as Exhibit B.

These claims were designated in Class Counsel's Seventh Motion for Adjudication of Conflicting Claims (C7.18). Both parties filed the required Conflict Claims Questionnaire. *See* Exhibits C and D. After a hearing, the Special Master found in favor of Stylianos Bouboudakis and dismissed Mr. Spiropoulos' claim. Mr. Spiropoulos, through counsel, timely appealed this determination.

Mr. Bouboudakis' Claim 1023302 is now pending in a summary judgment motion and will not be approved until Mr. Spiropoulos' appeal is resolved.

-2-

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
   ALHADEFF & SITTERSON, P.A.
EUGENE E. STEARNS, ESQ.
Florida Bar No. 149335
150 West Flagler Street
Suite 2200, Museum Tower
Miami, Florida  33130
Telephone: (305) 789-3437
Facsimile:  (305) 789-3395

By:_____
     EUGENE E. STEARNS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF  on this 24 day of November, 2009.

By:_____
     MONA E. MARKUS

-3-

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALLAPATTAH SERVICES, INC , et al , | ) ) ) ) **CASE NO. 91-0986-CIV-GOLD/SIMONTON**<br>**Special Master Thomas E. Scott** |
| Plaintiffs, | ) ) ) |
| vs | ) Dealer      Nikiforos Spiropoulos ) |
| EXXON CORPORATION, | ) Claimant     Nikiforos Nick Spiropoulos ) ) |
| Defendant | ) ) ) |

**REPLY TO CLAIM 1008053, STATION 60550**

Claimant replies to the defenses and/or objections of Exxon Corporation as follows

Response to Exxon's Preliminary Statement

Claimant concurs that the correct dates of this claim are as follows

| Start Date | Stop Date |
|---|---|
| 8/11/1986 | 8/28/1994 |

8 - 11 - 1986

Response to Exxon's Answer

1      Exxon denies that Nikiforos Nick Spiropoulos owned or operated an Exxon station at any time, but admits only that Nikiforos Spiropoulos owned or operated a direct served station as an individual at some time between March 1, 1983 and August 28, 1994   Exxon denies all other allegations of part 1

**Response: Claimant concurs that the correct dealer name for this claim is Nikiforos Spiropoulos. Claimant further states that Nikiforos Spiropoulos and Nikiforos Nick Spiropoulos are the same person.**

3       Exxon is without knowledge of the allegations of part 3, and therefore they are denied

    **Response: Denied. Exxon's objection is unfounded. The claimant listed in Part 3 of the claim (Nikiforos Nick Spiropoulos) is the same person as the dealer who operated this station (Nikiforos Spiropoulos). The claimant does have the right to the claim and is entitled to entry of judgment. *See* Affidavit of Nikiforos Nick Spiropoulos attached as Exhibit A.**

4       Exxon is without knowledge of the allegations of part 4, and therefore they are denied  Claimant has failed to attach documents that establish claimant's ownership of the claim

    **Response: Denied.  Documents establishing claimant's ownership of the claim are on file with the claims administrator and attached to this Reply as Exhibit A.**

5       Exxon denies the allegations of part 5  Claimant also has submitted Claim #102893, which covers the same sales of motor fuel

    **Response: Denied. Claimant has withdrawn Claim Number 102893. To the best of claimant's knowledge, claimant has not asserted any other claims that cover the same sales of motor fuel.**

<u>Response to Conflicting Claims</u>

    Claim Numbers 1006615, 1006065, 1023302, and 102893 appear to conflict with the instant claim because they assert claims based on the same sales of motor fuel

    **Response: Claimant concurs with the dates provided by Exxon for this claim, the dates for Claim Number 1006615 have been amended by reply (or on information and belief soon will be amended by reply), and Claim Numbers 1006065 and 102893 have been withdrawn. Accordingly, there are no actual or potential conflicts with Claim Numbers 1006615, 1006065 or 102893.**

    **Claimant concedes that Claim Number 1023302 conflicts with the instant claim, and that this conflict must be resolved.**

I have welcomed the assistance that class counsel has provided to me and any other assistance it deems reasonably necessary in advancing my claim for payment, including but not limited to scheduling my claim for resolution and seeking judgment on my behalf, payable to me   Class counsel has successfully represented the Class of Exxon dealers in these proceedings and has taken on the added burden of facilitating the claims process, including direct assistance for me and other claimants   The assistance offered to me by these professionals is appreciated, particularly because it is provided without any additional attorneys' fees other than those that might be awarded by the Court for the entirety of the work performed for the Class including the claims process

I recognize that class counsel cannot represent me with respect to any disputes I might have with another claimant who seeks recovery of the same sums I seek nor can class counsel represent another claimant in the same circumstances adverse to me   In that event, class counsel's role would be to help all competing claimants to make certain the money owed to the rightful owners is made available for payment to one or more of the competing claimants

