IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
)
Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
Defendant. )
_____)

RUSSELL A. CLINE, )
)           **CONSOLIDATED WITH**
Plaintiff, )           **CASE NO.: 05-21338-CIV-GOLD/**
)           **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
Defendant. )
_____)

### SPECIAL MASTER'S RESPONSE IN ACCORDANCE WITH THE DISTRICT COURT'S ORDER [D.E. 5818]

The Special Master hereby files his response to *Class Counsel's Amended Objections to the Special Master's Report and Recommendation Dated September 4, 2009* **[D.E. 5820]**, *States' Counsel's Response Regarding the Special Master's Report and Recommendation Dated September 4, 2009* **[D.E. 5825]**, and *Class Counsel's Reply to States' Counsel's Response to Class Counsel's Objections to the Special Master's September 4, 2009 Report and Recommendation* **[D.E. 5840]**, in accordance with the District Court's *Order Following Telephonic Status Conference; Clarifying Briefing Schedule* **[D.E. 5818]**.

As indicated in the September 4, 2009 Report and Recommendation, it is the undersigned's belief that everyone involved in this process, as unique as it is, should be commended in their efforts to protect the affected dealers (both filing and non-filing claimants who were injured by Exxon's action).

Further, the undersigned remains convinced that if there is honorable disagreement between the parties regarding the true intent underlying the 2% Reduction, it is only due to their respective desire to achieve the correct result and to fully and properly implement their interpretation of the intent of the Settlement Agreement. The process of being able to air and resolve such a disagreement over any important issue like the pending matter is laudable. It facilitates the protection of all, including the filing and non-filing claimants affect by Exxon's action. As observed in the original report, this 2% Reduction issue is the first significant dispute between the parties in the entire claims process – a highly wonderful achievement that speaks volumes of the professionalism of those involved.

With the above stated, it nonetheless remains the undersigned's belief that findings in the September 4, 2009 Report and Recommendation clearly implement the intent of the Settlement Agreement and provide an equitable result to all parties including both the filing and non-filing claimants, as well as to Class Counsel and the States. Having reviewed the Amended Objections of Class Counsel and States' Counsel's Response to the September 4, 2009 Report and Recommendation, and Class Counsel's Reply to States' Counsel's Response, it is my opinion that there is no need for further substantive comment by the undersigned and that the issues are fully briefed for the District Court. The only remaining comments are: (a) having reviewed the additional filings, the undersigned remains confident of the findings and basis for the same set forth in the September 4, 2009 Report and Recommendation; and, (b) despite at least one

*Special Master's Response*
*Page 3 of 3*

statement to the contrary, the undersigned is not an "advocate" for any position; rather, the undersigned merely provided certain findings and recommendations based upon a final, critical analysis of the Settlement Agreement and related documents, arising from the undersigned's independent duty to the Fund.

As mentioned in the report, if I am wrong, the District Court can say so, but the airing of these issues is essential to protect all involved. The slight delay, if any, in payment of the incremental amount to the filing claimants is warranted to air the issue now and not later after the fact. As stated in the report, on this point, I am sure the District Court is in complete agreement.

All that remains is the District Court's decision and weighing of these issues presented by the September 4, 2009 Report and Recommendation and the positions and objections provided by the parties in response thereto. In whatever manner the District Court decides the pending issues, thereafter we will be able to move swiftly to the ultimate conclusion of this process.

RESPECTFULLY SUBMITTED, in Miami, Florida this ____ day of November, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
The Garden City Group, Inc.
All counsel of record