IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.,

    Plaintiffs,

v.

EXXON CORPORATION,

    Defendant.

RUSSELL A. CLINE,

    Plaintiff,

vs.

THE GARDEN CITY GROUP, INC.,

    Defendant.

**CONSOLIDATED WITH**
**CASE NO.: 05-21338-CIV-GOLD / SIMONTON**

## ORDER REGARDING DISPUTE CLAIMS D4.11 and D4.12

This cause is before the Special Master pursuant to Class Counsel's Second Amended Fourth Motion for Adjudication of Disputed Claims (Motion D4) **[D.E. 5237]**; States' Counsel's Memorandum in Opposition to Claim #1007111B (Dispute 4.11) **[D.E. 5249]**; States' Counsel's Memorandum in Opposition to Claim #1019738B (Dispute D4.12) **[D.E. 5386]**; Reply Memorandum to States' Counsel's Opposition to Claim 1007111B (Dispute D4.11) **[D.E. 5534]**; Reply Memorandum to States' Counsel's Opposition to Claim 1019738B (Dispute D4.12) **[D.E. 5535]**; and, States' Counsel's Sur-Reply to Disputes D4.11 (Claim No. 1007111B) and D4.12 (Claim No. 1019738B) **[D.E. 5548]**.

On January 20, 2009, the Special Master conducted an evidentiary hearing to resolve the disputed claims in D4.11 and D4.12. The claimant in dispute D4.11 is Thomas J. Terry, Jr., individually (Claim No. 1007111B). The claimant in dispute D4.12 is Thomas J. Terry, Jr. on behalf of Tom Terry Enterprises, Inc. (Claim No. 1019738B). The States oppose these two claims asserting that Thomas J. Terry (hereinafter, "Terry") no longer possess an individual claim to the award, nor an ability to assert a claim on behalf of the corporation Tom Terry Enterprises, Inc. Thomas J. Terry Jr. was represented at the hearing by Richard Givens, Esq. The States were represented by Nick Christin, Esq.

After analyzing the materials submitted, and having reviewed the Court file, conducted an evidentiary hearing concerning this dispute, and being otherwise fully advised in the premises, the Special Master finds in favor of the States and against Terry's Claim Nos. 1007111B and 1019738B. This finding is based upon Terry's sale of his entire 100% interest in Tom Terry Enterprises, Inc. to Leonard Nadeau in April of 1991 (Terry admits to this final sale of the remaining interest in the corporation in his Statement of Facts attached to the Proof of Claim).[1]

The time period for Claim No. 1007111B (Dispute 4.11) is from August 31, 1996 to October 31, 1992. The time period for Claim No. 1019738B (Dispute 4.12) is from July 25, 1985 to August 3, 1993). Tom Terry Enterprises, Inc. was the Exxon dealer of record for these time periods and gas stations. Terry asserts that Tom Terry Enterprises, Inc. was the entity which actually operated the station. Tom Terry Enterprises, Inc. was incorporated on October 4, 1974. Terry admits that he sold his entire interest in Tom Terry Enterprises, Inc. to Leonard Nadeau in or about April 1991. Terry

---

[1] Leonard Nadeau, the current owner of the corporation, filed Claim #5852 seeking recovery on behalf of the corporation for the subject stations (in conflict with both of Thomas Terry's Claim Nos. 1007111B and 1019738B). However, Nadeau failed to pursue the claim and was dismissed as part of Non-Responsive List N9.

argued, at the hearing, that he was a majority shareholder for the time period of these claims (or most of the time periods, through April 1, 1991) and thus, he should receive an award for his percentage ownership during those time periods (approximately 82% interest). He argues this position irrespective of his admission and agreement that Terry sold his entire stock interest in the corporation to Leonard Nadeau in April of 1991.

Tom Terry Enterprises, Inc. is the correct claimant, but unfortunately for Terry, when Terry sold his entire shareholder interest in Tom Terry Enterprises, Inc., he alienated any rights or interest he may have possessed (to be realized in the future) to assert the *Allapattah* claim. *See, Merco Contrs. Engineers, Inc. v. Municipal Court*, 21 Cal. 3d 724, 729 (Cal. 1978) ("a corporation is a legal entity distinct from its shareholders"); *Grosset v. Wenaas*, 125 P.3d 1184, 1189 (Cal. 2008) ("the authority to manage the business affairs of a corporation is vested in its board of directors, not in its shareholders. This includes the authority to commence, defend and control actions on behalf of the corporation). Accordingly, the claim belongs to Tom Terry Enterprise, Inc. but it cannot be asserted by Terry as he has no interest in, or right to assert, the claim. That interest and right appears to rest in Nadeau as the seemingly current 100% shareholder of Tom Terry Enterprises, Inc. (since the sale by Terry to Nadeau in April 1991).

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The claim of Thomas J. Terry, individually, (Claim No. 1007111B) is DISALLOWED. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Thomas J. Terry (Claim No. 1007111B).

2.  The claim of Thomas J. Terry on behalf of Tom Terry Enterprises, Inc. (Claim No. 1019738B) is DISALLOWED. The Claims Administrator shall make the appropriate notation in the claim file concerning this dismissal and shall distribute the Special Master's Order to Thomas J. Terry on behalf of Tom Terry Enterprises, Inc. (Claim No. 1019738B).

**DONE AND ORDERED** in Miami, Florida this 17th day of November , 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record

Richard D. Givens, Esq. (counsel for Terry)
617 Veterans Blvd.
#106
Redwood City, CA  94063