IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al., )
)
Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
Defendant. )
_____)
)
RUSSELL A. CLINE, )
) **CONSOLIDATED WITH**
Plaintiff, ) **CASE NO.: 05-21338-CIV-GOLD /**
) **SIMONTON**
vs. )
)
THE GARDEN CITY GROUP, INC., )
)
Defendant. )
_____)

## ORDER REGARDING CONFLICTING CLAIMANT DISPUTE C11.4

This cause is before the Special Master pursuant to Class Counsel's Eleventh Motion for Adjudication of Conflicting Claims (Motion C11) **[D.E. 5216]**, and the materials submitted[1] by or on behalf of claimant American Famous Tiger Service Station, Inc. c/o Mohammad Amineddoleh (Claim No. 103981) ("Amineddoleh"), and claimant American Famous Tiger Service Station, Inc. c/o Amgad Hamed (Claim No. 3808).

On January 20, 2009, the Special Master conducted an evidentiary hearing to resolve the conflicting claimant dispute contained in dispute C11.4. The parties to this dispute are Amineddoleh

---

[1] Such materials include the original Reply and the responses and documentation attached to the claimants" respective answers to the "Claimant's Questionnaire for the Resolution of Conflicting Claims in the Exxon DFC Class Action."

and Hamed. Hamed appeared *pro se*. Amineddoleh was represented by his wife, Elena Amineddoleh.

Following an evidentiary hearing concerning this dispute, and being otherwise fully advised in the premises, the Special Master finds as follows:

Both claimants concede that American Famous Tiger Service Station, Inc. owned the subject station for the time period of this claim (August 2, 1993 through August 28, 1994). The dispute concerns whether Hamed still retains a right to 50% of the award as a former holder of 50% of the corporation's stock during the subject claim period. By virtue of the October 12, 1994 Agreement between the claimants, Amineddoleh purchased and owned the full 100% of stock shares in American Famous Tiger Service Station, Inc.

In or about August, 1993 (the beginning of the present claim period), Hamed sold 50% of the stock in the corporation to Amineddoleh, acknowledging that Hamed and Amineddoleh were equal co-owners of the station from at least August 30, 1993 through August 28, 1994 (the end of the *Allapattah* claim period).

At a prior hearing on Conflicting Claimant Dispute C9.8, relating to a separate station, but between the same two claimants and relating to the same ownership of American Famous Tiger Service Station, Inc., Hamed testified that on November 1, 1994 he sold his remaining 50% stockholder interest in the Station to Amineddoleh. In this regard, Amineddoleh has produced a copy of an October 12, 1994 Agreement documenting Amineddoleh's purchase of Hamed's remaining 50% interest in the corporation. Closing on the stock purchase occurred on November 1, 1994 as reflected by the Statements of Closing Title.

Thus, as of November 1, 1994, Amineddoleh was 100% owner and holder of stock of the

American Famous Tiger Service Station, Inc. The question then became whether the complete sale of stock by Hamed to Amineddoleh also transferred any and all of Hamed's right to assert (or at least share in) the *Allapattah* claim. Unfortunately for Hamed, when he sold the remaining 50% stock interest to Amineddoleh, without reservation of any rights or interest therein, all rights and interest appurtenant to his stock interest transferred with the sale to Amineddoleh.

The record demonstrates the existence of a Release dated December 7, 1995, executed by Hamed, which states as follows:

> I release and give up any claims and rights which I may have against you. This releases all claims including those of which I am not aware and those not mentioned in the release. This release applies to claims resulting from anything which has happened up to now. I specifically release the following claims:
>
> Any and all adjustments or claims arising from my sale to you of stock in C&H Parkway, Inc. and American Famous Tiger Service Station, Inc.

Though it was not discussed (either at the January 20, 2009 hearing or at the hearing on Conflicting Claimant Disputes C9.8) why the above release was not signed until December 7, 1995 (almost a year after the closing of the remaining stock sale), the answer appears clear from a review of the documents. Since the October 12, 1994 Agreement called for monthly payments of $2,000 to Hamed, over the course of approximately ten (10) months (for a total of $20,000), it appears that sometime in October to November of 1995 the payments were all completed. Thus, following the completion of payments, the December 7, 1995 Release was executed in favor of Amineddoleh.

At the prior hearing on Conflicting Claimant Dispute C9.8, Hamed observed that there is similar release from Amineddoleh dated November 30, 1995. Yet, to date, this document still has not been provided to the Special Master. Nonetheless, the purported November 30, 1995 release

from Amineddoleh to Hamed, assuming arguendo it exists, does not accomplish the same thing as the release from Hamed to Amineddoleh. Nor does it affect the conclusion that Amineddoleh is the rightful claimant.

Amineddoleh purchased the entire corporation from Hamed (the remaining 50% of the total stock). The *Allapattah* claim is vested in the corporation, not in Hamed individually. To the extent that Hamed had any individual claim as a result of his personal ownership of the stock shares, that claim was transferred when he sold the stock to Amineddoleh, and most certainly, when he executed the December 7, 1995 Release. While the December 7, 1995 Release may be similar in language to the one purportedly given (separately) by Amineddoleh to Hamed, Hamed's release extinguished any remaining rights or interests in American Famous Tiger Service Station, Inc., subsequent to Amineddoleh's completing payment of the $2,000 per month for ten months pursuant to the October 12, 1994 contract. The purported release from Amineddoleh to Hamed could not possibly accomplish the same thing, when viewed in context of the facts and circumstances, since Amineddoleh bought the stock and did not sell anything, and there was nothing to release with respect to the *Allapattah* claim, or the right to assert the same.

As such, the undersigned finds that the complete sale of stock in the American Famous Tiger Service Station, Inc. by Hamed to Aminedolleh pursuant to the October 12, 1994 contract (with November 1, 2004 closing date) transferred to Aminedolleh any and all rights – to assert the *Allapattah* claim – which Hamed possessed since the right to the *Allapattah* claim was vested in the corporation and ownership of a corporation is determined by ownership of stock shares.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. American Famous Tiger Service Station, Inc. c/o Mohammad Amineddoleh (Claim No. 103981) is the rightful claimant as between these two disputing claimants.

2. The claim of American Famous Tiger Service Station, Inc. c/o Amgad Hamed (Claim No. 3808) is hereby dismissed with prejudice. With the resolution of this dispute, Class Counsel is permitted to advance the claim of American Famous Tiger Service Station, Inc. c/o Mohammad Amineddoleh (Claim No. 103981) in the Claims Administration Process.

3. The Garden City Group is hereby ordered to make the appropriate updates to the claim files and shall distribute the Special Master's Order to: American Famous Tiger Service Station, Inc. c/o Amgad Hamed (Claim No. 3808). The Garden City Group is directed to treat the Special Master's Order as an Order Denying Claim with respect to American Famous Tiger Service Station, Inc. c/o Amgad Hamed (Claim No. 3808).

**DONE AND ORDERED** in Miami, Florida this 17th day of November, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record