IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO.: 91-0986-CIV-GOLD/SIMONTON
Special Master Thomas E. Scott

ALLAPATTAH SERVICES, INC., et al.   )
                                    )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
EXXON CORPORATION,                  )
                                    )
        Defendant.                  )
_____)
                                    )
RUSSELL A. CLINE,                   )
                                    )          **CONSOLIDATED WITH**
        Plaintiff,                  )          **CASE NO.: 05-21338-CIV-GOLD/**
                                    )          **SIMONTON**
vs.                                 )
                                    )
THE GARDEN CITY GROUP, INC.,        )
                                    )
        Defendant.                  )
_____)

### SPECIAL MASTER'S SUPPLEMENTAL RESPONSE IN ACCORDANCE WITH THE DISTRICT COURT'S ORDER [D.E. 5818]

The Special Master hereby submits his *Supplemental Response in Accordance with the District Court's Order* [D.E. 5818], for the purpose of providing the District Court with information necessary for its consideration in advance of the November 19, 2009 hearing. The first part consists of a discussion of the available monies remaining in the Fund. The second part pertains to potential funding options.

### I. The Remaining Available Monies of the Settlement Fund.

In an effort to assist the District Court's understanding of what has been disbursed from the Fund and what remains as of November 18, 2009, the undersigned submits the following chart with explanatory notes:

**INCOME OVER EXPENDITURES**
**ALLAPATTAH DFC CLASS ACTION SETTLEMENT FUND**
   Period from May 10, 2006 to December 31, 2009

|  | Actual 5/10/2006 to 10/31/2009 | Pro-forma 11/1/2009 to 12/31/2009 | Notes | Pro-forma 5/10/2006 to 12/31/2009 |
|---|---|---|---|---|
| **INCOME** | | | | |
| Earnings | | | | |
| Interest earned | $ 60,626,851 | $ 8,000 | A | $ 60,634,851 |
| | | | | |
| Expenditures | | | | |
| Administrative expenses | 18,731,568 | 968,037 | B | 19,699,605 |
| Class counsel interest | 0 | 8,248,000 | C | 8,248,000 |
| Interest on 5% Reserve | 0 | 1,137,000 | D | 1,137,000 |
| Remaining Balance to States | 0 | 6,348,769 | E | 6,348,769 |
| Estimated income tax payments (credits) | | | | |
| Federal | 17,200,000 | (470,000) | F | 16,730,000 |
| Florida | 2,900,000 | (80,000) | | 2,820,000 |
| | 20,100,000 | (550,000) | | 19,550,000 |
| | 38,831,568 | 16,151,806 | | 54,983,374 |
| Net earnings over (under) expenditures | 21,795,283 | (16,143,806) | | 5,651,477 |
| | | | | |
| **PRINCIPAL** | | | | |
| Settlement fund proceeds | 1,075,000,000 | | | 1,075,000,000 |
| | | | | |
| Disbursements | | | | |
| Claims paid | 677,739,577 | 1,828,548 | G | 679,568,125 |
| 5% Reserve | 0 | 55,096,000 | H | 55,096,000 |
| 2% Holdback/Reduction | 0 | 0 | I | 0 |
| Class counsel fees | 307,809,459 | 12,235,110 | J | 320,044,569 |
| Class counsel expenses | 4,656,363 | 50,000 | K | 4,706,363 |
| Class representative incentive awards | 14,133,328 | 0 | | 14,133,328 |
| Forfeited fees and award | 0 | 7,103,092 | L | 7,103,092 |
| Total disbursements | 1,004,338,727 | 76,312,750 | | 1,080,651,477 |
| Remaining settlement fund principal | 70,661,273 | (76,312,750) | | (5,651,477) |
| CASH AT END OF PERIOD | $ 92,456,556 | $ (92,456,556) | | $ 0 |

# NOTES TO INCOME OVER EXPENDITURES
## ALLAPATTAH DFC CLASS ACTION SETTLEMENT FUND

A. Interest for the period while invested in the U.S. Government money market fund, which is presently only paying .07% (or 7 bps).

B. Expenses for the period. $418,037 are actual expenses for the period of July-August 2009. The remaining $550,000 is the estimate for the period from September-December 2009 plus any additional amounts to be paid in 2010.

C. This is the amount that was computed using the effective rate of earnings during the period the fees were unpaid. This rate *does not include any reduction for income taxes paid on the amount earned.* The rate, net of tax, yields interest of approximately $5,069,000. If the Fund prevails in its litigation against the IRS for the income taxes paid, a higher rate would be applicable due to the reduction and/or elimination of the effect caused by income taxes paid.

D. The amount was agreed upon by all parties before the 2% Holdback/Reduction became an issue before the Court. At Class Counsel's request the amount was computed (and reflected) not including Class Counsel's interest as a deduction in determining net earnings. Based on the current amount of expenses incurred by the Fund, not including any recovery for the taxes which have already been paid and deducting Class Counsel interest of $5,069,000, this amount is overstated by approximately $325,000.

