10000.GEN

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 91-0986 CIV-GOLD/SIMONTON

ALLAPATTAH SERVICES, INC., et al.,

        Plaintiffs,

v.

EXXON CORPORATION

        Defendant.

## STATES' COUNSEL'S RESPONSE TO CLASS COUNSEL'S MOTION TO ESTABLISH SCHEDULE FOR COMPLETION OF PROCEEDINGS AND TERMINATION OF THE SETTLEMENT FUND

States' Counsel generally concurs with Class Counsel that the Settlement Fund should be wound up and terminated as expeditiously as practicable. States' Counsel submits this response to provide additional information to the Court that bear on the issues raised in Class Counsel's Motion to Establish Schedule for Completion. (DE 5846) For ease of reference, States' Counsel follows the format utilized in Class Counsel's Motion.

1.    Claims Approval

States Counsel does not take issue with Class Counsel's recitation of the then-existing status of the pending claims. States' Counsel notes that the Special Master has since entered a number of Orders on numerous disputed and conflicting claims, see DE 5853-5857. States' Counsel is unaware of any delays caused by allegedly "untimely" comments to disbursement orders.

CASE NO. 91-0986 CIV-GOLD/SIMONTON

2. Resolution of Appeals

States Counsel does not take issue with Class Counsel's recitation of the then-existing status of the pending appeals.

3. Claims Payment

States Counsel does not take issue with Class Counsel's recitation of the then-existing status of the payment of claims.

4. 5% Reserve

States Counsel does not take issue with Class Counsel's recitation of the status of those matters relating to the 5% Reserve. States' Counsel concurs that the refund of the 5% Reserve, in whole or in part, should commence at the earliest practicable date upon resolution of those relevant matters currently pending before the Court.

5. Interest on the 5% Reserve

States' Counsel asserts that the "shortages" in funding claims are to be paid out of the 5% Reserve, consistent with the Class Notice and related Settlement documents and Orders. *See* DE 5825. As such, States' Counsel does not believe there is any available "interest" to be paid on the 5% Reserve.

6. The Beneficiary of the Forfeited Funds

States' Counsel asserts that the previously forfeited fees should pass to the Remaining Balance. States' Counsel concurs that this bookkeeping transfer can occur immediately, for later pro rata distribution to the States as discussed below.

7. Bowen's Fee Award

CASE NO. 91-0986 CIV-GOLD/SIMONTON

States' Counsel asserts that Bowen's unpaid fee award has been long abandoned and should be deemed forfeited in accordance with the terms of the July 6, 2006 Order. Should the Court find that any portion of Bowen's unpaid fee award has not been forfeited (by operation of abandonment or as a sanction), States' Counsel does not oppose the transfer of that net award to Mr. Bowen's bankruptcy estate as provided for under the applicable rules.

8. Class Counsel Interest

Class Counsel's additional argument and pejorative characterization of the Special Master's Report and Recommendation is inappropriate, and does not assist the Court in its consideration of these matters. Class Counsel's position on this issue is already before the Court. States' Counsel notes that Class Counsel has not moved for an award of interest on its withheld fee, and States' Counsel reserves the right to respond to any such motion. Upon information and belief, that amount identified by Class Counsel ($8,248,000) purports to track the rate of interest earned by the Fund, but fails to deduct or account for taxes the Fund has incurred on its investment income.

9. The Litigation with the IRS over the tax liability of the Settlement Fund

Class Counsel accurately reflects the current status of the litigation with the IRS. It is unknown when this litigation will be resolved. States' Counsel notes that the subject lawsuit, by operation of law, involves only the Fund's tax liability for tax year 2006. States' Counsel submits that the Fund will need to consider and implement procedures to allow for the continued prosecution and potential collection of a tax refund for the subject lawsuit (tax year 2006), as well as tax years 2007 and 2008.

3

CASE NO. 91-0986 CIV-GOLD/SIMONTON

10. <u>Payment of the Remaining Balance to the States</u>

Respectfully, Class Counsel continues to over-simplify the mechanics of the payment of the Remaining Balance to the States. Class Counsel is correct that any recovery against the IRS, for example, would simply increase the Remaining Balance. And States' Counsel does not dispute that the Remaining Balance should be "delivered to the States to act in compliance with existing laws and regulations." (DE 5846 at 7) Yet, States' Counsel submits there are certain actions which the Fund should undertake in order to accomplish the aforementioned delivery and facilitate the States' compliance with their existing laws and regulations. This includes:

- Dividing the Remaining Balance among the 35 States;

- Identifying each "unclaimed property" amount as to each non-filing dealer in each of the 35 States[1];

- Providing the statutorily required pre-turnover notice to each "unclaimed property" owner, unless the Court obviates the need for compliance in accordance with its inherent authority under Rule 23; and

- Preparing the appropriate State forms for the turnover of each "unclaimed property" amount.[2]

---

[1] If the Court agrees that each "unclaimed property" amount for each non-filing dealer should be adjudicated by the Court, this may obviate the need for an *a priori* determination of each States' gross recovery, and instead each States' "recovery" can be calculated by aggregating the "unclaimed property" amount for each of State's non-filing dealers.

[2] States' Counsel has previously recommended that the Fund adopt one uniform notice form, derived from the State of Florida's turnover form. The Special Master has agreed with this recommendation.

4

CASE NO. 91-0986 CIV-GOLD/SIMONTON

## CONCLUSION

To be clear, States' Counsel shares Class Counsel's hopes that the Fund can be wound-up in an expeditious manner, and will be prepared to address any matters addressed herein or raised *sua sponte* at the November 19, 2009 hearing.

I HEREBY CERTIFY that on November 18th, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
        States' Counsel
        515 E. Las Olas Boulevard
        SunTrust Center, Suite 1400
        P.O. Box 14460
        Ft. Lauderdale, FL 33302
        Phone: (954) 847-4800
        Fax: (954) 760-9353

By:     */s/ Jordan S. Cohen*
        Dennis M. O'Hara
        Florida Bar No. 148434
        dohara@wickersmith.com
        Nicholas E. Christin
        Florida Bar No. 179561
        nchristin@wickersmith.com
        Jordan S. Cohen
        Florida Bar No. 551872
        jcohen@wickersmith.com

CASE NO. 91-0986 CIV-GOLD/SIMONTON

and

CARELLA, BYRNE, BAIN,
GILFILLIAN, CECCHI, STEWART &
OLSTEIN, P.C.
Attorney for Allapattah DFC Class Action
Settlement Fund
5 Becker Farm Road
Roseland, NJ 07068
Tel: 973-994-1700
Fax: 973-994-1744

By:  /s/ *James E. Cecchi*
James E. Cecchi, Esq., Pro Hac Vice
jcecchi@carellabyrne.com
Melissa E. Flax, Esq.,
Florida Bar No. 0118583
mflax@carellabyrne.com

6