IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALLAPATTAH SERVICES, INC.,<br>et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>EXXON CORPORATION,<br><br>          Defendant. | **NO. 91-0986-CIV-GOLD/SIMONTON** |

**CLASS COUNSEL'S REPLY TO SPECIAL MASTER'S SUPPLEMENTAL
RESPONSE IN ACCORDANCE WITH THE DISTRICT COURT'S ORDER [D.E. 5818]**

This Reply is brought pursuant to the Special Master's request for a same day reply to its Supplemental Response, received by Class Counsel late this morning.

**1.     Introduction**

We concur with the numbers set forth in the Special Master's Supplemental Response. Below, we set forth the same information in a format better suited to assist the Court in its analysis.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON. P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## 2.     The Settlement Fund's Financial Condition

| Cash Received ($) | Actual 5/10/2006 to 10/31/2009 | Pro-forma 11/1/09 to 12/31/09 | Pro-forma 5/10/2006 to 12/31/2009 |
|---|---|---|---|
| Exxon's Payment | $1,075,000,000 | 0 | $1,075,000,000 |
| Interest earned | 60,626,851 | 8,000 | 60,634,851 |
| **Total Cash Received** | **1,135,626,851** | **8,000** | **1,135,634,851** |
| **Cash Outflows** | | | |
| Claims paid | 677,739,577 | 1,828,548 | 679,568,125 |
| Class Counsel fees | 307,809,459 | 12,235,110 | 320,044,569 |
| Class Counsel expenses | 4,656,363 | 50,000 | 4,706,363 |
| Class rep incentive awards | 14,133,328 | 0 | 14,133,328 |
| Administrative Expenses | 18,731,568 | 968,037 | 19,699,605 |
| Estimated income taxes (credits) | | | |
| Federal | 17,200,000 | (470,000) | 16,730,000 |
| State | 2,900,000 | (80,000) | 2,820,000 |
| **Total of Cash Outflows** | **$1,043,170,295** | **$14,531,695** | **$1,057,701,990** |
| | | | |
| **Funds Remaining for Distribution** | | | **$77,932,861** |

## 3.     The Remaining Claims Against the Settlement Fund

| Claim | Amount claimed ($) |
|---|---|
| 5% Reserve | 55,096,000 |
| Interest on Reserve | 1,137,000 |
| Class Counsel's interest | 8,248,000 |
| Forfeitures | 7,103,092 |
| **Total of all claims** | **$71,584,092** |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

4.       **Calculating the Remaining Balance**

Assuming the Court is consistent with its prior orders, all of the foregoing claims would be paid in full as there are sufficient funds in the Settlement Fund to do so after all claims are paid and all administrative obligations are met.   That would result in a Remaining Balance as follows:

| Funds Remaining for Distribution Before Paying the Items in 3. Above | $77,932,861 |
|---|---|
| Total of all claims | - 71,584,092 |
| **Remaining Balance** | **$6,348,769** |

5.       **Applying the Plain Language of the Settlement Agreement**

The Settlement Agreement expressly provides that the Remaining Balance will flow to the States after all claims are paid, after the 5% Reserve is fully funded and after interest on the 5% Reserve is paid.   In separate orders, this Court has provided that forfeitures would be paid to the timely filing claimants [454 F.Supp 2d at 1241], and that interest on Class Counsel's held back attorneys' fees would be paid before payments to the States. [Id.]

6.       **Resolving the Few Remaining Issues Will Allow the Fund to Near Closure, Leaving Only a Few Appeals from Claims Disputes and the IRS Litigation**

    a.   **The Alleged "2% Reduction Fund"**

Most recently, the Special Master *sua sponte* recommended that this Court establish and then "fund" what he describes as a "2% reduction" in favor of the States with a priority equal to that of the timely filing claimants.   The existence or lack thereof of such an obligation has been fully briefed.   All agree that no funds were set aside for such an obligation.   If the Court accepts the proposition that such an obligation was intended and

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

requires funding, the Court will have to find the funds by revoking one or more of its previous orders as to the beneficiaries of the Settlement Fund.[1]

### b. Forfeitures

The parties have previously addressed the issue of the already-forfeited portion of Bowen and McGillicuddy's fees. If the Court is consistent with its prior order, these funds would be added to the 5% Reserve for distribution to the timely filing claimants. If the Court were to reconsider its order and, instead, award these funds to the States as recommended by the Special Master, the Remaining Balance paid to the States would increase to $13,451,851.

### c. Class Counsel's Interest

This Court has previously addressed and resolved the priority of Class Counsel's interest. In its Supplemental Response, the Special Master suggests that Class Counsel should only receive interest net of income taxes paid on the interest earned. That suggestion, which would subject Class Counsel to double income taxation, has never been raised or debated. It is wholly unreasonable in light of the fact that Class Counsel already has voluntarily suggested that its recovery, ordered by this Court to be established at Florida's judicial rate, should instead be calculated at the amount actually earned by the Fund (and thereby reduced by more than 50%). We submit that our contribution to the Class would not warrant such a reduction, particularly where the State's expectations of recovery were not met because we were able to achieve payment of 100% of the amounts

---

[1]One potential order that the Court may revisit is its award of (net) $12,235,110 to Bowen. The States have moved for a forfeiture of this fee award on the basis that Bowen has renounced an interest in or intention to claim it. If the Court were to forfeit Bowen's fees, and also were to award the already-forfeited $7.1 million to the States, the "shortfall" in funding the "2% reduction fund" would be eliminated.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

estimated at the outset to be due to all claimants who timely filed claims (thereby reducing the amounts that would have otherwise flowed into the Remaining Balance).  We seek no additional reward.  We find it difficult to believe that our contribution would result in a punishment.

**6.      Conclusion**

We hope that the foregoing simplified presentation of the Fund's financial condition is of assistance to the Court.

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
    ALHADEFF & SITTERSON, P.A.
EUGENE E. STEARNS, ESQ.
Florida Bar No. 149335
150 West Flagler Street
Suite 2200, Museum Tower
Miami, Florida  33130
Telephone: (305) 789-3437
Facsimile: (305) 789-3395

By: _____
                EUGENE E. STEARNS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this _____ day of November, 2009.

By: _____
                CECILIA DURAN SIMMONS

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ■ 150 West Flagler Street, Suite 2200 ■ Miami, FL 33130 ■ (305) 789-3200