IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al., )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )
                                    )
EXXON CORPORATION,                  )
                                    )
    Defendant.                      )
_____)
                                    )
RUSSEL A. CLINE,                    )
                                    )     CONSOLIDATED WITH
    Plaintiff,                      )     CASE NO.: 05-21338-CIV-GOLD/
                                    )     SIMONTON
v.                                  )
                                    )
THE GARDEN CITY GROUP, INC.,        )
                                    )
    Defendant.                      )
_____)

### ORDER ON CLASS COUNSEL'S NOTICE REGARDING CLAIMANTS WHO HAVE FAILED TO CASH CHECKS

THIS CAUSE is before the Special Master pursuant to Class Counsel's *Notice Regarding Claimants Who Have Failed to Cash Checks* **[ECF No. 6060]**. On November 26, 2008, the Special Master issued the *Report and Recommendation on Procedure for Distribution of the 5% (Percent) Reserve and Interest* **[ECF No. 5467]** and the District Court adopted the same on January 7, 2009 pursuant to the Court's *Omnibus Order Regarding the Distribution of the 5 Percent Reserve and Interest* **[ECF No. 5541]** (collectively, the "Approved Procedures").

Pursuant to the Approved Procedures, Class Counsel was ordered to identify all claimants who have failed to cash or otherwise negotiate their 5% Reserve checks within 90 days of the check's issuance.

On July 13, 2010, Class Counsel filed the *Notice Regarding Claimants Who Have Failed to Cash Checks* identifying one-hundred two (102) claimants who failed to cash or otherwise negotiate their 5% Reserve checks within 90 days of the check's issuance, as required by the Approved Procedures. See, *Exhibit A to* **ECF No. 6060**.

As set forth in the Approved Procedures, these claimants will be dismissed *without prejudice* and will no longer be allowed to participate in the 5% Reserve payments as part of this Claims Administration Process. Rather, these claimants will need to seek payment from their respective, applicable States once the funds are passed to the States at the end of this Claims Administration Process. The 5% Reserve (and interest) funds for these claimants will be specifically earmarked (i.e., not *pro rata*) in their individual names.

Class Counsel has additionally identified, in Exhibit B to the *Notice*, one claim (Claim No. 5781) relating to an expired *initial* check. However, since the filing of the *Notice*, it has come to the undersigned's attention that the identified claimant has requested a reissuance of the stale check for the initial payment (this claimant has already cashed its 5% reserve payment). As such, Claim No. 5781 will not be dismissed at this time. Should the claimant fail to cash the reissued check within 60 days of its reissuance, Class Counsel shall notify the undersigned, at which point, the claim will be dismissed.

Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed Class Counsel's *Notice Regarding Claimants Who Have Failed to Cash Checks*, Exhibit A attached thereto, and the Approved Procedures. Based upon the same, the 5% Reserve claims set forth in Exhibit A to Class Counsel's *Notice*, as also attached hereto as **Exhibit A**, are hereby dismissed without prejudice.

2. The claimants identified in Exhibit A are foreclosed from receiving their 5% Reserve (and interest) payments as part of this Claims Administration Process. However, these claimants are entitled to seek payment from their respective, applicable States at the end of this Claims Administration Process once the funds are transmitted to the States.

3. The Garden City Group, Inc. is hereby ordered to make the appropriate updates to the claims files for those claims identified in Exhibit A and shall distribute the Special Master's Order to the affected claimants.

4. Pursuant to the Approved Procedures, The Garden City Group, Inc. and States' Counsel are ordered to take all necessary actions required to ensure that the 5% Reserve and interest payments for the claimants identified in Exhibit A are specifically earmarked for those claimants, in preparation for the transfer of these funds to the various, applicable States at the end of the Claims Administration Process.

5. The claim identified in Exhibit B to Class Counsel's *Notice* is allowed to proceed. However, if the claimant does not cash the reissued initial payment check within 60 days from the date of its reissuance, Class Counsel shall file a new notice,

following which the undersigned will dismiss the claim without prejudice (in manner similar to the dismissal of the above claims).

**DONE AND ORDERED** at Miami, Florida this 28th day of July, 2010.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record
The Garden City Group, Inc.