IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 91-0986-CIV-GOLD/SIMONTON
SPECIAL MASTER THOMAS E. SCOTT

ALLAPATTAH SERVICES, INC., et al., )
)
    Plaintiffs, )
)
v. )
)
EXXON CORPORATION, )
)
    Defendant. )
_____ )
)
RUSSEL A. CLINE, )
) CONSOLIDATED WITH
    Plaintiff, ) CASE NO.: 05-21338-CIV-GOLD/
) SIMONTON
v. )
)
THE GARDEN CITY GROUP, INC., )
)
    Defendant. )
_____ )

## ORDER ON CLASS COUNSEL'S
## FINAL NOTICE OF FAILURE TO SEEK PAYMENTS

THIS CAUSE is before the Special Master pursuant to Class Counsel's *Final Notice of Failure to Seek Payments* [ECF No. 6077]. On November 26, 2008, the Special Master issued the *Report and Recommendation on Procedure for Distribution of the 5% (Percent) Reserve and Interest* [ECF No. 5467] and the District Court adopted the same on January 7, 2009 pursuant to the Court's *Omnibus Order Regarding the Distribution of the 5 Percent Reserve and Interest* [ECF No. 5541] (collectively, the "Approved Procedures").

Pursuant to the Approved Procedures, Class Counsel was ordered to identify all claimants who have failed to cash or otherwise negotiate their 5% Reserve checks within 90 days of the

check's issuance. Additionally, pursuant to the Approved Procedures, Class Counsel was further ordered to identify all claimants who have failed to return their 5% Reserve payment instructions and/or other necessary paperwork to receive their 5% Reserve and interest.

### I. Claimants Who Failed to Cash 5% Reserve Check within Ninety (90) Days

On November 18, 2010, Class Counsel filed the *Final Notice of Failure to Seek Payments* identifying four (4) claimants who failed to cash or otherwise negotiate their 5% Reserve checks within 90 days of the check's issuance, as required by the Approved Procedures. See, **ECF No. 6077** at pg. 3. The claimants for Claim Numbers 1031638, 1132, 6458 and 551014664 have each failed to cash their 5% Reserve checks within the 90 days allowed.

Accordingly, as set forth in the Approved Procedures, these claimants will be dismissed *without prejudice* and will no longer be allowed to participate in the 5% Reserve payments as part of this Claims Administration Process. Rather, these claimants will need to seek payment from their respective, applicable States once the funds are passed to the States at the end of this Claims Administration Process. The 5% Reserve (and interest) funds for these claimants will be specifically earmarked (i.e., not *pro rata*) in their individual names.

### II. Claimants Who Failed to Return Proper Paperwork – 5% Reserve Payments

Class Counsel has additionally identified, in the *Final Notice of Failure to Seek Payments*, two (2) claimants, who have failed to submit the required 5% Reserve payment instructions and/or necessary paperwork within the time required under the Approved Procedures. See, **ECF No. 6077** at pg. 3. The claimants for Claim Numbers 4552 and 4100 have each failed to timely submit the required documentation.

Accordingly, as set forth in the Approved Procedures, these claimants will be dismissed *without prejudice* and will no longer be allowed to participate in the 5% Reserve payments as

part of this Claims Administration Process. Rather, these claimants will need to seek payment from their respective, applicable States once the funds are passed to the States at the end of this Claims Administration Process. The 5% Reserve (and interest) funds for these claimants will be specifically earmarked (i.e., not *pro rata*) in their individual names.

### III. Claimants Who Failed to Cash their *Initial* Payment Checks

Lastly, Class Counsel's *Final Notice of Failure to Seek Payments* identifies seven (7) claimants who have still failed to cash their *initial* checks, all of which are long since stale. See, **ECF No. 6077** at pgs. 2-3. Specifically, the claimants for Claim Numbers 55100181, 994089, 994239, 994932, 991031854, 991140 and 992818 have each failed to cash their *initial* payment checks. Since the payment phase of the Claims Administration Process is at its conclusion, and in order to bring finality to the process, each of these claims are hereby dismissed *without prejudice*. Since each of these claims have been previously identified and an order entered awarding the claim, these claims will each be specifically earmarked (i.e., not *pro rata*) in the claimants' individual names. The claimants are hereby foreclosed from participating in the Claims Administration Process and will now need to seek payment from their respective, applicable States once the funds are passed to the States, at a future date.

Accordingly, having reviewed the Court file and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The Special Master has reviewed the Approved Procedures and Class Counsel's *Final Notice of Failure to Seek Payments*. Based upon the same, all claims set forth in the Notice are hereby dismissed without prejudice. Specifically, the following claims are dismissed without prejudice:

    a. Claim 1031638
    b. Claim 1132
    c. Claim 6458
    d. Claim 551014664
    e. Claim 4552
    f. Claim 4100
    g. Claim 55100181
    h. Claim 994089
    i. Claim 994239
    j. Claim 994932
    k. Claim 991031854
    l. Claim 991140
    m. Claim 992818

2. The claimants identified in Paragraphs 1.a. through 1.f. above are foreclosed from receiving their 5% Reserve (and interest) payments as part of this Claims Administration Process. However, these claimants are entitled to seek payment from their respective, applicable States at the end of this Claims Administration Process once the funds are transmitted to the States.

3. The claimants identified in Paragraphs 1.g. through 1.m. above are foreclosed from receiving their initial payments as part of this Claims Administration Process. However, these claimants are entitled to seek payment from their respective, applicable States at the end of this Claims Administration Process once the funds are transmitted to the States.

4. The Garden City Group, Inc. is hereby ordered to make the appropriate updates to the claims files for those claims identified in Paragraphs 1.a through 1.m. above. The Garden City Group, Inc. shall distribute the Special Master's Order to the affected claimants.

5. The Garden City Group, Inc. and States' Counsel are ordered to take all necessary actions required to ensure that the payments for the claimants identified in

Paragraphs 1.a. through 1.m. above are specifically earmarked for those claimants, in preparation for the transfer of these funds to the various, applicable States at the end of the Claims Administration Process.

**DONE AND ORDERED** at Miami, Florida this ___ day of December, 2010.

_____
SPECIAL MASTER THOMAS E. SCOTT

Copies furnished to:
United States District Court Judge Alan S. Gold
All counsel of record
The Garden City Group, Inc.