I hereby state under oath that the information provided herein, and in the original proof of claim except as modified herein, is true and correct based on my personal knowledge  I, Nikiforos Nick Spirtopoulos, am the rightful owner of this claim and am entitled to entry of judgment

Respectfully submitted,

SIGN NAME HERE

PRINT NAME HERE    Nikiforos Nick Spirtopoulos

State of _____ REPUBLIC OF GREECE )
                PROVINCE OF ATTICA )
                CITY OF ATHENS )ss )
County of _____ EMBASSY OF THE )
                 UNITED STATES OF AMERICA )

On _June 25_, 2007, _Nikiforos Nick Spirtopoulos_ appeared before me, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to on this Reply, and who acknowledged to me that he executed the same in his authorized capacity

Chad R Norberg

Notary _____ Vice Consul _____    My commission expires _____ INDEFINITE

-3-

**Exhibit**

**A**

## AFFIDAVIT OF NIKIFOROS NICK SPIRUPOULOS

|  | REPUBLIC OF GREECE | ) |  |
|---|---|---|---|
| STATE OF _____ | PROVINCE OF ATTICA | ) | ) SS |
|  | CITY OF ATHENS | ) |  |
|  | EMBASSY OF THE | ) SS |  |
| COUNTY OF _____ | UNITED STATES OF AMERICA | ) |  |

Before me, the undersigned authority, personally appeared Nikiforos Nick Spirupoulos who, being duly sworn, deposes and says:

1    I am over eighteen (18) years old and I am a resident of Piraeus, Greece

2    I have personal knowledge of the matters to which I am testifying to in this affidavit

3    I operated Exxon Station Number 60550 located at 5216 Richmond, Houston, Texas 77056 as a direct-served dealer from August 11, 1986 to August 28, 1994

4    In or around March 26, 1995, I sold the business located at Exxon Station Number 77056 to Stylianos Bouboudakis (the "subsequent dealer")

5    I did not intend to, nor did I, transfer my claim against Exxon in the matter of *Allapattah Services, Inc., et al v. Exxon Corp*, Case No 91-0986-CIV-Gold/Simonton to the subsequent dealer, and there was no discussion or understanding that the subsequent dealer had any intent to acquire the right to this claim

6.    I am the rightful owner of the claim

FURTHER AFFIANT SAYETH NOT

_____
NIKIFOROS NICK SPIRUPOULOS

|  | REPUBLIC OF GREECE | ) |  |
|---|---|---|---|
|  | PROVINCE OF ATTICA | ) |  |
| State of _____ | CITY OF ATHENS | ) SS | ) |
|  | EMBASSY OF THE | ) |  |
| County of _____ | UNITED STATES OF AMERICA | ) | ) |

On June 25, 2007, Nikiforos Nick Spirupoulos appeared before me, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to on this Affidavit, and who acknowledged to me that he executed the same in his authorized capacity

Chad R. Norberg
Notary          Vice Consul          My commission expires: **INDEFINITE**

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALLAPATTAH SERVICES, INC , )
et al , )
)
Plaintiffs, )
)
vs )
)
EXXON CORPORATION, )
)
Defendant )
)

**CASE NO. 91-0986-CIV-GOLD/SIMONTON**
**Special Master Thomas E. Scott**

Dealer      Nikiforos Spiropoulos

Claimant    Stylianos Bouboudakis

### REPLY TO CLAIM 1023302, STATION 60550

Claimant replies to the defenses and/or objections of Exxon Corporation as follows

#### Response to Exxon's Preliminary Statement

Claimant concurs that the correct dates of this claim are as follows

Start Date       Stop Date

8/11/1986        8/28/1994

#### Response to Exxon's Answer

1     Exxon denies that Nikiforos Spiropoulos / Exxon by the Galleria owned or operated an Exxon station at any time, but admits only that Nikiforos Spiropoulos owned or operated a direct served station as an individual at some time between March 1, 1983 and August 28, 1994  Exxon denies all other allegations of part 1

**Response: Claimant concurs that the correct dealer name for this claim is Nikiforos Spiropoulos and that Nikiforos Spiropoulos operated the station as an individual for the time period from August 11, 1986 to August 28, 1994.**

3    Exxon denies that the claimant is the person who has the right to the claim and is without knowledge of the allegations of part 3, and therefore they are denied

**Response: Denied. Pursuant to the amendment to the dealer name addressed above, Nikiforos Spiropoulos is identified as the dealer who operated the station during the time period from August 11, 1986 to August 28, 1994. On or about March 26, 1995, the claimant (Stylianos Bouboudakis) purchased the station and all assets located at 5216 Richmond Avenue, Houston, Texas 77056 (Exxon Station Number 60550) from the dealer (Nikiforos Spiropoulos). *See* Contract attached to this Reply as Exhibit A. The claimant does have the right to the claim and is entitled to entry of judgment.**

4    Exxon is without knowledge of the allegations of part 4, and therefore they are denied  Claimant has failed to attach documents that establish claimant's ownership of the claim