E. As indicated, this is the projected Remaining Balance to the States. It is what will be left over after payment of all other amounts (assuming the 2% Holdback/Reduction does not exist) and may change accordingly, if the actual numbers increase over the current estimates (e.g., increase in the remaining administrative expenses).

F. Regardless of whether the Fund prevails in its litigation with the IRS, the Fund will generate a net operating loss for 2009 (and probably for 2010). This amount reflects a rough estimate of the *amount to be recovered by carrying back those losses.*

G. The remaining claims to be paid includes the following:

| | |
|---|---:|
| Pending Unapproved Claims in Conflict and Dispute Motions | $ 833,140.91 |
| Pending Summary Judgment Motion 132 | 169,572.82 |
| Approval on Hold Pending Resolution of Conflicting Claimant's Appeal | 127,025.15 |
| Total – Claims Not Yet Approved | 1,129,738.88 |
| Awards Entered on Motion 131; Pending Payment | 673,301.94 |

|  |  |
|---|---|
| Award Entered; Payment Awaiting Claimant Documents | 30,412.05 |
| Total – Claims Suitable for Payment | 703,713.99 |
| Total – Pending Claims before Adjustments | 1,833,452.87 |
| Repayment of back-up withholding against 5% Reserve payment due | (4,904.68) |
| Total – Pending Claims | $1,828,548.19 |

H. The full 5% based on approximately $1,101,913,000 in total gross claims.

I. Partially the subject of the current disagreement among the parties: Special Master, Class Counsel and States' Counsel. For the purposes of this schedule, the amount has been disclosed the same as it has been for over two years (*i.e.*, unfunded at $0). The 2% would be approximately $22,038,000 if paid in full.

J. Remaining amount due to Bowen. **Exact amount is $12,235,109.84.** Resolution of this item also to be determined during the November 19th hearing.

K. Estimated by Class Counsel.

L. Equals Bowen's forfeited fees per the July 6, 2006 Order of $5,336,425, plus McGillicuddy's Award of $1,766,667. McGillicuddy's reduced award ($1,325,000) was paid directly by the Fund from Bowen's fee award.

II.     **Potential Available Funding Alternatives**

At present, the estimated "Remaining Balance" to States is approximately $6.3 million. If the 2% obligation exists (approximately $22 million), and all other obligations of the Fund are paid, the States would be short $15.7 million.

With the above in mind, if the States were allowed the forfeited attorney's fee and incentive award of approximately $7.1 million (as forfeited by the July 6, 2006 Order)[1], the

---

[1] This is the amount that the Court forfeited of Gerald Bowen's attorney's fee award and William McGillicuddy's incentive award.

shortfall would then only be approximately **$8.6 million**.[2] Thus, the question would become how to fund that remaining $8.6 million shortfall. The possible alternatives are to overcome the shortfall by taking the necessary monies from all (or part) of the following:[3]

    a.    Remaining Fee Award to Gerald Bowen;[4]

    b.    5% Reserve;

    c.    2% Reduction (to the extent it exists, it too could be reduced);

    d.    The interest on the 5% Reserve;

    e.    Class Counsel's interest on attorney's fees; and,

    f.    Recovery from the pending tax litigation with the IRS.

The District Court could choose one of the options above, or multiple options to spread any potential reduction across each fund source (i.e., some or all of the above sources could see a partial reduction to collectively fund the $8.6 million shortfall).

If any of the options, other that recovery from the IRS litigation, are chosen for reduction, such reductions could received a priority to any monies recovered from the IRS litigation to refund whatever reduction was made.[5]

### III. Conclusion

As a final note, the undersigned would like to make clear that no further recommendations are being made beyond what is already contained in the September 4, 2009

---

[2] Incidentally, if the actual Class Counsel interest to be awarded is really approximately $5.1 million and not the $8.3 million projected (as discussed in note "C" to the chart above in Section I), then there is an additional $3.2 million available. This situation would reduce the total shortfall in the 2% Reduction obligation to only $5.4 million.

[3] The alternatives present are not presented in any particular order of significance or "priority," nor are they to be construed as a recommendation.

[4] The States have filed a motion for sanctions against Mr. Bowen's fee award charging that Mr. Bowen's repeated filings have drained the Fund's resources, as the District Court has noted in its own Order in August, 2009. *See,* D.E. 5772.

[5] Of course, if there is any recovery in the IRS litigation, such recovery would be reduced first by States' Counsel's contingency fee.

Report and Recommendation. Rather, the purpose of this filing is to fully apprise the District Court of the Fund's remaining (actual and estimated) available monies and obligations.

RESPECTFULLY SUBMITTED, in Miami, Florida this 18th day of November, 2009.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
The Garden City Group, Inc.
All counsel of record