**Response: Documents establishing claimant's ownership of the claim are attached to this Reply as Exhibit A.**

5    Exxon denies the allegations of part 5   Claimant has also submitted Claim #1006065, which covers the same sales of motor fuel

**Response: Denied. Claimant has withdrawn Claim Number 1006065. To the best of claimant's knowledge, claimant has not asserted any other claims that cover the same sales of motor fuel.**

<u>Response to Exxon's Defenses and Affirmative Defenses</u>

2    The claimant has failed to attach documents that establish the claimant's ownership of the claim

**Response: Denied.  Documents establishing claimant's ownership of the claim are attached to this Reply as Exhibit A.**

-2-

3      Upon information and belief, the claimant is not the real party in interest

**Response:   Denied.   Pursuant to the amendment to the dealer name addressed above, Nikiforos Spiropoulos is identified as the dealer who operated the station during the time period from August 11, 1986 to August 28, 1994.  On or about March 26, 1995, the claimant (Stylianos Bouboudakis) purchased and all assets the station located at 5216 Richmond Avenue, Houston, Texas 77056 (Exxon Station Number 60550) from the dealer (Nikiforos Spiropoulos).  See Exhibit A.  The claimant is the real party in interest and is entitled to entry of judgment.**

4      Upon information and belief, the claimant lacks standing to bring the claim

**Response:   Denied.   Pursuant to the amendment to the dealer name addressed above, Nikiforos Spiropoulos is identified as the dealer who operated the station during the time period from August 11, 1986 to August 28, 1994.  On or about March 26, 1995, the claimant (Stylianos Bouboudakis) purchased and all assets the station located at 5216 Richmond Avenue, Houston, Texas 77056 (Exxon Station Number 60550) from the dealer (Nikiforos Spiropoulos).  See Exhibit A.  The claimant has standing to bring the claim and is entitled to entry of judgment.**

5      Upon information and belief, the claim belongs to someone other than the claimant

**Response:   Denied.   Pursuant to the amendment to the dealer name addressed above, Nikiforos Spiropoulos is identified as the dealer who operated the station during the time period from August 11, 1986 to August 28, 1994.  On or about March 26, 1995, the claimant (Stylianos Bouboudakis) purchased the station and all assets located at 5216 Richmond Avenue, Houston, Texas 77056 (Exxon Station Number 60550) from the dealer (Nikiforos Spiropoulos).   See Exhibit A. The claim does not belong to someone other than the claimant and the claimant is entitled to entry of judgment.**

6      The claimant alleges that it has acquired its claim from the rightful owner but has failed to provide proper proof of ownership of the claim

**Response: Documents establishing the claimant's proof of ownership are attached to this Reply as Exhibit A.**

-3-

<u>Response to Conflicting Claims</u>

Claim Numbers 1006615, 1006065, 102893, and 1008053 appear to conflict with the instant claim because they assert claims based on the same sales of motor fuel

**Response: Claimant concurs with the dates provided by Exxon for this claim, the dates for Claim Number 1006615 have been amended by reply (or on information and belief soon will be amended by reply, and Claim Numbers 1006065 and 102893 have been withdrawn. Accordingly, there are no actual or potential conflicts with Claim Numbers 1006615 or 1006065.**

**Claimant concedes that Claim Number 1008053 conflicts with the instant claim, and that this conflict must be resolved.**

I have welcomed the assistance that class counsel has provided to me and any other assistance it deems reasonably necessary in advancing my claim for payment, including but not limited to scheduling my claim for resolution and seeking judgment on my behalf, payable to me   Class counsel has successfully represented the Class of Exxon dealers in these proceedings and has taken on the added burden of facilitating the claims process, including direct assistance for me and other claimants   The assistance offered to me by these professionals is appreciated, particularly because it is provided without any additional attorneys' fees other than those that might be awarded by the Court for the entirety of the work performed for the Class including the claims process

I recognize that class counsel cannot represent me with respect to any disputes I might have with another claimant who seeks recovery of the same sums I seek nor can class counsel represent another claimant in the same circumstances adverse to me   In that event, class counsel's role would be to help all competing claimants to make certain the money owed to the rightful owners is made available for payment to one or more of the competing claimants

I hereby state under oath that the information provided herein, and in the original proof of claim except as modified herein, is true and correct based on my personal knowledge  I, Stylianos Bouboudakis, am the rightful owner of this claim and am entitled to entry of judgment

Respectfully submitted,

SIGN NAME HERE _____

PRINT NAME HERE   Stylianos Bouboudakis, Individually and on behalf of Exxon by the Galleria

State of   T E X A S                      )
County of   H A R R I S                  )

On  June 13  , 2007, Stylianos Bouboudakis appeared before me, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to on this Reply, and who acknowledged to me that he executed the same in his authorized capacity

Notary _____   My commission expires  2-3-2011



E TREVINO
Notary Public  State of Texas
My Commission Expires
February 03, 2011

-4-

EXHIBIT
A

RGs/cgj/3/14/95

THE STATE OF TEXAS §
                   §
COUNTY OF HARRIS §

<u>CONTRACT</u>

This Contract is made and entered into on this _26th_ day of March 1995, by and between NICKIFOROS SPIROPOULOS, doing business as Exxon by the Galleria, herein called Seller, and STYLIANOS BOUBOUDAKIS, herein called Buyer. For and in consideration of the mutual covenants herein contained, the parties agree as follows:

1    Seller agrees to sell, transfer and assign or cause to be sold, transferred and assigned to Buyer the equipment, goodwill and all other assets of the business known as Exxon by the Galleria, located at 5216 Richmond Avenue, Houston, Texas 77056.

2.   The purchase price to be paid by Buyer to Seller shall be the sum of
     a    One Hundred Fifty-six Thousand and No/100 Dollars ($156,000.00), plus
     b    The actual cost of gasoline in storage on date of closing of this transaction.
     c.   At the time of closing, Seller and Buyer will jointly review and make a list of the inventory at Exxon by the Galleria; jointly agree upon the value of the inventory, which sum will be paid to Seller at time of closing   In no event will the inventory value exceed the sum of Eight Thousand and No/100 Dollars ($8,000.00).

3    The purchase price shall be payable in full, in cash, at the closing.

4.   Closing shall occur on or before fifteen (15) days after approval received from Exxon Company USA.

5.   Seller acknowledges receipt of the sum of Five Thousand and No/100 Dollars ($5,000.00) as earnest money to bind and secure Buyer's performance hereunder.  All earnest money shall be applied against and credited to sums due as purchase price, under Paragraph Two (2) at closing. Seller and Buyer acknowledge that prior to closing of this transaction, Buyer must receive  approval from Exxon Company USA   In the event Buyer is unable to secure said approval, the Five Thousand and No/100 Dollar ($5,000.00) earnest money will be returned to Buyer.  In the event Buyer fails to consummate this sale and purchase for any other reason, Seller shall retain the earnest money as liquidated damages. Seller and Buyer agree that Buyer's earnest money check will not be cashed or deposited until time of closing of this transaction.

6    The parties agree to comply with all provisions of the Texas Business and Commercial Code, respecting the sale and purchase of business assets.

7    Seller shall discharge any and all business indebtedness on or prior to date of closing.  Buyer shall be solely responsible and liable for business debts after date of closing

8.   The parties shall execute all instruments necessary to consummate the sale and purchase.

9. The parties agree that the business being transferred is being sold and transferred in an "as is" condition.

Signed this 2c th day of March 1995

EXXON BY THE GALLERIA

BY: NICKIFOROS SPEZIOGLOUS

STYLIANOS BOUBOUDAKIS



Exhibit C

## CLAIMANT'S QUESTIONNAIRE FOR THE RESOLUTION OF
## CONFLICTING CLAIMS IN THE EXXON DFC CLASS ACTION

Claim Number. 100 8053                Claimant Name. NIKIFOROS NICK SPIROPOULOS

The claim listed above has been designated for resolution in the matter of *Allapattah Services, Inc. v Exxon Corporation*, Case No. 91-0986-Civ-Gold (Special Master Thomas E Scott) Your claim seeks recovery for the same station and time period as one or more other claims. Accordingly, your claim has been designated for conflict resolution before the Special Master   A copy of the Special Master's order setting forth the procedure to be followed is included in this package.

You are required to complete this form in its entirety and to sign it and have it notarized   You must return this form to the Special Master, with a copy to the Claims Administrator, at the following addresses, to be received no later than _FEBRUARY 11, 2008_

Special Master Thomas E. Scott
Cole, Scott & Kissane, P A
1390 Brickell Ave., Third Floor
Miami, FL 33131

Exxon Dealer Class Action
c/o The Garden City Group, Inc.
Claims Administrator
P.O  Box 9000 #6065
Merrick, NY 11566-9000

Any supplemental evidence or documentation you wish to submit in support of your claim must be sent with this questionnaire unless it is already on file with your claim   **Please note that because of Class Counsel's role on behalf of all claimants, Class Counsel cannot assist you in completing this form, assembling supplemental documentation or preparing you to give testimony in support of your claim**

PLEASE PROVIDE THE INFORMATION REQUESTED AS INDICATED BELOW

1.      Were you the individual or entity who was the contracting party to a Sales Agreement with Exxon during the time period for which you are claiming? If your name was listed as the contracting party on a Sales Agreement with Exxon, you should answer "Yes" to this question. If your name was not listed on a Sales Agreement as the contracting party, and the basis of your claim is that you have acquired the right of the person or entity listed on the Sales Agreement (for example, by having bought a corporation, by virtue of state community property law, etc.), you should answer "No "

        ☒ Yes  (Answer questions 2 to 4 and question 9, then complete the signature section only.  Do not answer questions 5 to 8).

        ☐ No  (Answer questions 5 to 9 and complete the signature section only  Do not answer questions 2 to 4)


EXHIBIT "A"

Page 2 – Evidentiary Questionnaire

> *If you answered "Yes" to Question 1 on the previous page, then answer Questions 2 to 4 and*
> *Question 9 and then proceed to the signature and notarization section on page 5. Claimants*
> *who answered "No" to question 1 should not complete Questions 2 to 4.*

2.    Please state the reasons you believe you have the right to make this claim.  What is the basis of your position that the conflicting claimant(s) did not acquire the rights to this claim?

I was the sole proprietor of the business known as "Exxon by the Galleria" from August 11 1986 to March 26 1995   On March 26 1995   I sold the business to Stylianos Bouboudakis pursuant to a contract, a copy of which is attached.  The sale included the assets that I used to run the business  I did not sell to him the rights to this claim.  This is my personal right. As a matter of fact, no one knew of the existence of this claim when I sold the business.  The claim was not included in the bargain and Stylianos Bouboudakis did not pay consideration for this claim   The claim was not an asset of the business sold.  This claim is personal to me and relates to the time that I owned the station and Stylianos Bouboudakis has no right whatsoever to this claim.

3    Do you have any documents or other evidence that substantiates your ownership of this claim (e.g., bill of sale reflecting right to claim not transferred, marital settlement agreement, papers appointing you as executor of dealer of record's estate, etc )?
☒ Yes   ☐ No

If "Yes," please describe and attach each document   If "No," please provide all information about the reason no written documentation is available

Attached is the agreement with Stylianos Bouboudakis relating to the sale of my business

4.    Please list all witnesses you intend to rely upon at the evidentiary hearing on this dispute   Provide telephone numbers and a brief description of the proposed testimony for every person you list.  If you plan to give testimony, include your own name and your current telephone number   In addition, please provide your e-mail address, if you have one.

| Name | Telephone Number | Brief Description of Testimony |
|------|------------------|-------------------------------|

Nickiforos Spiropoulos, tel  no  011302104009249, address Redestou 165, Pireus, Greece 18546  He will testify as to the facts referred to in Item 3 above

Anastassios Triantaphyllis; tel. no. 713-861-2095; 112 E  4th Street, Houston, Texas 77007.  He is attorney representing Mr  Nickiforos Spiropoulos and he will testify as to attorneys fees if requested

Page 3 – Evidentiary Questionnaire

> *If you answered "No" to Question 1, then answer Questions 5 to 9 and then proceed to the signature and notarization section on page 5.  Claimants who answered "Yes" to question 1 should not complete Questions 5 to 8.*

5.     Please list the name(s) of the direct-served Exxon dealer whose interest you believe you have acquired   If you assert that you have acquired the interest of more than one direct-served dealer, please list the name of each dealer, and provide information specific to each dealer for Questions 6, 7 and 8 set forth below

6      Please describe in detail the basis for your ownership of or entitlement to the claim of each dealer you listed in Question 5 above. Please be specific   For example, if your claim of ownership or entitlement is based on a purchase of a prior dealer's business or station, provide the date you believe you acquired the interest, the nature of the transaction, what people or entities were parties to the contract or agreement, etc   If your claim of entitlement arises from your former marriage to the dealer of record, provide details about the date of your marriage, the date of your divorce, and any circumstances related to your division of property   If your claim is based on an inheritance, state the date of death of the dealer of record, whether or not there was a last will and testament, what your relationship to the dealer of record was, whether there are any other heirs or beneficiaries , etc

Page 4 – Evidentiary Questionnaire

7.     Do you have any written proof that substantiates your position (e.g., Bill of Sale, Asset Purchase Agreement, contract, agreement, marital settlement agreement, death certificate, last will and testament, etc.)?
☐ Yes    ☐ No

If "Yes," please describe and attach each document.  If "No," please provide all information about the reason no written documentation is available

8.     Please list all witnesses you intend to rely upon at the evidentiary hearing on this dispute   If you plan to give testimony, include your name.  Provide telephone numbers and a brief description of the proposed testimony for every person you list.

| Name | Telephone Number | Brief Description of Testimony |
| --- | --- | --- |
| | | |

9     Please list your current address, home telephone number, work telephone number, cellular telephone number, and email address, if you have one

Nickiforos Spiropoulos, tel. no. 011302104009249; address Redestou 165, Pireus, Greece 18546 He is represented by Anastassios Triantaphyllis; tel  no  713-861-2095, 112 E  4th Street, Houston, Texas 77007   Email: law@tasso us

Page 5 – Evidentiary Questionnaire

## ALL CLAIMANTS MUST SIGN THIS DOCUMENT AND HAVE IT NOTARIZED BELOW.

I provide the sworn testimony on this questionnaire in support of my claim. I state under oath that the information provided on this form and on any attached documentation is true and correct based on my personal knowledge. I understand that the information I provide, along with any information I have previously provided and along with testimony I may give at an upcoming hearing, will be utilized by the Special Master to determine my eligibility to recover on my claim.

SIGN NAME HERE: (X) _Nick Spiropoulos_

PRINT NAME HERE: NIKIFOROS NICK SPIROPOULOS

TITLE AND NAME OF CORPORATION

(FOR OFFICERS OF CORPORATE ENTITIES): 

State of _PROVINCE OF ATTICA_ )
CITY OF ATHENS ) ss
County of _CONSULATE OF THE_ )
_UNITED STATES OF AMERICA_

On _February 1,_ 200_8_, _NIKIFOROS NICK SPIROPOULOS_ appeared before me, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to on document and who acknowledged to me that he/she executed the same in his/her authorized capacity.

Notary: _[signature]_
My Commission Expires: INDEFINITE

Elaine Paplos
American Vice Consul

THE STATE OF TEXAS §
                    §
COUNTY OF HARRIS §

## CONTRACT

This Contract is made and entered into on this __26th__ day of March 1995, by and between NICKIFOROS SPIROPOULOS, doing business as Exxon by the Galleria, herein called Seller, and STYLIANOS BOUBOUDAKIS, herein called Buyer. For and in consideration of the mutual covenants herein contained, the parties agree as follows:

1. Seller agrees to sell, transfer and assign or cause to be sold, transferred and assigned to Buyer the equipment, goodwill and all other assets of the business known as Exxon by the Galleria, located at 5216 Richmond Avenue, Houston, Texas 77056.

2. The purchase price to be paid by Buyer to Seller shall be the sum of

   a. One Hundred Fifty-six Thousand and No/100 Dollars ($156,000.00), plus

   b. The actual cost of gasoline in storage on date of closing of this transaction.

   c. At the time of closing, Seller and Buyer will jointly review and make a list of the inventory at Exxon by the Galleria; jointly agree upon the value of the inventory, which sum will be paid to Seller at time of closing. In no event will the inventory value exceed the sum of Eight Thousand and No/100 Dollars ($8,000.00).

3. The purchase price shall be payable in full, in cash, at the closing.

4. Closing shall occur on or before fifteen (15) days after approval received from Exxon Company USA.

5. Seller acknowledges receipt of the sum of Five Thousand and No/100 Dollars ($5,000.00) as earnest money to bind and secure Buyer's performance hereunder. All earnest money shall be applied against and credited to sums due as purchase price, under Paragraph Two (2) at closing. Seller and Buyer acknowledge that prior to closing of this transaction, Buyer must receive approval from Exxon Company USA. In the event Buyer is unable to secure said approval, the Five Thousand and No/100 Dollar ($5,000.00) earnest money will be returned to Buyer. In the event Buyer fails to consummate this sale and purchase for any other reason, Seller shall retain the earnest money as liquidated damages. Seller and Buyer agree that Buyer's earnest money check will not be cashed or deposited until time of closing of this transaction.

6. The parties agree to comply with all provisions of the Texas Business and Commercial Code, respecting the sale and purchase of business assets.

7. Seller shall discharge any and all business indebtedness on or prior to date of closing. Buyer shall be solely responsible and liable for business debts after date of closing.

8. The parties shall execute all instruments necessary to consummate the sale and purchase.

9.  The parties agree that the business being transferred is being sold
    and transferred in an "as is" condition.

Signed this ___26th___ day of March 1995.

EXXON BY THE GALLERIA

By:  NICKIFOROS SPIROPOULOS

STYLIANOS BOUBOUDAKIS

Exhibit D

## CLAIMANT'S QUESTIONNAIRE FOR THE RESOLUTION OF
## CONFLICTING CLAIMS IN THE EXXON DFC CLASS ACTION

Claim Number                                    Claimant Name:

---

The claim listed above has been designated for resolution in the matter of *Allapattah Services, Inc. v Exxon Corporation*, Case No. 91-0986-Civ-Gold (Special Master Thomas E Scott). Your claim seeks recovery for the same station and time period as one or more other claims. Accordingly, your claim has been designated for conflict resolution before the Special Master. A copy of the Special Master's order setting forth the procedure to be followed is included in this package

You are required to complete this form in its entirety and to sign it and have it notarized. You must return this form to the Special Master, with a copy to the Claims Administrator, at the following addresses, to be received no later than February 11 .

Special Master Thomas E. Scott
Cole, Scott & Kissane, P A
1390 Brickell Ave , Third Floor
Miami, FL 33131

Exxon Dealer Class Action
c/o The Garden City Group, Inc.
Claims Administrator
P O Box 9000 #6065
Merrick, NY 11566-9000

Any supplemental evidence or documentation you wish to submit in support of your claim must be sent with this questionnaire unless it is already on file with your claim. **Please note that because of Class Counsel's role on behalf of all claimants, Class Counsel cannot assist you in completing this form, assembling supplemental documentation or preparing you to give testimony in support of your claim**

---

PLEASE PROVIDE THE INFORMATION REQUESTED AS INDICATED BELOW:

1.     Were you the individual or entity who was the contracting party to a Sales Agreement with Exxon during the time period for which you are claiming? 'If your name was listed as the contracting party on a Sales Agreement with Exxon, you should answer "Yes" to this question If your name was not listed on a Sales Agreement as the contracting party, and the basis of your claim is that you have acquired the right of the person or entity listed on the Sales Agreement (for example, by having bought a corporation, by virtue of state community property law, etc.), you should answer "No."

        ☐ Yes (Answer questions 2 to 4 and question 9, then complete the signature section only. Do not answer questions 5 to 8).

        ☒ No (Answer questions 5 to 9 and complete the signature section only   Do not answer questions 2 to 4).

Page 2 – Evidentiary Questionnaire

> *If you answered "Yes" to Question 1 on the previous page, then answer Questions 2 to 4 and Question 9 and then proceed to the signature and notarization section on page 5. Claimants who answered "No" to question 1 should not complete Questions 2 to 4.*

2.    Please state the reasons you believe you have the right to make this claim. What is the basis of your position that the conflicting claimant(s) did not acquire the rights to this claim?

3    Do you have any documents or other evidence that substantiates your ownership of this claim (e g , bill of sale reflecting right to claim not transferred, marital settlement agreement, papers appointing you as executor of dealer of record's estate, etc.)?
□ Yes    □ No

If "Yes," please describe and attach each document. If "No," please provide all information about the reason no written documentation is available.

4.    Please list all witnesses you intend to rely upon at the evidentiary hearing on this dispute   Provide telephone numbers and a brief description of the proposed testimony for every person you list. If you plan to give testimony, include your own name and your current telephone number. In addition, please provide your e-mail address, if you have one.

| Name | Telephone Number | Brief Description of Testimony |
|------|------------------|-------------------------------|

Page 3 – Evidentiary Questionnaire

> *If you answered "No" to Question 1, then answer Questions 5 to 9 and then proceed to the signature and notarization section on page 5   Claimants who answered "Yes" to question 1 should not complete Questions 5 to 8.*

5.    Please list the name(s) of the direct-served Exxon dealer whose interest you believe you have acquired.  If you assert that you have acquired the interest of more than one direct-served dealer, please list the name of each dealer, and provide information specific to each dealer for Questions 6, 7 and 8 set forth below.

Nickiforos Spiropoulos

6    Please describe in detail the basis for your ownership of or entitlement to the claim of each dealer you listed in Question 5 above.  Please be specific.  For example, if your claim of ownership or entitlement is based on a purchase of a prior dealer's business or station, provide the date you believe you acquired the interest, the nature of the transaction, what people or entities were parties to the contract or agreement, etc.  If your claim of entitlement arises from your former marriage to the dealer of record, provide details about the date of your marriage, the date of your divorce, and any circumstances related to your division of property.  If your claim is based on an inheritance, state the date of death of the dealer of record, whether or not there was a last will and testament, what your relationship to the dealer of record was, whether there are any other heirs or beneficiaries , etc.

Please see attached.

Page 4 – Evidentiary Questionnaire

7.  Do you have any written proof that substantiates your position (e g., Bill of Sale, Asset Purchase Agreement, contract, agreement, marital settlement agreement, death certificate, last will and testament, etc.)?

☒ Yes  ☐ No

If "Yes," please describe and attach each document. If "No," please provide all information about the reason no written documentation is available.

Please see attached.

8  Please list all witnesses you intend to rely upon at the evidentiary hearing on this dispute. If you plan to give testimony, include your name. Provide telephone numbers and a brief description of the proposed testimony for every person you list.

| Name | Telephone Number | Brief Description of Testimony |
|------|------------------|-------------------------------|

Nickiforos Spiropoulos; Presently believed to be in Greece; See Response to No. 6

Stylianos Bouboudakis;(713)622-2588; See Response to No. 6

9  Please list your current address, home telephone number, work telephone number, cellular telephone number, and email address, if you have one

Stylianos Bouboudakis
13331 Brentonwood
Houston, Texas   77007
(281) 920-0786  Home
(713) 622-2588  Work
(713) 252-2788  Cell

Email- stelliob@aol.com

Page 5 – Evidentiary Questionnaire

**ALL CLAIMANTS MUST SIGN THIS DOCUMENT AND HAVE IT NOTARIZED BELOW.**

I provide the sworn testimony on this questionnaire in support of my claim. I state under oath that the information provided on this form and on any attached documentation is true and correct based on my personal knowledge. I understand that the information I provide, along with any information I have previously provided and along with testimony I may give at an upcoming hearing, will be utilized by the Special Master to determine my eligibility to recover on my claim.

SIGN NAME HERE.

PRINT NAME HERE.  Boubou̇dakis  Stylianos

TITLE AND NAME OF CORPORATION

(FOR OFFICERS OF CORPORATE ENTITIES):

State of __Texas__ )
County of __Harris__ )

On __January__ __15__, 200__8__, __Stylianos Boubou̇dakis__ appeared before me, who is/personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to on document, and who acknowledged to me that he/she executed the same in his/her authorized capacity.

Notary: _____
My Commission Expires: __8/5/08__

ESMERALDA ACEVEDO
MY COMMISSION EXPIRES
August 5, 2008

Response to No 6

It is undisputed that Nickiforos Spiropoulos was the contracting party to a Sales Agreement with Exxon from August 11, 1986 to August 28, 1994 It is further undisputed that Mr Spiropoulos and Mr Bouboudakis entered into a Sales Contract on March 26, 1995 which relates to the station in question It is undisputed that Mr Bouboudakis did in fact pay the sum of $156,000 00 as consideration, and acquired the station at issue

The Contract has been attached to this Questionnaire In the first provision of the Contract, it states as follows

> **Seller agrees to sell, transfer and assign** or cause to be sold, transferred and assigned to Buyer the **equipment, goodwill and all other assets of the business known as Exxon by the Galleria**, located at 5216 Richmond Avenue, Houston, Texas 77056 (Emphasis Added)

It should be noted that no assets of any type, known or unknown were excluded in the sale, and therefore, Mr Bouboudakis became the rightful owner of the claim in dispute in this litigation This Contract was executed by Mr Spiropoulos and Mr Bouboudakis in Texas, and relates to a station in Houston, Texas Further, the Contract specifically states that "the parties agree to comply with all provisions of the Texas Business and Commerce Code, respecting the sale and purchase of business assets " Accordingly, Texas law should apply to the transfer of assets

Texas law clearly states that a "chose in action" is a right to bring an action to recover a debt, money, or thing Choses in action and expectancies are conveyable interests and assets Accordingly, the claim which would be owned by Mr Spiropoulos is not only conveyable, but would fall under the category of "or other assets" which is contemplated to be transferred, sold and assigned from Mr Spiropoulos to Mr Bouboudakis at the time of the execution of the contract at issue

Furthermore, after the sale of the station occurred, at least two separate vehicles which had been repaired when Mr Spiropoulos owned the station needed warranty work Mr Spiropoulos refused to deal with the issue claiming that Mr Bouboudakis bought the station and everything now belonged to him Accordingly, this logic would hold true for assets as well as liabilities

THE STATE OF TEXAS §
§
COUNTY OF HARRIS §

## CONTRACT

This Contract is made and entered into on this _____26 th_____ day of March 1995, by and between NICKIFOROS SPIROPOULOS, doing business as Exxon by the Galleria, herein called Seller, and STYLIAMOS BOUBOUDAKIS, herein called Buyer. For and in consideration of the mutual covenants herein contained, the parties agree as follows.

1. Seller agrees to sell, transfer and assign or cause to be sold, transferred and assigned to Buyer the equipment, goodwill and all other assets of the business known as Exxon by the Galleria, located at 5216 Richmond Avenue, Houston, Texas 77056.

2. The purchase price to be paid by Buyer to Seller shall be the sum of
   a. One Hundred Fifty-six Thousand and No/100 Dollars ($156,000.00), plus
   b. The actual cost of gasoline in storage on date of closing of this transaction.
   c. At the time of closing, Seller and Buyer will jointly review and make a list of the inventory at Exxon by the Galleria; jointly agree upon the value of the inventory, which sum will be paid to Seller at time of closing. In no event will the inventory value exceed the sum of Eight Thousand and No/100 Dollars ($8,000.00).

3. The purchase price shall be payable in full, in cash, at the closing.

4. Closing shall occur on or before fifteen (15) days after approval received from Exxon Company USA.

5. Seller acknowlededes receipt of the sum of Five Thousand and No/100 Dollars ($5,000.00) as earnest money to bind and secure Buyer's performance hereunder  All earnest money shall be applied against and credited to sums due as purchase price, under Paragraph Two (2) at closing. Seller and Buyer acknowledge that prior to closing of this transaction, Buyer must receive  approval from Exxon Company USA.  In the event Buyer is unable to secure said approval, the Five Thousand and No/100 Dollar ($5,000 00) earnest money will be returned to Buyer. In the event Buyer fails to consummate this sale and purchase for any other reason, Seller shall retain the earnest money as liquidated damages Seller and Buyer agree that Buyer's earnest money check will not be cashed or deposited until time of closing of this transaction.

6 The parties agree to comply with all provisions of the Texas Business and Commercial Code, respecting the sale and purchase of business assets.

7 Seller shall discharge any and all business indebtedness on or prior to date of closing  Buyer shall be solely responsible and liable for business debts after date of closing.

8. The parties shall execute all instruments necessary to consummate the sale and purchase.

9.  The parties agree that the business being transferred is being sold
    and transferred in an "as is" condition.

Signed this ___26th___ day of March 1995.

EXXON BY THE GALLERIA

*Nickiforos Spiropoulos*
BY   NICKIFOROS SPIROPOULOS

STYLIAMOS BOUBOUDAKIS

- 2 -